# Exhibit 0014

Collin R. Simonsen (12661)
Gregory M. Simonsen (4669)
FETZER SIMONSEN BOOTH & JENKINS, P.C.
50 West Broadway, Suite 1200
Salt Lake City, UT  84101
Telephone:     (801) 328-0266
Facsimile:      (801) 328-0269
collin@mountainwestlaw.com
greg@mountainwestlaw.com

*Attorneys for Plaintiff and Intervenor Constitution Party of Utah*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CONSTITUTION PARTY OF UTAH, a registered political party of Utah,<br><br>Plaintiff and Intervenor,<br><br>UTAH REPUBLICAN PARTY,<br><br>Plaintiff,<br><br>v.<br><br>GARY R. HERBERT, in his official capacity as Governor of Utah, and SPENCER J. COX, in his official capacity as Lieutenant Governor of Utah,<br><br>Defendants. | **COMPLAINT**<br><br>Case No. 2:14-cv-00876 DN<br><br>Judge David Nuffer |

1

This Complaint is filed by the Constitution Party of Utah (the "Constitution Party") as an intervening Plaintiff and complains and alleges against Gary R. Herbert and Spencer J. Cox ("Defendants") as follows:

## PARTIES AND JURISDICTION

1. The Constitution Party is a registered political party of Utah and a part of the National Constitution Party.[a]

2. The Utah Republican Party is the original Plaintiff in this matter and its Complaint is on file with the Court.

3. Defendant Gary R. Herbert is the Governor of Utah and, in that capacity, supervises the official conduct of all executive and ministerial officers, including those responsible for the enforcement of Senate Bill 54 ("SB54").

4. Defendant Spencer J. Cox is the Lieutenant Governor of Utah and, in that capacity, is also the chief election officer of Utah pursuant to Utah Code § 67-1a-2(2)(a) and responsible for the enforcement of SB54.

5. Defendants are responsible for the administration of Utah's election process, including overseeing all voter registration activities and coordinating with local, state and federal officials to ensure compliance with state and federal election laws, including SB54.

---

[a] The national location for the Constitution Party is Lancaster, Pennsylvania. http://www.constitutionparty.com/contact/. The state party is located in Bountiful, Utah. http://www.constitutionpartyofutah.com/contact-us/

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, in that it presents a federal question involving constitutionally protected rights. Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202. State law questions are appropriate in this Court as supplemental claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. This case is brought pursuant to the First, Ninth, Tenth and Fourteenth Amendments to the United States Constitution, Utah Constitution Art. I., Sec. 2 and Sec. 15 and 42 U.S.C. § 1983, 15 U.S.C. § 1116, for declaratory and injunctive relief, for the purpose of protecting and preserving the important associational rights, free speech, due process rights, political power and rights, and trademark rights of the Constitution Party and its members in how the party selects and endorses its nominees for elected office.

## GENERAL ALLEGATIONS

9. Governor Herbert signed SB54 into law which significantly amended the Utah Election Code. SB54 compels political parties to submit to new and onerous requirements in their nominating process.

10. In particular, SB54 requires, with exceptions, that a political party submit to a primary system for nominating candidates for political office. In the primary system, mandated by SB54, an individual that seeks the nomination of a party must submit her or his name to the state as a candidate and list her or his preferred party. The individual must also have obtained the signatures of 2% of the party members in the state. The individual is not required to have

3

signed a pledge to uphold and advance the party platform nor obtain the endorsement of the party in any way prior to candidacy aside from that individual having obtained the signatures of 2% of the party membership nor even be a member of the party.

11. The Constitution Party prefers, in its judgment, to utilize the caucus/convention system to choose candidates. The Constitution Party believes that it is important that under this system an individual "ultimately receives the majority of the votes." Constitution Party Bylaws Art. IX.A http://www.constitutionpartyofutah.com/bylaws/, retrieved December 6, 2014. *See* Exhibit "A" hereto.

12. Conversely, under the scheme in SB54, the winning candidate in a primary system only needs to obtain a plurality of the votes of party members to become a party candidate. This means that the ultimate candidate, appearing under the party's banner and ostensibly with the party's official endorsement, may be opposed by the majority of the party's members, having obtained the most votes in a fractured, multi-candidate primary.

13. The Constitution Party, in its judgment, believes that the caucus/convention system has many benefits, which include, but are not limited to, encouraging the lively debate of issues among party members, the obtaining of consensus on issues and candidacies, and localization of control over party activities as opposed to the influence of the state and special interests in party action.

14. The Constitution Party has high standards for its candidates, and if a candidate does not live up to these standards, the Constitution Party's executive committee has the power

4

to remove the party's endorsement. These standards are outlined in the Bylaws. For example, the candidate is chosen according to:

    a.    The candidate's understanding of correct constitutional principles;

    b.    The candidate's ability to articulate these principles;

    c.    The ability to dress and act in a manner that will give credit to the party when appearing as the party's representative in public; and

    d.    The desire to run for the designated office on the basis of principles rather than personal interests.

15.    Further, endorsed candidates of the Constitution Party of Utah shall:

    a.    Be members of the party in good standing, as defined in the party constitution and Bylaws;

    b.    Sign a pledge to abide by the state and national party platforms; and

    c.    Be evaluated and endorsed by the candidate's closest locally approved and recognized party affiliate, corresponding to that political race.

16.    Furthermore, the Constitution Party bylaws require that:

    a.    For State wide office, endorsement shall be by the state convention.

    b.    Endorsement and support may be withdrawn by a three-fourths vote of the executive committee when in their judgment the candidate criteria in the party constitution and Bylaws have not been met. **Such a candidate shall not use the Constitution Party name and shall be subject to legal action for failure to comply.**

5

http://www.constitutionpartyofutah.com/bylaws/, retrieved December 12, 2014. *See* Exhibit "A" hereto.

17. Great thought has gone into the Constitution Party's system of nominating a good candidate with good character and qualifications. SB54 substitutes the party's judgment with a system that the state thinks is better. In particular, SB54 does not allow the Constitution Party to remove its nominee and replace her with another, does not allow the Constitution Party to require the nominee to sign a pledge, does not allow the Constitution Party to require its nominee **to even be a member of the party**, and does not allow the Constitution Party to hold a caucus/convention system, with the votes of only party members to nominate candidates unless the Constitution Party submits to qualifications that burden its associational rights.

18. Under SB54, the state can use the Constitution Party's logo and name on the ballot for an individual who does not meet the criteria of the Constitution Party's Bylaws. This is a violation of the party's and member's First Amendment rights of free speech and association. It imposes a severe burden on all parties, and it imposes a severe burden to the Constitution Party in particular.

19. When SB54 was passed, the legislature was comprised entirely of Republicans and Democrats. These two major parties have essentially told all other political parties how their candidates will be chosen. This will likely work to marginalize and weaken smaller parties.

20. The Republican Party currently enjoys a supermajority in the state legislature and controls the Governor's office. http://www.deseretnews.com/article/865616838/Utah-GOP-

6

fractured-over-Count-My-Vote-lawsuit.html?pg=all, retrieved December 15, 2014. *See* Exhibit "A" hereto.

21. Smaller political parties are especially vulnerable to the consequences of SB54. In particular, larger parties may manipulate smaller parties that it believes are "spoilers" by creating dummy memberships, running Manchurian candidates, and engaging in party raiding. Such tactics have been documented. http://www.freep.com/apps/pbcs.dll/article?AID=/20120228/NEWS15/120228049/Many-Democrats-voting-Santorum-Paul-deny-Romney-Michigan-win&odyssey=mod%7Cbreaking%7Ctext%7CFRONTPAGE and http://abcnews.go.com/blogs/politics/2008/05/is-limbaughs-op/, retrieved December 10, 2014. *See* Exhibit "A" hereto. SB54 makes this easier to do because the candidate does not even have to be a member of the party. Although the primary may be for members-only, individuals may easily become a member of the party without any oversight by party officials to ensure that they are not really spoilers or raiders like those who participated in Rush Limbaugh's "Operation Chaos." For example, SB54 takes away the Constitution Party's ability to assure that delegates are members "in good standing… for at least ten days" prior to voting. Constitution Party Bylaws Art. VI "Voting" C.2.

22. In the national platform, the party explicitly opposes burdens on electoral processes. "Additional restrictions and obligations governing candidate eligibility and campaign procedures burden unconstitutionally the fairness and accountability of our political system." http://www.constitutionparty.com/election-reform/. *See* Exhibit "A" hereto.

7

23. It is part of the Constitution Party's political message that regulations like SB54 are undesirable and unconstitutional.

24. The Constitution Party believes, in its judgment, that the caucus/convention system protects the party and its message against such interference. The legislature, controlled by a supermajority by the Republican Party, should not be allowed to substitute its judgment for that of the private political parties and individuals of Utah because governments "derive[e] their just powers from the **consent of the governed**." Declaration of Independence ¶ 2. SB54 turns this principal on its head by having the government dictate to individuals and private political parties how they choose nominees for public office.

25. Under SB54, a candidate could be nominated by the Constitution Party but designated "unaffiliated" on the ballot. At the same time, an individual not nominated by the Constitution Party could have the party's name and logo associated with it. The State of Utah and Defendants would be misleading the voters and forcing the political association and disassociation of individuals contrary to the party's will.

26. Since SB54 uses the term "unaffiliated" for those candidates who have not won the primary, it is strongly implied that the candidates who did win the primary (but not the caucus/convention vote) and who have the party name and logo associated with them, **are affiliated** with the party. The term affiliated means "officially connected with." Since the candidate may not actually be officially connected with the party, the ballot will mislead voters.

27. SB54 works an especial hardship on smaller political parties and their potential candidates because smaller parties and their potential candidates have fewer resources to appeal

8

to a widespread group of people. The caucus system allows the candidates to appeal to delegates at the convention itself instead of producing signs, radio ads, mass mailing or other methods of expensive advertising.

28.     The Constitution Party of Idaho recently had to deal with problems created by Idaho's law which has some similarities to SB54. One newspaper reported that the Constitution Party "Rejects own Candidate for Guv, but He Remains on Ballot." http://www.spokesman.com/blogs/boise/2014/aug/13/constitution-party-rejects-own-candidate-guv-he-remains-ballot/, retrieved December 15, 2014. *See* Exhibit "A" hereto.

29.     When a political party is forced to run a candidate that is listed as "unaffiliated" on the ballot against another candidate it has rejected who enjoys the benefit of the name of the party on the ballot, the party's associational rights have been severely burdened and its rights to exercise political power under Utah Constitution Art. I. Sec. 2 have been harmed.

30.     The State of Utah does not have a compelling interest in forcing the use of a primary system because the caucus/convention system addresses the state's interest adequately. In other words, the state must prove that the marginal benefit, if any, of a primary system over a caucus system is compelling if the state wants to justify its violation of the Constitution Party's associational rights.

31.     SB54 is not narrowly tailored to address the state's interest and the state's interest could be addressed in many less burdensome ways.

32.     Not only does SB54 prevent the Constitution Party from holding a convention/caucus system to nominate its candidate, it also prevents the Constitution Party from

choosing any other kind of democratic system such as having a run-off primary, an election with seniority system (as many state bar sections use for the election of its officers), a weighted primary or any other system calculated to obtain the best individuals to represent the party.

33. SB54 does allow a political party to have a caucus/convention system with a major qualification: the party must allow non-members to vote. This qualification leads to the same problem that the primary system does and is a violation of the party's associational rights. It allows the possibility of outside influence and party raiding. It takes away the party's ability to ensure that members are in good standing and that delegates have been members for at least 10 days. It takes away the party's ability to ensure that those who vote and those who run have signed a pledge supporting the party platform. In all of these ways, SB54's modified caucus/convention system places a severe burden on the party's association rights under the First Amendment and otherwise violates the Constitution Party's rights and powers under the Utah and United States Constitutions.

34. Although SB54 allows a "closed" primary system, it is essentially open to any voter who wishes to easily register as a party member without oversight by the party.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment)**

35. The Constitution Party incorporates by this reference all other allegations of this Complaint.

36. An actual controversy exists between the Constitution Party and the Defendants over the constitutionality of SB54. The Court should declare, pursuant to 28 U.S.C. § 2201, that:

10

a. SB54 is a **facial** violation of the Constitution Party and its members' right to peaceably assemble and seek redress of grievances under the First and Fourteenth Amendments of the United States Constitution.

b. SB54 is an **as-applied** violation of the Constitution Party and its members' right to peaceably assemble and seek redress of grievances under the First and Fourteenth Amendments of the United States Constitution.

c. SB54 is a **facial** violation of the Constitution Party and its members' right to exercise political power under Utah Constitution Art. I, Sec. 2 and their individual sovereignty and unenumerated rights recognized in the Ninth and Tenth Amendments and substantive due process rights under the Fourteenth Amendment of the United States Constitution.

d. SB54 is an **as-applied** violation of the Constitution Party and its members' right to exercise political power under Utah Constitution Art. I, Sec. 2 and their individual sovereignty and unenumerated rights recognized in the Ninth and Tenth Amendments and substantive due process rights under the Fourteenth Amendment of the United States Constitution.

e. SB54 is a **facial** violation of the Constitution Party and its members' right to Free Speech under the First and Fourteenth Amendments of the United States Constitution and the Utah Constitution Art. 1, Sec. 15, as a **content based** restriction insofar as it forces the party and its members to endorse a candidate that the party or members do not choose to endorse.

11

      f.     SB54 is an **as-applied** violation of the Constitution Party and its members' right to Free Speech under the First and Fourteenth Amendments of the United States Constitution and the Utah Constitution Art. 1, Sec. 15, as a **content based** restriction insofar as it forces the party and its members to endorse a candidate that the party or members do not choose to endorse.

      g.     SB54 is a **facial** violation of the Constitution Party and its members' right to Free Speech under the First and Fourteenth Amendments of the United States Constitution and the Utah Constitution Art. 1, Sec. 15 as an impermissible **time, place and manner restriction** because it is not a reasonable regulation, not in proportion to the interest served, and not narrowly drawn to meet that interest.

      h.     SB54 is an **as-applied** violation of the Constitution Party and its members' right to Free Speech under the First and Fourteenth Amendments of the United States Constitution and the Utah Constitution Art. 1, Sec. 15 as an impermissible **time, place and manner** restriction because it is not a reasonable regulation, not in proportion to the interest served, and not narrowly drawn to meet that interest.

      i.     SB54 is a **facial** violation of the Constitution Party and its members' equal protection rights under the Fourteenth Amendment of the United States Constitution and the Utah Constitution Art. I, Sec. 2 insofar as it gives preference to those political parties that abandon their rights to assemble in order to secure their party logo on the ballot, thus showing the voters that the state prefers or endorses those parties that give up their rights.

It also is an equal protection violation insofar as it prefers or benefits larger parties at the expense of smaller parties.

  j. SB54 is an **as-applied** violation of the Constitution Party and its members' equal protection rights under the Fourteenth Amendment of the United States Constitution and the Utah Constitution Art. I, Sec. 2 insofar as it gives preference to those political parties that abandon their rights to assemble in order to secure their party logo on the ballot, thus showing the voters that the state prefers or endorses those parties over others. It also is an equal protection violation insofar as it prefers or benefits larger parties at the expense of smaller parties, such as the Constitution party.

37. The Constitution Party hereby incorporates by reference paragraphs 110 through 112 of the Republican Party Complaint and applies the same to itself.

### SECOND CLAIM FOR RELIEF
**(Injunction)**

38. The Constitution Party incorporates by this reference all other allegations of this Complaint.

39. SB54 constitutes an imminent and ongoing threat by the State of Utah, acting by and through Defendants, to deprive the Constitution Party and its members of their constitutionally protected rights.

40. The Constitution Party and its members will suffer irreparable harm by the enforcement of SB54.

41. The Court should enter a declaratory judgment and enter a permanent injunction enjoining enforcement of SB54 to the Constitution Party.

### THIRD CLAIM FOR RELIEF
**(Trademark Infringement)**

42. The Constitution Party incorporates by this reference all other allegations of this Complaint.

43. The Constitution Party has developed a common law trademark and good will associated with its name "The Constitution Party." Members of the public recognize the trademark and name and associate with it certain ideas and reputation.

44. SB54 destroys and/or infringes on the Constitution Party's trademark, good will, and name by appropriating the same for candidates who may have no endorsement by the party but who the state deems should have the name and good will associated with them.

45. Enforcement of SB54 will likely cause confusion among voters and misattribution of support for or votes against the party and the candidates it truly endorses.

46. This causes irreparable harm to the Constitution Party and therefore the Court should enjoin Defendants from enforcing SB54 in a manner that would infringe upon the Constitution Party's rights as alleged herein.

47. SB54 constitutes common law trademark infringement and willful infringement under the common law.

48. Unless the Defendants are preliminarily and permanently enjoined from further infringement, the party will continue to suffer irreparable harm. A permanent injunction is

necessary to prevent the Defendant from further interference with the party's common law trademark rights.

## FOURTH CLAIM FOR RELIEF
### (Damages, Costs and Attorney's Fees)

49. The Constitution Party incorporates by this reference all other allegations of this Complaint.

50. The Court should enter judgment awarding the Constitution Party its damages and costs of suit, including reasonable attorneys' fees under 15 U.S.C. § 1117 and 42 U.S.C. § § 1983, 1988.

## PRAYER

Wherefore, the Court should enter judgment in favor of the Constitution Party as follows:

1. The Court should declare that SB54 is unconstitutional for the reasons herein elucidated.

2. The Court should permanently enjoin Defendants from enforcing SB54.

3. The Court should find that SB54 constitutes an imminent trademark violation of the Constitution Party's name and logo and award damages based thereon.

4. The Court should award damages, costs and attorney's fees as provided by law.

DATED this 27th day of January, 2015.

                               FETZER SIMONSEN BOOTH & JENKINS, P.C.

                               Collin R. Simonsen
                               Gregory M. Simonsen
                               *Attorneys for Plaintiff and Intervenor*
                               *Constitution Party of Utah*

<u>Plaintiff's Address</u>:
1312 West 8780 South
West Jordan, UT 84088