# Exhibit 0015

Enrolled Copy                                                                S.B. 207

1    **POLITICAL ACTIVITY AMENDMENTS**

2    2015 GENERAL SESSION

3    STATE OF UTAH

4    **Chief Sponsor:  Curtis S. Bramble**

5    House Sponsor:  Daniel  McCay

6    

7    **LONG TITLE**

8    **General Description:**

9        This bill amends provisions of the Election Code and the Lobbyist Disclosure and

10   Regulation Act.

11   **Highlighted Provisions:**

12       This bill:

13       ▸ defines and amends terms;

14       ▸ amends and corrects provisions relating to primary elections;

15       ▸ changes the date on which a county clerk is required to provide an election notice;

16       ▸ modifies the political party registration petition;

17       ▸ modifies provisions relating to a declaration of candidacy;

18       ▸ amends provisions relating to notifications that a qualified political party is required

19   to provide to the lieutenant governor;

20       ▸ amends ballot provisions;

21       ▸ modifies provisions relating to rulemaking authority;

22       ▸ amends provisions relating to candidate nomination and certification;

23       ▸ amends provisions relating to nomination petitions;

24       ▸ amends provisions relating to straight party voting;

25       ▸ modifies requirements relating to reporting by a corporation or a lobbyist; and

26       ▸ makes technical and conforming amendments.

27   **Money Appropriated in this Bill:**

28       None

29   **Other Special Clauses:**

**S.B. 207**                                                                      **Enrolled Copy**

30          None

31   **Utah Code Sections Affected:**

32   AMENDS:

33          **20A-1-102**, as last amended by Laws of Utah 2014, Chapters 17, 31, 231, 362, and 391

34          **20A-1-201.5**, as last amended by Laws of Utah 2013, Chapter 320

35          **20A-3-106**, as last amended by Laws of Utah 2006, Chapter 326

36          **20A-5-101**, as last amended by Laws of Utah 2014, Chapters 17 and 362

37          **20A-6-303**, as last amended by Laws of Utah 2014, Chapter 17

38          **20A-6-304**, as last amended by Laws of Utah 2014, Chapter 17

39          **20A-9-101**, as last amended by Laws of Utah 2014, Chapter 17

40          **20A-9-201**, as last amended by Laws of Utah 2014, Chapter 17

41          **20A-9-202**, as last amended by Laws of Utah 2014, Chapter 17

42          **20A-9-403**, as last amended by Laws of Utah 2014, Chapter 17

43          **20A-9-406**, as enacted by Laws of Utah 2014, Chapter 17

44          **20A-9-407**, as enacted by Laws of Utah 2014, Chapter 17

45          **20A-9-408**, as enacted by Laws of Utah 2014, Chapter 17

46          **20A-9-701**, as last amended by Laws of Utah 2014, Chapter 17

47          **20A-11-701**, as last amended by Laws of Utah 2013, Chapters 318 and 420

48          **36-11-201**, as last amended by Laws of Utah 2010, Chapter 325

49   ENACTS:

50          **20A-9-408.5**, Utah Code Annotated 1953

51          **20A-9-411**, Utah Code Annotated 1953

52          **20A-11-705**, Utah Code Annotated 1953

53   ═══════════════════════════════════════════════════════════

54   *Be it enacted by the Legislature of the state of Utah:*

55          Section 1.  Section **20A-1-102** is amended to read:

56          **20A-1-102.   Definitions.**

57          As used in this title:

**Enrolled Copy**                                                              **S.B. 207**

58    (1) "Active voter" means a registered voter who has not been classified as an inactive

59    voter by the county clerk.

60    (2) "Automatic tabulating equipment" means apparatus that automatically examines

61    and counts votes recorded on paper ballots or ballot sheets and tabulates the results.

62    (3) (a)  "Ballot" means the storage medium, whether paper, mechanical, or electronic,

63    upon which a voter records the voter's votes.

64    (b) "Ballot" includes ballot sheets, paper ballots, electronic ballots, and secrecy

65    envelopes.

66    (4) "Ballot label" means the cards, papers, booklet, pages, or other materials that:

67    (a)  contain the names of offices and candidates and statements of ballot propositions to

68    be voted on; and

69    (b) are used in conjunction with ballot sheets that do not display that information.

70    (5) "Ballot proposition" means a question, issue, or proposal that is submitted to voters

71    on the ballot for their approval or rejection including:

72    (a)  an opinion question specifically authorized by the Legislature;

73    (b) a constitutional amendment;

74    (c)  an initiative;

75    (d) a referendum;

76    (e)  a bond proposition;

77    (f)  a judicial retention question;

78    (g)  an incorporation of a city or town; or

79    (h) any other ballot question specifically authorized by the Legislature.

80    (6) "Ballot sheet":

81    (a)  means a ballot that:

82    (i)  consists of paper or a card where the voter's votes are marked or recorded; and

83    (ii)  can be counted using automatic tabulating equipment; and

84    (b) includes punch card ballots and other ballots that are machine-countable.

85    (7) "Bind," "binding," or "bound" means securing more than one piece of paper

**S.B. 207**                                                                          **Enrolled Copy**

86    together with a staple or stitch in at least three places across the top of the paper in the blank

87    space reserved for securing the paper.

88         (8)  "Board of canvassers" means the entities established by Sections 20A-4-301 and

89    20A-4-306 to canvass election returns.

90         (9)  "Bond election" means an election held for the purpose of approving or rejecting

91    the proposed issuance of bonds by a government entity.

92         (10)  "Book voter registration form" means voter registration forms contained in a

93    bound book that are used by election officers and registration agents to register persons to vote.

94         (11)  "Business reply mail envelope" means an envelope that may be mailed free of

95    charge by the sender.

96         (12)  "By-mail voter registration form" means a voter registration form designed to be

97    completed by the voter and mailed to the election officer.

98         (13)  "Canvass" means the review of election returns and the official declaration of

99    election results by the board of canvassers.

100       (14)  "Canvassing judge" means a poll worker designated to assist in counting ballots at

101   the canvass.

102       (15)  "Contracting election officer" means an election officer who enters into a contract

103   or interlocal agreement with a provider election officer.

104       (16)  "Convention" means the political party convention at which party officers and

105   delegates are selected.

106       (17)  "Counting center" means one or more locations selected by the election officer in

107   charge of the election for the automatic counting of ballots.

108       (18)  "Counting judge" means a poll worker designated to count the ballots during

109   election day.

110       (19)  "Counting poll watcher" means a person selected as provided in Section

111   20A-3-201 to witness the counting of ballots.

112       (20)  "Counting room" means a suitable and convenient private place or room,

113   immediately adjoining the place where the election is being held, for use by the poll workers

Enrolled Copy                                                                    S.B. 207

114    and counting judges to count ballots during election day.

115         (21) "County officers" means those county officers that are required by law to be

116    elected.

117         (22) "Date of the election" or "election day" or "day of the election":

118         (a)  means the day that is specified in the calendar year as the day that the election

119    occurs; and

120         (b)  does not include:

121         (i)  deadlines established for absentee voting; or

122         (ii)  any early voting or early voting period as provided under Chapter 3, Part 6, Early

123    Voting.

124         (23) "Elected official" means:

125         (a)  a person elected to an office under Section 20A-1-303;

126         (b)  a person who is considered to be elected to a municipal office in accordance with

127    Subsection 20A-1-206(1)(c)(ii); or

128         (c)  a person who is considered to be elected to a local district office in accordance with

129    Subsection 20A-1-206(3)(c)(ii).

130         (24) "Election" means a regular general election, a municipal general election, a

131    statewide special election, a local special election, a regular primary election, a municipal

132    primary election, and a local district election.

133         (25) "Election Assistance Commission" means the commission established by Public

134    Law 107-252, the Help America Vote Act of 2002.

135         (26) "Election cycle" means the period beginning on the first day persons are eligible to

136    file declarations of candidacy and ending when the canvass is completed.

137         (27) "Election judge" means a poll worker that is assigned to:

138         (a)  preside over other poll workers at a polling place;

139         (b)  act as the presiding election judge; or

140         (c)  serve as a canvassing judge, counting judge, or receiving judge.

141         (28) "Election officer" means:

**S.B. 207**                                                                      **Enrolled Copy**

142          (a)  the lieutenant governor, for all statewide ballots and elections;

143          (b)  the county clerk for:

144          (i)  a county ballot and election; and

145          (ii)  a ballot and election as a provider election officer as provided in Section

146    20A-5-400.1 or 20A-5-400.5;

147          (c)  the municipal clerk for:

148          (i)  a municipal ballot and election; and

149          (ii)  a ballot and election as a provider election officer as provided in Section

150    20A-5-400.1 or 20A-5-400.5;

151          (d)  the local district clerk or chief executive officer for:

152          (i)  a local district ballot and election; and

153          (ii)  a ballot and election as a provider election officer as provided in Section

154    20A-5-400.1 or 20A-5-400.5; or

155          (e)  the business administrator or superintendent of a school district for:

156          (i)  a school district ballot and election; and

157          (ii)  a ballot and election as a provider election officer as provided in Section

158    20A-5-400.1 or 20A-5-400.5.

159          (29)  "Election official" means any election officer, election judge, or poll worker.

160          (30)  "Election results" means:

161          (a)  for an election other than a bond election, the count of votes cast in the election and

162    the election returns requested by the board of canvassers; or

163          (b)  for bond elections, the count of those votes cast for and against the bond

164    proposition plus any or all of the election returns that the board of canvassers may request.

165          (31)  "Election returns" includes the pollbook, the military and overseas absentee voter

166    registration and voting certificates, one of the tally sheets, any unprocessed absentee ballots, all

167    counted ballots, all excess ballots, all unused ballots, all spoiled ballots, the ballot disposition

168    form, and the total votes cast form.

169          (32)  "Electronic ballot" means a ballot that is recorded using a direct electronic voting

**Enrolled Copy**                                                       **S.B. 207**

170  device or other voting device that records and stores ballot information by electronic means.

171         (33)  "Electronic signature" means an electronic sound, symbol, or process attached to

172  or logically associated with a record and executed or adopted by a person with the intent to sign

173  the record.

174         (34) (a)  "Electronic voting device" means a voting device that uses electronic ballots.

175         (b)  "Electronic voting device" includes a direct recording electronic voting device.

176         (35)  "Inactive voter" means a registered voter who has:

177         (a)  been sent the notice required by Section 20A-2-306; and

178         (b)  failed to respond to that notice.

179         (36)  "Inspecting poll watcher" means a person selected as provided in this title to

180  witness the receipt and safe deposit of voted and counted ballots.

181         (37)  "Judicial office" means the office filled by any judicial officer.

182         (38)  "Judicial officer" means any justice or judge of a court of record or any county

183  court judge.

184         (39)  "Local district" means a local government entity under Title 17B, Limited Purpose

185  Local Government Entities - Local Districts, and includes a special service district under Title

186  17D, Chapter 1, Special Service District Act.

187         (40)  "Local district officers" means those local district board members that are required

188  by law to be elected.

189         (41)  "Local election" means a regular county election, a regular municipal election, a

190  municipal primary election, a local special election, a local district election, and a bond

191  election.

192         (42)  "Local political subdivision" means a county, a municipality, a local district, or a

193  local school district.

194         (43)  "Local special election" means a special election called by the governing body of a

195  local political subdivision in which all registered voters of the local political subdivision may

196  vote.

197         (44)  "Municipal executive" means:

S.B. 207                                                                                    **Enrolled Copy**

198          (a)  the mayor in the council-mayor form of government defined in Section 10-3b-102;

199    or

200          (b)  the mayor in the council-manager form of government defined in Subsection

201    10-3b-103(6).

202          (45)  "Municipal general election" means the election held in municipalities and, as

203    applicable, local districts on the first Tuesday after the first Monday in November of each

204    odd-numbered year for the purposes established in Section 20A-1-202.

205          (46)  "Municipal legislative body" means the council of the city or town in any form of

206    municipal government.

207          (47)  "Municipal office" means an elective office in a municipality.

208          (48)  "Municipal officers" means those municipal officers that are required by law to be

209    elected.

210          (49)  "Municipal primary election" means an election held to nominate candidates for

211    municipal office.

212          (50)  "Official ballot" means the ballots distributed by the election officer to the poll

213    workers to be given to voters to record their votes.

214          (51)  "Official endorsement" means:

215          (a)  the information on the ballot that identifies:

216          (i)  the ballot as an official ballot;

217          (ii)  the date of the election; and

218          (iii)  the facsimile signature of the election officer; and

219          (b)  the information on the ballot stub that identifies:

220          (i)  the poll worker's initials; and

221          (ii)  the ballot number.

222          (52)  "Official register" means the official record furnished to election officials by the

223    election officer that contains the information required by Section 20A-5-401.

224          (53)  "Paper ballot" means a paper that contains:

225          (a)  the names of offices and candidates and statements of ballot propositions to be

**Enrolled Copy** **S.B. 207**

226 voted on; and

227 (b) spaces for the voter to record the voter's vote for each office and for or against each

228 ballot proposition.

229 (54) "Pilot project" means the election day voter registration pilot project created in

230 Section 20A-4-108.

231 (55) "Political party" means an organization of registered voters that has qualified to

232 participate in an election by meeting the requirements of Chapter 8, Political Party Formation

233 and Procedures.

234 (56) "Pollbook" means a record of the names of voters in the order that they appear to

235 cast votes.

236 (57) "Polling place" means the building where voting is conducted.

237 (58) (a) "Poll worker" means a person assigned by an election official to assist with an

238 election, voting, or counting votes.

239 (b) "Poll worker" includes election judges.

240 (c) "Poll worker" does not include a watcher.

241 (59) "Position" means a square, circle, rectangle, or other geometric shape on a ballot

242 in which the voter marks the voter's choice.

243 (60) "Primary convention" means the political party conventions held during the year

244 of the regular general election.

245 (61) "Protective counter" means a separate counter, which cannot be reset, that:

246 (a) is built into a voting machine; and

247 (b) records the total number of movements of the operating lever.

248 (62) "Provider election officer" means an election officer who enters into a contract or

249 interlocal agreement with a contracting election officer to conduct an election for the

250 contracting election officer's local political subdivision in accordance with Section

251 20A-5-400.1.

252 (63) "Provisional ballot" means a ballot voted provisionally by a person:

253 (a) whose name is not listed on the official register at the polling place;

254    (b)  whose legal right to vote is challenged as provided in this title; or

255    (c)  whose identity was not sufficiently established by a poll worker.

256    (64)  "Provisional ballot envelope" means an envelope printed in the form required by

257  Section 20A-6-105 that is used to identify provisional ballots and to provide information to

258  verify a person's legal right to vote.

259    (65)  "Qualify" or "qualified" means to take the oath of office and begin performing the

260  duties of the position for which the person was elected.

261    (66)  "Receiving judge" means the poll worker that checks the voter's name in the

262  official register, provides the voter with a ballot, and removes the ballot stub from the ballot

263  after the voter has voted.

264    (67)  "Registration form" means a book voter registration form and a by-mail voter

265  registration form.

266    (68)  "Regular ballot" means a ballot that is not a provisional ballot.

267    (69)  "Regular general election" means the election held throughout the state on the first

268  Tuesday after the first Monday in November of each even-numbered year for the purposes

269  established in Section 20A-1-201.

270    (70)  "Regular primary election" means the election on the fourth Tuesday of June of

271  each even-numbered year, to nominate candidates of political parties and candidates for

272  nonpartisan local school board positions to advance to the regular general election.

273    (71)  "Resident" means a person who resides within a specific voting precinct in Utah.

274    (72)  "Sample ballot" means a mock ballot similar in form to the official ballot printed

275  and distributed as provided in Section 20A-5-405.

276    (73)  "Scratch vote" means to mark or punch the straight party ticket and then mark or

277  punch the ballot for one or more candidates who are members of different political parties or

278  who are unaffiliated.

279    (74)  "Secrecy envelope" means the envelope given to a voter along with the ballot into

280  which the voter places the ballot after the voter has voted it in order to preserve the secrecy of

281  the voter's vote.

**Enrolled Copy**                                                    **S.B. 207**

282    (75)  "Special election" means an election held as authorized by Section 20A-1-203.

283    (76)  "Spoiled ballot" means each ballot that:

284    (a)  is spoiled by the voter;

285    (b)  is unable to be voted because it was spoiled by the printer or a poll worker; or

286    (c)  lacks the official endorsement.

287    (77)  "Statewide special election" means a special election called by the governor or the

288    Legislature in which all registered voters in Utah may vote.

289    (78)  "Stub" means the detachable part of each ballot.

290    (79)  "Substitute ballots" means replacement ballots provided by an election officer to

291    the poll workers when the official ballots are lost or stolen.

292    (80)  "Ticket" means each list of candidates for each political party or for each group of

293    petitioners.

294    (81)  "Transfer case" means the sealed box used to transport voted ballots to the

295    counting center.

296    (82)  "Vacancy" means the absence of a person to serve in any position created by

297    statute, whether that absence occurs because of death, disability, disqualification, resignation,

298    or other cause.

299    (83)  "Valid voter identification" means:

300    (a)  a form of identification that bears the name and photograph of the voter which may

301    include:

302    (i)  a currently valid Utah driver license;

303    (ii)  a currently valid identification card that is issued by:

304    (A)  the state; or

305    (B)  a branch, department, or agency of the United States;

306    (iii)  a currently valid Utah permit to carry a concealed weapon;

307    (iv)  a currently valid United States passport; or

308    (v)  a currently valid United States military identification card;

309    (b)  one of the following identification cards, whether or not the card includes a

310    photograph of the voter:

311            (i)  a valid tribal identification card;

312            (ii)  a Bureau of Indian Affairs card; or

313            (iii)  a tribal treaty card; or

314            (c)  two forms of identification not listed under Subsection (83)(a) or (b) but that bear

315    the name of the voter and provide evidence that the voter resides in the voting precinct, which

316    may include:

317            (i)  a current utility bill or a legible copy thereof, dated within the 90 days before the

318    election;

319            (ii)  a bank or other financial account statement, or a legible copy thereof;

320            (iii)  a certified birth certificate;

321            (iv)  a valid Social Security card;

322            (v)  a check issued by the state or the federal government or a legible copy thereof;

323            (vi)  a paycheck from the voter's employer, or a legible copy thereof;

324            (vii)  a currently valid Utah hunting or fishing license;

325            (viii)  certified naturalization documentation;

326            (ix)  a currently valid license issued by an authorized agency of the United States;

327            (x)  a certified copy of court records showing the voter's adoption or name change;

328            (xi)  a valid Medicaid card, Medicare card, or Electronic Benefits Transfer Card;

329            (xii)  a currently valid identification card issued by:

330            (A)  a local government within the state;

331            (B)  an employer for an employee; or

332            (C)  a college, university, technical school, or professional school located within the

333    state; or

334            (xiii)  a current Utah vehicle registration.

335            (84)  "Valid write-in candidate" means a candidate who has qualified as a write-in

336    candidate by following the procedures and requirements of this title.

337            (85)  "Voter" means a person who:

**Enrolled Copy**                                                     **S.B. 207**

338         (a)  meets the requirements for voting in an election;

339         (b)  meets the requirements of election registration;

340         (c)  is registered to vote; and

341         (d)  is listed in the official register book.

342         (86)  "Voter registration deadline" means the registration deadline provided in Section

343  20A-2-102.5.

344         (87)  "Voting area" means the area within six feet of the voting booths, voting

345  machines, and ballot box.

346         (88)  "Voting booth" means:

347         (a)  the space or compartment within a polling place that is provided for the preparation

348  of ballots, including the voting machine enclosure or curtain; or

349         (b)  a voting device that is free standing.

350         (89)  "Voting device" means:

351         (a)  an apparatus in which ballot sheets are used in connection with a punch device for

352  piercing the ballots by the voter;

353         (b)  a device for marking the ballots with ink or another substance;

354         (c)  an electronic voting device or other device used to make selections and cast a ballot

355  electronically, or any component thereof;

356         (d)  an automated voting system under Section 20A-5-302; or

357         (e)  any other method for recording votes on ballots so that the ballot may be tabulated

358  by means of automatic tabulating equipment.

359         (90)  "Voting machine" means a machine designed for the sole purpose of recording

360  and tabulating votes cast by voters at an election.

361         (91)  "Voting poll watcher" means a person appointed as provided in this title to

362  witness the distribution of ballots and the voting process.

363         (92)  "Voting precinct" means the smallest voting unit established as provided by law

364  within which qualified voters vote at one polling place.

365         (93)  "Watcher" means a voting poll watcher, a counting poll watcher, an inspecting

366    poll watcher, and a testing watcher.

367         (94)  "Western States Presidential Primary" means the election established in Chapter 9,

368    Part 8, Western States Presidential Primary.

369         (95)  "Write-in ballot" means a ballot containing any write-in votes.

370         (96)  "Write-in vote" means a vote cast for a person whose name is not printed on the

371    ballot according to the procedures established in this title.

372         Section 2.  Section **20A-1-201.5** is amended to read:

373         **20A-1-201.5.   Primary election dates.**

374         (1)  A regular primary election shall be held throughout the state on the fourth Tuesday

375    of June of each even numbered year as provided in Section 20A-9-403, 20A-9-407, or

376    20A-9-408, as applicable, to nominate persons for national, state, school board, and county

377    offices.

378         (2)  A municipal primary election shall be held, if necessary, on the second Tuesday

379    following the first Monday in August before the regular municipal election to nominate persons

380    for municipal offices.

381         (3)  If the Legislature makes an appropriation for a Western States Presidential Primary

382    election, the Western States Presidential Primary election shall be held throughout the state on

383    the first Tuesday in February in the year in which a presidential election will be held.

384         Section 3.  Section **20A-3-106** is amended to read:

385         **20A-3-106.   Voting straight ticket -- Splitting ballot -- Writing in names -- Effect**

386    **of unnecessary marking of cross.**

387         (1)  When voting a paper ballot, any voter desiring to vote for all the candidates who are

388    listed on the ballot as being from any one registered political party may:

389         (a)  mark in the circle or position above that political party;

390         (b)  mark in the squares or position opposite the names of all candidates for that party

391    ticket; or

392         (c)  make both markings.

393         (2) (a)  When voting a ballot sheet, any voter desiring to vote for all the candidates who

**Enrolled Copy**                                                    **S.B. 207**

394  are listed on the ballot as being from any one registered political party may:

395      (i)  mark the selected party on the straight party page or section; or

396      (ii)  mark the name of each candidate from that party.

397      (b)  To vote for candidates from two or more political parties, the voter may:

398      (i)  mark in the squares or positions opposite the names of the candidates for whom the

399  voter wishes to vote without marking in any circle; or

400      (ii)  indicate [his] the voter's choice by:

401      (A)  marking in the circle or position above one political party; and

402      (B)  marking in the squares or positions opposite the names of desired candidates who

403  are members of any party, are unaffiliated, or are listed without party name.

404      (3)  (a)  When voting an electronic ballot, any voter desiring to vote for all the

405  candidates who are listed on the ballot as being from any one registered political party may:

406      (i)  select that party on the straight party selection area; or

407      (ii)  select the name of each candidate from that party.

408      (b)  To vote for candidates from two or more political parties, the voter may:

409      (i)  select the names of the candidates for whom the voter wishes to vote without

410  selecting a political party in the straight party selection area; or

411      (ii) (A)  select a political party in the straight party selection area; and

412      (B)  select the names of the candidates for whom the voter wishes to vote who are

413  members of any party, are unaffiliated, or are listed without party name.

414      (4)  In any election other than a primary election, if a voter voting a ballot has selected

415  or placed a mark next to a party name in order to vote a straight party ticket and wishes to vote

416  for a person on another party ticket for an office, or for an unaffiliated candidate, the voter shall

417  select or mark the ballot next to the name of the candidate for whom the voter wishes to vote.

418      (5)  (a)  The voter may cast a write-in vote on a paper ballot or ballot sheet:

419      (i)  by entering the name of a valid write-in candidate:

420      (A)  by writing the name of a valid write-in candidate in the blank write-in section of

421  the ballot; or

422    (B)  by affixing a sticker with the office and name of the valid write-in name printed on

423    it in the blank write-in part of the ballot; and

424    (ii)  by placing a mark opposite the name of the write-in candidate to indicate the voter's

425    vote.

426    (b)  On a paper ballot or ballot sheet, a voter is considered to have voted for the person

427    whose name is written or whose sticker appears in the blank write-in part of the ballot, if a

428    mark is made opposite that name.

429    (c)  On a paper ballot or ballot sheet, the unnecessary marking of a mark in a square on

430    the ticket below the marked circle does not affect the validity of the vote.

431    (6)  The voter may cast a write-in vote on an electronic ballot by:

432    (a)  marking the appropriate position opposite the area for entering a write-in candidate

433    for the office sought by the candidate for whom the voter wishes to vote; and

434    (b)  entering the name of a valid write-in candidate in the write-in selection area.

435    Section 4.  Section **20A-5-101** is amended to read:

436    **20A-5-101.  Notice of election.**

437    (1)  On or before November 15 in the year before each regular general election year, the

438    lieutenant governor shall prepare and transmit a written notice to each county clerk that:

439    (a)  designates the offices to be filled at the next year's regular general election;

440    (b)  identifies the dates for filing a declaration of candidacy, and for submitting and

441    certifying nomination petition signatures, as applicable, under [Section] Sections 20A-9-403,

442    20A-9-407, and 20A-9-408 for those offices;

443    (c)  includes the master ballot position list for the next year and the year following as

444    established under Section 20A-6-305; and

445    (d)  contains a description of any ballot propositions to be decided by the voters that

446    have qualified for the ballot as of that date.

447    (2) (a)  No later than [November 15 in the year before the regular general election year]

448    seven business days after the day on which the lieutenant governor transmits the written notice

449    described in Subsection (1), each county clerk shall:

**Enrolled Copy**                                                    **S.B. 207**

450    (i)  publish a notice:

451    (A)  once in a newspaper published in that county; and

452    (B)  as required in Section 45-1-101; or

453    (ii) (A)  cause a copy of the notice to be posted in a conspicuous place most likely to

454    give notice of the election to the voters in each voting precinct within the county; and

455    (B)  prepare an affidavit of that posting, showing a copy of the notice and the places

456    where the notice was posted.

457    (b)  The notice required by Subsection (2)(a) shall:

458    (i)  designate the offices to be voted on in that election; and

459    (ii)  identify the dates for filing a declaration of candidacy for those offices.

460    (3)  Before each election, the election officer shall give written or printed notice of:

461    (a)  the date and place of election;

462    (b)  the hours during which the polls will be open;

463    (c)  the polling places for each voting precinct;

464    (d)  an election day voting center designated under Section 20A-3-703; and

465    (e)  the qualifications for persons to vote in the election.

466    (4)  To provide the notice required by Subsection (3), the election officer shall publish

467    the notice at least two days before the election:

468    (a)  in a newspaper of general circulation common to the area or in which the election is

469    being held; and

470    (b)  as required in Section 45-1-101.

471    Section 5.  Section **20A-6-303** is amended to read:

472    **20A-6-303.   Regular general election -- Ballot sheets.**

473    (1)  Each election officer shall ensure that:

474    (a)  copy on the ballot sheets or ballot labels, as applicable, are arranged in

475    approximately the same order as paper ballots;

476    (b)  the titles of offices and the names of candidates are printed in vertical columns or in

477    a series of separate pages;

478    (c)  the ballot sheet or any pages used for the ballot label are of sufficient number to

479    include, after the list of candidates:

480    (i)  the names of candidates for judicial offices and any other nonpartisan offices; and

481    (ii)  any ballot propositions submitted to the voters for their approval or rejection;

482    (d) (i)  a voting square or position is included where the voter may record a straight

483    party ticket vote for all the candidates [of] who are listed on the ballot as being from one party

484    by one mark or punch; and

485    (ii)  the name of each political party listed in the straight party selection area includes

486    the word "party" at the end of the party's name;

487    (e)  the tickets are printed in the order specified under Section 20A-6-305;

488    (f)  the office titles are printed immediately adjacent to the names of candidates so as to

489    indicate clearly the candidates for each office and the number to be elected;

490    (g)  the party designation of each candidate who has been nominated by a registered

491    political party under Subsection 20A-9-202(4) or Subsection 20A-9-403(5) is printed

492    immediately adjacent to the candidate's name; and

493    (h) (i)  if possible, all candidates for one office are grouped in one column or upon one

494    page;

495    (ii)  if all candidates for one office cannot be listed in one column or grouped on one

496    page:

497    (A)  the ballot sheet or ballot label shall be clearly marked to indicate that the list of

498    candidates is continued on the following column or page; and

499    (B)  approximately the same number of names shall be printed in each column or on

500    each page.

501    (2)  Each election officer shall ensure that:

502    (a)  proposed amendments to the Utah Constitution are listed in accordance with

503    Section 20A-6-107;

504    (b)  ballot propositions submitted to the voters are listed in accordance with Section

505    20A-6-107; and

Enrolled Copy                                                    S.B. 207

506    (c)  bond propositions that have qualified for the ballot are listed under the title

507    assigned to each bond proposition under Section 11-14-206.

508    Section 6.  Section **20A-6-304** is amended to read:

509    **20A-6-304.    Regular general election -- Electronic ballots.**

510    (1)  Each election officer shall ensure that:

511    (a)  the format and content of the electronic ballot is arranged in approximately the

512    same order as paper ballots;

513    (b)  the titles of offices and the names of candidates are displayed in vertical columns or

514    in a series of separate display screens;

515    (c)  the electronic ballot is of sufficient length to include, after the list of candidates:

516    (i)  the names of candidates for judicial offices and any other nonpartisan offices; and

517    (ii)  any ballot propositions submitted to the voters for their approval or rejection;

518    (d) (i)  a voting square or position is included where the voter may record a straight

519    party ticket vote for all the candidates [of] who are listed on the ballot as being from one party

520    by making a single selection; and

521    (ii)  the name of each political party listed in the straight party selection area includes

522    the word "party" at the end of the party's name;

523    (e)  the tickets are displayed in the order specified under Section 20A-6-305;

524    (f)  the office titles are displayed above or at the side of the names of candidates so as to

525    indicate clearly the candidates for each office and the number to be elected;

526    (g)  the party designation of each candidate who has been nominated by a registered

527    political party under Subsection 20A-9-202(4) or Subsection 20A-9-403(5) is displayed

528    adjacent to the candidate's name; and

529    (h)  if possible, all candidates for one office are grouped in one column or upon one

530    display screen.

531    (2)  Each election officer shall ensure that:

532    (a)  proposed amendments to the Utah Constitution are displayed in accordance with

533    Section 20A-6-107;

- 19 -

S.B. 207                                                            **Enrolled Copy**

534    (b)  ballot propositions submitted to the voters are displayed in accordance with Section

535    20A-6-107; and

536    (c)  bond propositions that have qualified for the ballot are displayed under the title

537    assigned to each bond proposition under Section 11-14-206.

538    Section 7.  Section **20A-9-101** is amended to read:

539    **20A-9-101.  Definitions.**

540    As used in this chapter:

541    (1) (a)  "Candidates for elective office" means persons who file a declaration of

542    candidacy under Section 20A-9-202 to run in a regular general election for a federal office,

543    constitutional office, multicounty office, or county office.

544    (b)  "Candidates for elective office" does not mean candidates for:

545    (i)  justice or judge of court of record or not of record;

546    (ii)  presidential elector;

547    (iii)  any political party offices; and

548    (iv)  municipal or local district offices.

549    (2)  "Constitutional office" means the state offices of governor, lieutenant governor,

550    attorney general, state auditor, and state treasurer.

551    (3)  "Continuing political party" [is as] means the same as that term is defined in

552    Section 20A-8-101.

553    (4) (a)  "County office" means an elective office where the office holder is selected by

554    voters entirely within one county.

555    (b)  "County office" does not mean:

556    (i)  the office of justice or judge of any court of record or not of record;

557    (ii)  the office of presidential elector;

558    (iii)  any political party offices;

559    (iv)  any municipal or local district offices; and

560    (v)  the office of United States Senator and United States Representative.

561    (5)  "Federal office" means an elective office for United States Senator and United

**Enrolled Copy**                                                    **S.B. 207**

562    States Representative.

563          (6)  "Filing officer" means:

564          (a)  the lieutenant governor, for:

565          (i)  the office of United States Senator and United States Representative; and

566          (ii)  all constitutional offices;

567          (b)  the county clerk, for county offices and local school district offices, and the county

568    clerk in the filer's county of residence, for multicounty offices;

569          (c)  the city or town clerk, for municipal offices; and

570          (d)  the local district clerk, for local district offices.

571          (7)  "Local district office" means an elected office in a local district.

572          (8)  "Local government office" includes county offices, municipal offices, and local

573    district offices and other elective offices selected by the voters from a political division entirely

574    within one county.

575          (9) (a)  "Multicounty office" means an elective office where the office holder is selected

576    by the voters from more than one county.

577          (b)  "Multicounty office" does not mean:

578          (i)  a county office;

579          (ii)  a federal office;

580          (iii)  the office of justice or judge of any court of record or not of record;

581          (iv)  the office of presidential elector;

582          (v)  any political party offices; and

583          (vi)  any municipal or local district offices.

584          (10)  "Municipal office" means an elective office in a municipality.

585          (11) (a)  "Political division" means a geographic unit from which an office holder is

586    elected and that an office holder represents.

587          (b)  "Political division" includes a county, a city, a town, a local district, a school

588    district, a legislative district, and a county prosecution district.

589          (12)  "Qualified political party" means a registered political party that:

S.B. 207                                                                                    **Enrolled Copy**

590          (a)  permits voters who are unaffiliated with any political party to vote for the registered

591   political party's candidates in a primary election;

592          (b) (i)  permits a delegate for the registered political party to vote on a candidate

593   nomination in the registered political party's convention remotely; or

594          (ii)  provides a procedure for designating an alternate delegate if a delegate is not

595   present at the registered political party's convention;

596          (c)  does not hold the registered political party's convention before [April 1] the fourth

597   Saturday in March of an even-numbered year;

598          (d)  permits a member of the registered political party to seek the registered political

599   party's nomination for any elective office by the member choosing to seek the nomination by

600   either or both of the following methods:

601          (i)  seeking the nomination through the registered political party's convention process,

602   in accordance with the provisions of Section 20A-9-407; or

603          (ii)  seeking the nomination by collecting signatures, in accordance with the provisions

604   of Section 20A-9-408; and

605          (e) (i)  if the registered political party is a continuing political party, no later than 5 p.m.

606   on September 30 of an odd-numbered year, certifies to the lieutenant governor that, for the

607   election in the following year, the registered political party intends to nominate the registered

608   political party's candidates in accordance with the provisions of [Sections 20A-9-407 and

609   20A-9-408.] Section 20A-9-406; or

610          (ii)  if the registered political party is not a continuing political party, certifies at the

611   time that the registered political party files the petition described in Section 20A-8-103 that, for

612   the next election, the registered political party intends to nominate the registered political

613   party's candidates in accordance with the provisions of Section 20A-9-406.

614          Section 8.  Section **20A-9-201** is amended to read:

615          **20A-9-201.   Declarations of candidacy -- Candidacy for more than one office or of**

616   **more than one political party prohibited with exceptions -- General filing and form**

617   **requirements -- Affidavit of impecuniosity.**

**Enrolled Copy**                                                           **S.B. 207**

618        (1)  Before filing a declaration of candidacy for election to any office, a person shall:

619        (a)  be a United States citizen;

620        (b)  meet the legal requirements of that office; and

621        (c)  if seeking a registered political party's nomination as a candidate for elective office,

622   [designate that registered political party as their preferred party affiliation on their declaration

623   of candidacy.] state:

624        (i)  the registered political party of which the person is a member; or

625        (ii)  that the person is not a member of a registered political party.

626        (2) (a)  Except as provided in Subsection (2)(b), [a person] an individual may not:

627        (i)  file a declaration of candidacy for, or be a candidate for, more than one office in

628   Utah during any election year; [or]

629        (ii)  appear on the ballot as the candidate of more than one political party[.]; or

630        (iii)  file a declaration of candidacy for a registered political party of which the

631   individual is not a member, except to the extent that the registered political party permits

632   otherwise in the registered political party's bylaws.

633        (b) (i)  A person may file a declaration of candidacy for, or be a candidate for, president

634   or vice president of the United States and another office, if the person resigns the person's

635   candidacy for the other office after the person is officially nominated for president or vice

636   president of the United States.

637        (ii)  A person may file a declaration of candidacy for, or be a candidate for, more than

638   one justice court judge office.

639        (iii)  A person may file a declaration of candidacy for lieutenant governor even if the

640   person filed a declaration of candidacy for another office in the same election year if the person

641   withdraws as a candidate for the other office in accordance with Subsection 20A-9-202(6)

642   before filing the declaration of candidacy for lieutenant governor.

643        (3) (a) (i)  Except for presidential candidates, before the filing officer may accept any

644   declaration of candidacy, the filing officer shall:

645        (A)  read to the prospective candidate the constitutional and statutory qualification

S.B. 207                                                                        Enrolled Copy

646    requirements for the office that the candidate is seeking; and

647         (B)  require the candidate to state whether or not the candidate meets those

648    requirements.

649         (ii)  Before accepting a declaration of candidacy for the office of county attorney, the

650    county clerk shall ensure that the person filing that declaration of candidacy is:

651         (A)  a United States citizen;

652         (B)  an attorney licensed to practice law in Utah who is an active member in good

653    standing of the Utah State Bar;

654         (C)  a registered voter in the county in which the person is seeking office; and

655         (D)  a current resident of the county in which the person is seeking office and either has

656    been a resident of that county for at least one year or was appointed and is currently serving as

657    county attorney and became a resident of the county within 30 days after appointment to the

658    office.

659         (iii)  Before accepting a declaration of candidacy for the office of district attorney, the

660    county clerk shall ensure that, as of the date of the election, the person filing that declaration of

661    candidacy is:

662         (A)  a United States citizen;

663         (B)  an attorney licensed to practice law in Utah who is an active member in good

664    standing of the Utah State Bar;

665         (C)  a registered voter in the prosecution district in which the person is seeking office;

666    and

667         (D)  a current resident of the prosecution district in which the person is seeking office

668    and either will have been a resident of that prosecution district for at least one year as of the

669    date of the election or was appointed and is currently serving as district attorney and became a

670    resident of the prosecution district within 30 days after receiving appointment to the office.

671         (iv)  Before accepting a declaration of candidacy for the office of county sheriff, the

672    county clerk shall ensure that the person filing the declaration of candidacy:

673         (A)  as of the date of filing:

674   (I) is a United States citizen;

675   (II) is a registered voter in the county in which the person seeks office;

676   (III) (Aa) has successfully met the standards and training requirements established for

677 law enforcement officers under Title 53, Chapter 6, Part 2, Peace Officer Training and

678 Certification Act; or

679   (Bb) has met the waiver requirements in Section 53-6-206; and

680   (IV) is qualified to be certified as a law enforcement officer, as defined in Section

681 53-13-103; and

682   (B) as of the date of the election, shall have been a resident of the county in which the

683 person seeks office for at least one year.

684   (v) Before accepting a declaration of candidacy for the office of governor, lieutenant

685 governor, state auditor, state treasurer, attorney general, state legislator, or State Board of

686 Education member, the filing officer shall ensure:

687   (A) that the person filing the declaration of candidacy also files the financial disclosure

688 required by Section 20A-11-1603; and

689   (B) if the filing officer is not the lieutenant governor, that the financial disclosure is

690 provided to the lieutenant governor according to the procedures and requirements of Section

691 20A-11-1603.

692   (b) If the prospective candidate states that the qualification requirements for the office

693 are not met, the filing officer may not accept the prospective candidate's declaration of

694 candidacy.

695   (c) If the candidate meets the requirements of Subsection (3)(a) and states that the

696 requirements of candidacy are met, the filing officer shall:

697   (i) inform the candidate that:

698   (A) the candidate's name will appear on the ballot as it is written on the declaration of

699 candidacy;

700   (B) the candidate may be required to comply with state or local campaign finance

701 disclosure laws; and

702        (C)  the candidate is required to file a financial statement before the candidate's political

703    convention under:

704        (I)  Section 20A-11-204 for a candidate for constitutional office;

705        (II)  Section 20A-11-303 for a candidate for the Legislature; or

706        (III)  local campaign finance disclosure laws, if applicable;

707        (ii)  except for a presidential candidate, provide the candidate with a copy of the current

708    campaign financial disclosure laws for the office the candidate is seeking and inform the

709    candidate that failure to comply will result in disqualification as a candidate and removal of the

710    candidate's name from the ballot;

711        (iii)  provide the candidate with a copy of Section 20A-7-801 regarding the Statewide

712    Electronic Voter Information Website Program and inform the candidate of the submission

713    deadline under Subsection 20A-7-801(4)(a);

714        (iv)  provide the candidate with a copy of the pledge of fair campaign practices

715    described under Section 20A-9-206 and inform the candidate that:

716        (A)  signing the pledge is voluntary; and

717        (B)  signed pledges shall be filed with the filing officer;

718        (v)  accept the candidate's declaration of candidacy; and

719        (vi)  if the candidate has filed for a partisan office, provide a certified copy of the

720    declaration of candidacy to the chair of the county or state political party of which the

721    candidate is a member.

722        (d)  If the candidate elects to sign the pledge of fair campaign practices, the filing

723    officer shall:

724        (i)  accept the candidate's pledge; and

725        (ii)  if the candidate has filed for a partisan office, provide a certified copy of the

726    candidate's pledge to the chair of the county or state political party of which the candidate is a

727    member.

728        (4) (a)  Except for presidential candidates, the form of the declaration of candidacy

729    shall:

**S.B. 207**

730          (i) be substantially as follows:

731          "State of Utah, County of _____

732                    I, _____, declare my candidacy for the office of _____, seeking the

733     nomination of the _____ party[, which is my preferred political party affiliation].  I do

734     solemnly swear that: I will meet the qualifications to hold the office, both legally and

735     constitutionally, if selected; I reside at _____ in the City or Town of _____,

736     Utah, Zip Code _____ Phone No. _____; I will not knowingly violate any law governing

737     campaigns and elections; I will file all campaign financial disclosure reports as required

738     by law; and I understand that failure to do so will result in my disqualification as a

739     candidate for this office and removal of my name from the ballot.  The mailing address

740     that I designate for receiving official election notices is

741     _____.

742     _____

743                    Subscribed and sworn before me this _____(month\day\year).

744                                        Notary Public (or other officer qualified to administer oath.)"; and

745          (ii)  require the candidate to state, in the sworn statement described in Subsection

746     (4)(a)(i):

747          (A)  the registered political party of which the candidate is a member; or

748          (B)  that the candidate is not a member of a registered political party.

749          (b) An agent designated to file a declaration of candidacy under Section 20A-9-202

750     may not sign the form described in Subsection (4)(a).

751          (5) (a)  Except for presidential candidates, the fee for filing a declaration of candidacy

752     is:

753          (i)  $50 for candidates for the local school district board; and

754          (ii)  $50 plus 1/8 of 1% of the total salary for the full term of office legally paid to the

755     person holding the office for all other federal, state, and county offices.

756          (b)  Except for presidential candidates, the filing officer shall refund the filing fee to

757     any candidate:

**S.B. 207**                                                          **Enrolled Copy**

758    (i)  who is disqualified; or

759    (ii)  who the filing officer determines has filed improperly.

760    (c) (i)  The county clerk shall immediately pay to the county treasurer all fees received

761    from candidates.

762    (ii)  The lieutenant governor shall:

763    (A)  apportion to and pay to the county treasurers of the various counties all fees

764    received for filing of nomination certificates or acceptances; and

765    (B)  ensure that each county receives that proportion of the total amount paid to the

766    lieutenant governor from the congressional district that the total vote of that county for all

767    candidates for representative in Congress bears to the total vote of all counties within the

768    congressional district for all candidates for representative in Congress.

769    (d) (i)  A person who is unable to pay the filing fee may file a declaration of candidacy

770    without payment of the filing fee upon a prima facie showing of impecuniosity as evidenced by

771    an affidavit of impecuniosity filed with the filing officer and, if requested by the filing officer,

772    a financial statement filed at the time the affidavit is submitted.

773    (ii)  A person who is able to pay the filing fee may not claim impecuniosity.

774    (iii) (A)  False statements made on an affidavit of impecuniosity or a financial

775    statement filed under this section shall be subject to the criminal penalties provided under

776    Sections 76-8-503 and 76-8-504 and any other applicable criminal provision.

777    (B)  Conviction of a criminal offense under Subsection (5)(d)(iii)(A) shall be

778    considered an offense under this title for the purposes of assessing the penalties provided in

779    Subsection 20A-1-609(2).

780    (iv)  The filing officer shall ensure that the affidavit of impecuniosity is printed in

781    substantially the following form:

782    "Affidavit of Impecuniosity

783    Individual Name

784    _____Address_____

785    Phone Number _____

**Enrolled Copy**                                                                    **S.B. 207**

786    I,_____(name), do solemnly [swear] [affirm], under penalty of law

787    for false statements, that, owing to my poverty, I am unable to pay the filing fee required by

788    law.

789    Date _____ Signature_____

790    Affiant

791    Subscribed and sworn to before me on _____ (month\day\year)

792                                                                    _____

793                                                                                    (signature)

794    Name and Title of Officer Authorized to Administer Oath    _____ "

795    (v)  The filing officer shall provide to a person who requests an affidavit of

796    impecuniosity a statement printed in substantially the following form, which may be included

797    on the affidavit of impecuniosity:

798    "Filing a false statement is a criminal offense.  In accordance with Section 20A-1-609, a

799    candidate who is found guilty of filing a false statement, in addition to being subject to criminal

800    penalties, will be removed from the ballot."

801    (vi)  The filing officer may request that a person who makes a claim of impecuniosity

802    under this Subsection (5)(d) file a financial statement on a form prepared by the election

803    official.

804    (6) (a)  If there is no legislative appropriation for the Western States Presidential

805    Primary election, as provided in Part 8, Western States Presidential Primary, a candidate for

806    president of the United States who is affiliated with a registered political party and chooses to

807    participate in the regular primary election shall:

808    (i)  file a declaration of candidacy, in person or via a designated agent, with the

809    lieutenant governor:

810    (A)  on a form developed and provided by the lieutenant governor; and

811    (B)  on or after the second Friday in March and before 5 p.m. on the third Thursday in

812    March before the next regular primary election;

813    (ii)  identify the registered political party whose nomination the candidate is seeking;

814        (iii)  provide a letter from the registered political party certifying that the candidate may

815    participate as a candidate for that party in that party's presidential primary election; and

816        (iv)  pay the filing fee of $500.

817        (b)  An agent designated to file a declaration of candidacy may not sign the form

818    described in Subsection (6)(a)(i)(A).

819        (7)  Any person who fails to file a declaration of candidacy or certificate of nomination

820    within the time provided in this chapter is ineligible for nomination to office.

821        (8)  A declaration of candidacy filed under this section may not be amended or

822    modified after the final date established for filing a declaration of candidacy.

823        Section 9.  Section **20A-9-202** is amended to read:

824        **20A-9-202.  Declarations of candidacy for regular general elections.**

825        (1) (a)  Each person seeking to become a candidate for an elective office that is to be

826    filled at the next regular general election shall:

827        (i)  file a declaration of candidacy in person with the filing officer on or after January 1

828    of the regular general election year, and, if applicable, before the candidate circulates

829    nomination petitions under Section 20A-9-405; and

830        (ii)  pay the filing fee.

831        (b)  Each county clerk who receives a declaration of candidacy from a candidate for

832    multicounty office shall transmit the filing fee and a copy of the candidate's declaration of

833    candidacy to the lieutenant governor within one working day after it is filed.

834        (c)  Each day during the filing period, each county clerk shall notify the lieutenant

835    governor electronically or by telephone of candidates who have filed in their office.

836        (d)  Each person seeking the office of lieutenant governor, the office of district attorney,

837    or the office of president or vice president of the United States shall comply with the specific

838    declaration of candidacy requirements established by this section.

839        (2) (a)  Each person intending to become a candidate for the office of district attorney

840    within a multicounty prosecution district that is to be filled at the next regular general election

841    shall:

**Enrolled Copy**                                                                                   **S.B. 207**

842          (i)  file a declaration of candidacy with the clerk designated in the interlocal agreement

843   creating the prosecution district on or after January 1 of the regular general election year, and

844   before the candidate circulates nomination petitions under Section 20A-9-405; and

845          (ii)  pay the filing fee.

846          (b)  The designated clerk shall provide to the county clerk of each county in the

847   prosecution district a certified copy of each declaration of candidacy filed for the office of

848   district attorney.

849          (3) (a)  On or before 5 p.m. on the first Monday after the third Saturday in April, each

850   lieutenant governor candidate shall:

851          (i)  file a declaration of candidacy with the lieutenant governor;

852          (ii)  pay the filing fee; and

853          (iii)  submit a letter from a candidate for governor who has received certification for the

854   primary-election ballot under Section 20A-9-403 that names the lieutenant governor candidate

855   as a joint-ticket running mate.

856          (b)  Any candidate for lieutenant governor who fails to timely file is disqualified.  If a

857   lieutenant governor is disqualified, another candidate shall file to replace the disqualified

858   candidate.

859          (4)  Each registered political party shall:

860          (a)  certify the names of its candidates for president and vice president of the United

861   States to the lieutenant governor no later than August 31; or

862          (b)  provide written authorization for the lieutenant governor to accept the certification

863   of candidates for president and vice president of the United States from the national office of

864   the registered political party.

865          (5) (a)  A declaration of candidacy filed under this section is valid unless a written

866   objection is filed with the clerk or lieutenant governor within five days after the last day for

867   filing.

868          (b)  If an objection is made, the clerk or lieutenant governor shall:

869          (i)  mail or personally deliver notice of the objection to the affected candidate

**Enrolled Copy**

870 immediately; and

871     (ii)  decide any objection within 48 hours after it is filed.

872     (c)  If the clerk or lieutenant governor sustains the objection, the candidate may cure the

873 problem by amending the declaration or petition within three days after the objection is

874 sustained or by filing a new declaration within three days after the objection is sustained.

875     (d) (i)  The clerk's or lieutenant governor's decision upon objections to form is final.

876     (ii)  The clerk's or lieutenant governor's decision upon substantive matters is reviewable

877 by a district court if prompt application is made to the court.

878     (iii)  The decision of the district court is final unless the Supreme Court, in the exercise

879 of its discretion, agrees to review the lower court decision.

880     (6)  Any person who filed a declaration of candidacy may withdraw as a candidate by

881 filing a written affidavit with the clerk.

882     (7)  Except as provided in Subsection 20A-9-201(4)(b), notwithstanding a requirement

883 in this section to file a declaration of candidacy in person, a person may designate an agent to

884 file the form described in Subsection 20A-9-201(4) in person with the filing officer if:

885     (a)  the person is located outside the state during the filing period because:

886     (i)  of employment with the state or the United States; or

887     (ii)  the person is a member of:

888     (A)  the active or reserve components of the Army, Navy, Air Force, Marine Corps, or

889 Coast Guard of the United States who is on active duty;

890     (B)  the Merchant Marine, the commissioned corps of the Public Health Service, or the

891 commissioned corps of the National Oceanic and Atmospheric Administration of the United

892 States; or

893     (C)  the National Guard on activated status;

894     (b)  the person communicates with the filing officer using an electronic device that

895 allows the person and filing officer to see and hear each other; and

896     (c)  the person provides the filing officer with an email address to which the filing

897 officer may send the copies described in Subsection 20A-9-201(3).

**Enrolled Copy**                                                        **S.B. 207**

898     Section 10.  Section **20A-9-403** is amended to read:

899     **20A-9-403.  Regular primary elections.**

900     (1) (a)  Candidates for elective office that are to be filled at the next regular general

901     election shall be nominated in a regular primary election by direct vote of the people in the

902     manner prescribed in this section.  The fourth Tuesday of June of each even-numbered year is

903     designated as regular primary election day.  Nothing in this section shall affect a candidate's

904     ability to qualify for a regular general election's ballot as an unaffiliated candidate under

905     Section 20A-9-501 or to participate in a regular general election as a write-in candidate under

906     Section 20A-9-601.

907     (b)  Each registered political party that chooses to have the names of its candidates for

908     elective office featured with party affiliation on the ballot at a regular general election shall

909     comply with the requirements of this section and shall nominate its candidates for elective

910     office in the manner prescribed in this section.

911     (c)  A filing officer may not permit an official ballot at a regular general election to be

912     produced or used if the ballot denotes affiliation between a registered political party or any

913     other political group and a candidate for elective office who was not nominated in the manner

914     prescribed in this section or in Subsection 20A-9-202(4).

915     (d)  Unless noted otherwise, the dates in this section refer to those that occur in each

916     even-numbered year in which a regular general election will be held.

917     (2) (a)  Each registered political party, in a statement filed with the lieutenant governor,

918     shall:

919     (i)  either declare their intent to participate in the next regular primary election or

920     declare that the registered political party chooses not to have the names of its candidates for

921     elective office featured on the ballot at the next regular general election; and

922     (ii)  if the registered political party participates in the upcoming regular primary

923     election, identify one or more registered political parties whose members may vote for the

924     registered political party's candidates and whether or not persons identified as unaffiliated with

925     a political party may vote for the registered political party's candidates[, and].

926   [(iii)  if the registered political party participates in the upcoming regular primary
927   election, indicate whether it chooses to nominate unopposed candidates without their name
928   appearing on the ballot, as described under Subsection (5)(c).]

929        (b) (i)  A registered political party that is a continuing political party must file the
930   statement described in Subsection (2)(a) with the lieutenant governor no later than 5 p.m. on
931   November 15 of each odd-numbered year.

932        (ii)  An organization that is seeking to become a registered political party under Section
933   20A-8-103 must file the statement described in [Subsection (2)(b) no later than 5 p.m. on
934   February 15] Subsection (2)(a) at the time that the registered political party files the petition
935   described in Section 20A-8-103.

936        (3) (a)  Except as provided in Subsection (3)(e), a person who has submitted a
937   declaration of candidacy under Section 20A-9-202 shall appear as a candidate for elective
938   office on the regular primary ballot of the registered political party listed on the declaration of
939   candidacy only if the person is certified by the appropriate filing officer as having submitted a
940   set of nomination petitions that was:

941        (i)  circulated and completed in accordance with Section 20A-9-405; and

942        (ii)  signed by at least two percent of the registered political party's members who reside
943   in the political division of the office that the person seeks.

944        (b)  A candidate for elective office shall submit nomination petitions to the appropriate
945   filing officer for verification and certification no later than 5 p.m. on the final day in March.
946   Candidates may supplement their submissions at any time on or before the filing deadline.

947        (c)  The lieutenant governor shall determine for each elective office the total number of
948   signatures that must be submitted under Subsection (3)(a)(ii) by counting the aggregate number
949   of persons residing in each elective office's political division who have designated a particular
950   registered political party on their voter registration forms as of November 1 of each
951   odd-numbered year.  The lieutenant governor shall publish this determination for each elective
952   office no later than November 15 of each odd-numbered year.

953        (d)  The filing officer shall:

954  (i) verify signatures on nomination petitions in a transparent and orderly manner;

955  (ii) for all qualifying candidates for elective office who submitted nomination petitions

956 to the filing officer, issue certifications referenced in Subsection (3)(a) no later than 5 p.m. on

957 the first Monday after the third Saturday in April;

958  (iii) consider active and inactive voters eligible to sign nomination petitions;

959  (iv) consider a person who signs a nomination petition a member of a registered

960 political party for purposes of Subsection (3)(a)(ii) if the person has designated that registered

961 political party as [~~their preferred party affiliation on their~~] the person's party membership on the

962 person's voter registration form [~~prior to 5 p.m. on the final day in March~~]; and

963  (v) utilize procedures described in Section 20A-7-206.3 to verify submitted nomination

964 petition signatures, or use statistical sampling procedures to verify submitted nomination

965 petition signatures pursuant to rules [~~issued by the lieutenant governor~~] made under Subsection

966 (3)(f).

967  (e) Notwithstanding any other provision in this Subsection (3), a candidate for

968 lieutenant governor may appear on the regular primary ballot of a registered political party

969 without submitting nomination petitions if the candidate files a declaration of candidacy and

970 complies with Subsection 20A-9-202(3).

971  [~~(f) The lieutenant governor shall issue rules that~~]

972  (f) In accordance with Title 63G, Chapter 3, Utah Administrative Rulemaking Act, the

973 director of elections, within the Office of the Lieutenant Governor, shall make rules that:

974  (i) provide for the use of statistical sampling procedures [~~for~~] that:

975  (A) filing officers are required to use to verify signatures under Subsection (3)(d)[~~.~~

976 ~~The statistical sampling procedures shall~~]; and

977  (B) reflect a bona fide effort to determine the validity of a candidate's entire

978 submission, using widely recognized statistical sampling techniques[~~. The lieutenant governor~~

979 ~~may also issue supplemental rules and guidance that~~]; and

980  (ii) provide for the transparent, orderly, and timely submission, verification, and

981 certification of nomination petition signatures.

**Enrolled Copy**

982    (g)  The county clerk shall:

983    (i)  review the declarations of candidacy filed by candidates for local boards of

984  education to determine if more than two candidates have filed for the same seat;

985    (ii)  place the names of all candidates who have filed a declaration of candidacy for a

986  local board of education seat on the nonpartisan section of the ballot if more than two

987  candidates have filed for the same seat; and

988    (iii)  determine the order of the local board of education candidates' names on the ballot

989  in accordance with Section 20A-6-305.

990    (4) (a)  By 5 p.m. on the first Wednesday after the third Saturday in April, the lieutenant

991  governor shall provide to the county clerks:

992    (i)  a list of the names of all candidates for federal, constitutional, multi-county, and

993  county offices who have received certifications under Subsection (3), along with instructions

994  on how those names shall appear on the primary-election ballot in accordance with Section

995  20A-6-305; and

996    (ii)  a list of unopposed candidates for elective office who have been nominated by a

997  registered political party under Subsection (5)(c) and instruct the county clerks to exclude such

998  candidates from the primary-election ballot.

999    (b)  A candidate for lieutenant governor and a candidate for governor campaigning as

1000  joint-ticket running mates shall appear jointly on the primary-election ballot.

1001    (c)  After the county clerk receives the certified list from the lieutenant governor under

1002  Subsection (4)(a), the county clerk shall post or publish a primary election notice in

1003  substantially the following form:

1004    "Notice is given that a primary election will be held Tuesday, June ____,

1005  _____(year), to nominate party candidates for the parties and candidates for nonpartisan

1006  local school board positions listed on the primary ballot.  The polling place for voting precinct

1007  ____ is ____.  The polls will open at 7 a.m. and continue open until 8 p.m. of the same day.

1008  Attest: county clerk."

1009    (5) (a)  Candidates, other than presidential candidates, receiving the highest number of

Enrolled Copy                                                                S.B. 207

1010   votes cast for each office at the regular primary election are nominated by their registered

1011   political party for that office or are nominated as a candidate for a nonpartisan local school

1012   board position.

1013        (b)  If two or more candidates, other than presidential candidates, are to be elected to

1014   the office at the regular general election, those party candidates equal in number to positions to

1015   be filled who receive the highest number of votes at the regular primary election are the

1016   nominees of their party for those positions.

1017        (c)  A candidate who is unopposed for an elective office in the regular primary election

1018   of a registered political party is nominated by the party for that office without appearing on the

1019   primary ballot[, provided that the party has chosen to nominate unopposed candidates under

1020   Subsection (2)(a)(iii)].  A candidate is "unopposed" if no person other than the candidate has

1021   received a certification under Subsection (3) for the regular primary election ballot of the

1022   candidate's registered political party for a particular elective office.

1023        (6) (a)  When a tie vote occurs in any primary election for any national, state, or other

1024   office that represents more than one county, the governor, lieutenant governor, and attorney

1025   general shall, at a public meeting called by the governor and in the presence of the candidates

1026   involved, select the nominee by lot cast in whatever manner the governor determines.

1027        (b)  When a tie vote occurs in any primary election for any county office, the district

1028   court judges of the district in which the county is located shall, at a public meeting called by

1029   the judges and in the presence of the candidates involved, select the nominee by lot cast in

1030   whatever manner the judges determine.

1031        (7)  The expense of providing all ballots, blanks, or other supplies to be used at any

1032   primary election provided for by this section, and all expenses necessarily incurred in the

1033   preparation for or the conduct of that primary election shall be paid out of the treasury of the

1034   county or state, in the same manner as for the regular general elections.

1035        (8)  An individual may not file a declaration of candidacy for a registered political party

1036   of which the individual is not a member, except to the extent that the registered political party

1037   permits otherwise under the registered political party's bylaws.

**S.B. 207**                                                    **Enrolled Copy**

1038          Section 11.  Section **20A-9-406** is amended to read:

1039          **20A-9-406.   Qualified political party -- Requirements and exemptions.**

1040          The following provisions apply to a qualified political party:

1041          (1)  the qualified political party shall [certify to the lieutenant governor], no later than 5

1042   p.m. on March 1 of each even-numbered year[. (a)], certify to the lieutenant governor the

1043   identity of one or more registered political parties whose members may vote for the qualified

1044   political party's candidates; [and]

1045          [(b)  whether the qualified political party chooses to nominate unopposed candidates

1046   without the names of the candidates appearing on the ballot, as described in Subsection

1047   20A-9-403(5)(c);]

1048          (2)  the provisions of Subsections 20A-9-403(1) through (4)(a), Subsection

1049   20A-9-403(5)(c), and Section 20A-9-405 do not apply to a nomination for the qualified

1050   political party;

1051          (3)  an individual may only [obtain a] seek the nomination [for] of the qualified

1052   political party by using a method described in Section 20A-9-407, Section 20A-9-408, or both;

1053          (4)  the qualified political party shall comply with the provisions of Sections

1054   20A-9-407, 20A-9-408, and 20A-9-409;

1055          (5)  notwithstanding Subsection 20A-6-301(1)(a), (1)(g), or (2)(a), each election officer

1056   shall ensure that a ballot described in Section 20A-6-301 includes each person nominated by a

1057   qualified political party [under Section 20A-9-407 or 20A-9-408]:

1058          (a)  under the qualified political party's name and emblem, if any; or

1059          (b)  under the title of the qualified registered political party as designated by the

1060   qualified political party in the certification described in Subsection (1), or, if none is

1061   designated, then under some suitable title;

1062          (6)  notwithstanding Subsection 20A-6-302(1)(a), each election officer shall ensure, for

1063   paper ballots in regular general elections, that each candidate who is nominated by the qualified

1064   political party is listed by party;

1065          (7)  notwithstanding Subsection 20A-6-303(1)(g), each election officer shall ensure that

Enrolled Copy                                                          S.B. 207

1066    the party designation of each candidate who is nominated by the qualified political party is

1067    printed immediately adjacent to the candidate's name on ballot sheets or ballot labels;

1068    (8)  notwithstanding Subsection 20A-6-304(1)(g), each election officer shall ensure that

1069    the party designation of each candidate who is nominated by the qualified political party is

1070    displayed adjacent to the candidate's name on an electronic ballot;

1071    (9)  "candidates for elective office," defined in Subsection 20A-9-101(1)(a), also

1072    includes an individual who files a declaration of candidacy under Section 20A-9-407 or

1073    20A-9-408 to run in a regular general election for a federal office, constitutional office,

1074    multicounty office, or county office;

1075    (10)  an individual who is nominated by, or seeking the nomination of, the qualified

1076    political party is not required to comply with Subsection 20A-9-201(1)(c);

1077    (11)  notwithstanding Subsection 20A-9-403(3), the qualified political party is entitled

1078    to have each of the qualified political party's candidates for elective office appear on the

1079    primary ballot of the qualified political party with an indication that each candidate is a

1080    candidate for the qualified political party;

1081    (12)  notwithstanding Subsection 20A-9-403(4)(a), the lieutenant governor shall include

1082    on the list provided by the lieutenant governor to the county clerks:

1083    (a)  the names of all candidates of the qualified political party for federal, constitutional,

1084    multicounty, and county offices; and

1085    (b)  the names of unopposed candidates for elective office who have been nominated by

1086    the qualified political party and instruct the county clerks to exclude such candidates from the

1087    primary-election ballot;

1088    (13)  notwithstanding Subsection 20A-9-403(5)(c), a candidate who is unopposed for an

1089    elective office in the regular primary election of the qualified political party is nominated by

1090    the party for that office without appearing on the primary ballot[, provided that the party has

1091    chosen to nominate unopposed candidates under Subsection 20A-9-403(2)(a)(iii)]; and

1092    (14)  notwithstanding the provisions of Subsections 20A-9-403(1) and (2) and Section

1093    20A-9-405, the qualified political party is entitled to have the names of its candidates for

S.B. 207                                                              **Enrolled Copy**

1094    elective office featured with party affiliation on the ballot at a regular general election.

1095           Section 12.  Section **20A-9-407** is amended to read:

1096           **20A-9-407.  Convention process to seek the nomination of a qualified political**

1097    **party.**

1098           (1)  This section describes the requirements for a member of a qualified political party

1099    who is seeking the nomination of a qualified political party for an elective office through the

1100    qualified political party's convention [nomination] process.

1101           (2)  Notwithstanding Subsection 20A-9-201(4)(a), the form of the declaration of

1102    candidacy for a member of a qualified political party who is nominated by, or who is seeking

1103    the nomination of, the qualified political party under this section shall be substantially as

1104    [follows.] described in Section 20A-9-408.5.

1105           ["State of Utah, County of ____]

1106           [I, _____, declare my intention of becoming a candidate for the office of

1107    ____ as a candidate for the ____ party.  I do solemnly swear that: I will meet the qualifications

1108    to hold the office, both legally and constitutionally, if selected; I reside at _____ in

1109    the City or Town of ____, Utah, Zip Code ____, Phone No. ____; I will not knowingly violate

1110    any law governing campaigns and elections; I will file all campaign financial disclosure reports

1111    as required by law; and I understand that failure to do so will result in my disqualification as a

1112    candidate for this office and removal of my name from the ballot.  The mailing address that I

1113    designate for receiving official election notices is

1114    _____

1115    _____.

1116    _____ Subscribed and sworn before me this _____ (month\day\year).  Notary Public (or

1117    other officer qualified to administer oath)."]

1118           (3)  Notwithstanding Subsection 20A-9-202(1)(a), and except as provided in Subsection

1119    20A-9-202(4), a member of a qualified political party who, under this section, is seeking the

1120    nomination of the qualified political party for an elective office that is to be filled at the next

1121    general election, shall:

Enrolled Copy                                                                                    S.B. 207

1122          (a) file a declaration of candidacy in person with the filing officer on or after the

1123    second Friday in March and before 5 p.m. on the third Thursday in March before the next

1124    regular general election; and

1125          (b) pay the filing fee.

1126          (4) Notwithstanding Subsection 20A-9-202(2)(a), a member of a qualified political

1127    party who, under this section, is seeking the nomination of the qualified political party for the

1128    office of district attorney within a multicounty prosecution district that is to be filled at the next

1129    general election shall:

1130          (a) file a declaration of candidacy with the county clerk designated in the interlocal

1131    agreement creating the prosecution district on or after the second Friday in March and before 5

1132    p.m. on the third Thursday in March before the next regular general election; and

1133          (b) pay the filing fee.

1134          (5) Notwithstanding Subsection 20A-9-202(3)(a)(iii), a lieutenant governor candidate

1135    who files as the joint-ticket running mate of an individual who is nominated by a qualified

1136    political party, under this section, for the office of governor shall submit a letter from the

1137    candidate for governor that names the lieutenant governor candidate as a joint-ticket running

1138    mate.

1139          (6) (a) A qualified political party that nominates a candidate under this section shall

1140    certify the name of the candidate to the lieutenant governor before 5 p.m. on the first Monday

1141    after the fourth Saturday in April.

1142          [(6)] (b) The lieutenant governor shall ensure that the certification described in

1143    Subsection 20A-9-701(1) also includes the name of each candidate nominated by a qualified

1144    political party under this section.

1145          (7) Notwithstanding Subsection 20A-9-701(2), the ballot shall, for each candidate who

1146    is nominated by a qualified political party under this section, designate the qualified political

1147    party that nominated the candidate.

1148          Section 13.  Section **20A-9-408** is amended to read:

1149          **20A-9-408.  Signature-gathering process to seek the nomination of a qualified**

1150    **political party.**

1151        (1)  This section describes the requirements for a member of a qualified political party

1152    who is seeking the nomination of the qualified political party for an elective office through the

1153    signature-gathering [nomination] process described in this section.

1154        (2)  Notwithstanding Subsection 20A-9-201(4)(a), the form of the declaration of

1155    candidacy for a member of a qualified political party who is nominated by, or who is seeking

1156    the nomination of, the qualified political party under this section shall be substantially as

1157    [follows:] described in Section 20A-9-408.5.

1158        ["State of Utah, County of _____

1159    _____ I, _____, declare my intention of becoming a candidate for the office of

1160    _____ as a candidate for the _____ party.  I do solemnly swear that: I will meet the qualifications

1161    to hold the office, both legally and constitutionally, if selected; I reside at _____ in

1162    the City or Town of _____, Utah, Zip Code _____, Phone No. _____; I will not knowingly violate

1163    any law governing campaigns and elections; I will file all campaign financial disclosure reports

1164    as required by law; and I understand that failure to do so will result in my disqualification as a

1165    candidate for this office and removal of my name from the ballot.  The mailing address that I

1166    designate for receiving official election notices is

1167    _____

1168    _____;

1169    _____ Subscribed and sworn before me this _____ (month\day\year).  Notary Public (or

1170    other officer qualified to administer oath)."]

1171        (3)  Notwithstanding Subsection 20A-9-202(1)(a), and except as provided in Subsection

1172    20A-9-202(4), a member of a qualified political party who, under this section, is seeking the

1173    nomination of the qualified political party for an elective office that is to be filled at the next

1174    general election shall:

1175        (a)  within the period beginning on January 1 before the next regular general election

1176    and ending on the third Thursday in March of the same year, and before gathering signatures

1177    under this section, file with the filing officer on a form approved by the lieutenant governor a

**Enrolled Copy**                                                                **S.B. 207**

1178    notice of intent to gather signatures for candidacy that includes:

1179          (i)  the name of the member who will attempt to become a candidate for a registered

1180    political party under this section;

1181          (ii)  the name of the registered political party for which the member is seeking

1182    nomination;

1183          (iii)  the office for which the member is seeking to become a candidate;

1184          (iv)  the address and telephone number of the member; and

1185          (v)  other information required by the lieutenant governor;

1186          (b)  file a declaration of candidacy, in person, with the filing officer on or after the

1187    second Friday in March and before 5 p.m. on the third Thursday in March before the next

1188    regular general election; and

1189          (c)  pay the filing fee.

1190          (4)  Notwithstanding Subsection 20A-9-202(2)(a), a member of a qualified political

1191    party who, under this section, is seeking the nomination of the qualified political party for the

1192    office of district attorney within a multicounty prosecution district that is to be filled at the next

1193    general election shall:

1194          (a)  on or after January 1 before the next regular general election, and before gathering

1195    signatures under this section, file with the filing officer on a form approved by the lieutenant

1196    governor a notice of intent to gather signatures for candidacy that includes:

1197          (i)  the name of the member who will attempt to become a candidate for a registered

1198    political party under this section;

1199          (ii)  the name of the registered political party for which the member is seeking

1200    nomination;

1201          (iii)  the office for which the member is seeking to become a candidate;

1202          (iv)  the address and telephone number of the member; and

1203          (v)  other information required by the lieutenant governor;

1204          (b)  file a declaration of candidacy, in person, with the filing officer on or after the

1205    second Friday in March and before 5 p.m. on the third Thursday in March before the next

1206     regular general election; and

1207         (c)  pay the filing fee.

1208         (5)  Notwithstanding Subsection 20A-9-202(3)(a)(iii), a lieutenant governor candidate

1209     who files as the joint-ticket running mate of an individual who is nominated by a qualified

1210     political party, under this section, for the office of governor shall submit a letter from the

1211     candidate for governor that names the lieutenant governor candidate as a joint-ticket running

1212     mate.

1213         (6)  The lieutenant governor shall ensure that the certification described in Subsection

1214     20A-9-701(1) also includes the name of each candidate nominated by a qualified political party

1215     under this section.

1216         (7)  Notwithstanding Subsection 20A-9-701(2), the ballot shall, for each candidate who

1217     is nominated by a qualified political party under this section, designate the qualified political

1218     party that nominated the candidate.

1219         (8)  A member of a qualified political party may seek the nomination of the qualified

1220     political party for an elective office by:

1221         (a)  complying with the requirements described in this section; and

1222         (b)  collecting signatures, on a form approved by the lieutenant [governor's office]

1223     governor, during the period beginning on January 1 of an even-numbered year and ending 14

1224     days before the day on which the qualified political party's convention for the office is held, in

1225     the following amounts:

1226         (i)  for a statewide race, 28,000 signatures of registered voters in the state who are

1227     permitted by the qualified political party to vote for the qualified political party's candidates in

1228     a primary election;

1229         (ii)  for a congressional district race, 7,000 signatures of registered voters who are

1230     residents of the congressional district and are permitted by the qualified political party to vote

1231     for the qualified political party's candidates in a primary election;

1232         (iii)  for a state Senate district race, 2,000 signatures of registered voters who are

1233     residents of the state Senate district and are permitted by the qualified political party to vote for

**Enrolled Copy**                                                    **S.B. 207**

1234    the qualified political party's candidates in a primary election;

1235    (iv)  for a state House district race, 1,000 signatures of registered voters who are

1236    residents of the state House district and are permitted by the qualified political party to vote for

1237    the qualified political party's candidates in a primary election; and

1238    (v)  for a county office race, signatures of 3% of the registered voters who are residents

1239    of the area permitted to vote for the county office and are permitted by the qualified political

1240    party to vote for the qualified political party's candidates in a primary election.

1241    (9) (a)  In order for a member of the qualified political party to qualify as a candidate

1242    for the qualified political party's nomination for an elective office under this section, the

1243    member shall:

1244    (i)  collect the signatures on a form approved by the lieutenant [governor's office]

1245    governor, using the same circulation and verification requirements described in Sections

1246    [20A-7-304 and 20A-7-305] 20A-7-204 and 20A-7-205; and

1247    (ii)  submit the signatures to the election officer no later than 14 days before the day on

1248    which the qualified political party holds its convention to select candidates, for the elective

1249    office, for the qualified political party's nomination.

1250    (b)  An individual may not gather signatures under this section until after the individual

1251    files a notice of intent to gather signatures for candidacy described in this section.

1252    (c)  An individual who files a notice of intent to gather signatures for candidacy,

1253    described in Subsection (3)(a) or (4)(a), is, beginning on the day on which the individual files

1254    the notice of intent to gather signatures for candidacy:

1255    (i)  required to comply with the reporting requirements that a candidate for office is

1256    required to comply with; and

1257    (ii)  subject to the same enforcement provisions, and civil and criminal penalties, that

1258    apply to a candidate for office in relation to the reporting requirements described in Subsection

1259    (9)(c)(i).

1260    (d)  Upon timely receipt of the signatures described in Subsections (8) and (9)(a), the

1261    election officer shall, no later than one day before the day on which the qualified political party

1262  holds the convention to select a nominee for the elective office to which the signature packets

1263  relate:

1264          (i)  check the name of each individual who completes the verification for a signature

1265  packet to determine whether each individual is a resident of Utah and is at least 18 years old;

1266          (ii)  submit the name of each individual described in Subsection (9)(d)(i) who is not a

1267  Utah resident or who is not at least 18 years old to the attorney general and the county attorney;

1268          (iii)  determine whether each signer is a registered voter who is qualified to sign the

1269  petition, using the same method, described in Section 20A-7-206.3, used to verify a signature

1270  on a petition;

1271          (iv)  certify whether each name is that of a registered voter who is qualified to sign the

1272  signature packet; and

1273          (v)  notify the qualified political party and the lieutenant governor of the name of each

1274  member of the qualified political party who qualifies as a nominee of the qualified political

1275  party, under this section, for the elective office to which the convention relates.

1276          (e)  Upon receipt of a notice of intent to gather signatures for candidacy described in

1277  this section, the lieutenant governor shall post the notice of intent to gather signatures for

1278  candidacy on the lieutenant governor's website in the same location that the lieutenant governor

1279  posts a declaration of candidacy.

1280          Section 14.  Section **20A-9-408.5** is enacted to read:

1281          **20A-9-408.5.  Declaration of candidacy form for qualified political party.**

1282          The declaration of candidacy form described in Sections 20A-9-407 and 20A-9-408

1283  shall:

1284          (1)  be substantially as follows:

1285          "State of Utah, County of _____

1286          I, _____, declare my intention of becoming a candidate for the office of

1287  _____ as a candidate for the _____ party.  I do solemnly swear that: I will meet the qualifications

1288  to hold the office, both legally and constitutionally, if selected; I reside at _____ in

1289  the City or Town of _____, Utah, Zip Code _____, Phone No. _____; I will not knowingly violate

**Enrolled Copy**                                                **S.B. 207**

1290   any law governing campaigns and elections; I will file all campaign financial disclosure reports

1291   as required by law; and I understand that failure to do so will result in my disqualification as a

1292   candidate for this office and removal of my name from the ballot. The mailing address that I

1293   designate for receiving official election notices is

1294   _____

1295   _____ .

1296           Subscribed and sworn before me this _____ (month\day\year). Notary Public (or

1297   other officer qualified to administer oath).";

1298           (2)  direct the candidate to state, in the sworn statement described in Subsection (1):

1299           (a)  the registered political party of which the candidate is a member; or

1300           (b)  that the candidate is not a member of a registered political party; and

1301           (3)  direct the candidate to indicate whether the candidate is seeking the nomination

1302   using:

1303           (a)  the convention process described in Section 20A-9-407;

1304           (b)  the signature-gathering process described in Section 20A-9-408; or

1305           (c)  both processes described in Subsections (3)(a) and (b).

1306           Section 15.  Section **20A-9-411** is enacted to read:

1307           **20A-9-411.  Signing multiple nomination petitions.**

1308           (1)  An individual who signs a petition, described in Section 20A-9-403 or 20A-9-408,

1309   to nominate a candidate may not sign a petition to nominate another candidate for the same

1310   office.

1311           (2)  If an individual signs more than one petition in violation of Subsection (1), the

1312   election officer may only count the signature on the first petition that the election officer

1313   reviews for that office.

1314           Section 16.  Section **20A-9-701** is amended to read:

1315           **20A-9-701.  Certification of party candidates to county clerks -- Display on ballot.**

1316           (1)  No later than August 31 of each regular general election year, the lieutenant

1317   governor shall certify to each county clerk, for offices to be voted upon at the regular general

1318  election in that county clerk's county:

1319      (a)  the names of each candidate nominated under Subsection 20A-9-202(4) or

1320  Subsection 20A-9-403(5) [for offices to be voted upon at the regular general election in that

1321  county clerk's county.]; and

1322      (b)  the names of the candidates for president and vice president that are certified by the

1323  registered political party as the party's nominees.

1324      (2)  The names shall be certified by the lieutenant governor and shall be displayed on

1325  the ballot as they are provided on the candidate's declaration of candidacy.  No other names

1326  may appear on the ballot as affiliated with, endorsed by, or nominated by any other registered

1327  political party, political party, or other political group.

1328      Section 17.  Section **20A-11-701** is amended to read:

1329      **20A-11-701.  Campaign financial reporting by corporations -- Filing requirements**

1330  **-- Statement contents -- Donor reporting and notification required.**

1331      (1) (a)  Each corporation that has made expenditures for political purposes that total at

1332  least $750 during a calendar year shall file a verified financial statement with the lieutenant

1333  governor's office:

1334      (i)  on January 10, reporting expenditures as of December 31 of the previous year;

1335      (ii)  seven days before the state political convention for each major political party;

1336      (iii)  seven days before the regular primary election date;

1337      (iv)  on August 31; and

1338      (v)  seven days before the regular general election date.

1339      (b)  The  corporation shall report:

1340      (i)  a detailed listing of all expenditures made since the last financial statement;

1341      (ii)  for financial statements filed under Subsections (1)(a)(ii) through (v), all

1342  expenditures as of five days before the required filing date of the financial statement; and

1343      (iii)  whether the  corporation, including an officer of the  corporation, director of the

1344  corporation, or person with at least 10% ownership in the  corporation:

1345      (A)  has bid since the last financial statement on a contract, as defined in Section

**Enrolled Copy**                                                    **S.B. 207**

1346   63G-6a-103, in excess of $100,000;

1347   (B)  is currently bidding on a contract, as defined in Section 63G-6a-103, in excess of

1348   $100,000; or

1349   (C)  is a party to a contract, as defined in Section 63G-6a-103, in excess of $100,000.

1350   (c)  The  corporation need not file a financial statement under this section if the

1351   corporation made no expenditures during the reporting period.

1352   (d)  The corporation is not required to report an expenditure made to, or on behalf of, a

1353   reporting entity that the reporting entity is required to include in a financial statement described

1354   in this chapter or Chapter 12, Part 2, Judicial Retention Elections.

1355   (2)  The financial statement shall include:

1356   (a)  the name and address of each reporting entity that received an expenditure from the

1357   corporation, and the amount of each expenditure;

1358   (b)  the total amount of expenditures disbursed by the  corporation:

1359   (i)  since the last financial statement; and

1360   (ii)  during the calendar year;

1361   (c) (i)  a statement that the  corporation did not receive any money from any donor

1362   during the calendar year or the previous calendar year that the  corporation has not reported in a

1363   previous financial statement; or

1364   (ii)  a report, described in Subsection (3), of the money received from donors during the

1365   calendar year or the previous calendar year that the  corporation has not reported in a previous

1366   financial statement; and

1367   (d)  a statement by the corporation's treasurer or chief financial officer certifying the

1368   accuracy of the financial statement.

1369   (3) (a)  The report required by Subsection (2)(c)(ii) shall include:

1370   (i)  the name and address of each donor;

1371   (ii)  the amount of the money received by the  corporation from each donor; and

1372   (iii)  the date on which the  corporation received the money.

1373   (b)  A corporation shall report money received from donors in the following order:

S.B. 207

**Enrolled Copy**

1374    (i)  first, beginning with the least recent date on which the corporation received money

1375    that the corporation has not reported in a previous financial statement, the money received from

1376    a donor that:

1377    (A)  requests that the  corporation use the money to make an expenditure;

1378    (B)  gives the money to the corporation in response to a solicitation indicating the

1379    corporation's intent to make an expenditure; or

1380    (C)  knows that the corporation may use the money to make an expenditure; and

1381    (ii)  second, divide the difference between the total amount of expenditures made since

1382    the last financial statement and the total amount of money reported under Subsection (3)(b)(i)

1383    on a proration basis between all donors that:

1384    (A)  are not described in Subsection (3)(b)(i);

1385    (B)  gave at least $50 during the calendar year or previous calendar year; and

1386    (C)  have not been reported in a previous financial statement.

1387    (c)  If the amount reported under Subsection (3)(b) is less than the total amount of

1388    expenditures made since the last financial statement, the financial statement shall contain a

1389    statement that the  corporation has reported all donors that gave money, and all money received

1390    by donors, during the calendar year or previous calendar year that the  corporation has not

1391    reported in a previous financial statement.

1392    (d)  The  corporation shall indicate on the financial statement that the amount attributed

1393    to each donor under Subsection (3)(b)(ii) is only an estimate.

1394    (e)  (i)  For all individual donations of $50 or less, the corporation may report a single

1395    aggregate figure without separate detailed listings.

1396    (ii)  The  corporation:

1397    (A)  may not report in the aggregate two or more donations from the same source that

1398    have an aggregate total of more than $50; and

1399    (B)  shall separately report donations described in Subsection (3)(e)(ii)(A).

1400    (4)  If a corporation makes expenditures that total at least $750 during a calendar year,

1401    the  corporation shall notify a person giving money to the corporation that:

**Enrolled Copy**                                                                 **S.B. 207**

1402    (a)  the corporation may use the money to make an expenditure; and

1403    (b)  the person's name and address may be disclosed on the corporation's financial

1404  statement.

1405    Section 18.  Section **20A-11-705** is enacted to read:

1406    **20A-11-705.  Notice of in-kind contributions.**

1407    (1)  A corporation that makes an in-kind contribution to a reporting entity shall, in

1408  accordance with Subsection (2), provide the reporting entity a written notice that includes:

1409    (a)  the name and address of the corporation;

1410    (b)  the date of the in-kind expenditure;

1411    (c)  a description of the in-kind expenditure; and

1412    (d)  the value, in dollars, of the in-kind expenditure.

1413    (2)  A corporation shall provide the written notice described in Subsection (1) to the

1414  reporting entity:

1415    (a)  except as provided in Subsection (2)(b), within 30 days after the day on which the

1416  corporation makes the in-kind contribution; or

1417    (b)  within three business days after the day on which the corporation makes the in-kind

1418  contribution, if:

1419    (i)  the in-kind contribution is to a candidate who is contested in a convention and the

1420  corporation makes the in-kind contribution within 30 days before the day on which the

1421  convention is held;

1422    (ii)  the in-kind contribution is to a candidate who is contested in a primary election and

1423  the corporation makes the in-kind contribution within 30 days before the day on which the

1424  primary election is held; or

1425    (iii)  the in-kind contribution is to a candidate who is contested in a general election and

1426  the corporation makes the in-kind contribution within 30 days before the day on which the

1427  general election is held.

1428    (3)  A corporation that provides, and a reporting entity that receives, the written notice

1429  described in Subsection (1) shall retain a copy of the notice for five years after the day on

S.B. 207                                                        Enrolled Copy

1430  which the written notice is provided to the reporting entity.

1431          (4)  A corporation or reporting entity that fails to comply with the requirements of this

1432  section is guilty of a class B misdemeanor.

1433          (5)  A person that intentionally or knowingly provides, or conspires to provide, false

1434  information on a written notice described in this section is guilty of a class B misdemeanor.

1435          Section 19.  Section **36-11-201** is amended to read:

1436          **36-11-201.  Lobbyist, principal, and government officer financial reporting**

1437  **requirements -- Prohibition for related person to make expenditures.**

1438          (1) (a) (i)  [A] Except as provided in Subsection (1)(a)(ii), a lobbyist shall file financial

1439  reports with the lieutenant governor on or before the due dates specified in Subsection (2).

1440          (ii)  [If a] A lobbyist who has not made an expenditure during [the] a quarterly reporting

1441  period[, the lobbyist shall file a financial report listing the amount of expenditures as "none."]

1442  is not required to file a quarterly financial report for that quarterly reporting period.

1443          (iii)  A lobbyist who is not required to file any quarterly reports under this section for a

1444  calendar year shall, on or before January 10 of the following year, file a financial report listing

1445  the amount of the expenditures for the entire preceding year as "none."

1446          (b)  A government officer or principal that makes an expenditure during any of the

1447  quarterly reporting periods under Subsection (2)(a) shall file a financial report with the

1448  lieutenant governor on or before the date that a report for that quarter is due.

1449          (2) (a)  A financial report is due quarterly on the following dates:

1450          (i)  April 10, for the period of January 1 through March 31;

1451          (ii)  July 10, for the period of April 1 through June 30;

1452          (iii)  October 10, for the period of July 1 through September 30; and

1453          (iv)  January 10, for the period of October 1 through December 31 of the previous year.

1454          (b)  If the due date for a financial report falls on a Saturday, Sunday, or legal holiday,

1455  the report is due on the next succeeding business day.

1456          (c)  A financial report is timely filed if it is filed electronically before the close of

1457  regular office hours on or before the due date.

**S.B. 207**

1458          (3)  A financial report shall contain:

1459          (a)  the total amount of expenditures made to benefit any public official during the

1460  quarterly reporting period;

1461          (b)  the total amount of expenditures made, by the type of public official, during the

1462  quarterly reporting period;

1463          (c)  for the financial report due on January 10:

1464          (i)  the total amount of expenditures made to benefit any public official during the last

1465  calendar year; and

1466          (ii)  the total amount of expenditures made, by the type of public official, during the last

1467  calendar year;

1468          (d)  a disclosure of each expenditure made during the quarterly reporting period to

1469  reimburse or pay for travel or lodging for a public official, including:

1470          (i)  each travel destination and each lodging location;

1471          (ii)  the name of each public official who benefitted from the expenditure on travel or

1472  lodging;

1473          (iii)  the public official type of each public official named;

1474          (iv)  for each public official named, a listing of the amount and purpose of each

1475  expenditure made for travel or lodging; and

1476          (v)  the total amount of expenditures listed under Subsection (3)(d)(iv);

1477          (e)  a disclosure of aggregate daily expenditures greater than $10 made during the

1478  quarterly reporting period including:

1479          (i)  the date and purpose of the expenditure;

1480          (ii)  the location of the expenditure;

1481          (iii)  the name of any public official benefitted by the expenditure;

1482          (iv)  the type of the public official benefitted by the expenditure; and

1483          (v)  the total monetary worth of the benefit that the expenditure conferred on any public

1484  official;

1485          (f)  for each public official who was employed by the lobbyist, principal, or government

1486    officer, a list that provides:

1487          (i)  the name of the public official; and

1488          (ii)  the nature of the employment with the public official;

1489          (g)  each bill or resolution, by number and short title, on behalf of which the lobbyist,

1490    principal, or government officer made an expenditure to a public official;

1491          (h)  a description of each executive action on behalf of which the lobbyist, principal, or

1492    government officer made an expenditure to a public official;

1493          (i)  the general purposes, interests, and nature of the entities that the lobbyist, principal,

1494    or government officer filing the report represents; and

1495          (j)  for a lobbyist, a certification that the information provided in the report is true,

1496    accurate, and complete to the lobbyist's best knowledge and belief.

1497          (4)  A related person may not, while assisting a lobbyist, principal, or government

1498    officer in lobbying, make an expenditure that benefits a public official under circumstances that

1499    would otherwise fall within the disclosure requirements of this chapter if the expenditure was

1500    made by the lobbyist, principal, or government officer.

1501          (5)  The lieutenant governor shall:

1502          (a) (i)  develop a preprinted form for a financial report required by this section; and

1503          (ii)  make copies of the form available to a lobbyist, principal, or government officer

1504    who requests a form; and

1505          (b)  provide a reporting system that allows a lobbyist, principal, or government officer

1506    to submit a financial report required by this chapter via the Internet.

1507          (6) (a)  A lobbyist and a principal shall continue to file a financial report required by

1508    this section until the lobbyist or principal files a statement with the lieutenant governor that:

1509          (i)  states:

1510          (A)  for a lobbyist, that the lobbyist has ceased lobbying activities; or

1511          (B)  for a principal, that the principal no longer employs an individual as a lobbyist;

1512          (ii)  in the case of a lobbyist, states that the lobbyist is surrendering the lobbyist's

1513    license;

**Enrolled Copy**                                                    **S.B. 207**

1514          (iii)  contains a listing, as required by this section, of all previously unreported

1515    expenditures that have been made through the date of the statement; and

1516          (iv)  states that the lobbyist or principal will not make any additional expenditure that is

1517    not disclosed on the statement unless the lobbyist or principal complies with the disclosure and

1518    licensing requirements of this chapter.

1519          (b)  [A] Except as provided in Subsection (1)(a)(ii), a person that fails to renew the

1520    lobbyist's license or otherwise ceases to be licensed is required to file a financial report

1521    quarterly until the person files the statement required by Subsection (6)(a).