# Exhibit 0021

**Enrolled Copy**                                                                                           **H.B. 48**

1    ## ELECTION LAW AMENDMENTS

2    2016 GENERAL SESSION

3    STATE OF UTAH

4    **Chief Sponsor:  Daniel  McCay**

5    Senate Sponsor:  Curtis S. Bramble

6    ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

7    **LONG TITLE**

8    **General Description:**

9        This bill amends provisions relating to election law.

10    **Highlighted Provisions:**

11        This bill:

12        ‣    removes the requirement that a qualified political party permit unaffiliated voters to

13    participate in a primary for the qualified political party;

14        ‣    removes a political party's ability to replace a candidate who is disqualified for

15    failure to file a financial disclosure;

16        ‣    requires an election official to provide a grace period when a candidate fails to file

17    certain financial reports, before disqualifying the candidate;

18        ‣    modifies provisions relating to when an unaffiliated candidate is required to file a

19    financial report;

20        ‣    modifies the deadline for filing a financial report;

21        ‣    establishes a deadline by which an individual who wishes to become a candidate for

22    the State Board of Education or a local school board shall submit a declaration of

23    candidacy; and

24        ‣    makes technical and conforming changes.

25    **Money Appropriated in this Bill:**

26        None

27    **Other Special Clauses:**

28        This bill provides a special effective date.

29    **Utah Code Sections Affected:**

**H.B. 48**                                                                                    **Enrolled Copy**

30   AMENDS:

31        **17-16-6.5**, as last amended by Laws of Utah 2015, Chapter 21

32        **20A-1-501**, as last amended by Laws of Utah 2014, Chapter 17

33        **20A-9-101**, as last amended by Laws of Utah 2015, Chapter 296

34        **20A-9-406**, as last amended by Laws of Utah 2015, Chapter 296

35        **20A-11-103**, as last amended by Laws of Utah 2014, Chapters 76 and 335

36        **20A-11-204**, as last amended by Laws of Utah 2015, Chapter 204

37        **20A-11-206**, as last amended by Laws of Utah 2015, Chapter 204

38        **20A-11-303**, as last amended by Laws of Utah 2015, Chapter 204

39        **20A-11-305**, as last amended by Laws of Utah 2015, Chapter 204

40        **20A-14-104**, as last amended by Laws of Utah 2004, Chapter 19

41        **20A-14-203**, as enacted by Laws of Utah 1995, Chapter 1

42

43   *Be it enacted by the Legislature of the state of Utah:*

44        Section 1.  Section **17-16-6.5** is amended to read:

45        **17-16-6.5.   Campaign financial disclosure in county elections.**

46        (1) (a)  A county shall adopt an ordinance establishing campaign finance disclosure

47   requirements for:

48        (i)  candidates for county office; and

49        (ii)  candidates for local school board office who reside in that county.

50        (b)  The ordinance required by Subsection (1)(a) shall include:

51        (i)  a requirement that each candidate for county office or local school board office

52   report the candidate's itemized and total campaign contributions and expenditures at least once

53   within the two weeks before the election and at least once within two months after the election;

54        (ii)  a definition of "contribution" and "expenditure" that requires reporting of

55   nonmonetary contributions such as in-kind contributions and contributions of tangible things;

56        (iii)  a requirement that the financial reports identify:

57        (A)  for each contribution of more than $50, the name of the donor of the contribution,

**Enrolled Copy**                                                                      **H.B. 48**

58    if known, and the amount of the contribution; and

59        (B)  for each expenditure, the name of the recipient and the amount of the expenditure;

60        (iv)  a requirement that a candidate for county office or local school board office

61    deposit a contribution in a separate campaign account in a financial institution;

62        (v)  a prohibition against a candidate for county office or local school board office

63    depositing or mingling any contributions received into a personal or business account; and

64        (vi)  a requirement that a candidate for county office who receives a contribution that is

65    cash or a negotiable instrument, exceeds $50, and is from a donor whose name is unknown,

66    shall, within 30 days after receiving the contribution, disburse the amount of the contribution

67    to:

68        (A)  the treasurer of the state or a political subdivision for deposit into the state's or

69    political subdivision's general fund; or

70        (B)  an organization that is exempt from federal income taxation under Section

71    501(c)(3), Internal Revenue Code.

72        (c) (i)  As used in this Subsection (1)(c), "account" means an account in a financial

73    institution:

74        (A)  that is not described in Subsection (1)(b)(iv); and

75        (B)  into which or from which a person who, as a candidate for an office, other than a

76    county office for which the person files a declaration of candidacy or federal office, or as a

77    holder of an office, other than a county office for which the person files a declaration of

78    candidacy or federal office, deposits a contribution or makes an expenditure.

79        (ii)  The ordinance required by Subsection (1)(a) shall include a requirement that a

80    candidate for county office or local school board office include on a financial report filed in

81    accordance with the ordinance a contribution deposited in or an expenditure made from an

82    account:

83        (A)  since the last financial report was filed; or

84        (B)  that has not been reported under a statute or ordinance that governs the account.

85        (2)  If any county fails to adopt a campaign finance disclosure ordinance described in

H.B. 48                                                                    Enrolled Copy

86    Subsection (1), candidates for county office, other than community council office, and

87    candidates for local school board office shall comply with the financial reporting requirements

88    contained in Subsections (3) through (8).

89        (3)  A candidate for elective office in a county or local school board office:

90        (a)  shall deposit a contribution in a separate campaign account in a financial institution;

91    and

92        (b)  may not deposit or mingle any contributions received into a personal or business

93    account.

94        (4)  Each candidate for elective office in any county who is not required to submit a

95    campaign financial statement to the lieutenant governor, and each candidate for local school

96    board office, shall file a signed campaign financial statement with the county clerk:

97        (a)  seven days before the date of the regular general election, reporting each

98    contribution of more than $50 and each expenditure as of 10 days before the date of the regular

99    general election; and

100        (b)  no later than 30 days after the date of the regular general election.

101        (5) (a)  The statement filed seven days before the regular general election shall include:

102        (i)  a list of each contribution of more than $50 received by the candidate, and the name

103    of the donor, if known;

104        (ii)  an aggregate total of all contributions of $50 or less received by the candidate; and

105        (iii)  a list of each expenditure for political purposes made during the campaign period,

106    and the recipient of each expenditure.

107        (b)  The statement filed 30 days after the regular general election shall include:

108        (i)  a list of each contribution of more than $50 received after the cutoff date for the

109    statement filed seven days before the election, and the name of the donor;

110        (ii)  an aggregate total of all contributions of $50 or less received by the candidate after

111    the cutoff date for the statement filed seven days before the election; and

112        (iii)  a list of all expenditures for political purposes made by the candidate after the

113    cutoff date for the statement filed seven days before the election, and the recipient of each

114  expenditure.

115       (6) (a)  As used in this Subsection (6), "account" means an account in a financial

116  institution:

117       (i)  that is not described in Subsection (3)(a); and

118       (ii)  into which or from which a person who, as a candidate for an office, other than a

119  county office for which the person filed a declaration of candidacy or federal office, or as a

120  holder of an office, other than a county office for which the person filed a declaration of

121  candidacy or federal office, deposits a contribution or makes an expenditure.

122       (b)  A county office candidate and a local school board office candidate shall include on

123  any campaign financial statement filed in accordance with Subsection (4) or (5):

124       (i)  a contribution deposited in an account:

125       (A)  since the last campaign finance statement was filed; or

126       (B)  that has not been reported under a statute or ordinance that governs the account; or

127       (ii)  an expenditure made from an account:

128       (A)  since the last campaign finance statement was filed; or

129       (B)  that has not been reported under a statute or ordinance that governs the account.

130       (7)  Within 30 days after receiving a contribution that is cash or a negotiable

131  instrument, exceeds $50, and is from a donor whose name is unknown, a county office

132  candidate shall disburse the amount of the contribution to:

133       (a)  the treasurer of the state or a political subdivision for deposit into the state's or

134  political subdivision's general fund; or

135       (b)  an organization that is exempt from federal income taxation under Section

136  501(c)(3), Internal Revenue Code.

137       (8)  Candidates for elective office in any county, and candidates for local school board

138  office, who are eliminated at a primary election shall file a signed campaign financial statement

139  containing the information required by this section not later than 30 days after the primary

140  election.

141       (9)  Any person who fails to comply with this section is guilty of an infraction.

H.B. 48                                                                      **Enrolled Copy**

142        (10) (a)  Counties may, by ordinance, enact requirements that:

143        (i)  require greater disclosure of campaign contributions and expenditures; and

144        (ii)  impose additional penalties.

145        (b)  The requirements described in Subsection (10)(a) apply to a local school board

146    office candidate who resides in that county.

147        (11) [(a)]  If a candidate fails to file an interim report due before the election, the county

148    clerk [shall, after making a reasonable attempt to discover if the report was timely mailed,]:

149        (a)  may send an electronic notice to the candidate and the political party of which the

150    candidate is a member, if any, that states:

151        (i)  that the candidate failed to timely file the report; and

152        (ii)  that, if the candidate fails to file the report within 24 hours after the deadline for

153    filing the report, the candidate will be disqualified and the political party will not be permitted

154    to replace the candidate; and

155        (b)  impose a fine of $100 on the candidate.

156        (12) (a)  The county clerk shall disqualify a candidate and inform the appropriate

157    election officials [who: (i) (A)] that the candidate is disqualified if the candidate fails to file an

158    interim report described in Subsection (11) within 24 hours after the deadline for filing the

159    report.

160        (b)  The political party of a candidate who is disqualified under Subsection (12)(a) may

161    not replace the candidate.

162        (13)  If a candidate is disqualified under Subsection (12)(a) the election official:

163        (a) (i)  shall, if practicable, remove the name of the candidate by blacking out the

164    candidate's name before the ballots are delivered to voters; or

165        [(B)] (ii)  shall, if removing the candidate's name from the ballot is not practicable,

166    inform the voters by any practicable method that the candidate has been disqualified and that

167    votes cast for the candidate will not be counted; and

168        [(ii)] (b)  may not count any votes for that candidate.

169        [(b)  Notwithstanding Subsection (11)(a), a]

Enrolled Copy                                                                                      H.B. 48

170   (14) An election official may fulfill the requirement described in Subsection (13)(a) in

171 relation to an absentee voter, including a military or overseas absentee voter, by including with

172 the absentee ballot a written notice directing the voter to a public website that will inform the

173 voter whether a candidate on the ballot is disqualified.

174   (15) A candidate is not disqualified if:

175   [(i)] (a) the candidate files the [reports required by this section] interim reports

176 described in Subsection (11) no later than 24 hours after the applicable deadlines for filing the

177 reports;

178   [(ii)  those] (b)  the reports are completed, detailing accurately and completely the

179 information required by this section except for inadvertent omissions or insignificant errors or

180 inaccuracies; and

181   [(iii)  those] (c)  the omissions, errors, or inaccuracies are corrected in an amended

182 report or in the next scheduled report.

183   [(c)] (16) (a) A report is considered timely filed if:

184   (i) [it] the report is received in the county clerk's office no later than [5 p.m. on the date

185 that it] midnight, Mountain Time, at the end of the day on which the report is due;

186   (ii) [it] the report is received in the county clerk's office with a United States Postal

187 Service postmark three days or more before the date that the report was due; or

188   (iii) the candidate has proof that the report was mailed, with appropriate postage and

189 addressing, three days before the report was due.

190   (b) For a county clerk's office that is not open until midnight at the end of the day on

191 which a report is due, the county clerk shall permit a candidate to file the report via email or

192 another electronic means designated by the county clerk.

193   [(12)] (17) (a) Any private party in interest may bring a civil action in district court to

194 enforce the provisions of this section or any ordinance adopted under this section.

195   (b) In a civil action filed under Subsection [(12)] (17)(a), the court shall award costs

196 and attorney fees to the prevailing party.

197   [(13)] (18) Notwithstanding any provision of Title 63G, Chapter 2, Government

H.B. 48                                                                                    Enrolled Copy

198    Records Access and Management Act, the county clerk shall:

199    (a)  make each campaign finance statement filed by a candidate available for public

200    inspection and copying no later than one business day after the statement is filed; and

201    (b)  make the campaign finance statement filed by a candidate available for public

202    inspection by:

203    (i) (A)  posting an electronic copy or the contents of the statement on the county's

204    website no later than seven business days after the statement is filed; and

205    (B)  verifying that the address of the county's website has been provided to the

206    lieutenant governor in order to meet the requirements of Subsection 20A-11-103(5); or

207    (ii)  submitting a copy of the statement to the lieutenant governor for posting on the

208    website established by the lieutenant governor under Section 20A-11-103 no later than two

209    business days after the statement is filed.

210    Section 2.  Section **20A-1-501** is amended to read:

211    **20A-1-501.   Candidate vacancies -- Procedure for filling.**

212    (1)  The state central committee of a political party, for candidates for United States

213    senator, United States representative, governor, lieutenant governor, attorney general, state

214    treasurer, and state auditor, and for legislative candidates whose legislative districts encompass

215    more than one county, and the county central committee of a political party, for all other party

216    candidates seeking an office elected at a regular general election, may certify the name of

217    another candidate to the appropriate election officer if:

218    (a)  for a registered political party that will have a candidate on a ballot in a primary

219    election, after the close of the period for filing a declaration of candidacy and continuing

220    through the day before the day on which the lieutenant governor provides the list described in

221    Subsection 20A-9-403(4)(a):

222    (i)  only one or two candidates from that party have filed a declaration of candidacy for

223    that office; and

224    (ii)  one or both:

225    (A)  dies;

Enrolled Copy                                                                                  H.B. 48

226          (B)  resigns because of acquiring a physical or mental disability, certified by a

227   physician, that prevents the candidate from continuing the candidacy; or

228          (C)  is disqualified by an election officer for improper filing or nominating procedures;

229          (b)  for a registered political party that does not have a candidate on the ballot in a

230   primary, but that will have a candidate on the ballot for a general election, after the close of the

231   period for filing a declaration of candidacy and continuing through the day before the day on

232   which the lieutenant governor makes the certification described in Section 20A-5-409, the

233   party's candidate:

234          (i)  dies;

235          (ii)  resigns because of acquiring a physical or mental disability as certified by a

236   physician;

237          (iii)  is disqualified by an election officer for improper filing or nominating procedures;

238   or

239          (iv)  resigns to become a candidate for president or vice president of the United States;

240   or

241          (c)  for a registered political party with a candidate certified as winning a primary

242   election, after the deadline described in Subsection (1)(a) and continuing through the day

243   before that day on which the lieutenant governor makes the certification described in Section

244   20A-5-409, the party's candidate:

245          (i)  dies;

246          (ii)  resigns because of acquiring a physical or mental disability as certified by a

247   physician;

248          (iii)  is disqualified by an election officer for improper filing or nominating procedures;

249   or

250          (iv)  resigns to become a candidate for president or vice president of the United States.

251          (2)  If no more than two candidates from a political party have filed a declaration of

252   candidacy for an office elected at a regular general election and one resigns to become the party

253   candidate for another position, the state central committee of that political party, for candidates

**H.B. 48**                                                                **Enrolled Copy**

254    for governor, lieutenant governor, attorney general, state treasurer, and state auditor, and for

255    legislative candidates whose legislative districts encompass more than one county, and the

256    county central committee of that political party, for all other party candidates, may certify the

257    name of another candidate to the appropriate election officer.

258        (3)  Each replacement candidate shall file a declaration of candidacy as required by

259    Title 20A, Chapter 9, Part 2, Candidate Qualifications and Declarations of Candidacy.

260        (4) (a)  The name of a candidate who is certified under Subsection (1)(a) after the

261    deadline described in Subsection (1)(a) may not appear on the primary election ballot.

262        (b)  The name of a candidate who is certified under Subsection (1)(b) after the deadline

263    described in Subsection (1)(b) may not appear on the general election ballot.

264        (c)  The name of a candidate who is certified under Subsection (1)(c) after the deadline

265    described in Subsection (1)(c) may not appear on the general election ballot.

266        (5)  A political party may not replace a candidate who is disqualified for failure to

267    timely file a campaign disclosure financial report under Title 20A, Chapter 11, Campaign and

268    Financial Reporting Requirements, or Section 17-16-6.5.

269        Section 3.  Section **20A-9-101** is amended to read:

270        **20A-9-101.  Definitions.**

271        As used in this chapter:

272        (1) (a)  "Candidates for elective office" means persons who file a declaration of

273    candidacy under Section 20A-9-202 to run in a regular general election for a federal office,

274    constitutional office, multicounty office, or county office.

275        (b)  "Candidates for elective office" does not mean candidates for:

276        (i)  justice or judge of court of record or not of record;

277        (ii)  presidential elector;

278        (iii)  any political party offices; and

279        (iv)  municipal or local district offices.

280        (2)  "Constitutional office" means the state offices of governor, lieutenant governor,

281    attorney general, state auditor, and state treasurer.

**Enrolled Copy**                                                     **H.B. 48**

282        (3)  "Continuing political party" means the same as that term is defined in Section

283   20A-8-101.

284        (4) (a)  "County office" means an elective office where the officeholder is selected by

285   voters entirely within one county.

286        (b)  "County office" does not mean:

287        (i)  the office of justice or judge of any court of record or not of record;

288        (ii)  the office of presidential elector;

289        (iii)  any political party offices;

290        (iv)  any municipal or local district offices; and

291        (v)  the office of United States Senator and United States Representative.

292        (5)  "Federal office" means an elective office for United States Senator and United

293   States Representative.

294        (6)  "Filing officer" means:

295        (a)  the lieutenant governor, for:

296        (i)  the office of United States Senator and United States Representative; and

297        (ii)  all constitutional offices;

298        (b)  the county clerk, for county offices and local school district offices, and the county

299   clerk in the filer's county of residence, for multicounty offices;

300        (c)  the city or town clerk, for municipal offices; and

301        (d)  the local district clerk, for local district offices.

302        (7)  "Local district office" means an elected office in a local district.

303        (8)  "Local government office" includes county offices, municipal offices, and local

304   district offices and other elective offices selected by the voters from a political division entirely

305   within one county.

306        (9) (a)  "Multicounty office" means an elective office where the officeholder is selected

307   by the voters from more than one county.

308        (b)  "Multicounty office" does not mean:

309        (i)  a county office;

310        (ii)  a federal office;

311        (iii)  the office of justice or judge of any court of record or not of record;

312        (iv)  the office of presidential elector;

313        (v)  any political party offices; and

314        (vi)  any municipal or local district offices.

315        (10)  "Municipal office" means an elective office in a municipality.

316        (11) (a)  "Political division" means a geographic unit from which an officeholder is

317    elected and that an officeholder represents.

318        (b)  "Political division" includes a county, a city, a town, a local district, a school

319    district, a legislative district, and a county prosecution district.

320        (12)  "Qualified political party" means a registered political party that:

321        [(a)  permits voters who are unaffiliated with any political party to vote for the

322    registered political party's candidates in a primary election;]

323        [(b)] (a) (i)  permits a delegate for the registered political party to vote on a candidate

324    nomination in the registered political party's convention remotely; or

325        (ii)  provides a procedure for designating an alternate delegate if a delegate is not

326    present at the registered political party's convention;

327        [(c)] (b)  does not hold the registered political party's convention before the fourth

328    Saturday in March of an even-numbered year;

329        [(d)] (c)  permits a member of the registered political party to seek the registered

330    political party's nomination for any elective office by the member choosing to seek the

331    nomination by either or both of the following methods:

332        (i)  seeking the nomination through the registered political party's convention process,

333    in accordance with the provisions of Section 20A-9-407; or

334        (ii)  seeking the nomination by collecting signatures, in accordance with the provisions

335    of Section 20A-9-408; and

336        [(e)] (d) (i)  if the registered political party is a continuing political party, no later than 5

337    p.m. on September 30 of an odd-numbered year, certifies to the lieutenant governor that, for the

Enrolled Copy                                                                 H.B. 48

338   election in the following year, the registered political party intends to nominate the registered

339   political party's candidates in accordance with the provisions of Section 20A-9-406; or

340       (ii)  if the registered political party is not a continuing political party, certifies at the

341   time that the registered political party files the petition described in Section 20A-8-103 that, for

342   the next election, the registered political party intends to nominate the registered political

343   party's candidates in accordance with the provisions of Section 20A-9-406.

344       Section 4.  Section **20A-9-406** is amended to read:

345   **20A-9-406.   Qualified political party -- Requirements and exemptions.**

346       The following provisions apply to a qualified political party:

347       (1)  the qualified political party shall, no later than 5 p.m. on March 1 of each

348   even-numbered year, certify to the lieutenant governor the identity of one or more registered

349   political parties whose members may vote for the qualified political party's candidates <u>and</u>

350   <u>whether unaffiliated voters may vote for the qualified political party's candidates</u>;

351       (2)  the provisions of Subsections 20A-9-403(1) through (4)(a), Subsection

352   20A-9-403(5)(c), and Section 20A-9-405 do not apply to a nomination for the qualified

353   political party;

354       (3)  an individual may only seek the nomination of the qualified political party by using

355   a method described in Section 20A-9-407, Section 20A-9-408, or both;

356       (4)  the qualified political party shall comply with the provisions of Sections

357   20A-9-407, 20A-9-408, and 20A-9-409;

358       (5)  notwithstanding Subsection 20A-6-301(1)(a), (1)(g), or (2)(a), each election officer

359   shall ensure that a ballot described in Section 20A-6-301 includes each person nominated by a

360   qualified political party:

361       (a)  under the qualified political party's name and emblem, if any; or

362       (b)  under the title of the qualified registered political party as designated by the

363   qualified political party in the certification described in Subsection (1), or, if none is

364   designated, then under some suitable title;

365       (6)  notwithstanding Subsection 20A-6-302(1)(a), each election officer shall ensure, for

H.B. 48                                                          Enrolled Copy

366    paper ballots in regular general elections, that each candidate who is nominated by the qualified

367    political party is listed by party;

368        (7)  notwithstanding Subsection 20A-6-303(1)(g), each election officer shall ensure that

369    the party designation of each candidate who is nominated by the qualified political party is

370    printed immediately adjacent to the candidate's name on ballot sheets or ballot labels;

371        (8)  notwithstanding Subsection 20A-6-304(1)(g), each election officer shall ensure that

372    the party designation of each candidate who is nominated by the qualified political party is

373    displayed adjacent to the candidate's name on an electronic ballot;

374        (9)  "candidates for elective office," defined in Subsection 20A-9-101(1)(a), also

375    includes an individual who files a declaration of candidacy under Section 20A-9-407 or

376    20A-9-408 to run in a regular general election for a federal office, constitutional office,

377    multicounty office, or county office;

378        (10)  an individual who is nominated by, or seeking the nomination of, the qualified

379    political party is not required to comply with Subsection 20A-9-201(1)(c);

380        (11)  notwithstanding Subsection 20A-9-403(3), the qualified political party is entitled

381    to have each of the qualified political party's candidates for elective office appear on the

382    primary ballot of the qualified political party with an indication that each candidate is a

383    candidate for the qualified political party;

384        (12)  notwithstanding Subsection 20A-9-403(4)(a), the lieutenant governor shall include

385    on the list provided by the lieutenant governor to the county clerks:

386        (a)  the names of all candidates of the qualified political party for federal, constitutional,

387    multicounty, and county offices; and

388        (b)  the names of unopposed candidates for elective office who have been nominated by

389    the qualified political party and instruct the county clerks to exclude such candidates from the

390    primary-election ballot;

391        (13)  notwithstanding Subsection 20A-9-403(5)(c), a candidate who is unopposed for an

392    elective office in the regular primary election of the qualified political party is nominated by

393    the party for that office without appearing on the primary ballot; and

394          (14)  notwithstanding the provisions of Subsections 20A-9-403(1) and (2) and Section

395    20A-9-405, the qualified political party is entitled to have the names of its candidates for

396    elective office featured with party affiliation on the ballot at a regular general election.

397          Section 5.  Section **20A-11-103** is amended to read:

398          **20A-11-103.   Notice of pending interim and summary reports -- Form of**

399    **submission -- Public availability -- Notice of reporting and filing requirements.**

400          (1) (a)  Except as provided under Subsection (1)(b), 10 days before an interim report or

401    summary report is due under this chapter or Chapter 12, Part 2, Judicial Retention Elections,

402    the chief election officer shall inform the filing entity by electronic mail unless postal mail is

403    requested:

404          (i)  that the financial statement is due;

405          (ii)  of the date that the financial statement is due; and

406          (iii)  of the penalty for failing to file the financial statement.

407          (b)  The chief election officer is not required to provide notice:

408          (i)  to a candidate or political party of the financial statement that is due before the

409    candidate's or political party's political convention;

410          (ii)  of a financial statement due in connection with a public hearing for an initiative

411    under the requirements of Section 20A-7-204.1; or

412          (iii)  to a corporation or labor organization, as defined in Section 20A-11-1501.

413          (2)  A filing entity shall electronically file a financial statement via electronic mail or

414    the Internet according to specifications established by the chief election officer.

415          (3) (a)  A financial statement is considered timely filed if [it] the financial statement is

416    received by the chief election officer's office before [the close of regular office hours on the

417    date that it] midnight, Mountain Time, at the end of the day on which the financial statement is

418    due.

419          (b)  For a county clerk's office that is not open until midnight at the end of the day on

420    which a financial statement is due, the county clerk shall permit a candidate to file the financial

421    statement via email or another electronic means designated by the county clerk.

H.B. 48                                                                    Enrolled Copy

422          [(b)] (c)  A chief election officer may extend the time in which a filing entity is required

423   to file a financial statement if a filing entity notifies the chief election officer of the existence of

424   an extenuating circumstance that is outside the control of the filing entity.

425          (4)  Notwithstanding any provision of Title 63G, Chapter 2, Government Records

426   Access and Management Act, the lieutenant governor shall:

427          (a)  make each campaign finance statement filed by a candidate available for public

428   inspection and copying no later than one business day after the statement is filed; and

429          (b)  post an electronic copy or the contents of each financial statement in a searchable

430   format on a website established by the lieutenant governor:

431          (i)  for campaign finance statements submitted to the lieutenant governor under the

432   requirements of Section 10-3-208 or Section 17-16-6.5, no later than seven business days after

433   the date of receipt of the campaign finance statement; or

434          (ii)  for a summary report or interim report filed under the requirements of this chapter

435   or Chapter 12, Part 2, Judicial Retention Elections, no later than three business days after the

436   date the summary report or interim report is electronically filed.

437          (5)  If a municipality, under Section 10-3-208, or a county, under Section 17-16-6.5,

438   elects to provide campaign finance disclosure on its own website, rather than through the

439   lieutenant governor, the website established by the lieutenant governor shall contain a link or

440   other access point to the municipality or county website.

441          (6)  Between January 1 and January 15 of each year, the chief election officer shall

442   provide notice, by postal mail or email, to each filing entity for which the chief election officer

443   has a physical or email address, of the reporting and filing requirements described in this

444   chapter.

445          Section 6.  Section **20A-11-204** is amended to read:

446          **20A-11-204.   State office candidate and state officeholder -- Financial reporting**

447   **requirements -- Interim reports.**

448          (1) (a)  As used in this Subsection (1), "campaign account" means a separate campaign

449   account required under Subsection 20A-11-201(1)(a).

- 16 -

**Enrolled Copy**                                                                      **H.B. 48**

450          (b)  Except as provided in Subsection (1)(c), each state office candidate shall file an

451    interim report at the following times in any year in which the candidate has filed a declaration

452    of candidacy for a public office:

453          (i) <u>(A)</u> seven days before the candidate's political convention; <u>or</u>

454          <u>(B)  for an unaffiliated candidate, the fourth Saturday in March;</u>

455          (ii)  seven days before the regular primary election date;

456          (iii)  September 30; and

457          (iv)  seven days before the regular general election date.

458          (c)  If a state office candidate is a state office candidate seeking appointment for a

459    midterm vacancy, the state office candidate:

460          (i)  shall file an interim report:

461          (A)  no later than seven days before the day on which the political party of the party for

462    which the state office candidate seeks nomination meets to declare a nominee for the governor

463    to appoint in accordance with Section 20A-1-504; or

464          (B)  if a state office candidate decides to seek the appointment with less than seven days

465    before the party meets, or the political party schedules the meeting to declare a nominee less

466    than seven days before the day of the meeting, no later than 5 p.m. on the last day of business

467    before the day on which the party meets; and

468          (ii)  is not required to file an interim report at the times described in Subsection (1)(b).

469          (d)  Each state officeholder who has a campaign account that has not been dissolved

470    under Section 20A-11-205 shall, in an even year, file an interim report at the following times,

471    regardless of whether an election for the state officeholder's office is held that year:

472          (i) <u>(A)</u>  seven days before the political convention for the political party of the state

473    officeholder; <u>or</u>

474          <u>(B)  for an unaffiliated state officeholder, the fourth Saturday in March;</u>

475          (ii)  seven days before the regular primary election date;

476          (iii)  September 30; and

477          (iv)  seven days before the regular general election date.

478    (2)  Each interim report shall include the following information:

479    (a)  the net balance of the last summary report, if any;

480    (b)  a single figure equal to the total amount of receipts reported on all prior interim

481    reports, if any, during the calendar year in which the interim report is due;

482    (c)  a single figure equal to the total amount of expenditures reported on all prior

483    interim reports, if any, filed during the calendar year in which the interim report is due;

484    (d)  a detailed listing of each contribution and public service assistance received since

485    the last summary report that has not been reported in detail on a prior interim report;

486    (e)  for each nonmonetary contribution:

487    (i)  the fair market value of the contribution with that information provided by the

488    contributor; and

489    (ii)  a specific description of the contribution;

490    (f)  a detailed listing of each expenditure made since the last summary report that has

491    not been reported in detail on a prior interim report;

492    (g)  for each nonmonetary expenditure, the fair market value of the expenditure;

493    (h)  a net balance for the year consisting of the net balance from the last summary

494    report, if any, plus all receipts since the last summary report minus all expenditures since the

495    last summary report;

496    (i)  a summary page in the form required by the lieutenant governor that identifies:

497    (i)  beginning balance;

498    (ii)  total contributions during the period since the last statement;

499    (iii)  total contributions to date;

500    (iv)  total expenditures during the period since the last statement; and

501    (v)  total expenditures to date; and

502    (j)  the name of a political action committee for which the state office candidate or state

503    officeholder is designated as an officer who has primary decision-making authority under

504    Section 20A-11-601.

505    (3) (a)  For all individual contributions or public service assistance of $50 or less, a

506  single aggregate figure may be reported without separate detailed listings.

507  (b)  Two or more contributions from the same source that have an aggregate total of

508  more than $50 may not be reported in the aggregate, but shall be reported separately.

509  (4) (a)  In preparing each interim report, all receipts and expenditures shall be reported

510  as  of five days before the required filing date of the report.

511  (b)  Any negotiable instrument or check received by a state office candidate or state

512  officeholder more than five days before the required filing date of a report required by this

513  section shall be included in the interim report.

514  Section 7.  Section **20A-11-206** is amended to read:

515  **20A-11-206.   State office candidate -- Failure to file reports -- Penalties.**

516  (1) [(a)]  A state office candidate who fails to file a financial statement [by] before the

517  deadline is subject to a fine imposed in accordance with Section 20A-11-1005.

518  [(b)] (2)  If a state office candidate fails to file an interim report described in

519  Subsections 20A-11-204(1)(b)(ii) through (iv), the lieutenant governor [shall, after making a

520  reasonable attempt to discover if the report was timely filed,] may send an electronic notice to

521  the state office candidate and the political party of which the state office candidate is a

522  member, if any, that states:

523  (a)  that the state office candidate failed to timely file the report; and

524  (b)  that, if the state office candidate fails to file the report within 24 hours after the

525  deadline for filing the report, the state office candidate will be disqualified and the political

526  party will not be permitted to replace the candidate.

527  (3) (a)  The lieutenant governor shall disqualify a state office candidate and inform the

528  county clerk and other appropriate election officials that the state office candidate is

529  disqualified[.] if the state office candidate fails to file an interim report described in

530  Subsections 20A-11-204(1)(b)(ii) through (iv) within 24 hours after the deadline for filing the

531  report.

532  (b)  The political party of a state office candidate who is disqualified under Subsection

533  (3)(a) may not replace the state office candidate.

H.B. 48                                                                    **Enrolled Copy**

534          [(c) (i)  The vacancy on the ballot resulting from the disqualification may be filled as
535   provided in Section 20A-1-501.]
536          [(ii)] (4) (a)  If a state office candidate is disqualified under Subsection [(1)(a)] (3)(a),
537   the election official shall:
538          [(A)] (i)  remove the state office candidate's name from the ballot; or
539          [(B)] (ii)  if removing the state office candidate's name from the ballot is not
540   practicable, inform the voters by any practicable method that the state office candidate has been
541   disqualified and that votes cast for the state office candidate will not be counted.
542          [(iii)] (b)  An election official may fulfill the requirement described in Subsection
543   [(1)(c)(ii)(B)] (4)(a) in relation to an absentee voter, including a military or overseas absentee
544   voter, by including with the absentee ballot a written notice directing the voter to a public
545   website that will inform the voter whether a candidate on the ballot is disqualified.
546          [(d)  Notwithstanding Subsections (1)(b) and (1)(c), a]
547          (5)  A state office candidate is not disqualified if:
548          [(i)] (a)  the state office candidate timely files the reports [required by this section]
549   described in Subsections 20A-11-204(1)(b)(ii) through (iv) no later than [the due date in
550   accordance with Section 20A-11-103] 24 hours after the applicable deadlines for filing the
551   reports;
552          [(ii)] (b)  the reports are completed, detailing accurately and completely the information
553   required by this part except for inadvertent omissions or insignificant errors or inaccuracies;
554   and
555          [(iii)] (c)  the omissions, errors, or inaccuracies described in Subsection [(1)(d)(ii)]
556   (5)(b) are corrected in[: (A)] an amended report[;] or [(B)] the next scheduled report.
557          [(2)] (6) (a)  Within 30 days after a deadline for the filing of a summary report, the
558   lieutenant governor shall review each filed summary report to ensure that:
559          (i)  each state office candidate that is required to file a summary report has filed one;
560   and
561          (ii)  each summary report contains the information required by this part.

**Enrolled Copy**                                                             **H.B. 48**

562    (b)  If it appears that any state office candidate has failed to file the summary report

563    required by law, if it appears that a filed summary report does not conform to the law, or if the

564    lieutenant governor has received a written complaint alleging a violation of the law or the

565    falsity of any summary report, the lieutenant governor shall, within five days of discovery of a

566    violation or receipt of a written complaint, notify the state office candidate of the violation or

567    written complaint and direct the state office candidate to file a summary report correcting the

568    problem.

569    (c) (i)  It is unlawful for [any] a state office candidate to fail to file or amend a summary

570    report within seven days after receiving notice from the lieutenant governor [under this section]

571    described in this Subsection (6).

572    (ii)  Each state office candidate who violates Subsection [(2)] (6)(c)(i) is guilty of a

573    class B misdemeanor.

574    (iii)  The lieutenant governor shall report all violations of Subsection [(2)] (6)(c)(i) to

575    the attorney general.

576    (iv)  In addition to the criminal penalty described in Subsection [(2)] (6)(c)(ii), the

577    lieutenant governor shall impose a civil fine of $100 against a state office candidate who

578    violates Subsection [(2)] (6)(c)(i).

579    Section 8.  Section **20A-11-303** is amended to read:

580    **20A-11-303.   Legislative office candidate and legislative officeholder -- Financial**

581    **reporting requirements -- Interim reports.**

582    (1) (a)  As used in this Subsection (1), "campaign account" means a separate campaign

583    account required under Subsection 20A-11-301(1)(a)(i).

584    (b)  Except as provided in Subsection (1)(d), each legislative office candidate shall file

585    an interim report at the following times in any year in which the candidate has filed a

586    declaration of candidacy for a public office:

587    (i) (A)  seven days before the candidate's political convention; or

588    (B)  for an unaffiliated candidate, the fourth Saturday in March;

589    (ii)  seven days before the regular primary election date;

**H.B. 48**                                                      **Enrolled Copy**

590        (iii)  September 30; and

591        (iv)  seven days before the regular general election date.

592        (c)  Each legislative officeholder who has a campaign account that has not been

593    dissolved under Section 20A-11-304 shall, in an even year, file an interim report at the

594    following times, regardless of whether an election for the legislative officeholder's office is

595    held that year:

596        (i) (A)  seven days before the political convention for the political party of the

597    legislative officeholder; or

598        (B)  for an unaffiliated legislative officeholder, the fourth Saturday in March;

599        (ii)  seven days before the regular primary election date for that year;

600        (iii)  September 30; and

601        (iv)  seven days before the regular general election date.

602        (d)  If a legislative office candidate is a legislative office candidate seeking appointment

603    for a midterm vacancy, the legislative office candidate:

604        (i)  shall file an interim report:

605        (A)  no later than seven days before the day on which the political party of the party for

606    which the legislative office candidate seeks nomination meets to declare a nominee for the

607    governor to appoint in accordance with Section 20A-1-503; or

608        (B)  if a legislative office candidate decides to seek the appointment with less than

609    seven days before the party meets, or the political party schedules the meeting to declare a

610    nominee less than seven days before the day of the meeting, no later than 5 p.m. on the last day

611    of business before the day on which the party meets; and

612        (ii)  is not required to file an interim report at the times described in Subsection (1)(b).

613        (2)  Each interim report shall include the following information:

614        (a)  the net balance of the last summary report, if any;

615        (b)  a single figure equal to the total amount of receipts reported on all prior interim

616    reports, if any, during the calendar year in which the interim report is due;

617        (c)  a single figure equal to the total amount of expenditures reported on all prior

618    interim reports, if any, filed during the calendar year in which the interim report is due;

619    (d)  a detailed listing of each contribution and public service assistance received since

620    the last summary report that has not been reported in detail on a prior interim report;

621    (e)  for each nonmonetary contribution:

622    (i)  the fair market value of the contribution with that information provided by the

623    contributor; and

624    (ii)  a specific description of the contribution;

625    (f)  a detailed listing of each expenditure made since the last summary report that has

626    not been reported in detail on a prior interim report;

627    (g)  for each nonmonetary expenditure, the fair market value of the expenditure;

628    (h)  a net balance for the year consisting of the net balance from the last summary

629    report, if any, plus all receipts since the last summary report minus all expenditures since the

630    last summary report;

631    (i)  a summary page in the form required by the lieutenant governor that identifies:

632    (i)  beginning balance;

633    (ii)  total contributions during the period since the last statement;

634    (iii)  total contributions to date;

635    (iv)  total expenditures during the period since the last statement; and

636    (v)  total expenditures to date; and

637    (j)  the name of a political action committee for which the legislative office candidate or

638    legislative officeholder is designated as an officer who has primary decision-making authority

639    under Section 20A-11-601.

640    (3) (a)  For all individual contributions or public service assistance of $50 or less, a

641    single aggregate figure may be reported without separate detailed listings.

642    (b)  Two or more contributions from the same source that have an aggregate total of

643    more than $50 may not be reported in the aggregate, but shall be reported separately.

644    (4) (a)  In preparing each interim report, all receipts and expenditures shall be reported

645    as of five days before the required filing date of the report.

H.B. 48                                                           Enrolled Copy

646    (b)  Any negotiable instrument or check received by a legislative office candidate or

647    legislative officeholder more than five days before the required filing date of a report required

648    by this section shall be included in the interim report.

649    Section 9.  Section **20A-11-305** is amended to read:

650    **20A-11-305.   Legislative office candidate -- Failure to file report -- Penalties.**

651    (1) [(a)]  A legislative office candidate who fails to file a financial statement [by] before

652    the deadline is subject to a fine imposed in accordance with Section 20A-11-1005.

653    [(b)] (2)  If a legislative office candidate fails to file an interim report described in

654    Subsections 20A-11-303(1)(b)(ii) through (iv), the lieutenant governor [shall, after making a

655    reasonable attempt to discover if the report was timely filed,] may send an electronic notice to

656    the legislative office candidate and the political party of which the legislative office candidate

657    is a member, if any, that states:

658    (a)  that the legislative office candidate failed to timely file the report; and

659    (b)  that, if the legislative office candidate fails to file the report within 24 hours after

660    the deadline for filing the report, the legislative office candidate will be disqualified and the

661    political party will not be permitted to replace the candidate.

662    (3) (a)  The lieutenant governor shall disqualify a legislative office candidate and

663    inform the county clerk and other appropriate election officials that the legislative office

664    candidate is disqualified[.] if the legislative office candidate fails to file an interim report

665    described in Subsections 20A-11-303(1)(b)(ii) through (iv) within 24 hours after the deadline

666    for filing the report.

667    (b)  The political party of a legislative office candidate who is disqualified under

668    Subsection (3)(a) may not replace the legislative office candidate.

669    [(c) (i)  The vacancy on the ballot resulting from the disqualification may be filled as

670    provided in Section 20A-1-501.]

671    [(ii)] (4) (a)  If a legislative office candidate is disqualified under Subsection [(1)(a)]

672    (3)(a), the election officer shall:

673    [(A)] (i)  remove the legislative office candidate's name from the ballot; or

**Enrolled Copy**                                                                **H.B. 48**

674       [(B)] (ii)  if removing the legislative office candidate's name from the ballot is not

675   practicable, inform the voters by any practicable method that the legislative office candidate

676   has been disqualified and that votes cast for the legislative office candidate will not be counted.

677       [(d)  Notwithstanding Subsections (1)(b) and (1)(c), a]

678       (b)  An election official may fulfill the requirement described in Subsection (4)(a) in

679   relation to an absentee voter, including a military or overseas absentee voter, by including with

680   the absentee ballot a written notice directing the voter to a public website that will inform the

681   voter whether a candidate on the ballot is disqualified.

682       (5)  A legislative office candidate is not disqualified if:

683       [(i)] (a)  the legislative office candidate [timely] files the reports [required by this

684   section] described in Subsections 20A-11-303(1)(b)(ii) through (iv) no later than [the due date

685   in accordance with Section 20A-11-103] 24 hours after the applicable deadlines for filing the

686   reports;

687       [(ii)] (b)  the reports are completed, detailing accurately and completely the information

688   required by this part except for inadvertent omissions or insignificant errors or inaccuracies;

689   and

690       [(iii)] (c)  the omissions, errors, or inaccuracies described in Subsection [(1)(d)(ii)]

691   (5)(b) are corrected in[: (A)] an amended report[;] or [(B)] the next scheduled report.

692       [(2)] (6) (a)  Within 30 days after a deadline for the filing of a summary report, the

693   lieutenant governor shall review each filed summary report to ensure that:

694       (i)  each legislative office candidate that is required to file a summary report has filed

695   one; and

696       (ii)  each summary report contains the information required by this part.

697       (b)  If it appears that any legislative office candidate has failed to file the summary

698   report required by law, if it appears that a filed summary report does not conform to the law, or

699   if the lieutenant governor has received a written complaint alleging a violation of the law or the

700   falsity of any summary report, the lieutenant governor shall, within five days of discovery of a

701   violation or receipt of a written complaint, notify the legislative office candidate of the

H.B. 48                                                                      **Enrolled Copy**

702    violation or written complaint and direct the legislative office candidate to file a summary

703    report correcting the problem.

704         (c) (i)  It is unlawful for [any] a legislative office candidate to fail to file or amend a

705    summary report within seven days after receiving notice from the lieutenant governor [under

706    this section] described in this Subsection (6).

707         (ii)  Each legislative office candidate who violates Subsection [(2)] (6)(c)(i) is guilty of

708    a class B misdemeanor.

709         (iii)  The lieutenant governor shall report all violations of Subsection [(2)] (6)(c)(i) to

710    the attorney general.

711         (iv)  In addition to the criminal penalty described in Subsection [(2)] (6)(c)(ii), the

712    lieutenant governor shall impose a civil fine of $100 against a legislative office candidate who

713    violates Subsection [(2)] (6)(c)(i).

714         Section 10.  Section **20A-14-104** is amended to read:

715         **20A-14-104.   Becoming a candidate for membership on the State Board of**

716    **Education -- Nominating and recruiting committee -- Membership -- Procedure -- Duties.**

717         (1) (a)  [Persons] An individual interested in becoming a candidate for the State Board

718    of Education shall:

719         (i) (A)  for the 2016 general election, file a declaration of candidacy [according to], in

720    accordance with the procedures and requirements of Sections 20A-9-201 and 20A-9-202[.],

721    before 5 p.m. on March 17, 2016; or

722         (B)  for a general election held after 2016, file a declaration of candidacy, in accordance

723    with the procedures and requirements of Sections 20A-9-201 and 20A-9-202, on or after the

724    second Friday in March, and before 5 p.m. on the third Thursday in March, before the next

725    regular general election; and

726         (ii)  pay the filing fee described in Section 20A-9-202.

727         (b)  By May 1 of the year in which a State Board of Education member's term expires,

728    the lieutenant governor shall submit the name of each person who has filed a declaration of

729    candidacy for the State Board of Education to the nominating and recruiting committee for the

Enrolled Copy                                                                    H.B. 48

730    State Board of Education.

731         (2)  By November 1 of the year preceding each regular general election year, a

732    nominating and recruiting committee consisting of 12 members, each to serve a two-year term,

733    shall be appointed by the governor as follows:

734         (a)  one member shall be appointed to represent each of the following business and

735    industry sectors:

736         (i)  manufacturing and mining;

737         (ii)  transportation and public utilities;

738         (iii)  service, trade, and information technology;

739         (iv)  finance, insurance, and real estate;

740         (v)  construction; and

741         (vi)  agriculture; and

742         (b)  one member shall be appointed to represent each of the following education

743    sectors:

744         (i)  teachers;

745         (ii)  school administrators;

746         (iii)  parents;

747         (iv)  local school board members;

748         (v)  charter schools; and

749         (vi)  higher education.

750         (3) (a)  The members appointed under Subsections (2)(a)(i) through (vi) and (2)(b)(i)

751    through (vi) shall be appointed from lists containing at least two names submitted by

752    organizations representing each of the respective sectors.

753         (b)  At least one member of the nominating and recruiting committee shall reside within

754    each state board district in which a member's term expires during the committee's two-year

755    term of office.

756         (4) (a)  The members shall elect one member to serve as chair for the committee.

757         (b)  The chair, or another member of the committee designated by the chair, shall

758    schedule and convene all committee meetings.

759        (c)  Any formal action by the committee requires the approval of a majority of

760    committee members.

761        (d)  Members of the nominating and recruiting committee shall serve without

762    compensation, but they may be reimbursed for expenses incurred in the performance of their

763    official duties as established by the Division of Finance.

764        (5)  The nominating and recruiting committee shall:

765        (a)  recruit potential candidates for membership on the State Board of Education prior

766    to the deadline to file a declaration of candidacy;

767        (b)  prepare a list of candidates for membership on the State Board of Education for

768    each state board district subject to election in that year using the qualifications under

769    Subsection (6);

770        (c)  submit a list of at least three candidates for each state board position to the

771    governor by July 1; and

772        (d)  ensure that the list includes appropriate background information on each candidate.

773        (6)  The nominating committee shall select a broad variety of candidates who possess

774    outstanding professional qualifications relating to the powers and duties of the State Board of

775    Education, including experience in the following areas:

776        (a)  business and industry administration;

777        (b)  business and industry human resource management;

778        (c)  business and industry finance;

779        (d)  business and industry, including expertise in:

780        (i)  metrics and evaluation;

781        (ii)  manufacturing;

782        (iii)  retailing;

783        (iv)  natural resources;

784        (v)  information technology;

785        (vi)  construction;

**Enrolled Copy**                                                          **H.B. 48**

786        (vii)  banking;

787        (viii)  science and engineering; and

788        (ix)  medical and healthcare;

789        (e)  higher education administration;

790        (f)  applied technology education;

791        (g)  public education administration;

792        (h)  public education instruction;

793        (i)  economic development;

794        (j)  labor; and

795        (k)  other life experiences that would benefit the State Board of Education.

796        Section 11.  Section **20A-14-203** is amended to read:

797        **20A-14-203.   Becoming a member of a local board of education -- Declaration of**

798    **candidacy -- Election.**

799        (1)  An individual may become a candidate for a local school board:

800        (a) (i)  in the 2016 general election, by filing a declaration of candidacy with the county

801    clerk [and], in accordance with Section 20A-9-202, before 5 p.m. on March 17, 2016; or

802        (ii)  in a general election held after 2016, by filing a declaration of candidacy with the

803    county clerk on or after the second Friday in March, and before 5 p.m. on the third Thursday in

804    March, before the next regular general election; and

805        (b)  by paying the fee [as required by] described in Section 20A-9-202.

806        (2) (a)  The term of office for an individual elected to a local board of education is four

807    years, beginning on the first Monday in January after the election.

808        (b)  A member of a local board of education shall serve until a successor is elected or

809    appointed and qualified.

810        (c)  A member of a local board of education is "qualified" when the member takes or

811    signs the constitutional oath of office.

812        Section 12.  **Effective date.**

813        If approved by two-thirds of all the members elected to each house, this bill takes effect

H.B. 48                                                          **Enrolled Copy**

814     upon approval by the governor, or the day following the constitutional time limit of Utah

815     Constitution, Article VII, Section 8, without the governor's signature, or in the case of a veto,

816     the date of veto override.