# Exhibit 0024



Received

SEP 27 2017

Spencer J. Cox
Lieutenant Governor

September 27, 2017

The Honorable Spencer Cox
Utah Lieutenant Governor's Office
Utah State Capitol Building, Suite 220
Salt Lake City, UT 84114

RE: Count My Vote citizens' initiative petition application

Lieutenant Governor Cox,

We, the sponsors of the new Count My Vote citizens' initiative petition, herewith deliver our application for an initiative as required by Utah law.

This initiative's purpose is to institute direct primary elections that will improve voter participation, enhance candidates' access to the ballot, require nominees to show a sufficiently broad level of support, and ensure the integrity and reliability of the election process.

While Utah's political parties should always remain free to hold caucuses and conventions, direct primary elections should serve as the only mechanism through which a candidate for elective office may appear with political party affiliation on the general-election ballot. This issue has been debated publicly for many years, but now is the time for the People of Utah to decide.

We appreciate your service and look forward to your response.

Thank you,

Michael O. Leavitt
Norma W. Matheson
Gail Miller
Ben McAdams
Rich McKeown

# Application for an Initiative or Referendum

Utah Code 20A-7-202



> **PLEASE NOTE:** A copy of the proposed law must be attached to this application along with a statement indicating whether or not signature gatherers will be paid for their services.

Please type or print

Application must be completed by five sponsors

## Sponsor Statement

I, ___Michael O. Leavitt___ affirm that I am a resident of Utah and I have voted in a regular general election in Utah within the last three years.

Name of Sponsor (please type or print)

___1441 East Fairfax Road___
Residence Address

Sponsor's Signature

___Salt Lake City, UT 84103___          ___(801) 538-5082___
City, State, Zip                          Phone Number

*Notary Public - State of Utah*
*TAYLOR D. MORGAN*
*Commission #696849*
*My Commission Expires*
*September 13, 2021*

Subscribed and affirmed before me this __17__ day of __Sept.__ 20__17__

_____
Notary Public

My commission expires ___Sept. 13 2021___

## Sponsor Statement

I, ___Norma W. Matheson___ affirm that I am a resident of Utah and I have voted in a regular general election in Utah within the last three years.

Name of Sponsor (please type or print)

___2253 East Hubbard Ave___
Residence Address

Sponsor's Signature

___Salt Lake City, UT 84108___          ___(801) 582-4451___
City, State, Zip                          Phone Number

*Notary Public - State of Utah*
*TAYLOR D. MORGAN*
*Commission #696849*
*My Commission Expires*
*September 13, 2021*

Subscribed and affirmed before me this __18__ day of __Sept.__ 20__17__

_____
Notary Public

My commission expires ___Sept. 13 2021___

---

**To File this Form**
Mail or deliver to
Lieutenant Governor's Office
Utah State Capitol
Suite 220
Salt Lake City, UT 84114-2325
Fax (801) 538-1133
**For More Information call**
(801) 538-1041
1-800-995-VOTE (8683)
elections@utah.gov

### For Office Use Only

☐ Entered _____
☐ Copied _____

**Received**

SEP 27 2017

Spencer J. Cox
Lieutenant Governor

Date Received

# Application for an Initiative or Referendum
Utah Code 20A-7-202

| Name of Organization |
| --- |
| |

---

## Sponsor Statement

I, ___Ben McAdams___ affirm that I am a resident of Utah and I have voted in a
Name of Sponsor (please type or print)        regular general election in Utah within the last three years.

___2205 South 1000 East___
Residence Address        ___Ben McA____
Sponsor's Signature

___Salt Lake City, UT  84106___        ___(801) 618-1946___        **Notary Seal**
City, State, Zip        Phone Number

Subscribed and affirmed before me this __15__ day of __Sept.__ 20 __17__

_Tayl D. Morg_        My commission expires _____
Notary Public

Notary Public - State of Utah
**TAYLOR D. MORGAN**
Commission #696849
My Commission Expires
September 13, 2021

---

## Sponsor Statement

I, ___Rich McKeown___ affirm that I am a resident of Utah and I have voted in a
Name of Sponsor (please type or print)        regular general election in Utah within the last three years.

___560 East South Temple Street, #501___
Residence Address        ___(signature)___
Sponsor's Signature

___Salt Lake City, UT  84102___        ___(801) 538-5082___        **Notary Seal**
City, State, Zip        Phone Number

Subscribed and affirmed before me this __15__ day of __Sept.__ 20 __17__

_Tayl D. Morg_        My commission expires _____
Notary Public

Notary Public - State of Utah
**TAYLOR D. MORGAN**
Commission #696849
My Commission Expires
September 13/ 2021

---

## Sponsor Statement

I, ___Gail Miller___ affirm that I am a resident of Utah and I have voted in a
Name of Sponsor (please type or print)        regular general election in Utah within the last three years.

___99 West South Temple Street, #2800___
Residence Address        ___Gail Miller___
Sponsor's Signature

___Salt Lake City, UT  84101___        ___(801) 563-4100___
City, State, Zip        Phone Number

Notary Public - State of Utah
**TAYLOR D. MORGAN**
Commission #696849
My Commission Expires
September 13, 2021

Subscribed and affirmed before me this __18__ day of __Sept.__ 20 __17__

_Tayl D M_        My commission expires __Sept. 13, 2021__
Notary Public

# DIRECT PRIMARY ELECTION

1    **LONG TITLE**

2    **General Description:**

3        This Initiative amends Title 20A (Election Code) of the Utah Code to designate a direct

4    vote of the people in a regular primary election as the sole method of selecting political-party

5    nominees to appear as such on the general-election ballot.  Specifically, this Initiative does so by

6    repealing provisions related to qualified political parties and retaining the direct primary election

7    process that exists in current law for registered political parties to nominate candidates.

8    **Statement of Intent and Subject Matter:**

9        The caucus-convention method of nominating political candidates in Utah elections is

10    outdated and dysfunctional.  Many political party voters are unable to participate due to logistical

11    constraints and other obstacles.  Because only a small group is empowered, a party's broader

12    membership is disenfranchised and overall voter participation is discouraged.  While political

13    parties should always remain free to hold caucuses and conventions, a direct primary election

14    should serve as the only mechanism through which a candidate for elective office may appear

15    with political party affiliation on the general-election ballot.

16        This issue has been debated publicly for many years, but now is the time for the People of

17    Utah to decide.  This initiative's purpose is to institute a direct primary election that will improve

18    voter participation, enhance party candidates' access to the primary-election ballot, require

19    political party nominees to show a sufficiently broad level of support in order to appear with

20    party affiliation on the general-election ballot, and ensure the integrity and reliability of the

21    election process through a uniformly administered state-run primary election.

22    **Highlighted Provisions:**

23        This Initiative:

24     ■ Provides for a direct primary election to serve as the only mechanism through which

25        political-party nominees for Utah's federal-, state-, and county-level public offices are

26        selected and subsequently featured on the general election ballot with political party

27        affiliation;

28     ■ Enacts changes related to definitions, election dates, and other provisions necessary to

29        implement a direct primary election;

30     ■ Reduces required signature thresholds for candidates to access the ballot in direct

31        primary elections;

32     ■ Repeals provisions associated with the caucus-convention method of nominating

33        political candidates;

34     ■ Adjusts deadlines and filing requirements associated with candidate ballot access;

35     ■ Establishes a run-off election, when necessary; and

36     ■ Enacts a severability clause.

37 **Monies Appropriated in this Initiative:**

38      None

39 **Utah Code Sections Affected:**

40      **AMENDS:**

41     ■ **20A-1-102**, as last amended by Laws of Utah 2017, Chapter 52

42     ■ **20A-1-103**, as last amended by Laws of Utah 2015, Chapter 258

43     ■ **20A-1-201.5**, as last amended by Laws of Utah 2015, Chapter 352

44     ■ **20A-3-308**, as last amended by Laws of Utah 2017, Chapter 235

45     ■ **20A-4-301**, as last amended by Laws of Utah 2014, Chapter 377

46     ■ **20A-4-306**, as last amended by Laws of Utah 2011, Chapter 2

47       ▪ **20A-5-101**, as last amended by Laws of Utah 2017, Chapter 267

48       ▪ **20A-6-203**, as last amended by Laws of Utah 2016, Chapter 326

49       ▪ **20A-8-103**, as last amended by Laws of Utah 2017, Chapter 91

50       ▪ **20A-9-101**, as last amended by Laws of Utah 2016, Chapter 16

51       ▪ **20A-9-403**, as last amended by Laws of Utah 2017, Chapter 91

52       ▪ **20A-9-405**, as last amended by Laws of Utah 2017, Chapter 17

53    **REPEALS:**

54       ▪ **20A-9-406**, as last amended by Laws of Utah 2017, Chapter 91

55       ▪ **20A-9-407**, as last amended by Laws of Utah 2017, Chapter 91

56       ▪ **20A-9-408**, as last amended by Laws of Utah 2017, Chapter 91

57       ▪ **20A-9-408.5**, as last amended by Laws of Utah 2015, Chapter 296

58       ▪ **20A-9-409**, as last amended by Laws of Utah 2017, Chapter 91

59       ▪ **20A-9-411**, as last amended by Laws of Utah 2015, Chapter 296

60    **ENACTS:**

61       ▪ **20A-1-104**, Utah Code Annotated 1953

62       ▪ **20A-5-411**, Utah Code Annotated 1953

63    **Other Special Clauses:**

64    None

65    ════════════════════════════════════════════════════════════════

66    *Be It Enacted by the People of the State of Utah:*

67

68    SECTION 1. **SECTION 20A-1-102** IS AMENDED TO READ:

69    **20A-1-102.  Definitions.**

70          …

71          (80) "Ticket" means a list of:

72          (a) registered political parties that have chosen to nominate all candidates for elective

73   office through direct primary election pursuant to Section 20A-9-403;

74          (b) candidates for an office; or

75          (c) ballot propositions.

76          …

77

78          SECTION 2.  **SECTION 20A-1-103** IS AMENDED TO READ:

79          **20A-1-103.   Severability clause.**

80          If any provision of the Direct Primary Election Initiative of 2018 [Laws of Utah 2014,

81   Chapter 17], or the application of any provision of that Initiative [Laws of Utah 2014, Chapter

82   17], to any person or circumstance is held invalid by a final decision of a court of competent

83   jurisdiction, the remainder of that Initiative [Laws of Utah 2014, Chapter 17,] shall be given

84   effect without the invalid provision or application. The provisions of the Direct Primary Election

85   Initiative of 2018 [Laws of Utah 2014, Chapter 17,] are severable.

86

87          SECTION 3. **SECTION 20A-1-104** IS ENACTED TO READ:

88          **20A-1-104.   Repeal of certain provisions.**

89          All acts and parts of acts related to the nomination or election of candidates for elective

90   office that were enacted between July 1, 2017 and the enactment of this Section are hereby

91   repealed.  This Section is intended solely to prevent the Legislature's potential interference in the

92   initiative process and to preserve the ability of the People of the State of Utah to express their

4

93    will as to the nomination and election of candidates for elective office through the Direct

94    Primary Election Initiative of 2018. This Section shall not be construed to alter the power given

95    to the Legislature under Section 20A-7-212(3)(b)(2).

96

97    SECTION 4. **SECTION 20A-1-201.5** IS AMENDED TO READ:

98    **20A-1-201.5.  Primary election dates.**

99    (1) A regular primary election shall be held throughout the state on the first [fourth]

100   Tuesday of June of each even numbered year as provided in Section 20A-9-403[, 20A-9-407, or

101   20A-9-408, as applicable,] to nominate persons for:

102   (a) national, state, school board, and county offices; and

103   (b) offices for a metro township, city, or town incorporated under Section 10-2a-404.

104   …

105

106   SECTION 5.  **SECTION 20A-3-308** IS AMENDED TO READ:

107   **20A-3-308.   Absentee ballots in the custody of poll workers—Disposition—Notice.**

108   …

109   (5)(a) If the election officer rejects an individual's absentee ballot because the election

110   officer determines that the signature on the ballot does not match the individual's signature that is

111   maintained on file, the election officer shall contact the individual in accordance with Subsection

112   (7) by mail, email, text message, or phone, and inform the individual:

113   (i) that the individual's signature is in question;

114   (ii) how the individual may resolve the issue;

115          (iii) that, in order for the ballot to be counted, the individual is required to deliver

116    to the election officer a correctly completed affidavit, provided by the county clerk, that meets

117    the requirements described in Subsection (5)(b).

118          (b) An affidavit described in Subsection (5)(a)(iii) shall include:

119          (i) an attestation that the individual voted the absentee ballot;

120          (ii) a space for the individual to enter the individual's name, date of birth, and

121    driver license number or the last four digits of the individual's social security number;

122          (iii) a space for the individual to sign the affidavit; and

123          (iv) a statement that, by signing the affidavit, the individual authorizes the

124    lieutenant governor's and county clerk's use of the individual's signature on the affidavit for voter

125    identification purposes.

126          (c) In order for an individual described in Subsection (5)(a) to have the individual's ballot

127    counted, the individual shall deliver the affidavit described in Subsection (5)(b) to the election

128    officer no later than the end of the business day before the election canvass.

129          (d) An election officer who receives a signed affidavit under Subsection (5)(c) shall

130    immediately:

131          (i) scan the signature on the affidavit electronically and keep the signature on file

132    in the statewide voter registration database developed under Section 20A-2-109; and

133          (ii) if the canvass has not concluded, count the individual's ballot.

134          (6) An election officer who rejects an individual's absentee ballot for any reason, other

135    than the reason described in Subsection (5)(a), shall notify the individual of the rejection in

136    accordance with Subsection (7) by mail, email, text message, or phone and specify the reason for

137    the rejection.

6

138    (7) An election officer who is required to give notice under Subsection (5) or (6) shall

139    give the notice no later than:

140    (a) if the election officer rejects the absentee ballot before election day:

141    (i) one business day after the day on which the election officer rejects the absentee

142    ballot, if the election officer gives the notice by email or text message; or

143    (ii) two business days after the day on which the election officer rejects the

144    absentee ballot, if the election officer gives the notice by postal mail or phone;

145    (b) [seven days after election] the day prior to the canvass, if the election officer rejects

146    the absentee ballot on election day; or

147    (c) seven days after the canvass if the election officer rejects the absentee ballot after

148    election day and before the end of the canvass.

149    …

150

151    SECTION 6.  **SECTION 20A-4-301** IS AMENDED TO READ:

152    **20A-4-301.  Board of canvassers.**

153    (1)(a) Each county legislative body is the board of county canvassers for:

154    (i) the county; and

155    (ii) each local district whose election is conducted by the county if:

156    (A) the election relates to the creation of the local district;

157    (B) the county legislative body serves as the governing body of the local

158    district; or

159    (C) there is no duly constituted governing body of the local district.

160    (b) The board of county canvassers shall meet to canvass the returns at the usual place of

161    meeting of the county legislative body, at a date and time determined by the county clerk that,

162    for a regular primary election or runoff election is no later than seven days after the election, and

163    for a regular general election or other type of election is no sooner than seven days after the

164    election and no later than 14 days after the election.

165    (c) If one or more of the county legislative body fails to attend the meeting of the board

166    of county canvassers, the remaining members shall replace the absent member by appointing in

167    the order named:

168        (i) the county treasurer;

169        (ii) the county assessor; or

170        (iii) the county sheriff.

171    (d) Attendance of the number of persons equal to a simple majority of the county

172    legislative body, but not less than three persons, shall constitute a quorum for conducting the

173    canvass.

174    (e) The county clerk is the clerk of the board of county canvassers.

175    …

176

177    SECTION 7.  **SECTION 20A-4-306** IS AMENDED TO READ:

178    **20A-4-306.   Statewide canvass.**

179    …

180    (5)(a) At noon on the [fourth Monday] seventh day after the regular primary election, the

181    lieutenant governor shall:

8

182                     (i) canvass the returns for all multicounty candidates required to file with the

183     office of the lieutenant governor; and

184                     (ii) publish and file the results of the canvass in the lieutenant governor's office.

185           (b) Not later than the [August 1] tenth day after the primary election, the lieutenant

186     governor shall certify the results of:

187                     (i) the primary canvass, except for the office of President of the United States, to

188     the county clerks; and

189                     (ii) the primary canvass for the office of President of the United States to each

190     registered political party that participated in the primary.

191

192

193           SECTION 8.  **SECTION 20A-5-101** IS AMENDED TO READ:

194           **20A-5-101.   Notice of election.**

195           (1) On or before [November 15] October 1 in the year before each regular general

196     election year, the lieutenant governor shall prepare and transmit a written notice to each county

197     clerk that:

198           (a) designates the offices to be filled at the next year's regular general election;

199           (b) identifies the dates for filing a declaration of candidacy, and for submitting and

200     certifying nomination petition signatures, as applicable, under Section[s] 20A-9-403[, 20A-9-

201     407, and 20A-9-408] for those offices;

202           (c) includes the master ballot position list for the next year and the year following as

203     established under Section 20A-6-305; and

9

204    (d) contains a description of any ballot propositions to be decided by the voters that have

205    qualified for the ballot as of that date.

206    ...

207

208    SECTION 9.  **SECTION 20A-5-411** IS ENACTED TO READ:

209    **20A-5-411.   Candidate appearance with partisan affiliation on ballot of regular**

210    **general election.**

211    (1) Notwithstanding any other provision of law, the name of a candidate for elective

212    office shall not appear on the ballot for a regular general election as affiliated with, endorsed by,

213    nominated by, or otherwise associated with any political party, any political group, or any other

214    group of any kind, unless the candidate has been nominated by a registered political party as a

215    presidential or vice presidential candidate pursuant to Subsection 20A-9-204(4) or the candidate

216    has been nominated by a registered political party pursuant to the direct primary election process

217    set forth at Subsection 20A-9-403(5).

218    (2) Each election officer shall ensure compliance with the requirement described in

219    Subsection (1).

220

221    SECTION 10.  **SECTION 20A-6-203** IS AMENDED TO READ:

222    **20A-6-203. Ballots for regular primary elections.**

223    ...

224    (3) Notwithstanding any other provision of law, a filing officer shall not include any

225    marking, insignia, or other feature within the format of a regular primary election ballot that

226    would cause a voter to view a candidate for elective office of a registered political party more

227    positively or negatively than another candidate from that registered political party.

228

229        SECTION 11. **SECTION 20A-8-103** IS AMENDED TO READ:

230        **20A-8-103.  Petition procedures--Criminal penalty.**

231        ...

232        (2) To become a registered political party, an organization of registered voters that is not

233    a continuing political party shall:

234        (a) circulate a petition seeking registered political party status beginning no earlier than

235    the date of the statewide canvass held after the last regular general election and ending no later

236    than November 30 of the year before the year in which the next regular general election will be

237    held;

238        (b) file a petition with the lieutenant governor that is signed, with a holographic signature,

239    by at least 2,000 registered voters on or before November 30 of the year in which a regular

240    general election will be held; and

241        (c) file, with the petition described in Subsection (2)(b), a document certifying:

242            (i) the identity of one or more registered political parties whose members may

243    vote for the organization's candidates;

244            (ii) whether unaffiliated voters may vote for the organization's candidates; and

245            (iii) whether, for the next election, the organization intends to nominate the

246    organization's candidates in accordance with the provisions of Section [20A-9-406] 20A-9-403.

247    ...

248

11

249    SECTION 12. **SECTION 20A-9-101** IS AMENDED TO READ:

250    **20A-9-101.  Definitions.**

251        …

252    (12) "Registered political party" means the same as that term is defined in Section 20A-8-

253    101. [~~(12) "Qualified political party" means a registered political party that:~~

254    ~~(a)~~    ~~(i) permits a delegate for the registered political party to vote on a candidate~~

255    ~~nomination in the registered political party's convention remotely; or~~

256        ~~(ii) provides a procedure for designating an alternate delegate if a delegate is not~~

257        ~~present at the registered political party's convention;~~

258    ~~(b) does not hold the registered political party's convention before the fourth Saturday in~~

259    ~~March of an even-numbered year;~~

260    ~~(c) permits a member of the registered political party to seek the registered political~~

261    ~~party's nomination for any elective office by the member choosing to seek the nomination by~~

262    ~~either or both of the following methods:~~

263        ~~(i) seeking the nomination through the registered political party's convention~~

264    ~~process, in accordance with the provisions of Section 20A-9-407; or~~

265        ~~(ii) seeking the nomination by collecting signatures, in accordance with the~~

266    ~~provisions of Section 20A-9-408; and~~

267    ~~(d)~~    ~~(i) if the registered political party is a continuing political party, no later than 5~~

268    ~~p.m. on September 30 of an odd-numbered year, certifies to the lieutenant governor that, for the~~

269    ~~election in the following year, the registered political party intends to nominate the registered~~

270    ~~political party's candidates in accordance with the provisions of Section 20A-9-406; or~~

12

271          (ii) if the registered political party is not a continuing political party, certifies at

272    the time that the registered political party files the petition described in Section 20A-8-103 that,

273    for the next election, the registered political party intends to nominate the registered political

274    party's candidates in accordance with the provisions of Section 20A-9-406.]

275

276          SECTION 13.  **SECTION 20A-9-403** IS AMENDED TO READ:

277          **20A-9-403.   Regular primary elections.**

278          (1)(a) Candidates for elective office that are to be filled at the next regular general

279    election shall be nominated in a regular primary election by direct vote of the people in the

280    manner prescribed in this section.  The first [fourth] Tuesday of June of each even-numbered

281    year is designated as regular primary election day. Nothing in this section shall affect a

282    candidate's ability to qualify for a regular general election's ballot as an unaffiliated candidate

283    under Section 20A-9-501 or to participate in a regular general election as a write-in candidate

284    under Section 20A-9-601.

285          (b) Each registered political party that chooses to have the names of the registered

286    political party's candidates for elective office featured with party affiliation on the ballot at a

287    regular general election shall comply with the requirements of this section and shall nominate the

288    registered political party's candidates for elective office in the manner described in this section.

289          (c) A filing officer may not permit an official ballot at a regular general election to be

290    produced or used if the ballot denotes affiliation between a registered political party or any other

291    political group and a candidate for elective office who is not nominated in the manner prescribed

292    in this section or in Subsection 20A-9-202(4).

13

293          (d) Unless noted otherwise, the dates in this section refer to those that occur in each even-

294     numbered year in which a regular general election will be held.

295          (2)(a) Each registered political party, in a statement filed with the lieutenant governor,

296     shall:

297               (i) [either] declare either that the registered political party intends [party's intent]

298     to participate in the next regular primary election or [declare] that the registered political party

299     chooses not to have the names of the registered political party's candidates for elective office

300     featured on the ballot at the next regular general election; and

301               (ii) if the registered political party participates in the upcoming regular primary

302     election, identify one or more registered political parties whose members may vote for the

303     registered political party's candidates and whether individuals identified as unaffiliated with a

304     political party may vote for the registered political party's candidates.

305          (b)     (i) A registered political party that is a continuing political party shall file the

306     statement described in Subsection (2)(a) with the lieutenant governor no later than 5 p.m. on

307     [November] September 30 of each odd-numbered year.

308               (ii) An organization that is seeking to become a registered political party under

309     Section 20A-8-103 shall file the statement described in Subsection (2)(a) at the time that the

310     registered political party files the petition described in Section 20A-8-103.

311          (3)(a) Except as provided in Subsection (3)(e), an individual who submits a declaration of

312     candidacy under Section 20A-9-202 shall appear as a candidate for elective office on the regular

313     primary ballot of the registered political party listed on the declaration of candidacy only if the

314     individual is certified by the appropriate filing officer as having submitted a set of nomination

315     petitions that was:

14

316          (i) circulated and completed in accordance with Section 20A-9-405; and

317          (ii) signed by at least [2%] 1% of the registered political party's members who

318    reside in the political division of the office that the individual seeks.

319    (b)          (i) A candidate for elective office shall submit nomination petitions to the

320    appropriate filing officer for verification and certification no later than 5 p.m. on the [final day]

321    first business day in March.

322          (ii) A candidate may supplement the candidate's submissions at any time on or

323    before the filing deadline.

324    (c)          (i) The lieutenant governor shall determine for each elective office the total

325    number of signatures that must be submitted under Subsection (3)(a)(ii) by counting the

326    aggregate number of individuals residing in each elective office's political division who have

327    designated a particular registered political party on the individuals' voter registration forms on or

328    before [November 15] September 15 of each odd-numbered year.

329          (ii) The lieutenant governor shall publish the determination for each elective

330    office no later than [November 30] October 1 of each odd-numbered year.

331    (d) The filing officer shall:

332          (i) verify signatures on nomination petitions in a transparent and orderly manner;

333          (ii) for all qualifying candidates for elective office who submit nomination

334    petitions to the filing officer, issue certifications referenced in Subsection (3)(a) no later than 5

335    p.m. on the first [Monday after the third Saturday] business day in April;

336          (iii) consider active and inactive voters eligible to sign nomination petitions;

337          (iv) consider an individual who signs a nomination petition a member of a

338    registered political party for purposes of Subsection (3)(a)(ii) if the individual has designated that

15

339     registered political party as the individual's party membership on the individual's voter

340     registration form; and

341          (v) utilize procedures described in Section 20A-7-206.3 to verify submitted

342     nomination petition signatures, or use statistical sampling procedures to verify submitted

343     nomination petition signatures in accordance with rules made under Subsection (3)(f).

344          (e) Notwithstanding any other provision in this Subsection (3), a candidate for lieutenant

345     governor may appear on the regular primary ballot of a registered political party without

346     submitting nomination petitions if the candidate files a declaration of candidacy and complies

347     with Subsection 20A-9-202(3).

348          (f) In accordance with Title 63G, Chapter 3, Utah Administrative Rulemaking Act, the

349     director of elections, within the Office of the Lieutenant Governor, shall make rules that:

350          (i) provide for the use of statistical sampling procedures that: (A) filing officers

351     are required to use to verify signatures under Subsection (3)(d); and (B) reflect a bona fide effort

352     to determine the validity of a candidate's entire submission, using widely recognized statistical

353     sampling techniques; and

354          (ii) provide for the transparent, orderly, and timely submission, verification, and

355     certification of nomination petition signatures.

356          (g) The county clerk shall:

357          (i) review the declarations of candidacy filed by candidates for local boards of

358     education to determine if more than two candidates have filed for the same seat;

359          (ii) place the names of all candidates who have filed a declaration of candidacy

360     for a local board of education seat on the nonpartisan section of the ballot if more than two

361     candidates have filed for the same seat; and

16

362           (iii) determine the order of the local board of education candidates' names on the

363    ballot in accordance with Section 20A-6-305.

364        (4)(a) By 5 p.m. [on the first Wednesday after the third Saturday in April] no later than

365    two business days following the date specified in Subsection (3)(d)(ii), the lieutenant governor

366    shall provide to the county clerks:

367           (i) a list of the names of all candidates for federal, constitutional, multi-county,

368    single county, and county offices who have received certifications under Subsection (3), along

369    with instructions on how those names shall appear on the primary election ballot in accordance

370    with Section 20A-6-305; and

371           (ii) a list of unopposed candidates for elective office who have been nominated by

372    a registered political party under Subsection (5)(c) and instruct the county clerks to exclude the

373    unopposed candidates from the primary election ballot.

374      (b) A candidate for lieutenant governor and a candidate for governor campaigning as

375    joint-ticket running mates shall appear jointly on the primary election ballot.

376      (c) After the county clerk receives the certified list from the lieutenant governor under

377    Subsection (4)(a), the county clerk shall post or publish a primary election notice in substantially

378    the following form: "Notice is given that a primary election will be held Tuesday, June _____,

379    _____(year), to nominate party candidates for the parties and candidates for nonpartisan local

380    school board positions listed on the primary ballot. The polling place for voting precinct _____ is

381    _____. The polls will open at 7 a.m. and continue open until 8 p.m. of the same day. Attest:

382    county clerk."

383      (5)(a) A candidate, other than a presidential candidate, who, at the regular primary

384    election, receives the highest number of votes cast for the office sought by the candidate is:

17

385        (i) nominated for that office by the candidate's registered political party if the

386    candidate receives more than 35% of the votes cast for that political party for that office in the

387    regular primary election; or

388        (ii) for a nonpartisan local school board position, nominated for that office.

389        (b) If no candidate for an elective office is nominated by a registered political party

390    pursuant to Subsection (5)(a)(i) in a race where three or more candidates appeared on the regular

391    primary election ballot, an election officer shall conduct a runoff election to determine the

392    party's nominee for that office between the two candidates in the same registered political party

393    who received the highest number of votes in the regular primary election.

394        (c) For a runoff election described in Subsection (5)(b):

395        (i) the candidate who, at the runoff election, receives the highest number of votes

396    cast for the office sought by the candidate is nominated for that office by the candidate's

397    registered political party;

398        (ii) the election officer shall give notice of the runoff election pursuant to rules

399    made by the director of elections within the Office of the Lieutenant Governor in accordance

400    with Title 63G, Chapter 3, Utah Administrative Rulemaking Act;

401        (iii) the election officer shall hold the runoff election on the second Tuesday

402    following the first Monday in August;

403        (iv) the election officer shall conduct the election entirely by absentee ballot in

404    accordance with Section 20A-3-302;

405        (v) the county canvass is seven days after the day of the runoff election;

406        (vi) the lieutenant governor's canvass of federal, statewide, and multicounty

407    elections is nine days after the day of the runoff election; and

408        (vii) the director of elections within the Office of the Lieutenant Governor may

409   make rules in accordance with Title 63G, Chapter 3, Utah Administrative Rulemaking Act in

410   order to ensure this runoff election is conducted in a lawful, proper, and efficient manner.

411        [(b)] (d) If two or more candidates, other than presidential candidates, are to be elected to

412   the office at the regular general election, those party candidates equal in number to positions to

413   be filled who receive the highest number of votes at the regular primary election are the

414   nominees of the candidates' party for those positions.

415        [(e)](e)(i) As used in this Subsection (5)[(e)](e) a candidate is "unopposed" if: (A) no

416   individual other than the candidate receives a certification under Subsection (3) for the regular

417   primary election ballot of the candidate's registered political party for a particular elective office;

418   or (B) for an office where more than one individual is to be elected or nominated, the number of

419   candidates who receive certification under Subsection (3) for the regular primary election of the

420   candidate's registered political party does not exceed the total number of candidates to be elected

421   or nominated for that office.

422        (ii) A candidate who is unopposed for an elective office in the regular primary

423   election of a registered political party is nominated by the party for that office without appearing

424   on the primary election ballot.

425        (6)(a) When a tie vote occurs in any primary or runoff election for any national, state, or

426   other office that represents more than one county, the governor, lieutenant governor, and attorney

427   general shall, at a public meeting called by the governor and in the presence of the candidates

428   involved, select the nominee by lot cast in whatever manner the governor determines.

429        (b) When a tie vote occurs in any primary or runoff election for any county office, the

430   district court judges of the district in which the county is located shall, at a public meeting called

19

431   by the judges and in the presence of the candidates involved, select the nominee by lot cast in

432   whatever manner the judges determine.

433        (7) The expense of providing all ballots, blanks, or other supplies to be used at any

434   primary or runoff election provided for by this section, and all expenses necessarily incurred in

435   the preparation for or the conduct of that primary election shall be paid out of the treasury of the

436   county or state, in the same manner as for the regular general elections.

437        (8) An individual may not file a declaration of candidacy for a registered political party

438   of which the individual is not a member, except to the extent that the registered political party

439   permits otherwise under the registered political party's bylaws. Notwithstanding any other

440   provision of law, an election officer or filing officer shall consider an individual a member of a

441   registered political party for purposes of determining the sufficiency of a declaration of

442   candidacy if the individual has designated that registered political party as the individual's party

443   membership on the individual's voter registration form at the time of filing.

444

445        SECTION 14. **SECTION 20A-9-405** IS AMENDED TO READ:

446        **20A-9-405. Nomination petitions for regular primary elections.**

447        (1) This section shall apply to the form and circulation of nomination petitions for regular

448   primary elections described in Subsection 20A-9-403(3)(a).

449        (2) A candidate for elective office, and the agents of the candidate, may not circulate

450   nomination petitions until the candidate has submitted a declaration of candidacy in accordance

451   with Subsection 20A-9-202(1) or until the candidate has provided advance notification to the

452   filing officer of an intention to circulate nomination petitions, which may be given any time after

453   October 1st of the year prior to a regular primary election.

454    …

455

456         SECTION 15. SECTIONS **20A-9-406**, **20A-9-407**, **20A-9-408**, **20A-9-408.5**, **20A-9-**

457    **409**, AND **20A-9-411** ARE REPEALED.

458

459                    END OF DIRECT PRIMARY ELECTION INITIATIVE

460

461         Persons gathering signatures for the petition may be paid for doing so.

21

**GOVERNOR'S OFFICE OF MANAGEMENT AND BUDGET**

KRISTEN COX
*Executive Director*

**State of Utah**

**GARY R. HERBERT**
*Governor*

**SPENCER J. COX**
*Lieutenant Governor*

October 30, 2017

Lieutenant Governor Cox,

Submitted below is the Governor's Office of Management and Budget's fiscal estimate for the Count My Vote Initiative:

> The Governor's Office of Management and Budget estimates the law proposed by this initiative would result in a total fiscal expense of up to $3.35 million every two years, including costs for runoff elections (up to $2.9 million), additional primary elections (up to $400,000), and signature verification and miscellaneous costs (approximately $50,000). Candidate and voter behavior may change these estimates.

> In addition, the cost of posting information regarding the proposed initiative in Utah's statewide newspapers and for printing the additional pages in the voter information pamphlet is estimated at $30,000 in one-time funds.

Should you have any questions, please contact Phil Dean, Budget Director and Chief Economist, at (801) 538-1714.

Sincerely,

Kristen Cox
Executive Director



## PUBLIC HEARING NOTICE

Public notice is hereby given for Count My Vote's public hearings to review its Direct Primary Election Act. The dates and locations of the public hearings are listed below. Count My Vote's proposed initiative language is available for public review at www.elections.utah.gov.

**Bear River Region**
10:00 a.m. Friday, October 27, 2017
Logan Library
255 N Main Street, Logan, UT 84321

**Wasatch Front Region**
2:00 p.m. Friday, October 27, 2017
Whitmore Library
2197 E. Ft. Union Boulevard
Cottonwood Heights, UT 84121

**Mountain Region**
4:00 p.m. Friday, October 27, 2017
Sorensen Student Center
Utah Valley University
800 West University Parkway, Orem, UT 84058

**Central Region**
8:00 p.m. Friday, October 27, 2017
Noyes Building, Snow College
150 College Ave East, Ephraim, UT 84627

**Uintah Basin Region**
10:00 a.m. Saturday, October 28, 2017
Uintah County Library
204 East 100 North, Vernal, UT 84078

**Southeast Region**
3:00 p.m. Saturday, October 28, 2017
Jennifer Leavitt Student Center
Utah State University Eastern
451 East 400 North, Price, UT 84501

**Southwest Region**
8:00 p.m. Saturday, October 28, 2017
Sharwan Smith Student Center
Southern Utah University
351 West University Boulevard
Cedar City, UT 84720

Count My Vote has notified elected officials as required by Utah law. Public notice has been posted on the Utah Public Notice Website and in newspapers of general circulation. For more information about Count My Vote's citizens' initiative, please visit www.countmyvoteutah.org.



## PUBLIC HEARING NOTICE

Public notice is hereby given for a Count My Vote public hearing to review its Direct Primary Election Act. The date and location of the public hearing is listed below. Count My Vote's proposed initiative language is available for public review at www.elections.utah.gov.


**Mountain Region**
12:00 p.m. Monday, October 30, 2017
Hampton Inn & Suites Orem
851 West 1250 South
Orem, UT 84058


Count My Vote has notified elected officials as required by Utah law. Public notice has been posted on the Utah Public Notice Website and in newspapers of general circulation. For more information about Count My Vote's citizens' initiative, please visit www.countmyvoteutah.org.



Received

NOV 0 8 2017

Spencer J. Cox
Lieutenant Governor

November 8, 2017

The Honorable Spencer Cox
Utah Lieutenant Governor's Office
Utah State Capitol Building, Suite 220
Salt Lake City, UT 84114

RE: Count My Vote citizens' initiative petition

Lieutenant Governor Cox,

We, the sponsors of the new Count My Vote citizens' initiative petition, recently held public hearings throughout the state to share information and seek feedback on our initiative. Based on important feedback from Utah voters, we have updated and refined our initiative language. We herewith deliver our final application for our initiative as required by Utah law.

This initiative's purpose is to institute direct primary elections that will improve voter participation, enhance candidates' access to the ballot, require nominees to show a sufficiently broad level of support, and ensure the integrity and reliability of the election process.

As we deliberated internally and considered the positive public input we received, it became clear to us that, in general, the compromise we forged in 2014 has worked well. This initiative will enhance and protect our 2014 compromise for the future, and will provide Utah voters, political parties, and candidates with more choice and increased access to the ballot. Our updated initiative language simplifies and preserves the caucus and convention method of party nomination for a candidate's placement on the primary election ballot. Candidates in Utah will be free to choose between accessing the primary election ballot by gathering signatures, through placement by a political party, or both.

This issue has been debated publicly for many years, but now is the time for the People of Utah to decide.

We appreciate your service and look forward to your response.

Thank you,

Michael O. Leavitt
Norma W. Matheson
Gail Miller
Ben McAdams
Rich McKeown

# Application for an Initiative or Referendum

Utah Code 20A-7-202



> **PLEASE NOTE:** A copy of the proposed law must be attached to this application along with a statement indicating whether or not signature gatherers will be paid for their services.

Please type or print                    Application must be completed by five sponsors

## Sponsor Statement

I, _Michael O. Leavitt_ affirm that I am a resident of Utah and I have voted in a
Name of Sponsor (please type or print)    regular general election in Utah within the last three years.

_1441 East Fairfax Road_
Residence Address                        _Michael O. Leavitt_
                                         Sponsor's Signature

_Salt Lake City, UT 84103_    _(801)538-5082_
City, State, Zip              Phone Number

Subscribed and affirmed before me this _6_ day of _November_ 20 _17_

_Taylor D. Morgan_
Notary Public              My commission expires _Sept. 13, 2021_

Notary Seal
Notary Public - State of Utah
**TAYLOR D. MORGAN**
Commission #696849
My Commission Expires
September 13, 2021

## Sponsor Statement

I, _Rich McKeown_ affirm that I am a resident of Utah and I have voted in a
Name of Sponsor (please type or print)    regular general election in Utah within the last three years.

_560 East South Temple Street, #501_
Residence Address                        _Rich McKeown_
                                         Sponsor's Signature

_Salt Lake City, UT 84102_    _(801)538-5082_
City, State, Zip              Phone Number

Subscribed and affirmed before me this _6_ day of _November_ 20 _17_

_Taylor D. Morgan_
Notary Public              My commission expires _Sept. 13, 2021_

Notary Public - State of Utah
**TAYLOR D. MORGAN**
Commission #696849
My Commission Expires
September 13, 2021

---

**To File this Form**
Mail or deliver to
Lieutenant Governor's Office
Utah State Capitol
Suite 220
Salt Lake City, UT 84114-2325
Fax (801) 538-1133
**For More Information call**
(801) 538-1041
1-800-995-VOTE (8683)
elections@utah.gov

---

## For Office Use Only

☐ Entered _____
☐ Copied _____

**Received**

NOV 0 8 2017

Spencer J. Cox
Lieutenant Governor

Date Received

# Application for an Initiative or Referendum
Utah Code 20A-7-202

Name of Organization

Received

NOV 0 8 2017

Spencer J. Cox
Lieutenant Governor

## Sponsor Statement

I, __Ben McAdams__ affirm that I am a resident of Utah and I have voted in a
Name of Sponsor (please type or print) regular general election in Utah within the last three years.

__2205 South 1000 East__
Residence Address                                    Sponsor's Signature

__Salt Lake City, UT 84106__          __(801) 618-1946__
City, State, Zip                         Phone Number

Subscribed and affirmed before me this __6__ day of __November__ 20 __17__

Notary Public - State of Utah
TAYLOR D. MORGAN
Commission #686849
My Commission Expires
September 13, 2021

Notary Public          My commission expires __Sept. 13, 2021__

## Sponsor Statement

I, __Norma W. Matheson__ affirm that I am a resident of Utah and I have voted in a
Name of Sponsor (please type or print) regular general election in Utah within the last three years.

__2253 East Hubbard Ave__
Residence Address                                    Sponsor's Signature

__Salt Lake City, UT 84108__          __(801) 582-4451__
City, State, Zip                         Phone Number

Subscribed and affirmed before me this __6__ day of __November__ 20 __17__

Notary Public - State of Utah
TAYLOR D. MORGAN
Commission #686849
My Commission Expires
September 13, 2021

Notary Public          My commission expires __Sept. 13, 2021__

## Sponsor Statement

I, __Gail Miller__ affirm that I am a resident of Utah and I have voted in a
Name of Sponsor (please type or print) regular general election in Utah within the last three years.

__99 West South Temple Street, #2800__
Residence Address                                    Sponsor's Signature

__Salt Lake City, UT 84101__          __(801) 563-4100__
City, State, Zip                         Phone Number

Subscribed and affirmed before me this __6__ day of __November__ 20 __17__

Notary Public - Seal of Utah
TAYLOR D. MORGAN
Commission #686849
My Commission Expires
September 13, 2021

Notary Public          My commission expires __Sept. 13, 2021__

# DIRECT PRIMARY ELECTION

1   **LONG TITLE**

2   **General Description:**

3        This Initiative amends Title 20A (Election Code) of the Utah Code to implement a direct

4   vote of the people in a regular primary election to select political-party nominees to appear as

5   such on the general-election ballot.  Specifically, this Initiative does so by repealing provisions

6   related to qualified political parties, preserving a "dual path" for candidates to access the

7   primary-election ballot through gathering signatures or through placement by a political party,

8   and retaining the direct primary election process that exists in current law for registered political

9   parties to nominate candidates.

10   **Statement of Intent and Subject Matter:**

11        Political party-affiliated candidates on the general-election ballot should be chosen

12   through a direct primary election where all party voters have an opportunity to vote. Candidates

13   should remain free to choose between accessing the primary-election ballot by gathering

14   signatures, through a political party convention, or both. Current law requires changes to enhance

15   and preserve Utah's system. A vote of the people is necessary to demonstrate citizen preference

16   of this dual system of qualification for political party candidates.

17        A direct primary election will improve voter participation, enhance party candidates'

18   access to the primary-election ballot, and assure that political party nominees have sufficiently

19   broad support to appear with party affiliation on the general-election ballot. It would also ensure

20   the integrity and reliability of the election process through a uniformly administered state-run

21   primary election. This Initiative will clearly express the voice of the people on a matter than has

22   been widely debated.

23   **Highlighted Provisions:**

24    This Initiative:

25    ▪  Provides for a direct primary election to serve as the mechanism through which

26       political-party nominees for Utah's federal-, state-, and county-level public offices are

27       selected and subsequently featured on the general election ballot with political party

28       affiliation;

29    ▪  Enacts changes related to definitions, election dates, and other provisions necessary to

30       implement a direct primary election;

31    ▪  Reduces required signature thresholds for candidates to access the ballot in direct

32       primary elections;

33    ▪  Preserves political party placement as a method for candidates to access the ballot in

34       direct primary elections;

35    ▪  Repeals provisions associated with the caucus-convention method of nominating

36       political candidates;

37    ▪  Adjusts deadlines and filing requirements associated with candidate ballot access;

38    ▪  Establishes a run-off election, when necessary; and

39    ▪  Enacts a severability clause.

40    **Monies Appropriated in this Initiative:**

41    None

42    **Utah Code Sections Affected:**

43    **AMENDS:**

44    ▪  **20A-1-102**, as last amended by Laws of Utah 2017, Chapter 52

45    ▪  **20A-1-103**, as last amended by Laws of Utah 2015, Chapter 258

46    ▪  **20A-1-201.5**, as last amended by Laws of Utah 2015, Chapter 352

2

47      ▪ **20A-3-308**, as last amended by Laws of Utah 2017, Chapter 235

48      ▪ **20A-4-301**, as last amended by Laws of Utah 2014, Chapter 377

49      ▪ **20A-4-306**, as last amended by Laws of Utah 2011, Chapter 2

50      ▪ **20A-4-401**, as last amended by Laws of Utah 2013, Chapter 92

51      ▪ **20A-4-403**, as last amended by Laws of Utah 2007, Chapter 238

52      ▪ **20A-5-101**, as last amended by Laws of Utah 2017, Chapter 267

53      ▪ **20A-6-203**, as last amended by Laws of Utah 2016, Chapter 326

54      ▪ **20A-8-103**, as last amended by Laws of Utah 2017, Chapter 91

55      ▪ **20A-9-101**, as last amended by Laws of Utah 2016, Chapter 16

56      ▪ **20A-9-202**, as last amended by Laws of Utah 2017, Chapter 63

57      ▪ **20A-9-403**, as last amended by Laws of Utah 2017, Chapter 91

58      ▪ **20A-9-405**, as last amended by Laws of Utah 2017, Chapter 17

59      **REPEALS:**

60      ▪ **20A-9-406**, as last amended by Laws of Utah 2017, Chapter 91

61      ▪ **20A-9-407**, as last amended by Laws of Utah 2017, Chapter 91

62      ▪ **20A-9-408**, as last amended by Laws of Utah 2017, Chapter 91

63      ▪ **20A-9-408.5**, as last amended by Laws of Utah 2015, Chapter 296

64      ▪ **20A-9-409**, as last amended by Laws of Utah 2017, Chapter 91

65      ▪ **20A-9-411**, as last amended by Laws of Utah 2015, Chapter 296

66      **ENACTS:**

67      ▪ **20A-1-104**, Utah Code Annotated 1953

68      ▪ **20A-5-411**, Utah Code Annotated 1953

69      **Other Special Clauses:**

70    None

71    ────────────────────────────────────────

72    *Be It Enacted by the People of the State of Utah*:

73

74        SECTION 1.  **SECTION 20A-1-102** IS AMENDED TO READ:

75        **20A-1-102.   Definitions.**

76        …

77        (24) "Election" means a regular general election, a municipal general election, a

78    statewide special election, a local special election, a regular primary election, <u>a runoff election,</u> a

79    municipal primary election, and a local district election.

80        …

81        (80) "Ticket" means a list of:

82        (a) <u>registered</u> political parties <u>that have chosen to nominate all candidates for elective</u>

83    <u>office through direct primary election pursuant to Section 20A-9-403</u>;

84        (b) candidates for an office; or

85        (c) ballot propositions.

86        …

87

88        SECTION 2.  **SECTION 20A-1-103** IS AMENDED TO READ:

89        **20A-1-103.   Severability clause.**

90        If any provision of <u>the Direct Primary Election Initiative of 2018</u> [~~Laws of Utah 2014,~~

91    ~~Chapter 17~~], or the application of any provision of <u>that Initiative</u> [~~Laws of Utah 2014, Chapter~~

92    ~~17~~], to any person or circumstance is held invalid by a final decision of a court of competent

4

93    jurisdiction, the remainder of that Initiative [Laws of Utah 2014, Chapter 17,] shall be given

94    effect without the invalid provision or application. The provisions of the Direct Primary Election

95    Initiative of 2018 [Laws of Utah 2014, Chapter 17,] are severable.

96

97          SECTION 3. **SECTION 20A-1-104** IS ENACTED TO READ:

98          **20A-1-104.  Repeal of certain provisions.**

99          All acts and parts of acts related to the nomination or election of candidates for elective

100    office that were enacted between November 1, 2017 and the enactment of this Section are hereby

101    repealed, to the extent they conflict with the text or purpose of the Direct Primary Election

102    Initiative of 2018.  This Section is intended solely to prevent the Legislature's potential

103    interference in the initiative process and to preserve the ability of the People of the State of Utah

104    to express their will as to the nomination and election of candidates for elective office through

105    the Direct Primary Election Initiative of 2018. This Section shall not be construed to alter the

106    power given to the Legislature under Section 20A-7-212(3)(b).

107

108          SECTION 4. **SECTION 20A-1-201.5** IS AMENDED TO READ:

109          **20A-1-201.5.  Primary election dates.**

110          (1) A regular primary election shall be held throughout the state on the first [fourth]

111    Tuesday of June of each even numbered year as provided in Section 20A-9-403[, 20A-9-407, or

112    20A-9-408, as applicable,] to nominate persons for:

113          (a) national, state, school board, and county offices; and

114          (b) offices for a metro township, city, or town incorporated under Section 10-2a-404.

115          …

116

117        SECTION 5.  **SECTION 20A-3-308** IS AMENDED TO READ:

118        **20A-3-308.   Absentee ballots in the custody of poll workers—Disposition—Notice.**

119        …

120        (5)(a) If the election officer rejects an individual's absentee ballot because the election

121 officer determines that the signature on the ballot does not match the individual's signature that is

122 maintained on file, the election officer shall contact the individual in accordance with Subsection

123 (7) by mail, email, text message, or phone, and inform the individual:

124                (i) that the individual's signature is in question;

125                (ii) how the individual may resolve the issue;

126                (iii) that, in order for the ballot to be counted, the individual is required to deliver

127 to the election officer a correctly completed affidavit, provided by the county clerk, that meets

128 the requirements described in Subsection (5)(b).

129        (b) An affidavit described in Subsection (5)(a)(iii) shall include:

130                (i) an attestation that the individual voted the absentee ballot;

131                (ii) a space for the individual to enter the individual's name, date of birth, and

132 driver license number or the last four digits of the individual's social security number;

133                (iii) a space for the individual to sign the affidavit; and

134                (iv) a statement that, by signing the affidavit, the individual authorizes the

135 lieutenant governor's and county clerk's use of the individual's signature on the affidavit for voter

136 identification purposes.

6

137    (c) In order for an individual described in Subsection (5)(a) to have the individual's ballot

138    counted, the individual shall deliver the affidavit described in Subsection (5)(b) to the election

139    officer <u>no later than the end of the business day before the election canvass</u>.

140    (d) An election officer who receives a signed affidavit under Subsection (5)(c) shall

141    immediately:

142    (i) scan the signature on the affidavit electronically and keep the signature on file

143    in the statewide voter registration database developed under Section 20A-2-109; and

144    (ii) if the canvass has not concluded, count the individual's ballot.

145    (6) An election officer who rejects an individual's absentee ballot for any reason, other

146    than the reason described in Subsection (5)(a), shall notify the individual of the rejection in

147    accordance with Subsection (7) by mail, email, text message, or phone and specify the reason for

148    the rejection.

149    (7) An election officer who is required to give notice under Subsection (5) or (6) shall

150    give the notice no later than:

151    (a) if the election officer rejects the absentee ballot before election day:

152    (i) one business day after the day on which the election officer rejects the absentee

153    ballot, if the election officer gives the notice by email or text message; or

154    (ii) two business days after the day on which the election officer rejects the

155    absentee ballot, if the election officer gives the notice by postal mail or phone;

156    (b) [~~seven days after election~~] <u>the</u> day <u>prior to the canvass,</u> if the election officer rejects

157    the absentee ballot on election day; or

158    (c) seven days after the canvass if the election officer rejects the absentee ballot after

159    election day and before the end of the canvass.

7

160 …

161

162 SECTION 6. **SECTION 20A-4-301** IS AMENDED TO READ:

163 **20A-4-301. Board of canvassers.**

164 (1)(a) Each county legislative body is the board of county canvassers for:

165 (i) the county; and

166 (ii) each local district whose election is conducted by the county if:

167 (A) the election relates to the creation of the local district;

168 (B) the county legislative body serves as the governing body of the local

169 district; or

170 (C) there is no duly constituted governing body of the local district.

171 (b) The board of county canvassers shall meet to canvass the returns at the usual place of

172 meeting of the county legislative body, at a date and time determined by the county clerk that,

173 for a regular primary election or runoff election is seven days after the election, and for a regular

174 general election or other type of election is no sooner than seven days after the election and no

175 later than 14 days after the election.

176 (c) If one or more of the county legislative body fails to attend the meeting of the board

177 of county canvassers, the remaining members shall replace the absent member by appointing in

178 the order named:

179 (i) the county treasurer;

180 (ii) the county assessor; or

181 (iii) the county sheriff.

8

182        (d) Attendance of the number of persons equal to a simple majority of the county

183    legislative body, but not less than three persons, shall constitute a quorum for conducting the

184    canvass.

185        (e) The county clerk is the clerk of the board of county canvassers.

186        …

187

188        SECTION 7.  **SECTION 20A-4-306** IS AMENDED TO READ:

189        **20A-4-306.   Statewide canvass.**

190        …

191        (5)(a) At noon on the [fourth Monday] ninth day after the regular primary election, the

192    lieutenant governor shall:

193            (i) canvass the returns for all multicounty candidates required to file with the

194    office of the lieutenant governor; and

195            (ii) publish and file the results of the canvass in the lieutenant governor's office.

196        (b) Not later than the [August 1] tenth day after the primary election, the lieutenant

197    governor shall certify the results of:

198            (i) the primary canvass, except for the office of President of the United States, to

199    the county clerks; and

200            (ii) the primary canvass for the office of President of the United States to each

201    registered political party that participated in the primary.

202

203        SECTION 8.  **SECTION 20A-4-401** IS AMENDED TO READ:

204        **20A-4-401.   Recounts--Procedure.**

9

205   (1)(a) Except as provided in Subsection (1)(b), for a race between candidates, if the

206 difference between the number of votes cast for a winning candidate in the race and a losing

207 candidate in the race is equal to or less than .25% of the total number of votes cast for all

208 candidates in the race, that losing candidate may file a request for a recount in accordance with

209 Subsection (1)(c).

210   (b) For a race between candidates where the total of all votes cast in the race is 400 or

211 less, if the difference between the number of votes cast for a winning candidate in the race and a

212 losing candidate in the race is one vote, that losing candidate may file a request for a recount in

213 accordance with Subsection (1)(c).

214   (c) A candidate who files a request for a recount under Subsection (1)(a) or (b) shall file

215 the request:

216    (i) for a municipal primary election, with the municipal clerk, within three days

217 after the canvass; or

218    (ii) for all other elections, within [seven] <u>two</u> days after the canvass with:

219     (A) the municipal clerk, if the election is a municipal general election;

220     (B) the local district clerk, if the election is a local district election;

221     (C) the county clerk, for races voted on entirely within a single county; or

222     (D) the lieutenant governor, for statewide races and multicounty races.

223  (d) The election officer shall:

224    (i) supervise the recount;

225    (ii) recount all ballots cast for that race;

226    (iii) reexamine all unopened absentee ballots to ensure compliance with Chapter

227 3, Part 3, Absentee Voting;

228                (iv) for a race where only one candidate may win, declare elected the candidate

229    who receives the highest number of votes on the recount; and

230                (v) for a race where multiple candidates may win, declare elected the applicable

231    number of candidates who receive the highest number of votes on the recount.

232    …

233

234    SECTION 9.  **SECTION 20A-4-403** IS AMENDED TO READ:

235    **20A-4-403.   Election contest—Petition and response.**

236    (1)(a) In contesting the results of all elections, except for primary elections, <u>runoff</u>

237    <u>elections,</u> and bond elections, a registered voter shall contest the right of any person declared

238    elected to any office by filing a verified written complaint with the district court of the county in

239    which he resides within 40 days after the canvass.

240    (b) The complaint shall include:

241                (i) the name of the party contesting the election;

242                (ii) a statement that the party is a registered voter in the jurisdiction in which the

243    election was held;

244                (iii) the name of the person whose right to the office is contested;

245                (iv) the office to which that person was ostensibly elected;

246                (v) one or more of the grounds for an election contest specified in Section 20A-4-

247    402;

248                (vi) the person who was purportedly elected to the office as respondent; and

249    (vii) if the reception of illegal votes or the rejection of legal votes is alleged as a

250    ground for the contest, the name and address of all persons who allegedly cast illegal votes or

251    whose legal vote was rejected.

252    (c) When the reception of illegal votes or the rejection of legal votes is alleged as a cause

253    of contest, it is sufficient to state generally that:

254    (i) illegal votes were given in one or more specified voting precincts to a person

255    whose election is contested, which, if taken from him, would reduce the number of his legal

256    votes below the number of legal votes given to some other person for the same office; or

257    (ii) that legal votes for another person were rejected, which, if counted, would

258    raise the number of legal votes for that person above the number of legal votes cast for the

259    person whose election is contested.

260    (d)(i) The court may not take or receive evidence of any of the votes described in

261    Subsection (1)(c) unless the party contesting the election delivers to the opposite party, at least

262    three days before the trial, a written list of the number of contested votes and by whom the

263    contested votes were given or offered, which he intends to prove at trial.

264    (ii) The court may not take or receive any evidence of contested votes except

265    those that are specified in that list.

266    (2)(a) In contesting the results of a primary election, <u>when contesting the results of a</u>

267    <u>runoff election, or</u> when contesting the petition nominating an independent candidate, [~~or when~~

268    ~~challenging any person, election officer, election official, board, or convention for failing to~~

269    ~~nominate a person~~], a registered voter shall contest the right of any person declared nominated to

270    any office by filing a verified written complaint within [~~10~~] <u>two</u> days after the date of the

12

271    canvass for the [~~primary~~] election, <u>or 10 days</u> after the date of filing of the petition, [~~or after the~~

272    ~~date of the convention, respectively,~~] with:

273            (i) the district court of the county in which he resides if he is contesting a

274    nomination made only by voters from that county; or

275            (ii) the Utah Supreme Court, if he is contesting a nomination made by voters in

276    more than one county.

277       (b) The complaint shall include:

278            (i) the name of the party contesting the nomination;

279            (ii) a statement that the contesting party is a registered voter in the jurisdiction in

280    which the election was held;

281            (iii) the name of the person whose right to nomination is contested or the name of

282    the person who failed to have their name placed in nomination;

283            (iv) the office to which that person was nominated or should have been

284    nominated;

285            (v) one or more of the grounds for an election contest specified in Subsection (1);

286            (vi) the person who was purportedly nominated to the office as respondent; and

287            (vii) if the reception of illegal votes or the rejection of legal votes is alleged as a

288    ground for the contest, the name and address of all persons who allegedly cast illegal votes or

289    whose legal vote was rejected.

290       (c) When the reception of illegal votes or the rejection of legal votes is alleged as a cause

291    of contest, it is sufficient to state generally that:

13

292       (i) illegal votes were given to a person whose election is contested, which, if taken

293    from him, would reduce the number of his legal votes below the number of legal votes given to

294    some other person for the same office; or

295       (ii) legal votes for another person were rejected, which, if counted, would raise

296    the number of legal votes for that person above the number of legal votes cast for the person

297    whose election is contested.

298    (d)(i) The court may not take or receive evidence of any the votes described in

299    Subsection (2)(c), unless the party contesting the election delivers to the opposite party, at least

300    three days before the trial, a written list of the number of contested votes and by whom the

301    contested votes were given or offered, which he intends to prove at trial.

302       (ii) The court may not take or receive any evidence of contested votes except

303    those that are specified in that list.

304    …

305

306    SECTION 10.  **SECTION 20A-5-101** IS AMENDED TO READ:

307    **20A-5-101.  Notice of election.**

308    (1) On or before [November 15] October 1 in the year before each regular general

309    election year, the lieutenant governor shall prepare and transmit a written notice to each county

310    clerk that:

311    (a) designates the offices to be filled at the next year's regular general election;

312    (b) identifies the dates for filing a declaration of candidacy, and for submitting and

313    certifying nomination petition signatures, as applicable, under Section[s] 20A-9-403[, 20A-9-

314    407, and 20A-9-408] for those offices;

315        (c) includes the master ballot position list for the next year and the year following [as

316  established under Section 20A-6-305], if available; and

317        (d) contains a description of any ballot propositions to be decided by the voters that have

318  qualified for the ballot as of that date.

319        …

320

321        SECTION 11.  **SECTION 20A-5-411** IS ENACTED TO READ:

322        **20A-5-411.   Candidate appearance with partisan affiliation on ballot of regular**

323  **general election.**

324        (1) Notwithstanding any other provision of law, the name of a candidate for elective

325  office shall not appear on the ballot for a regular general election as affiliated with, endorsed by,

326  nominated by, or otherwise associated with any political party, any political group, or any other

327  group of any kind, unless the candidate has been nominated by a registered political party as a

328  presidential or vice presidential candidate or unless the candidate has been nominated by a

329  registered political party pursuant to the direct primary election or unopposed candidate

330  processes set forth at Subsection 20A-9-403(5).

331        (2) Each election officer shall ensure compliance with the requirement described in

332  Subsection (1).

333

334        SECTION 12.  **SECTION 20A-6-203** IS AMENDED TO READ:

335        **20A-6-203. Ballots for regular primary elections.**

336        …

15

337          (3) Notwithstanding any other provision of law, a filing officer shall not include any

338    marking, insignia, or other feature within the format of a regular primary election ballot that

339    would cause a voter to view a candidate for elective office of a registered political party more

340    positively or negatively than another candidate from that registered political party.

341

342          SECTION 13.  **SECTION 20A-8-103** IS AMENDED TO READ:

343          **20A-8-103.    Petition procedures--Criminal penalty.**

344          …

345          (2) To become a registered political party, an organization of registered voters that is not

346    a continuing political party shall:

347          (a) circulate a petition seeking registered political party status beginning no earlier than

348    the date of the statewide canvass held after the last regular general election and ending no later

349    than November 30 of the year before the year in which the next regular general election will be

350    held;

351          (b) file a petition with the lieutenant governor that is signed, with a holographic signature,

352    by at least 2,000 registered voters on or before November 30 of the year in which a regular

353    general election will be held; and

354          (c) file, with the petition described in Subsection (2)(b), a document certifying:

355                (i) the identity of one or more registered political parties whose members may

356    vote for the organization's candidates;

357                (ii) whether unaffiliated voters may vote for the organization's candidates; and

358                (iii) whether, for the next election, the organization intends to nominate the

359    organization's candidates in accordance with the provisions of Section [20A-9-406] 20A-9-403.

16

360    …

361

362        SECTION 14.  **SECTION 20A-9-101** IS AMENDED TO READ:

363        **20A-9-101.   Definitions.**

364                …

365        (12) "Registered political party" means the same as that term is defined in Section 20A-8-

366    101. [(12) "Qualified political party" means a registered political party that:

367        (a)        (i) permits a delegate for the registered political party to vote on a candidate

368        nomination in the registered political party's convention remotely; or

369                (ii) provides a procedure for designating an alternate delegate if a delegate is not

370                present at the registered political party's convention;

371        (b) does not hold the registered political party's convention before the fourth Saturday in

372        March of an even-numbered year;

373        (c) permits a member of the registered political party to seek the registered political

374    party's nomination for any elective office by the member choosing to seek the nomination by

375    either or both of the following methods:

376                (i) seeking the nomination through the registered political party's convention

377    process, in accordance with the provisions of Section 20A-9-407; or

378                (ii) seeking the nomination by collecting signatures, in accordance with the

379    provisions of Section 20A-9-408; and

380        (d)        (i) if the registered political party is a continuing political party, no later than 5

381    p.m. on September 30 of an odd-numbered year, certifies to the lieutenant governor that, for the

17

382    ~~election in the following year, the registered political party intends to nominate the registered~~

383    ~~political party's candidates in accordance with the provisions of Section 20A-9-406; or~~

384    ~~(ii) if the registered political party is not a continuing political party, certifies at~~

385    ~~the time that the registered political party files the petition described in Section 20A-8-103 that,~~

386    ~~for the next election, the registered political party intends to nominate the registered political~~

387    ~~party's candidates in accordance with the provisions of Section 20A-9-406.]~~

388

389    SECTION 15.  **SECTION 20A-9-202** IS AMENDED TO READ:

390    **20A-9-202.   Declarations of candidacy for regular general elections.**

391    (1)(a) Each person seeking to become a candidate for an elective office that is to be filled

392    at the next regular general election shall:

393    (i) file a declaration of candidacy in person with the filing officer on or after

394    January 1 of the regular general election year, [~~and, if applicable,~~] or before the candidate

395    circulates nomination petitions under Section 20A-9-405; and

396    (ii) pay the filing fee.

397    (b) Each county clerk who receives a declaration of candidacy from a candidate for

398    multicounty office shall transmit the filing fee and a copy of the candidate's declaration of

399    candidacy to the lieutenant governor within one working day after it is filed.

400    (c) Each day during the filing period, each county clerk shall notify the lieutenant

401    governor electronically or by telephone of candidates who have filed in their office.

402    (d) Each person seeking the office of lieutenant governor, the office of district attorney,

403    or the office of president or vice president of the United States shall comply with the specific

404    declaration of candidacy requirements established by this section.

18

405        (2)(a) Each person intending to become a candidate for the office of district attorney

406    within a multicounty prosecution district that is to be filled at the next regular general election

407    shall:

408            (i) file a declaration of candidacy with the clerk designated in the interlocal

409    agreement creating the prosecution district on or after January 1 of the regular general election

410    year, and before the candidate circulates nomination petitions under Section 20A-9-405; and

411            (ii) pay the filing fee.

412        (b) The designated clerk shall provide to the county clerk of each county in the

413    prosecution district a certified copy of each declaration of candidacy filed for the office of

414    district attorney.

415        (3)(a) [On or before 5 p.m. on the first Monday after the third Saturday in April] At least

416    five days prior to the date specified in Subsection 20A-9-403(d)(ii), each lieutenant governor

417    candidate shall:

418            (i) file a declaration of candidacy with the lieutenant governor;

419            (ii) pay the filing fee; and

420            (iii) submit a letter from a candidate for governor who has [received certification]

421    qualified or attempted to qualify for the primary-election ballot under Section 20A-9-403 that

422    names the lieutenant governor candidate as a joint-ticket running mate.

423        (b) Any candidate for lieutenant governor who fails to timely file is disqualified. If a

424    lieutenant governor is disqualified, another candidate shall file to replace the disqualified

425    candidate.

426        …

427

19

428        SECTION 16.  **SECTION 20A-9-403** IS AMENDED TO READ:

429        **20A-9-403.   Regular primary elections and post-primary runoff elections.**

430        (1)(a) Candidates for elective office that are to be filled at the next regular general

431   election shall be nominated in a regular primary election by direct vote of the people in the

432   manner prescribed in this section.  The first [fourth] Tuesday of June of each even-numbered

433   year is designated as regular primary election day. Nothing in this section shall affect a

434   candidate's ability to qualify for a regular general election's ballot as an unaffiliated candidate

435   under Section 20A-9-501 or to participate in a regular general election as a write-in candidate

436   under Section 20A-9-601.

437        (b) Each registered political party that chooses to have the names of the registered

438   political party's candidates for elective office featured with party affiliation on the ballot at a

439   regular general election shall comply with the requirements of this section and shall nominate the

440   registered political party's candidates for elective office in the manner described in this section.

441        (c) A filing officer may not permit an official ballot at a regular general election to be

442   produced or used if the ballot denotes affiliation between a registered political party or any other

443   political group and a candidate for elective office who is not nominated in the manner prescribed

444   in this section or, in the case of a presidential or vice presidential candidate, in Subsection 20A-

445   9-202(4).

446        (d) Unless noted otherwise, the dates in this section refer to those that occur in each even-

447   numbered year in which a regular general election will be held.

448        (2)(a) Each registered political party, in a statement filed with the lieutenant governor,

449   shall:

450    (i) [either] declare either that the registered political party intends [party's intent]

451    to participate in the next regular primary election or [declare] that the registered political party

452    chooses not to have the names of the registered political party's candidates for elective office

453    featured on the ballot at the next regular general election; and

454    (ii) if the registered political party participates in the upcoming regular primary

455    election, identify one or more registered political parties whose members may vote for the

456    registered political party's candidates and whether individuals identified as unaffiliated with a

457    political party may vote for the registered political party's candidates.

458    (b)    (i) A registered political party that is a continuing political party shall file the

459    statement described in Subsection (2)(a) with the lieutenant governor no later than 5 p.m. on

460    [November] September 30 of each odd-numbered year.

461    (ii) An organization that is seeking to become a registered political party under

462    Section 20A-8-103 shall file the statement described in Subsection (2)(a) at the time that the

463    registered political party files the petition described in Section 20A-8-103.

464    (3)(a) Except as provided in Subsection (3)(e), an individual who submits a declaration of

465    candidacy under Section 20A-9-202 shall appear as a candidate for elective office on the regular

466    primary ballot of the registered political party listed on the declaration of candidacy only if the

467    individual is featured on a listing of candidates for the regular primary election ballot that a

468    registered political party submits to the appropriate filing officer no later than 5 p.m. on the first

469    business day in March or if the individual is certified by the appropriate filing officer as having

470    submitted a set of nomination petitions that was:

471    (i) circulated and completed in accordance with Section 20A-9-405; and

472    (ii) signed by at least [2%] 1% of the registered political party's members who

473    reside in the political division of the office that the individual seeks.

474    (b)    (i) A candidate for elective office shall submit nomination petitions to the

475    appropriate filing officer for verification and certification no later than 5 p.m. on the [final day]

476    first business day in March.

477    (ii) A candidate may supplement the candidate's submissions at any time on or

478    before the filing deadline.

479    (c)    (i) The lieutenant governor shall determine for each elective office the total

480    number of signatures that must be submitted under Subsection (3)(a)(ii) by counting the

481    aggregate number of individuals residing in each elective office's political division who have

482    designated a particular registered political party on the individuals' voter registration forms on or

483    before [November 15] September 15 of each odd-numbered year, in the case of a registered

484    political party, and on or before December 15, in the case of a newly registered political party.

485    (ii) The lieutenant governor shall publish the determination for each elective

486    office no later than [November 30] October 1 of each odd-numbered year.

487    (d) The filing officer shall:

488    (i) verify signatures on nomination petitions in a transparent and orderly manner;

489    (ii) for all qualifying candidates for elective office who submit nomination

490    petitions to the filing officer, issue certifications referenced in Subsection (3)(a) no later than 5

491    p.m. on the first [Monday after the third Saturday] business day in April;

492    (iii) consider active and inactive voters eligible to sign nomination petitions;

493    (iv) consider an individual who signs a nomination petition a member of a

494    registered political party for purposes of Subsection (3)(a)(ii) if the individual has designated that

22

495    registered political party as the individual's party membership on the individual's voter

496    registration form; and

497                (v) utilize procedures described in Section 20A-7-206.3 to verify submitted

498    nomination petition signatures, or use statistical sampling procedures to verify submitted

499    nomination petition signatures in accordance with rules made under Subsection (3)(f).

500        (e) Notwithstanding any other provision in this Subsection (3), a candidate for lieutenant

501    governor may appear on the regular primary ballot of a registered political party without

502    submitting nomination petitions if the candidate files a declaration of candidacy and complies

503    with Subsection 20A-9-202(3).

504        (f) In accordance with Title 63G, Chapter 3, Utah Administrative Rulemaking Act, the

505    director of elections, within the Office of the Lieutenant Governor, [shall] may make rules that:

506                (i) provide for the use of statistical sampling procedures that: (A) filing officers

507    are required to use to verify signatures under Subsection (3)(d); and (B) reflect a bona fide effort

508    to determine the validity of a candidate's entire submission, using widely recognized statistical

509    sampling techniques; and

510                (ii) provide for the transparent, orderly, and timely submission, verification, and

511    certification of nomination petition signatures.

512        (g) The county clerk shall:

513                (i) review the declarations of candidacy filed by candidates for local boards of

514    education to determine if more than two candidates have filed for the same seat;

515                (ii) place the names of all candidates who have filed a declaration of candidacy

516    for a local board of education seat on the nonpartisan section of the ballot if more than two

517    candidates have filed for the same seat; and

518           (iii) determine the order of the local board of education candidates' names on the

519    ballot in accordance with Section 20A-6-305.

520        (4)(a) By 5 p.m. [on the first Wednesday after the third Saturday in April] no later than

521    two business days following the date specified in Subsection (3)(d)(ii), the lieutenant governor

522    shall provide to the county clerks:

523           (i) a list of the names of all candidates for federal, constitutional, multi-county,

524    single county, and county offices who have [received certifications] qualified for the regular

525    primary election ballot under Subsection (3), along with instructions on how those names shall

526    appear on the primary election ballot in accordance with Section 20A-6-305; and

527           (ii) a list of unopposed candidates for elective office who have been nominated by

528    a registered political party under Subsection [(5)(e)] (5)(e) and instruct the county clerks to

529    exclude the unopposed candidates from the primary election ballot.

530        (b) A candidate for lieutenant governor and a candidate for governor campaigning as

531    joint-ticket running mates shall appear jointly on the primary election ballot.

532        (c) After the county clerk receives the certified list from the lieutenant governor under

533    Subsection (4)(a), the county clerk shall post or publish a primary election notice in substantially

534    the following form: "Notice is given that a primary election will be held Tuesday, June ____,

535    _____(year), to nominate party candidates for the parties and candidates for nonpartisan local

536    school board positions listed on the primary ballot. The polling place for voting precinct ____ is

537    ____. The polls will open at 7 a.m. and continue open until 8 p.m. of the same day. Attest:

538    county clerk."

539        (5)(a) A candidate, other than a presidential candidate, who, at the regular primary

540    election, receives the highest number of votes cast for the office sought by the candidate is:

24

541         (i) nominated for that office by the candidate's registered political party <u>if the</u>

542  <u>candidate receives more than 35% of the votes cast for that political party for that office in the</u>

543  <u>regular primary election;</u> or

544         (ii) for a nonpartisan local school board position, nominated for that office.

545     <u>(b) If no candidate for an elective office is nominated by a registered political party</u>

546  <u>pursuant to Subsection (5)(a)(i) in a race where three or more candidates appeared on the regular</u>

547  <u>primary election ballot, an election officer shall conduct a runoff election to determine the</u>

548  <u>party's nominee for that office between the two candidates in the same registered political party</u>

549  <u>who received the highest number of votes in the regular primary election.</u>

550     <u>(c) For a runoff election described in Subsection (5)(b):</u>

551         <u>(i) the candidate who, at the runoff election, receives the highest number of votes</u>

552  <u>cast for the office sought by the candidate is nominated for that office by the candidate's</u>

553  <u>registered political party;</u>

554         <u>(ii) the election officer shall give notice of the runoff election pursuant to rules</u>

555  <u>made by the director of elections within the Office of the Lieutenant Governor in accordance</u>

556  <u>with Title 63G, Chapter 3, Utah Administrative Rulemaking Act;</u>

557         <u>(iii) the election officer shall hold the runoff election on the second Tuesday</u>

558  <u>following the first Monday in August;</u>

559         <u>(iv) the election officer shall conduct the election entirely by absentee ballot in</u>

560  <u>accordance with Section 20A-3-302;</u>

561         <u>(v) the county canvass is seven days after the day of the runoff election;</u>

562         <u>(vi) the lieutenant governor's canvass of federal, statewide, and multicounty</u>

563  <u>elections is nine days after the day of the runoff election;</u> and

564        (vii) the director of elections within the Office of the Lieutenant Governor may

565  make rules in accordance with Title 63G, Chapter 3, Utah Administrative Rulemaking Act in

566  order to ensure this runoff election is conducted in a lawful, timely, proper, and efficient manner.

567        [(b)] (d) If two or more candidates, other than presidential candidates, are to be elected to

568  the office at the regular general election, those party candidates equal in number to positions to

569  be filled who receive the highest number of votes at the regular primary election are the

570  nominees of the candidates' party for those positions.

571        [(c)](e)(i) As used in this Subsection (5)[(c)](e) a candidate is "unopposed" if: (A) no

572  individual other than the candidate [receives a certification] qualifies under Subsection (3) for

573  the regular primary election ballot of the candidate's registered political party for a particular

574  elective office; or (B) for an office where more than one individual is to be elected or nominated,

575  the number of candidates who [receive certification] qualify under Subsection (3) for the regular

576  primary election of the candidate's registered political party does not exceed the total number of

577  candidates to be elected or nominated for that office.

578        (ii) A candidate who is unopposed for an elective office in the regular primary

579  election of a registered political party is nominated by the party for that office without appearing

580  on the primary election ballot.

581        (6)(a) When a tie vote occurs in any primary or runoff election for any national, state, or

582  other office that represents more than one county, the governor, lieutenant governor, and attorney

583  general shall, at a public meeting called by the governor and in the presence of the candidates

584  involved, select the nominee by lot cast in whatever manner the governor determines.

585        (b) When a tie vote occurs in any primary or runoff election for any county office, the

586  district court judges of the district in which the county is located shall, at a public meeting called

26

587    by the judges and in the presence of the candidates involved, select the nominee by lot cast in

588    whatever manner the judges determine.

589         (7) The expense of providing all ballots, blanks, or other supplies to be used at any

590    primary or runoff election provided for by this section, and all expenses necessarily incurred in

591    the preparation for or the conduct of that primary election shall be paid out of the treasury of the

592    county or state, in the same manner as for the regular general elections.

593         (8) An individual may not file a declaration of candidacy for a registered political party

594    of which the individual is not a member, except to the extent that the registered political party

595    permits otherwise under the registered political party's bylaws. Notwithstanding any other

596    provision of law, an election officer or filing officer shall consider an individual a member of a

597    registered political party for purposes of determining the sufficiency of a declaration of

598    candidacy if the individual has designated that registered political party as the individual's party

599    membership on the individual's voter registration form at the time of filing and if the individual

600    has not designated another registered political party as the individual's party membership on the

601    individual's voter registration form during the past four years.

602

603         SECTION 17.  **SECTION 20A-9-405** IS AMENDED TO READ:

604         **20A-9-405.   Nomination petitions for regular primary elections.**

605         (1) This section shall apply to the form and circulation of nomination petitions for regular

606    primary elections described in Subsection 20A-9-403(3)(a).

607         (2) A candidate for elective office, and the agents of the candidate, may not circulate

608    nomination petitions until the candidate has submitted a declaration of candidacy in accordance

609    with Subsection 20A-9-202(1) or filed a declaration of candidacy as advance notification to the

27

610    filing officer of an intention to circulate nomination petitions, which may be given any time after

611    October 1st of the year prior to a regular primary election.

612    …

613

614            SECTION 18.  SECTIONS **20A-9-406**, **20A-9-407**, **20A-9-408**, **20A-9-408.5**, **20A-9-**

615    **409**, AND **20A-9-411** ARE REPEALED.

616

617                      END OF DIRECT PRIMARY ELECTION INITIATIVE

618

619            Persons gathering signatures for the petition may be paid for doing so.

**GOVERNOR'S OFFICE OF MANAGEMENT AND BUDGET**

KRISTEN COX
*Executive Director*

**State of Utah**

**GARY R. HERBERT**
*Governor*

**SPENCER J. COX**
*Lieutenant Governor*

November 16, 2017

Lieutenant Governor Cox,

Submitted below is the Governor's Office of Management and Budget's fiscal estimate for the Count My Vote Initiative (the recent changes to the initiative language have had no impact on the original fiscal note):

> The Governor's Office of Management and Budget estimates the law proposed by this initiative would result in a total fiscal expense of up to $3.35 million every two years, including costs for runoff elections (up to $2.9 million), additional primary elections (up to $400,000), and signature verification and miscellaneous costs (approximately $50,000). Candidate and voter behavior may change these estimates.

> In addition, the cost of posting information regarding the proposed initiative in Utah's statewide newspapers and for printing the additional pages in the voter information pamphlet is estimated at $30,000 in one-time funds.

Should you have any questions, please contact Phil Dean, Budget Director and Chief Economist, at (801) 538-1714.

Sincerely,

Kristen Cox
Executive Director



OFFICE OF THE LIEUTENANT GOVERNOR

## 2018 STATEWIDE INITIATIVES

I, Spencer J. Cox, Lieutenant Governor, do hereby declare the DIRECT PRIMARY ELECTION initiative insufficient to be submitted to the voters of Utah for their approval or rejection.



IN WITNESS WHEREOF,
I have hereunto set my hand and affixed the Great Seal of the State of Utah at Salt Lake City, this 29th day of May, 2018.

Spencer J. Cox
Lieutenant Governor