FILED
2025 OCT 14 PM 12:45
CLERK
U.S. DISTRICT COURT

Tracie Halvorsen
Petitioner Pro Se
138 E 12300 S
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH

| | |
|---|---|
| TRACIE HALVORSEN, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> SPENCER COX, et. al, <br><br> Defendants | **PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION UNDER RULE 65** <br><br> Case No. <br><br> Judge: <br><br> Case: 2:25-cv-00909 <br> Assigned To : Bennett, Jared C. <br> Assign. Date : 10/14/2025 |

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs Tracie Halvorsen, Sophie Anderson, Nancy Inman, Steven Huber, Wayne Wickizer, and Daniel Newby move this Court for a preliminary injunction to enjoin Defendants Spencer Cox, Deidre Henderson, Robert Axson, Curtis Bramble, Daniel McCay, Brian McKenzie, Matthew Durrant, Kim Coleman, Chris Null, and the State of Utah from certifying candidates for Utah Republican Party (URP) nominations who use the signature-gathering method under Utah Code § 20A-9-408, in violation of URP bylaws and Utah election laws, and for additional relief as outlined below, pending the resolution of this action.

**I.      INTRODUCTION**

1. Plaintiffs, comprising URP delegates, members, unaffiliated voters, and a non-voting citizen, bring this action alleging a racketeering enterprise orchestrated by Defendants to manipulate Utah's election laws from 2016 to 2024. Defendants allegedly certified candidates, including Defendant Cox, who sought URP nominations through signature-gathering under Utah Code § 20A-9-408, despite URP bylaws mandating a delegate-driven convention process under Utah Code § 20A-9-407, as permitted by § 20A-9-403(13)(c). These actions are alleged to violate Utah Code § 20A-9-401(2), which protects URP's internal procedures, and infringe Plaintiffs' First Amendment associational rights, Fourteenth Amendment due process and equal protection rights, and the Guarantee Clause (U.S. Const. art. IV, § 4). The enterprise's predicate acts of mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343) nullified the 2024 URP convention results, including Phil Lyman's 67.54% delegate vote for governor and Trent Staggs' 69.74% vote for U.S. Senate, causing irreparable constitutional, financial, and reputational injuries actionable under 18 U.S.C. § 1964 and 42 U.S.C. §§ 1983, 1985, and 1986.

2. Plaintiffs seek a preliminary injunction to prevent Defendants from certifying candidates who bypass the URP's delegate-driven process, to preserve evidence, to disqualify the Utah Attorney General's Office from representing Defendants, to prohibit intimidation and harassment, to restrict interference with URP internal affairs, and to prohibit the use of public and party funds for Defendants' legal fees, thereby preserving the integrity of Utah's republican form of government and protecting Plaintiffs' constitutional rights pending the resolution of this case.

## II.     LEGAL STANDARD

3. Under Rule 65 of the Federal Rules of Civil Procedure, a preliminary injunction may be granted if the moving party demonstrates: (1) a substantial likelihood of success on the

merits; (2) irreparable harm absent the injunction; (3) that the balance of equities favors the movant; and (4) that the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiffs satisfy each prong.

### III.     ARGUMENT

#### A.  Plaintiffs Have a Substantial Likelihood of Success on the Merits

4.  Plaintiffs are likely to succeed on their claims under 42 U.S.C. §§ 1983, 1985, 1986, and 18 U.S.C. § 1964, as well as their constitutional claims under the First Amendment, Fourteenth Amendment, and Guarantee Clause.

5.  As Justice Tymkovich warned in his dissenting opinion of *Utah Republican Party v. Cox*, 885 F.3d 1219, 1252 (10th Cir. 2018), which applies today: "procedure can have enormous substantive repercussions... The law is, in effect, a sort of state-created majority veto over the candidates a party selects through its carefully crafted convention process. And it gives aspiring candidates license to ignore a party's chosen convention procedures without ever having to convince other members to vote to change those procedures... Under Senate Bill 54, candidates can evade the scrutiny of delegates chosen at these meetings, ignoring the caucus system altogether. In effect, the new procedures transform the Party from a tight-knit community that chooses candidates deliberatively to a loosely affiliated collection of individuals who cast votes on a Tuesday in June,"

6.  **First Amendment Associational Rights**: As members of the URP, a qualified political party (QPP), members have the right to determine its nomination process under *Tashjian v. Republican Party of Conn.*, 479 U.S. 208 (1986), which protects political parties' associational rights to select candidates through their chosen methods. URP bylaws prohibit signature-gathering and mandate a delegate-driven convention process under Utah Code § 20A-

3

9-407, as permitted by § 20A-9-403(13)(c)'s "either or both" provision. Defendants' certification of candidates, such as Cox, who used signature-gathering under § 20A-9-408, violated Utah Code § 20A-9-401(2), which safeguards URP's internal procedures. This nullified the 2024 convention results (e.g., Lyman's 67.54% vote, Staggs' 69.74% vote, and candidates for Attorney General), infringing all Plaintiffs' First Amendment associational rights in the following ways:

    a. <u>Right to Associate with the URP and Select Its Nominees</u>: Class 1 and Class 2 Plaintiffs have a First Amendment right to associate with the URP and participate in selecting its nominees through the delegate-driven convention process, as protected by the First Amendment and supported by *Tashjian*. Class 1 Plaintiffs (URP delegates, including Tracie Halvorsen and Sophie Anderson) directly participated in the April 27, 2024, convention, exercising their right to nominate candidates such as Phil Lyman (67.54% for governor) and Trent Staggs (69.74% for U.S. Senate) to the general election ballot, and Frank Mylar (59.76% for Attorney General) and Rachel Terry to the URP's closed direct primary (Compl. ¶¶ 3, 6). Class 2 Plaintiffs (URP members, including Halvorsen, Anderson, Steven Huber, and Nancy Inman) participated in the March 5, 2024, caucus to elect delegates, asserting their associational right to influence nominee selection through the representative delegate process (Compl. ¶ 7). Defendants' certification of candidates who bypassed this process nullified these Plaintiffs' votes and participation, directly violating their right to associate with the URP and select its nominee

    b. <u>Right Not to Associate Until After the Convention</u>: Class 3 Plaintiff Wayne Wickizer, an unaffiliated voter, has a First Amendment right not to associate with

4

candidates until the general election ballot, when he may choose to support URP nominees or others. The Supreme Court has recognized that the right to associate includes the right not to associate (*Roberts v. United States Jaycees*, 468 U.S. 609, 623 (1984)). Defendants' unlawful certification of candidates via signature-gathering, in violation of Utah law and URP bylaws, forced Wickizer to confront candidates on the general ballot who were not selected through the state's convention process, undermining his right to delay association until the general election (Compl. ¶ 8). This interference coerced him into either associating with illegitimate candidates who lacked legitimate nomination to the general ballot or voting for a write-in candidate, such as Lyman, which faces significantly greater barriers to winning due to the procedural and practical challenges of write-in campaigns. This forced choice constitutes a direct violation of his First Amendment right not to associate.

    c.  <u>Right to Never Associate with Disqualified Candidates Unlawfully Occupying Office as Part of Free and Fair Elections:</u> All plaintiff classes (Classes 1–4) have a First Amendment right to never associate with disqualified candidates who are unlawfully occupying offices due to fraudulent certifications, as this right is integral to the guarantee of free and fair elections. The First Amendment's protection of political association encompasses the right to participate in an electoral process untainted by fraud, which ensures that only legitimate candidates hold office (*Tashjian*, 479 U.S. at 214–16; *Anderson v. Celebrezze*, 460 U.S. 780, 787–88 (1983) (state actions restricting ballot access can burden First Amendment rights)). By certifying candidates, such as Defendant Cox, who used signature-gathering in violation of URP Constitution and bylaws and Utah Code §§ 20A-9-401(2) and 20A-9-407, Defendants enabled disqualified individuals to

5

occupy offices through fraudulent misrepresentations of eligibility, directly undermining the integrity of Utah's electoral process (Compl. ¶¶ 2–3, 6–9). This forced association with disqualified officeholders, who wield authority without legitimate electoral mandate, violates Plaintiffs' First Amendment rights by compelling them to engage with a corrupted democratic system.

7. **Fourteenth Amendment Due Process and Equal Protection:** Defendants' actions deprived Plaintiffs of due process by undermining the URP's protected nomination process through the State's convention process, rendering Class 1 Plaintiffs' convention votes and Class 2 Plaintiffs' caucus participation meaningless. Class 3 Plaintiff Wickizer's right to associate with the URP nomination after convention was forced to by a write-in vote for Lyman which diluted his chance of winning, violating his right to a fair election under *Reynolds v. Sims*, 377 U.S. 533 (1964). Class 4 Plaintiff Newby's deliberate non-voting as a protest was undermined by Defendants' certification of disqualified candidates, violating his right to a fraud-free electoral process (*Wooley v. Maynard*, 430 U.S. 705 (1977)).

8. **Guarantee Clause**: Defendants' actions subverted Utah's republican form of government (U.S. Const. art. IV, § 4) by overriding the state's delegate-driven process, which embodies representative governance through elected delegates, as protected by Utah Code §§ 20A-9-101(13) and 20A-9-407.

9. **RICO Violations**: Defendants engaged in a pattern of racketeering activity through predicate acts of mail fraud (18 U.S.C. § 1341) via ballot mailings and wire fraud (18 U.S.C. § 1343) via deceptive social media and emails, misrepresenting candidate eligibility and nullifying the 2024 URP convention results. These acts caused financial (e.g., convention costs) and reputational (e.g., "extreme right-wing" labels) injuries, actionable under 18 U.S.C. § 1964.

6

### B. Plaintiffs Will Suffer Irreparable Harm Absent an Injunction

10. Absent an injunction, Plaintiffs will suffer irreparable harm to their Constitutional rights. The nullification of the 2024 URP convention results and ongoing certification of candidates who violate URP bylaws irreparably injures Class 1 and Class 2 Plaintiffs' First Amendment associational rights by denying their ability to participate in their chosen nomination process. Class 3 and Class 4 Plaintiffs face vote dilution and loss of electoral integrity, which cannot be adequately remedied by monetary damages. See *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (loss of constitutional rights constitutes irreparable harm). Additionally, the continued erosion of Utah's republican form of government inflicts ongoing harm to all Plaintiffs, as it undermines the foundational principles of representative governance. Further, without an order to preserve evidence, Defendants may destroy or alter critical records related to the alleged racketeering enterprise, hindering Plaintiffs' ability to prove their claims. Intimidation or harassment of Plaintiffs or URP members could further chill their exercise of Constitutional rights, and continued interference with URP internal affairs risks additional violations of associational rights.

### C. The Balance of Equities Favors Plaintiffs

11. The balance of equities strongly favors Plaintiffs. Enjoining Defendants from certifying candidates who bypass the state delegate-driven process under Utah Code 20A-9-407, preserving evidence, disqualifying the Utah Attorney General's Office, prohibiting intimidation and harassment, restricting interference with URP internal affairs, and prohibiting the use of public and party funds for Defendants' legal fees preserves the status quo by ensuring compliance with URP bylaws and Utah law. Defendants face minimal harm, as they are merely required to adhere to statutory and constitutional obligations. The Utah Attorney General's

Office has a conflict of interest, as its representation of Defendants, including those implicated in the alleged enterprise, may compromise its duty to uphold the public interest. Public and party funds should not be used to defend actions that allegedly exceed Defendants' authority or violate URP bylaws. In contrast, Plaintiffs face significant harm from the continued violation of their constitutional rights and the subversion of Utah's electoral process.

### D. An Injunction Is in the Public Interest

12. An injunction serves the public interest by upholding the integrity of Utah's electoral process and protecting the constitutional rights of its citizens. Ensuring that the State's delegate-driven nomination process under Utah Code § 20A-9-407 is respected aligns with the Guarantee Clause's mandate for a republican form of government. Preventing fraudulent certifications, preserving evidence, disqualifying conflicted counsel, prohibiting intimidation and harassment, restricting interference with URP internal affairs, and preventing misuse of public and party funds restore public confidence in elections and safeguard the democratic republic process for all Utah voters.

## IV.   REQUESTED RELIEF

Plaintiffs respectfully request that this Court issue a preliminary injunction:

13. Enjoining Defendants from certifying any candidates for URP nominations who use the signature-gathering method under Utah Code § 20A-9-408, in violation of URP bylaws mandating the delegate-driven convention process under Utah Code § 20A-9-407, pending resolution of this action.

14. Ordering Defendants to certify only those candidates nominated through the URP's delegate-driven convention process, as required by URP bylaws and Utah Code §§ 20A-9-401(2), 20A-9-407.

15. Ordering Defendants to preserve all evidence, including but not limited to documents, communications, and records related to candidate certifications, election processes, and the 2024 URP convention, to prevent spoliation and ensure a full and fair adjudication of Plaintiffs' claims.

16. Disqualifying the Utah Attorney General's Office from representing Defendants in this action, due to a conflict of interest arising from its obligation to uphold the public interest and the allegations that Defendants acted beyond their authority in violation of Utah law and URP bylaws.

17. Prohibiting Defendants, their agents, or any persons acting in concert with them, from engaging in intimidation or harassment of Plaintiffs, URP members, or delegates, to protect their First Amendment associational rights and prevent further chilling of their political participation.

18. Enjoining Defendants from interfering with the internal affairs of the URP, including but not limited to its delegate-driven nomination process, to preserve the URP's associational rights under the First Amendment and supported by *Tashjian v. Republican Party of Conn.*, 479 U.S. 208 (1986).

19. Prohibiting the use of public funds to pay legal fees or costs for Defendants who acted beyond their authority, as alleged, to prevent misuse of taxpayer resources in defending unlawful conduct.

20. Prohibiting the use of URP party funds to pay legal fees or costs for Defendant Axson or any other URP-affiliated Defendants who acted unlawfully in violation of URP bylaws, to prevent misuse of party resources.

21. Granting such other and further relief as the Court deems just and proper.

## V. CONCLUSION

22. Plaintiffs have demonstrated a substantial likelihood of success on the merits, irreparable harm, a favorable balance of equities, and that an injunction serves the public interest. Accordingly, this Court should grant a preliminary injunction to prevent Defendants from certifying candidates in violation of URP bylaws and Utah law, to preserve evidence, to disqualify the Utah Attorney General's Office, to prohibit intimidation and harassment, to restrict interference with URP internal affairs, and to prohibit the use of public and party funds for Defendants' legal fees, thereby protecting Plaintiffs' constitutional rights and Utah's republican form of government.

## VI. REPRESENATIONS TO THE COURT (Rule 11)

WE HEREBY CERTIFY that, under Federal Rule of Civil Procedure 11 and applicable local rules, the foregoing motion and memorandum in support is presented in good faith, for proper purposes, and based on existing law and factual support, and that to the best of our knowledge, information, and belief, formed after reasonable inquiry, the statements contained herein are true and correct.

Dated: October 14, 2025

| | |
|---|---|
| /s/ Tracie Halvorsen | /s/ Sophie Anderson |
| TRACIE HALVORSEN | SOPHIE ANDERSON |
| 138 East 12300 South | 138 East 12300 South |
| C275 | C275 |
| Draper, Utah 84020 | Draper, Utah 84020 |
| 801-688-3594 | 801-953-2841 |
| traciehalvorsen@outlook.com | jessandsophie03@yahoo.com |
| Plaintiff Pro Se | Plaintiff Pro Se |

| | |
|---|---|
| /s/ NANCY INMAN | /s/ STEVEN HUBER |
| | |
| NANCY INMAN | STEVEN HUBER |
| 138 East 12300 South | 138 East 12300 South |
| C275 | C275 |
| Draper, Utah 84020 | Draper, Utah 84020 |
| 916-396-4395 | 801-688-3594 |
| Nancyjinman@gmail.com | traciehalvorsen@outlook.com |
| Plaintiff Pro Se | Plaintiff Pro Se |
| | |
| /s/ WAYNE WICKIZER | /s/ DANIEL NEWBY |
| | |
| WAYNE WICKIZER | DANIEL NEWBY |
| 138 East 12300 South | 138 East 12300 South |
| C275 | C275 |
| Draper, Utah 84020 | Draper, Utah 84020 |
| 385-239-8326 | 801-949-3360 |
| justice@utahwtp.com | danieltrouble@protonmail.com |
| Plaintiff Pro Se | Plaintiff Pro Se |