FILED US District Court-UT
OCT 28 '25 PM03:29

Case No. 2:25-cv-00909-JCB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

HALVORSEN et al.,

    Plaintiffs

v.

COX et al.,

    Defendants

BRIEF OF AMICUS CURIAE

Richard M. Fleming, PhD, MD, JD

In Support of Plaintiffs

# TABLE OF CONTENTS

I. Interest of Amicus Curiae

II. Summary of Argument

III. Argument

    A. RICO Enterprise Allegations Under 18 U.S.C. §§ 1961–1964

    B. Utah Election Code and Party Autonomy

    C. Constitutional Violations: First and Fourteenth Amendments

    D. Guarantee Clause and Structural Integrity

    E. NVRA Transparency Violations

IV. Conclusion

# TABLE OF AUTHORITIES

- *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985)

- *California Democratic Party v. Jones*, 530 U.S. 567 (2000)

- *Goldberg v. Kelly*, 397 U.S. 254 (1970)

- *New York v. United States*, 505 U.S. 144 (1992)

- *Project Vote v. Long*, 682 F.3d 331 (4th Cir. 2012)

- Utah Code §§ 20A-9-401, 403, 407, 408

- 18 U.S.C. §§ 1341, 1343, 1503, 1961–1964

- 52 U.S.C. § 20507(i)

## INTEREST OF AMICUS CURIAE

Amicus curiae Richard M. Fleming is a physician, scientist, and attorney with extensive experience in statutory interpretation, constitutional law, and procedural integrity. He submits this brief to support the plaintiffs' claims that Utah's executive and legislative officials have violated federal law and constitutional guarantees through a coordinated scheme that undermines lawful party governance and electoral transparency.

## SUMMARY OF ARGUMENT

Plaintiffs allege violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968, and constitutional rights under the First and Fourteenth Amendments. They assert that Utah officials conspired to override the Utah Republican Party's (URP) bylaws and nullify delegate-driven nominations, thereby disenfranchising voters and violating federal transparency statutes. These claims are supported by statutory law, judicial precedent, and the structural guarantees of representative democracy.

ARGUMENT

I. The RICO Enterprise Allegations Are Legally Plausible Under 18 U.S.C. §§ 1961–1964

Under 18 U.S.C. § 1962(c), it is unlawful for any person associated with an enterprise engaged in interstate commerce to conduct its affairs through a pattern of racketeering activity. Plaintiffs allege:

A. Mail fraud (18 U.S.C. § 1341): Ballot mailings that misrepresented candidate eligibility.

B. Wire fraud (18 U.S.C. § 1343): Digital communications used to deceive voters and party members.

C. Obstruction of justice (18 U.S.C. § 1503): Alleged suppression of internal party governance and delegate authority.

These predicate acts, if proven, satisfy the "pattern" requirement under *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985), which held that civil RICO plaintiffs must show conduct of an enterprise through a pattern of racketeering activity causing injury to business or property.

II. Utah Code § 20A-9-403 and § 20A-9-401(2) Protect Party Autonomy

Utah's election code allows qualified political parties (QPPs) to choose "either or both" nomination methods—signature gathering (§ 20A-9-408) or convention (§ 20A-9-407). However, § 20A-9-401(2) affirms that QPPs may adopt bylaws governing their nomination process.

In *Utah Republican Party v. Cox*, 2016 UT 17, the Utah Supreme Court upheld SB 54's dual-path system but emphasized that parties retain autonomy if they comply with state law. Plaintiffs argue that the URP adopted convention-only bylaws, and the state's override of those bylaws violated both statutory and constitutional protections.

III. Constitutional Violations: First and Fourteenth Amendments

- A. First Amendment – Associational Rights: In *California Democratic Party v. Jones*, 530 U.S. 567 (2000), the Court held that forced inclusion of candidates contrary to party rules violates associational rights. Plaintiffs allege that Cox's certification via signature path nullified delegate votes and undermined party association.

- B. Fourteenth Amendment – Due Process: In *Goldberg v. Kelly*, 397 U.S. 254 (1970), the Court affirmed that procedural due process requires meaningful

opportunity to be heard. Plaintiffs argue that the override of convention results denied them due process in candidate selection.

IV. Guarantee Clause and Structural Integrity

Article IV, § 4 of the U.S. Constitution guarantees a "republican form of government." In *New York v. United States*, 505 U.S. 144 (1992), the Court recognized that this clause protects against structural distortions of representative democracy. Plaintiffs argue that the nullification of delegate votes and party governance violates this guarantee.

V. Federal Transparency Violations Under the NVRA

Under 52 U.S.C. § 20507(i), states must make voter registration records available for public inspection. Plaintiffs allege that Lt. Gov. Henderson denied access to these records, violating the National Voter Registration Act and obstructing lawful oversight.

In *Project Vote v. Long*, 682 F.3d 331 (4th Cir. 2012), the court held that voter registration data must be disclosed under the NVRA. Utah's refusal to comply may constitute a federal violation.

## CONCLUSION

This case is not merely a dispute over ballots—it is a test of lawful stewardship. The plaintiffs have presented a legally plausible claim under RICO, constitutional law, and federal transparency statutes. Amicus urges this Court to deny any motion to dismiss and allow discovery to proceed, so that the full scope of the alleged enterprise may be revealed.

Respectfully submitted,
/s/ Richard M. Fleming
Richard M. Fleming, PhD, MD, JD
Houston, Texas
October 28, 2025

## AFFIDAVIT OF RICHARD M. FLEMING, PhD, MD, JD

IN SUPPORT OF PLAINTIFFS

I, Richard M. Fleming, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a physician, scientist, and attorney residing in Pearland, Texas. I submit this affidavit in support of the plaintiffs in *Halvorsen et al. v. Cox et al.*

2. I have reviewed the complaint and relevant statutes, including 18 U.S.C. §§ 1961–1964, 42 U.S.C. §§ 1983–1986, and 52 U.S.C. § 20507(i).

3. It is my professional opinion that the defendants' conduct—particularly the override of party bylaws and denial of voter registration access—constitutes a plausible violation of federal law and constitutional protections.

4. I believe the plaintiffs' claims warrant full discovery and judicial review to determine the scope of the alleged enterprise and its impact on electoral integrity.

Executed on October 30, 2025, in Houston, Texas.

/s/ Richard M. Fleming

Richard M. Fleming, PhD, MD, JD