Tracie Halvorsen
Petitioner Pro Se
138 E 12300 S
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com

**FILED**
**2025 NOV 5 PM 4:10**
**CLERK**
**U.S. DISTRICT COURT**

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH

| | |
|---|---|
| TRACIE HALVORSEN; et. al., <br><br> Plaintiffs, <br><br> v. <br><br> SPENCER COX as an individual and official capacity; et. al, <br><br> Defendants | **PLAINTIFFS' MOTION TO JOIN THE UNITED STATES AS A PLAINTIFF PURSUANT TO RULE 19** <br><br> Case No. 2:25-cv-00909-HCN-JCB <br><br> Judge: Howard C. Nielson, Jr. |

### I. Introduction

1. Plaintiffs move this Court, pursuant to Rule 19 of the Federal Rules of Civil Procedure, for an order joining the United States as a Plaintiff in this action. By Rule 19(a), a party must be joined if complete relief cannot be accorded among the existing parties or if that party claims an interest related to the subject of the action that, as a practical matter, may be impaired or impeded, or that may subject current parties to substantial risk of inconsistent obligations. This standard is governed by a flexible, equitable standard articulated by the Supreme Court in *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 109-11 (1968).

2. This case directly involves the United States' undeniable federal interests in the enforcement of constitutional civil rights, the guarantee of republican governance under Article IV, and the integrity of federal elections, particularly the selection of a United States Senate seat. These core interests compel the participation of the United States to safeguard both the public interest and the rights of the Plaintiffs.

## II. The United States is a Required Party Under FRCP 19(a)(1)

3. **The United States' Absence Threatens Complete Relief**: The absence of the United States would preclude the Court from affording complete relief. Plaintiffs' federal constitutional rights, along with federal interests in representative government and election integrity, cannot be fully adjudicated or protected in the United States' absence. The potential for inconsistent or inadequate judgments, especially given the national significance of the issues, is substantial and irreducible.

4. **Federal Interest Inextricably at Stake:** The United States possesses a direct legal and constitutional interest in (1) guaranteeing a republican form of government pursuant to Article IV, Section 4; (2) safeguarding civil rights and the integrity of federal elections; and (3) ensuring that federal statutes and protections, such as 42 U.S.C. §§ 1983, 1985, and 1986, and 18 U.S.C. § 1964 (RICO), are enforced uniformly and effectively. The risks alleged by Plaintiffs—dilution of representation, infringement of associational and participatory rights, and the potential misuse of federal funds—cannot be effectively remedied without federal oversight and intervention. The risk of representation dilution and procedural harm cannot be remedied without federal oversight.

5. **No Adequate Measures Short of Joinder**: Procedural and substantive prejudice cannot be adequately mitigated by shaping relief or protective measures. Failure to join the

United States would leave irreparable gaps in the protection of federal interests, particularly where nationwide impacts and the uniform enforcement of constitutional rights are at stake. This is precisely the scenario envisioned by Rule 19 and recognized in *Provident Tradesmens*: where "equity and good conscience" require the involvement of an absent party whose interests are central to the controversy.

6. **Authority and Requirement to Intervene or Join**: The Attorney General is statutorily charged to supervise all litigation to which the United States is a party (28 U.S.C. § 519), and is empowered to investigate misconduct by court officials (28 U.S.C. § 526). Here, Plaintiffs have documented discriminatory treatment in federal court proceedings: the clerk's office, specifically through actions taken by Deborah L. Eyer, referred Plaintiffs' Preliminary Injunction (ECF 7) to a magistrate judge (ECF 28) in violation of 28 U.S.C. 636(b)(2), which expressly requires party consent. Federal law under 28 U.S.C. 636(b)(1)(A) and local court rules prohibit magistrate judges from deciding preliminary injunctions and mandate reassignment to an Article III judge when such motions are filed. Despite this, after four Article III judges recused themselves, the case was reassigned to a magistrate judge for evidentiary hearings without Plaintiffs' consent. Plaintiffs, proceeding pro se, are thus subject to disparate treatment compared to parties represented by counsel, further exacerbating the risk of unconstitutional adjudication and underscoring the urgent need for meaningful federal oversight and intervention.

7. Furthermore, when the constitutionality of the application of a state statute is challenged in violating Article IV § 4, 28 U.S.C. § 2403 mandates that the United States be notified and afforded the right to intervene. Such intervention is not only a procedural safeguard, but a necessary substantive one—ensuring both public and governmental interests are fully voiced and protected.

8. **Substantive and Procedural Harms Cited by Plaintiffs**: Plaintiffs allege that Utah officials have bypassed established nomination and convention procedures, infringing theirs and the United States' interests in fair, representative electoral processes and rights guaranteed under the Constitution. Separate procedural injustices, including improper assignment of critical motions to a magistrate judge without requisite party consent (28 U.S.C. § 636(b)), further undermine the legitimacy of proceedings and highlight the need for federal participation and oversight.

### III. Judicial and Statutory Policy Mandate Joinder

9. Federal statutes authorize the United States to vindicate the right to vote and fair election processes (see, e.g., 42 U.S.C. §§ 1983, 1985, and 1986; 18 U.S.C. § 1964), especially where there are allegations of racketeering or deprivation of protected rights. The Supreme Court recognizes that § 1983 empowers the United States or aggrieved parties to enforce fundamental rights (see, e.g., *Monroe v. Pape*, 365 U.S. 167 (1961); *Health & Hospital Corp. of Marion County v. Talevski*, 599 U.S. 166 (2023)).

### IV. Factual and Procedural Grounds Necessitating Joinder

10. Plaintiffs allege that Utah officials have bypassed essential nomination procedures, undermining core constitutional rights and federal interests in representative governance and election integrity. The United States, through its statutory and constitutional responsibilities, is directly implicated: the enforcement power under Article IV and federal statutes (42 U.S.C. §§ 1983, 1985, 1986; 18 U.S.C. § 1964) cannot be executed or safeguarded without participation by the federal government.

11. This legal necessity finds direct support in *Ward v. Deavers*, 203 F.2d 72 (D.C. Cir. 1953). In *Ward*, the D.C. Circuit held that where rights sued upon arise from a contract or

other central legal arrangement, all parties to it must be joined. The court found dispositive the fact that the absent party's interests in the "Manager's Operating Agreement" were so central that "a final decree rescinding the agreement could hardly be made without affecting his interest." Here, as in *Ward*, the relief sought—enforcement of fundamental voting rights and federal constitutional guarantees—would as a practical matter affect the United States' statutory and sovereign interests. Thus, just as the *Ward* court found rescission unavailable in the absence of an indispensable party, any final judgment here, absent the United States, risks both substantive legal inadequacy and violation of Rule 19's purpose.

12. Moreover, *Ward* demonstrates that where an absent party's interests "go to the heart of the disputed transaction," the action not only may not, but indeed cannot, proceed to dispositive relief in their absence—unless the relief is truly severable or the absent party's rights are wholly unaffected. If, as here, the United States holds non-severable constitutional and statutory interests in the proceedings' outcome, Rule 19 mandates joinder.

*13.* This approach is echoed by the Supreme Court's pragmatic equity test in *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 103 (1968), which requires courts to weigh the potential for prejudice, the possibility of shaping relief to avoid harm, and the public's interest in a complete and just adjudication. Only by joining the United States can this Court ensure a constitutionally sound outcome and avoid the pitfalls outlined in both *Ward v. Deavers* and the *Providence Tradesmens* line of authority.

V. **Continued Harm, Intimidation, and the Need for Federal Intervention**

14. Plaintiffs' efforts to vindicate constitutional rights in this matter have exposed them to ongoing harm, threats, and a chilling climate of intimidation. Recent events—including the removal of individuals from party forums, the use of hostile language, public disparagement,

and the suggestion that party officials "understand the assignment"—reveal an escalating pattern of retribution directly targeting those daring to challenge entrenched power, including the Governor and party leadership (**Exhibit A**). For example, documented chat records show key officials disparaging, isolating, and implying consequences for perceived dissent, with little hesitation to characterize protected speech as "incitement of violence." These actions not only marginalize Plaintiffs but deter others from supporting or testifying in defense of constitutional governance or election integrity, fulfilling the very forms of coordinated suppression and retaliation the RICO statute was designed to address.

15. The gravity is heightened because these actions are not isolated, but part of a broader pattern by individuals coordinating within political and party structures—precisely the "enterprise" and "predicate act" requirements that trigger remedies under 18 U.S.C. § 1964 (RICO) and civil rights statutes such as 42 U.S.C. §§ 1983, 1985, and 1986. This context distinguishes Plaintiffs' claims from routine political dispute: the harm here is systemic, sustained, and perpetrated by those empowered to retaliate against constitutionally protected activity.

16. Federal intervention is essential for several reasons:

    a. **Chilling effect and ongoing intimidation**: The federal courts and the United States government have a duty to ensure that Plaintiffs are not deterred, threatened, or ostracized for seeking judicial relief or exercising First Amendment rights. Continued public attacks and exclusionary tactics create a climate in which complete relief is illusory without federal oversight and protection.

      b. **Federal interest in unbiased redress**: Where local or state actors are part of the alleged retaliation or enterprise, only federal intervention can guarantee impartial investigation, fair process, and effective civil rights enforcement.

      c. **RICO and civil rights enforcement**: The participation of the United States is sanctioned and often required in cases with broad public, constitutional, and anticorruption import—not only to enforce existing law, but to demonstrate a prompt and effective governmental response to allegations affecting representative governance and the integrity of federal elections.

17. Failure to join or intervene would risk a repeat of historic wrongs, as discussed in cases such as *Ward v. Deavers* and emphasized by the Supreme Court in *Provident Tradesmens Bank*, where justice and equity demand consideration of the real-world consequences of proceeding in the absence of indispensable parties whose inclusion is necessary for a complete and just resolution.

18. Given these facts, Plaintiffs' exposure to continued intimidation, reputational harm, and the risk of further coordinated retaliation leaves no practical assurance of relief or protection absent the direct involvement of the United States—a party uniquely empowered to counteract institutional harm, secure civil rights, and guarantee the rule of law.

## VI. CONCLUSION

19. For the foregoing reasons, and upon the detailed factual basis and legal grounds alleged in the Complaint (incorporated here by reference), Plaintiffs request that the Court grant their Motion to Join the United States as a Plaintiff under Rule 19. Such joinder is necessary to fully vindicate federal interests in civil rights, the integrity of public elections, and the

maintenance of republican governance, as required by the United States Constitution and federal law.

## VII. REPRESENATIONS TO THE COURT (Rule 11)

WE HEREBY CERTIFY that, under Federal Rule of Civil Procedure 11 and applicable local rules, the foregoing motion and memorandum in support is presented in good faith, for proper purposes, and based on existing law and factual support, and that to the best of our knowledge, information, and belief, formed after reasonable inquiry, the statements contained herein are true and correct.

Dated: November 5, 2025

/s/ Tracie Halvorsen
TRACIE HALVORSEN
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro Se

/s/ Sophie Anderson
SOPHIE ANDERSON
138 East 12300 South
C275
Draper, Utah 84020
801-953-2841
jessandsophie03@yahoo.com
Plaintiff Pro Se

/s/ NANCY INMAN
NANCY INMAN
138 East 12300 South
C275
Draper, Utah 84020
916-396-4395
Nancyjinman@gmail.com
Plaintiff Pro Se

/s/ STEVEN HUBER
STEVEN HUBER
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro Se

/s/ WAYNE WICKIZER
WAYNE WICKIZER
138 East 12300 South
C275
Draper, Utah 84020
385-239-8326
justice@utahwtp.com
Plaintiff Pro Se

/s/ DANIEL NEWBY
DANIEL NEWBY
138 East 12300 South
C275
Draper, Utah 84020
801-949-3360
danieltrouble@protonmail.com
Plaintiff Pro Se

## Certificate of Service

We hereby certify that on this 5th day of November, 2025, we electronically filed the **PLAINTIFFS' MOTION TO JOIN THE UNITED STATES AS A PLAINTIFF PURSUANT TO RULE 19** with the Clerk of the Court under the filing and electronic notification procedures outlined under DUCivR 5-1, which will send notification of such filings to all registered participants in this case.

Additionally, we certify that we caused a true and correct copy of the document to be served by mailing it pursuant to Federal Rules of Civil Procedure 5(b)(2)(c) to the following address, intended for all Defendants:

Jason Dupree
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 977-8940
jndupree@agutah.gov

Scott Cheney
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 977-4858
scheney@agutah.gov

David Wolf
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 441-5084
dnwolf@agutah.gov

Anikka Hoidal
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 272-3951
ahoidal@agutah.gov

J. Stuart Adams
3271 East 1875 North
Layton, Utah 84040

Daniel McCay
13307 South Heritage Farm Cove
Riverton, Utah 84065

Brian McKenzie
61 South Main Street
Farmington, Utah 84025

Matthew Durrant
450 South State Street
Salt Lake City, Utah 84111

Robert Axson
7323 Hickory Hill Circle
Cottonwood Heights, Utah 84121

Kim Coleman
8303 South 5260 West
West Jordan, Utah 84081

Mike Schultz
4909 West 5850 South
Hooper, Utah 84315

Curt Bramble
3663 North 870 East
Provo, Utah 84604

Chris Null
5147 W. Gossamer Way
Riverton, Utah 84096

Executed on this 5th day of November 2025.

/s/ Tracie Halvorsen
TRACIE HALVORSEN
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro Se

/s/ Sophie Anderson
SOPHIE ANDERSON
138 East 12300 South
C275
Draper, Utah 84020
801-953-2841
jessandsophie03@yahoo.com
Plaintiff Pro Se

/s/ NANCY INMAN
NANCY INMAN
138 East 12300 South
C275
Draper, Utah 84020
916-396-4395
Nancyjinman@gmail.com
Plaintiff Pro Se

/s/ STEVEN HUBER
STEVEN HUBER
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro Se

/s/ WAYNE WICKIZER
WAYNE WICKIZER
138 East 12300 South
C275
Draper, Utah 84020
385-239-8326
justice@utahwtp.com
Plaintiff Pro Se

/s/ DANIEL NEWBY
DANIEL NEWBY
138 East 12300 South
C275
Draper, Utah 84020
801-949-3360
danieltrouble@protonmail.com
Plaintiff Pro Se