Tracie Halvorsen
Petitioner Pro Se
138 E 12300 S
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com

FILED
2025 NOV 10 AM 9:04
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH

| | |
|---|---|
| TRACIE HALVORSEN; et. al., <br><br> Plaintiffs, <br><br> v. <br><br> SPENCER COX as an individual and official capacity; et. al, <br><br> Defendants | **PLAINTIFFS' MOTION TO STRIKE APPEARANCE OF COUNSEL [ECF 41, 42, 43, 44, 50, 51] ON BEHALF OF GOVERNOR SPENCER COX, LIEUTENANT GOVERNOR HENDERSON, J. STUART ADAMS, CURTIS BRAMBLE, MATTHEW DURRANT, DANIEL MCCAY, MIKE SCHULTZ** <br><br> Case No.2:25-cv-00909-HCN-JCB <br><br> Judge Howard C. Nielson, Jr. |

## I.     Introduction

COMES NOW, Plaintiffs, Tracie Halvorsen, et. al., and hereby submits this Motion to Strike pursuant to Rule 12(f), seeking to partially strike the Notice of Appearance (ECF 41, 42, 43, 44, 50, 51) for counsel and co-counsel on behalf of Defendants Governor Spencer Cox, Lieutenant Governor Deidre Henderson, Curtis Brabmle, Daniel McCay, Mike Schultz, J. Stuart Adams, and Matthew Durrant. Plaintiffs request that the Court prohibit state-funded counsel from representing these individuals in defense of claims arising from fraud and malice acts for which the government entity may decline to provide a defense under Utah Code § 63G-7-902,

while permitting counsel to appear for and defend the State of Utah as to any claims properly asserted against the State itself.

## II.  Background

1. Plaintiffs brought this action against several Utah State officials, including Governor Cox, Lieutenant Governor Henderson, Curtis Brabmle, Daniel McCay, Mike Schultz, J. Stuart Adams, and Matthew Durrant in both their individual and official capacities, seeking a prayer for relief for causes of actions under 18 U.S.C. § 1964 (RICO) and 42 U.S.C. §§§ 1983, 1985, and 1986 from the Defendants acting under color of law (Comp. ¶¶ 228 – 298).

2. Plaintiffs have submitted comprehensive documentation, including 92 exhibits attached to the Complaint, which detail and substantiate that Defendants either engaged in actions under color of authority, or, in certain instances, failed to act when required by the scope of their official duties or statutory authority. This evidentiary record is presented to demonstrate both affirmative misconduct and actionable omissions by Defendants in their official capacities.

3. All Defendants systematically used social media platforms as part of a coordinated scheme to convince the public that candidates who had been disqualified by the Utah State convention process were legitimate nominees after the unlawful direct primary was held on June 25, 2024.

4. On November 19, 2025, Defendant Cox blatantly exceeded the bounds of his legal authority, acting under the color of office to unilaterally announce his intention to permit candidates from qualified political parties to bypass the convention system in favor of gathering signatures, or even pursue both options simultaneously. By expressly declaring that any objection from a qualified political party to the acceptance of signature-gathering candidates would categorically not be sustained by his office, Defendant Cox disregarded the established

party autonomy and overrode the rules intended to protect the integrity of candidate selection processes (Comp. ¶ 55) Defendant Cox continued committing offenses against the administration of government and acted under color of authority, by holding a meeting on February 27, 2021, at the Governor's mansion where he worked behind the scenes to actively kill Senate Bill 205, which would have clarified that the signature-gathering process could not be forced on a political party, which is the process that was used to bypass the state convention process, specifically the Utah Republican Party convention process (Comp. ¶¶ 66-70).

5. Not content with undermining the lawful administration of government, Defendant Cox continued in this course by orchestrating a clandestine meeting at the Governor's mansion on February 27, 2021, specifically for the purpose of torpedoing Senate Bill 205. This critical legislation would have clarified that political parties could not be compelled to accept the signature-gathering pathway, thereby safeguarding their convention process from unwanted interference. Cox's actions deliberately and actively dismantled the State convention nominating process and Utah Republican Party's established convention procedures, subverting both legislative intent and the will of the party's delegates (Comp. ¶¶ 66-70).

6. Defendant Henderson, who once championed the convention process, radically betrayed that commitment by unlawfully certifying disqualified candidates to the Utah Republican Party's closed primary ballot on May 1, 2024. Acting under color of authority, she falsely declared these candidates valid through the signature-gathering process, effectively creating a counterfeit ballot in direct violation of Utah Code § 20A-4-501. This egregious misconduct not only undermined the integrity of the party's nomination process but also caused the illegal ballots to be sent to voters by mail, thus tainting the entire primary. Shockingly, Defendant Henderson repeated this grave violation again on July 22, 2024, continuing her assault

on the party's lawful nomination procedures and the voters' fundamental rights (Comp. ¶¶ 98-127).

7. Defendant Durrant, acting under the color of official authority, flagrantly violated Utah Code § 20A-4-403 by unlawfully dismissing and denying Phil Lyman's petition contesting the primary election results. This breach was particularly egregious because the Utah Supreme Court in *Utah Republican Party v. Cox*, 2016 UT 17, 373 P.3d 1286, Court Opinion, had explicitly recognized that the signature-gathering process was not mandatory for political parties. Instead, the Court affirmed that Utah Code § 20A-9-101(13) unambiguously allows parties to choose: they may utilize either the convention process under § 20A-9-407, the signature-gathering process under § 20A-9-408, or both. Known as the "either or" provision, this statutory clarity makes Defendant Durrant's actions all the more indefensible, as they directly contravened the legislature's intent and the highest court's interpretation of candidate selection autonomy (Comp. ¶¶ 133-136).

8. Despite having co-sponsored HB 48 2016—which removed unaffiliated voters from participating in the Utah Republican Primary and sought to limit signature-gatherings' influence on how the Utah Republican Party selects its nominees—Defendant Curtis Bramble nevertheless accepted substantial funding and in-kind contributions from Count My Vote and Gathering Inc. to bankroll signature-gathering efforts for his own re-election campaign (Comp. ¶ 61). By personally engaging in the very signature-gathering process, Defendant Bramble acted under color of law to publicly legitimize a method that undermines the Utah Republican Party's freedom of association and its members' right to choose their own nominees. In doing so, he abandoned the principles set forth in his legislative actions, failed to uphold his oath of office,

and contributed to the erosion of party autonomy secured by longstanding constitutional protections.

9. Defendant McCay, initially portrayed as a mere pawn in the legislative process, ultimately capitulated to an unlawful scheme orchestrated by Defendant Cox and non-party co-conspirator Mike Leavitt following a private meeting at the governor's mansion on February 27, 2021 (Comp. ¶¶ 65-69). Rather than fulfilling his core responsibility as a legislator to safeguard the people's freedoms and ensure laws serve the public interest, McCay did precisely the opposite—actively advancing the sabotage of Utah's election systems. By killing bills designed to protect electoral integrity, he aided in dismantling essential democratic republic safeguards, betraying not only his constitutional duty but also the trust of every Utah citizen.

10. Defendant Brian McKenzie, acting under color of law, violated Utah Code §§ 20A-7-105 and 20A-7-204 by centralizing the signature-gathering verification process within the Davis County Clerk's office. The Utah Republican Party does not nominate candidates through the signature-gathering process outlined in § 20A-9-408, and, even if this procedure were valid for party nominations, statutory law clearly mandates that each candidate signature packet for a statewide initiative must be submitted to and verified by the county clerk in the county where the signatures were collected, per § 20A-7-105(5). By unjustifiably centralizing verification, McKenzie enabled the defendants to manufacture an illusion of legitimacy, wrongfully suggesting that the forced signature-gathering process was lawful and proper. In so doing, McKenzie abandoned his oath of office and violated core election safeguards, further undermining trust in the party's constitutional right to choose its candidates.

11. Defendants J. Stuart Adams and Mike Schultz willfully abdicated their constitutional responsibilities by failing to initiate impeachment proceedings after receiving a

formal Notice of Intent (Comp. Exhibit 65)—despite clear evidence, as confirmed by the Legislative Audit, that the signature-gathering candidates likely did not meet signature requirements and thus perpetrated election fraud. Their refusal to act enabled unelected and unlawfully certified individuals to wield governmental power, directly violating their oaths of office and allowing the state government to be compromised by fraud. By disregarding their solemn duty to defend the integrity of Utah's elections and state institutions, Adams and Schultz betrayed the public trust and facilitated the erosion of lawful governance.

12. All Defendants in this case have either violated their oaths of office or abused their authority, failing in their core legal duties to protect the integrity of Utah's elections and republican governance. Many acted under color of law to facilitate or enable fraudulent and unlawful conduct, while others, like Defendants J. Stuart Adams and Mike Schultz, willfully refused to act when presented with clear evidence and formal notice of fraud, thereby abdicating their constitutional responsibilities and permitting unelected and unlawfully certified individuals to govern. Because these actions represent conscious and egregious departures from lawful, good-faith public service, Defendants should not be afforded state-funded legal counsel, whether in their official or individual capacities. Granting the motion to strike is both legally proper and necessary to ensure public resources are not used to shield self-interested misconduct.

### III. Legal Argument

13. The purpose of state-funded legal counsel is to protect public servants acting in good faith and within the bounds of lawful governmental authority. When officials consciously violate election laws, mishandle their statutory duties, or allow fraud to undermine the legitimacy of state government, the rationale for publicly funded legal protection evaporates. Providing

taxpayer-funded counsel to individuals who have undermined the administration of government would only compound the injury to public integrity and abuse scarce public resources

14. Plaintiffs have met the procedural and evidentiary burden to show that Defendants' acts and omissions fall outside the protections provided by Utah's Governmental Immunity Act, specifically Utah Code § 63G-7-902(3). The Court should therefore grant this Motion to Strike the appearances of state-funded counsel and order the State of Utah not to provide legal assistance to Defendants for the defense of claims arising from actionable, ultra vires, or fraudulent conduct.

15. Moreover, Utah Administrative Code R477-2-9 unequivocally provides that state employees shall receive defense and indemnification except in cases involving fraud, malice, or the use of alcohol or drugs by the employee. Here, the Plaintiffs claims clearly demonstrate that the Defendants engaged in actions characterized by both fraud and malice. Given these deliberate and egregious violations, it is not only legally appropriate but also imperative that the people of Utah should not be compelled to finance their legal defense. Public funds must be preserved for legitimate government functions and cannot justifiably subsidize defense costs for officials accused of intentional misconduct and willful breaches of duty.

### IV.    Relief Requested

16. Wherefore, Plaintiffs request the following specific and tailored relief, in accordance with statutory and case authority, to protect both state resources and the integrity of government operations:

   a. An order from the Court partially striking the entry of appearance of state-funded counsel and co-counsel for Defendants Governor Spencer Cox, Lieutenant Governor Henderson, Curtis Bramble, Daniel McCay, Mike Schultz, J. Stuart Adams, and Matthew

Durrant, finding that they are not entitled to government-funded legal defense in this action to the extent Plaintiffs' claims arise from misconduct, fraud, malice, or acts under color of authority.

    b.  An order prohibiting the State of Utah, its Attorney General, county attorneys, or any government entity from providing, funding, or reimbursing legal counsel, defense, or indemnification for these Defendants in their individual or official capacities, as to claims based on intentional or ultra vires conduct. This order shall not bar state-funded counsel from representing the State of Utah itself solely as to any claims properly asserted against the State as an entity.

    c.  A declaration that public funds cannot be used or encumbered for the defense costs, fees, expenses, or indemnification of any Defendant in connection with claims based on intentional misconduct, fraud, malice, or acts outside the proper scope of official duties, pursuant to Utah Code § 63G-7-902 and Utah Admin. Code R477-2-9.

    d.  Such further relief as the Court deems equitable and proper to safeguard the public interest and prevent the misuse of taxpayer resources for the defense of unlawful conduct.

### V. Conclusion

17.    For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion to Strike and issue an order partially prohibiting the provision of state-funded counsel to Defendants in both their official and individual capacities, except to the extent that counsel may properly represent the State of Utah itself. The factual record and the controlling law—including Utah Code § 63G-7-902 and Utah Admin. Code R477-2-9—mandate that the State decline coverage when officials have engaged in fraud, malice, and intentional misconduct far outside

the scope of lawful governmental authority. Granting this relief will safeguard public resources, ensure accountability for knowing violations of duty, and restore integrity to government operations by preventing taxpayer funds from being used to defend ultra vires or bad faith conduct.

## VI. REPRESENATIONS TO THE COURT (Rule 11)

18. WE HEREBY CERTIFY that, under Federal Rule of Civil Procedure 11 and applicable local rules, the foregoing PLAINTIFFS' MOTION TO STRIKE APPEARANCE OF COUNSEL [ECF 41, 42, 43, 44, 50, 51] ON BEHALF OF GOVERNOR SPENCER COX, LIEUTENANT GOVERNOR HENDERSON, J. STUART ADAMS, CURTIS BRAMBLE, MATTHEW DURRANT, DANIEL MCCAY, MIKE SCHULTZ is presented in good faith, for proper purposes, and based on existing law and factual support, and that to the best of our knowledge, information, and belief, formed after reasonable inquiry, the statements contained herein are true and correct.

Dated: November 10, 2025

/s/ Tracie Halvorsen
TRACIE HALVORSEN
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro Se

/s/ Sophie Anderson
SOPHIE ANDERSON
138 East 12300 South
C275
Draper, Utah 84020
801-953-2841
jessandsophie03@yahoo.com
Plaintiff Pro Se

/s/ NANCY INMAN
NANCY INMAN
138 East 12300 South
C275
Draper, Utah 84020
916-396-4395
Nancyjinman@gmail.com
Plaintiff Pro Se

/s/ STEVEN HUBER
STEVEN HUBER
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro Se

| | |
|---|---|
| /s/ WAYNE WICKIZER | /s/ DANIEL NEWBY |
| WAYNE WICKIZER | DANIEL NEWBY |
| 138 East 12300 South | 138 East 12300 South |
| C275 | C275 |
| Draper, Utah 84020 | Draper, Utah 84020 |
| 385-239-8326 | 801-949-3360 |
| justice@utahwtp.com | danieltrouble@protonmail.com |
| Plaintiff Pro Se | Plaintiff Pro Se |

## Certificate of Service

We hereby certify that on this 10th day of November, 2025, we electronically filed the PLAINTIFFS' MOTION TO STRIKE APPEARANCE OF COUNSEL [ECF 41, 42, 43, 44, 50, 51] ON BEHALF OF GOVERNOR SPENCER COX, LIEUTENANT GOVERNOR HENDERSON, J. STUART ADAMS, CURTIS BRAMBLE, MATTHEW DURRANT, DANIEL MCCAY, MIKE SCHULTZ with the Clerk of the Court under the filing and electronic notification procedures outlined under DUCivR 5-1, which will send notification of such filings to all registered participants in this case.

Additionally, we certify that we caused a true and correct copy of the document to be served by mailing it pursuant to Federal Rules of Civil Procedure 5(b)(2)(c) to the following address, intended for all Defendants:

Jason Dupree
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 977-8940
jndupree@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Scott Cheney
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 977-4858
scheney@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

David Wolf
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 441-5084
dnwolf@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Anikka Hoidal
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 272-3951
ahoidal@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Stacy R. Haacke
Office of General Counsel
Administrative Office of the Courts
PO Box 140241

John R. Richardson
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Johnny.richardson@dentons.com

| | |
|---|---|
| Salt Lake City, Utah 84114-0241<br>(801) 214-5805<br>stacyh@utcourts.gov<br>*Attorney for Chief Justice Matthew Durrant* | *Attorney for Brian McKenzie* |
| R. Blake Hamilton<br>111 S. Main Street, Suite 2400<br>Salt Lake City, Utah 84111<br>Blake.hamilton@detons.com<br>*Attorney for Brian McKenzie* | Janise K. Macanas<br>111 S. Main Street, Suite 2400<br>Salt Lake City, Utah 84111<br>Janise.macanas@dentons.com<br>*Attorney for Brian McKenzie* |
| Robert Axson<br>7323 Hickory Hill Circle<br>Cottonwood Heights, Utah 84121 | Chris Null<br>5147 W. Gossamer Way<br>Riverton, Utah 84096 |
| Kim Coleman<br>8303 South 5260 West<br>West Jordan, Utah 84081 | |

Executed on this 7th day of November 2025.

| | |
|---|---|
| /s/ Tracie Halvorsen<br>TRACIE HALVORSEN<br>138 East 12300 South<br>C275<br>Draper, Utah 84020<br>801-688-3594<br>traciehalvorsen@outlook.com<br>Plaintiff Pro Se | /s/ Sophie Anderson<br>SOPHIE ANDERSON<br>138 East 12300 South<br>C275<br>Draper, Utah 84020<br>801-953-2841<br>jessandsophie03@yahoo.com<br>Plaintiff Pro Se |
| /s/ NANCY INMAN<br>NANCY INMAN<br>138 East 12300 South<br>C275<br>Draper, Utah 84020<br>916-396-4395<br>Nancyjinman@gmail.com<br>Plaintiff Pro Se | /s/ STEVEN HUBER<br>STEVEN HUBER<br>138 East 12300 South<br>C275<br>Draper, Utah 84020<br>801-688-3594<br>traciehalvorsen@outlook.com<br>Plaintiff Pro Se |

| | |
|---|---|
| /s/ WAYNE WICKIZER | /s/ DANIEL NEWBY |
| WAYNE WICKIZER | DANIEL NEWBY |
| 138 East 12300 South | 138 East 12300 South |
| C275 | C275 |
| Draper, Utah 84020 | Draper, Utah 84020 |
| 385-239-8326 | 801-949-3360 |
| justice@utahwtp.com | danieltrouble@protonmail.com |
| Plaintiff Pro Se | Plaintiff Pro Se |