ANIKKA HOIDAL (16489)
DAVID N. WOLF (6688)
JASON DUPREE (17509)
SCOTT CHENEY (6198)
Assistant Utah Attorneys General
OFFICE OF THE UTAH ATTORNEY GENERAL
P.O. Box 140874
Salt Lake City, Utah 84114
ahoidal@agutah.gov
dnwolf@agutah.gov
jndupree@agutah.gov
scheney@agutah.gov

*Attorneys for State, Legislative, and Judicial Defendants*

IN THE UNITED STATES DISTRICT COURT IN AND FOR

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TRACIE HALVORSEN, SOPHIE ANDERSON, NANCY INMAN, STEVEN HUBER, WAYNE WICKIZER, and DANIEL NEWBY,<br><br>Plaintiffs,<br><br>v.<br><br>SPENCER COX, as an individual and in official capacity; DEIDRE HENDERSON, as an individual and in official capacity, STATE OF UTAH, et al.<br><br>Defendants. | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO JOIN THE UNITED STATES AS A PLAINTIFF PURSUANT TO RULE 19**<br><br>Case No. 2:25-cv-00909-HCN-JCB<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Jared C. Bennett |

Defendants Spencer Cox, Deidre Henderson, the State of Utah, Curtis Bramble, Daniel McCay, Mike Schultz, J. Stuart Adams, and Matthew Durrant (collectively, "State, Legislative, and Judicial Defendants") oppose Plaintiffs' Motion to Join the United States as a Plaintiff pursuant to Rule 19 ("Motion").

## INTRODUCTION

Plaintiffs' Complaint reveals two themes: Plaintiffs cannot accept court rulings, and Plaintiffs cannot accept election results. Start with court rulings. This lawsuit centers around Utah Code § 20A-9-101(13)(c) ("the Either or Both Provision"). The Utah Supreme Court has issued the definitive interpretation of this statute. The court holds that the Either or Both Provision allows the candidate member, not the party, to select either the signature-gathering method or the convention method, or both, as the path to seek the party's nomination. *Utah Republican Party v. Cox*, 2016 UT 17, ¶ 4 (2016). Notwithstanding that definitive and controlling ruling, one of Plaintiffs' central claims in this case is that the Utah Republican Party ("URP") prohibits candidates from using the signature-gathering method to get on the primary ballot. Plaintiffs' claim contradicts binding precedent. Speaking of binding precedent, the Tenth Circuit has already held that the Either or Both Provision does not violate the Constitution. *Utah Republican Party v. Cox*, 892 F.3d 1066 (10th Cir. 2018). Plaintiffs, however, ask this Court to declare that Defendants' application of the statute (which follows the Utah Supreme Court's interpretation) is unconstitutional.

Take election results next. Governor Cox defeated Phil Lyman in the 2024 Republican primary for Utah Governor. Governor Cox then went on to win the general election. Unable to face that reality, Plaintiffs file this lawsuit. Plaintiffs claim that all three branches of the state government were in on a conspiracy to prevent Phil Lyman from winning the nomination.

1

Plaintiffs ask this Court to declare the 2024 governor election void and declare that the Utah Governor office is vacant.

Unable to accept binding precedent and verified election results, Plaintiffs now hope the United States Government will give them recourse. Plaintiffs move to join the United States as a plaintiff to this case. Plaintiffs ask this Court to order that the United States oversee this case and help Plaintiffs litigate their case.

Plaintiffs' Motion does not show that any of the three circumstances requiring joinder under Rule 19 exist. This Court should deny Plaintiffs' Motion for the following reasons:

- First, Plaintiffs do not show that "the court cannot accord complete relief among existing parties" in the United States' absence. Fed. R. Civ. P. 19(a)(1)(A). Plaintiffs request injunctive relief and money damages against Defendants. No part of Plaintiffs' requested relief requires the United States to be a party in this case. This Court can issue complete relief amongst the existing parties without joining the United States.

- Second, Plaintiffs do not demonstrate that the United States "claims an interest" in this lawsuit. Fed. R. Civ. P. 19(a)(1)(B). Plaintiffs contend that the United States "possesses" broad legal and constitutional interests. But to be a necessary party, the United States must *claim* an interest, not merely possess one.

- Third, the United States' absence from this case does not "impair or impede" its "ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). The United States does not have a direct stake in this lawsuit. Plaintiffs point to the United States' broad, generally applicable interests. However, Plaintiffs do not identify any cognizable legal right of the United States that will be prejudiced by this lawsuit. Plaintiffs essentially argue that the

United States is a necessary plaintiff to any case claiming the violation of federal constitutional rights.  This far-fetched argument has no basis in the law.

- Finally, Plaintiffs do not demonstrate how the United States' absence will leave an existing party subject to "inconsistent obligations."  Fed. R. Civ. P. 19(a)(1)(B)(ii).  Plaintiffs do not identify which existing party is subject to multiple or inconsistent obligations.  While Plaintiffs contend that there is a potential for inconsistent *judgments*, Plaintiffs do not identify any inconsistent *obligations*.  Inconsistent adjudications are not the same as inconsistent obligations, which is what Rule 19 requires.

## BACKGROUND

In 2014, the Utah Legislature passed S.B. 54.  *Utah Republican Party v. Cox*, 892 F.3d 1066, 1073 (10th Cir. 2018).  S.B. 54 provided that Qualified Political Parties may hold a caucus and may certify the winners of the caucus to the primary ballot.  *See* Utah Code § 20A-9-401 *et seq*.  But "a party may not restrict access to the primary ballot just to candidates who emerge from the party convention."  *URP*, 892 F.3d at 1073.  "Under SB54, a candidate who is unwilling or unable to gain placement on the primary ballot through the caucus and convention may still qualify for the primary by gathering a set number of signatures by petition from eligible primary voters."  *Id.*  Accordingly, the Either or Both Provision of Utah statute provides that a Qualified Political Party must allow its members to seek the party's nomination "by either or both of" the convention process or collecting signatures.  Utah Code § 20A-9-103(13)(c).

The URP challenged the Either of Both Provision in this Court, claiming that S.B. 54 offers the party (not the candidates) the option to allow nomination by either the signature gathering method, or the convention method, or both.  *URP*, 892 F.3d at 1074.  The URP sought declaratory and injunctive relief that the Either of Both Provision was unconstitutional.  *Id.*

3

This Court certified the interpretation of the Either of Both Provision to the Utah Supreme Court. The Utah Supreme Court explained that the Either or Both Provision allows the candidate member, not the party, to select which of those two paths to follow in an effort to be certified to the primary ballot. 2016 UT 17, ¶ 4. This Court then held that "the Either or Both Provision is a constitutional exercise of the State's regulatory authority," and the Tenth Circuit affirmed. 892 F.3d at 1085, 1094-95.

This lawsuit is the latest attempt to overturn the results of the 2024 Republican Party primary election for Governor. *Cf. Lyman v. Cox*, 2024 UT 35, cert. denied, 145 S. Ct. 1057 (2025). Plaintiffs claim that the URP is not required to provide its members with the option to seek nomination through the signature-gathering method.[1] However, the Utah Supreme Court has definitively ruled that the Either or Both Provision allows the candidate member to select which of those two (or both) paths to get on the primary ballot.[2]

Plaintiffs complain that Governor Cox obtained placement on the primary ballot through the signature-gathering method.[3] And Plaintiffs claim that Lieutenant Governor Henderson unlawfully certified to the primary ballot candidates who were nominated through the signature-gathering process.[4] Based on Defendants' correct application of the Either or Both Provision, Plaintiffs seek to hold Defendants liable for alleged constitutional and RICO violations.

Plaintiffs request the Court declare Defendants' application of the Either or Both Provision (which follows the Utah Supreme Court's interpretation) to be unconstitutional.[5] Plaintiffs further request the Court declare the 2024 election certification void and certain state

---

[1] Compl. ¶ 91.
[2] The Utah Supreme Court recently affirmed this interpretation in *Lyman*, 2024 UT 35, ¶¶ 2, 10.
[3] Compl. ¶¶ 82-84.
[4] Compl. ¶¶ 98, 102-104
[5] Compl. ¶ 262.

4

offices vacant.[6] Plaintiffs ask the Court to enjoin Defendants from correctly applying the Either of Both Provision.[7] Finally, Plaintiffs seek money damages from Defendants.[8]

Plaintiffs now look to the Executive to help them overturn the 2024 governor election. Pending before this Court is Plaintiffs' Motion to Join the United States as a Plaintiff pursuant to Rule 19.

## LEGAL STANDARD

In order to require an absent person to join under Rule 19, a party must demonstrate that one of three circumstances exist:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

As the moving party under Rule 19, Plaintiffs bear the burden of proving that the United States is a necessary party. *Davis v. United States*, 192 F.3d 951, 958 (10th Cir. 1999). A Rule 19 motion should only be granted in "exceptional circumstances." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 131 (2d Cir. 2013).

## ARGUMENT

Plaintiffs do not demonstrate that any of the three circumstances mandating joinder exist here. Plaintiffs' Motion should therefore be denied.

---

[6] Compl. ¶¶ 263-268.
[7] Compl. ¶¶ 271.
[8] Compl. ¶¶ 275, 282, 286, 289, 293.

1.       <u>This Court can afford complete relief without the United States joining as a plaintiff</u>

The United States is not a necessary party because this Court can grant complete relief without the United States joining as a plaintiff. Joinder is only warranted if "the court cannot accord complete relief among existing parties" in the United States' absence. Fed. R. Civ. P. 19(a)(1)(A). A court can afford complete relief when a person's absence "does not prevent the plaintiffs from receiving their requested . . . relief." *Sac & Fox Nation of Mo. v. Norton*, 240 F.3d 1250, 1258 (10th Cir. 2001). To evaluate whether the Court can grant complete relief, the Court first looks to the relief requested by Plaintiffs in their Complaint. The Court then determines whether it can grant all the requested relief amongst existing parties. *See Salt Lake Tribune Pub. Co., LLC v. AT&T Corp.,* 320 F.3d 1081, 1097 (10th Cir. 2003).

No part of Plaintiffs' requested relief requires joinder of the United States. First, as to Plaintiffs' request for money damages against Defendants. "Should Plaintiffs prevail, they could recover damages . . . in the United States' absence." *Tinoco v. San Diego Gas & Elec. Co.*, 327 F.R.D. 651, 658 (S.D. Cal. 2018). Plaintiffs do not explain how an award of money damages requires the United States to be joined.

Second, Plaintiffs do not demonstrate how injunctive relief against Defendants requires the United States to participate as party. "[B]ecause Plaintiffs' action focuses solely on the liability of" state and county officials and state political party members, the United States' "absence would not prevent Plaintiffs from receiving their requested relief." *Male Excel Med., P.A. v. Trexler*, No. 24-CV-02539-RMR-KAS, 2025 WL 2374115, at *5 (D. Colo. Aug. 13, 2025). And if the Court were to dismiss Plaintiffs' claims, Defendants would be granted complete relief without needing the United States joined.

Prior litigation demonstrates that the issues raised in this case can be adjudicated without the United States as a party. Here, Plaintiffs raise the same issues that were fully litigated before this Court, and affirmed on appeal, in *Utah Republican Party*, 892 F.3d at 1094-95. The courts in that case afforded complete relief to the parties in the United States' absence. This Court can do the same here. The United States is not a necessary party.

Plaintiffs contend that "Plaintiffs' federal constitutional rights . . . cannot be fully adjudicated or protected in the United States' absence."[9] Plaintiffs' own argument defeats itself because Plaintiffs effectively concede that their claims raise their own rights, and not the rights of the United States. Adjudicating Plaintiffs' rights does not require joinder of the United States. *See C.F.C. v. Miami-Dade Cnty.*, 349 F. Supp. 3d 1236, 1268 (S.D. Fla. 2018) (where plaintiffs raised constitutional claims against county officials, court concluded it unnecessary "to join the federal government in order to rule on the constitutionality of the County's policy or whether the policy caused Plaintiffs' Fourth Amendment rights to be violated").

Therefore, the Court can fashion complete relief between Plaintiffs and Defendants in the United States' absence. The United States is not a necessary party under Rule 19(a)(1)(A).

2.      The United States has not claimed an interest in this case

Plaintiffs fail to meet their burden under Rule 19(a)(1)(B) because the United States does not have a claimed interest in this action. To meet either of the circumstances requiring joinder under Rule 19(a)(1)(B), Plaintiffs must first demonstrate that the absent person "claims an interest" in the action. Plaintiffs contend that the United States "possesses" a legal and constitutional interest.[10] In other words, Plaintiffs "argue that Rule 19(a)(1)(B) requires joinder

---

[9] Pls.' Mot., ECF No. 48, at 2.
[10] Pls.' Mot. at 2.

7

if the absent party has some potential interest relating to the subject of the action. This is incorrect. Instead, a necessary party under Rule 19(a)(1)(B) must *claim* an interest relating to the subject of the action." *Greer v. Moon*, No. 2:24-CV-00421-DBB-JCB, 2024 WL 4241350, at *3 (D. Utah Sept. 19, 2024). The absent party "must be the one claiming the interest." *Id.*

Plaintiffs do not assert that the United States claims an interest relating to this action. Therefore, the United States "is not a required party under Rule 19(a)(1)(B)." *Id.*

3. <u>This case does not impair the United States' ability to protect its interest</u>

Rule 19(a)(1)(B)(i) does not apply because even if Plaintiffs could demonstrate that the United States claims an interest, Plaintiffs do not show that the United States' absence from this case impairs or impedes the United States' ability to protect that interest. "The relevant inquiry for Rule 19(a) is not whether the absent person has an 'interest,' in the broad sense, in the outcome of the litigation, but whether cognizable legal rights of the absent person will be prejudiced by the suit's continuation." *Male Excel*, 2025 WL 2374115, at *5 (citation omitted). To require joinder, Plaintiffs must show that the United has "a direct stake" in this "pending litigation." *Old Colony Ventures I v. SMWNPF Holdings*, 968 F. Supp. 1422, 1430 (D. Kan. 1997) (quoting 4 James W. Moore, *Federal Practice* § 19.03[3][b] (3d ed. 1997)).

Plaintiffs fail to demonstrate that the United States has a direct stake in this case. Specifically, Plaintiffs have not shown that the United States "ha[s] any unique, personal interest in the challenged election results" or signature-gathering path to the primary. *Sac & Fox Nation v. Norton*, 585 F. Supp. 2d 1293, 1303-04 (W.D. Okla. 2006). Rather, Plaintiffs merely point to broad public interests that are generally applicably outside of this litigation. For example, Plaintiffs assert that there are "federal interests in the enforcement of constitutional civil rights"

8

and "in representative governance and election integrity."[11] These broad interests are insufficient to mandate joinder.

Furthermore, Plaintiffs do not identify any cognizable legal right of the United States that will be prejudiced by this lawsuit. A judgment in this case will not create any potential liability on the federal government, such that the United States needs to join this case to contest any such liability. "When the absent person will not be bound by the judgment and will have 'full opportunity to contest' any liability on its part, it does not have an adequate interest under the Rule to make it a necessary party." *Male Excel*, 2025 WL 2374115, at *5 (quoting *Brown v. Chaffee,* 612 F.2d 497, 503 (10th Cir. 1979)). While Plaintiffs mention the Government's power to investigate and bring enforcement actions,[12] Plaintiffs do not demonstrate how a judgment in this case would actually impair that power. The United States is not a necessary party.

According to Plaintiffs' logic, any lawsuit against state or local officials that raises federal constitutional claims requires the United States to join as a party. There is no limiting principle to Plaintiffs' argument. Recall that under Rule 19, the absent person *must* be joined if one of the circumstances are met. So, the result of Plaintiffs' position is that federal courts across the country will force the United States to mandatorily join every Section 1983 action and every lawsuit alleging a constitutional violation. This is an absurd proposition with no basis in the law. Plaintiffs' Motion is meritless and should be denied.

The true thrust of Plaintiffs' Motion is not that the United States' interests will be impaired without joinder, it's that Plaintiffs believe their own private interests will be impaired without the United States joining. Plaintiffs seek to "compel the participation of the United

---

[11] Pls.' Mot. at 2,
[12] Pls.' Mot. at 2-4.

States" to safeguard "the rights of the Plaintiffs."[13]  Furthermore, Plaintiffs don't seek to join the United States as a party to the case, but as a judicial administrator.  Plaintiffs allege that this Court's management of this case violates federal law.[14]  Plaintiffs thus request the Government's "oversight" of this case.[15]  That's not what Rule 19 is for.  Plaintiffs' Motion should be denied.

4.  <u>No existing party will be subject to inconsistent obligations</u>

Finally, Plaintiffs do not show that Rule 19(a)(1)(B)(ii) applies here.  Plaintiffs do not demonstrate how the United States' absence will "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations."  Fed. R. Civ. P. 19(a)(1)(B)(ii).  Plaintiffs do not identify which existing party is subject to multiple or inconsistent obligations.  And Plaintiffs do not assert what possible inconsistent *obligations* there will be.  Rather, Plaintiffs contend that there is a "potential" for inconsistent *judgments*.[16] "[I]nconsistent obligations are not the same as inconsistent adjudications or results, because inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident."  *Bacardi Int'l Ltd. v. V. Suarez & Co.*, 719 F.3d 1, 12 (1st Cir. 2013) (cleaned up).  "In contrast, inconsistent adjudications or results occur when a party wins on a claim in one forum and loses on another claim from the same incident in another forum."  *Id.* (cleaned up).  Plaintiffs' allegation of inconsistent judgments does not meet Plaintiffs' burden to show inconsistent obligations.  Plaintiffs' Motion has no merit.

---

[13] Pls. Mot. at 2.
[14] Pls.' Mot. at 3.
[15] Pls.' Mot. at 3.
[16] Pls.' Mot. at 2.

10

## CONCLUSION

The United States is not a necessary party.  The Court should deny Plaintiffs' Motion.

DATED: November 12, 2025

                                    /s/ Jason Dupree
                                    JASON DUPREE
                                    Assistant Utah Attorney General
                                    *Counsel for State, Legislative, and Judicial Defendants*

I, Jason Dupree, certify that this Defendants' Opposition to Plaintiffs' Motion to Join the United States as a Plaintiff pursuant to Rule 19 to contains 2970 words, exclusive of caption and signature block, and complies with DUCivR 7-1(a)(4).