ANIKKA HOIDAL (16489)
DAVID N. WOLF (6688)
JASON DUPREE (17509)
SCOTT CHENEY (6198)
Assistant Utah Attorneys General
OFFICE OF THE UTAH ATTORNEY GENERAL
P.O. Box 140874
Salt Lake City, Utah 84114
ahoidal@agutah.gov
dnwolf@agutah.gov
jndupree@agutah.gov
scheney@agutah.gov

*Attorneys for State, Legislative, and Judicial Defendants*

IN THE UNITED STATES DISTRICT COURT IN AND FOR

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TRACIE HALVORSEN, SOPHIE ANDERSON, NANCY INMAN, STEVEN HUBER, WAYNE WICKIZER, and DANIEL NEWBY,<br><br>       Plaintiffs,<br><br>v.<br><br>SPENCER COX, as an individual and in official capacity; DEIDRE HENDERSON, as an individual and in official capacity, STATE OF UTAH, et al.<br>       Defendants. | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE APPEARANCE OF COUNSEL [ECF 41, 42, 43, 44, 50, 51] ON BEHALF OF GOVERNOR SPENCER COX, LIEUTENANT GOVERNOR HENDERSON, J. STUART ADAMS, CURTIS BRAMBLE, MATTHEW DURRANT, DANIEL MCCAY, MIKE SCHULTZ**<br><br>Case No. 2:25-cv-00909-HCN-JCB<br><br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Jared C. Bennett |

1

Defendants Spencer Cox, Deidre Henderson, the State of Utah, Curtis Bramble, Daniel McCay, Mike Schultz, J. Stuart Adams, and Matthew Durrant (collectively, "State, Legislative, and Judicial Defendants") oppose Plaintiffs' Motion to Strike Appearance of Counsel [ECF 41, 42, 43, 44, 50, 51] on Behalf of Governor Spencer Cox, Lieutenant Governor Henderson, J. Stuart Adams, Curtis Bramble, Matthew Durrant, Daniel McCay, Mike Schultz ("Motion to Strike").

## INTRODUCTION

The Court should deny Plaintiffs' Motion to Strike because it is procedurally improper to strike a notice of appearance of counsel. The Federal Rules of Civil Procedure limit motions to strike to striking pleadings, which are specifically identified in the Rules. A notice of appearance is not such a pleading. However, Plaintiffs here seek to strike the routine notices of appearance of Defendants' counsel. This effort strays far from the limited and carefully defined scope of motions to strike. On that basis alone, Plaintiffs' Motion to Strike fails. And, regardless of the propriety of the Motion to Strike, it also fails on its merits because the authority Plaintiffs rely on does not support disqualifying Defendants' counsel. Accordingly, the Court should deny the Motion to Strike.

## BACKGROUND

Plaintiffs initiated this lawsuit on October 14, 2025. The lawsuit centers around Utah Code § 20A-9-101(13)(c), which sets forth the methods a candidate may select to seek a party's nomination. *Utah Republican Party v. Cox*, 2016 UT 17, ¶ 4, 373 P.3d 1286 (2016). The lawsuit names as parties state officials in both their individual and official capacities. Because it names

state officials in their official capacity, the Utah Attorney General's Office ("AGO") is required to defend the matter. *See* Utah Code § 67-5-1(b).

Counsel from the AGO ("Counsel") entered their appearances for Defendants in routine fashion pursuant to Local Rule 83-1.3. *See* DUCivR 83-1.3; *see also* ECF 41, 42, 43, 44, 50, 51 (notices of appearance and supplemental notices of appearance).[1] Plaintiffs subsequently filed the Motion to Strike, which seeks to deprive Defendants of counsel to which they are statutorily and constitutionally allowed.

## ARGUMENT

Plaintiffs' Motion to Strike is procedurally improper, and the Court should deny it on procedural grounds alone. In addition to that impropriety, the Motion to Strike also fails on its merits, offering the Court other grounds on which to deny it. Either way, the Court should deny the Motion to Strike.

### I.     PLAINTIFFS' MOTION TO STRIKE IS PROCEDURALLY IMPROPER

Plaintiffs failed to follow the Federal Rules of Civil Procedure in moving to strike the notices of appearance. Plaintiffs move to strike the notices of appearance pursuant to Federal Rule of Civil Procedure 12(f).[2] Rule 12(f) provides, in relevant part: "The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) is limited to striking pleadings. Pleadings do not mean anything that is filed with the Court, but have a designated meaning found in Rule 7(a). *See*

---

[1] ECF 52 and 53 are also supplemental notices of appearance similar to ECF 50 and 51. Plaintiffs did not include those in their Motion to Strike, but Defendants presume the Motion to Strike applies to those two notices as well.

[2] Motion at 1.

*Rivera v. CHSPSC, LLC*, No. 2:23-CV-00336-KWR-KK, 2024 WL 3495140, at *2 (D.N.M. July 22, 2024) ("Rule 12(f) only applies to pleadings defined under Rule 7(a) . . . .").

Rule 7(a) lists the seven specific "pleadings" that are subject to a motion to strike. Fed. R. Civ. P. 7(a). These pleadings are: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." *Id.* Court filings that are not on this list do not qualify as pleadings. Indeed, "courts in the Tenth Circuit have repeatedly denied motions to strike other motions and memoranda." *United States v. Cromar*, 2:17-cv-01223-RJS-EJF, 2018 WL 9371364, *1 (D. Utah May 29, 2018) (citing *Searcy v. Soc. Sec. Admin.*, 956 F.3d 278 (table decision), 1992 WL 43490, *2 (10th Cir. Mar. 2, 1992) (unpublished)); *see also Jiricko v. Frankenburg Jensen Law Firm*, 2:16-cv-00132-DB-EJF, 2016 WL 6471199, *1 (D. Utah Oct. 31, 2016) (same). An attorney's notice of appearance is not a "pleading" to which Rule 12(f) would apply. *See, e.g.*, *Wilson v. Stewart*, 1:25-cv-10483, 2025 WL 2647571, *1 (E.D. Mich. Sept. 15, 2025) (denying plaintiff's motion to strike defense counsel's notice of appearance based on Rule 12(f) and Rule 7(a)).

Plaintiffs submit their Motion to Strike "pursuant to Rule 12(f)."[3] The only filings Plaintiffs identify in their Motion to Strike are the notices of appearance. The notices of appearances are not pleadings under Rule 7(a) and cannot be the subject of a motion to strike under Rule 12(f). Plaintiffs' Motion to Strike is therefore procedurally improper. The Court should deny the Motion to Strike.

---

[3] Motion at 1.

## II.    PLAINTIFFS' MOTION TO STRIKE FAILS ON ITS MERITS

Even if Plaintiffs' Motion could be construed as procedurally proper—which it cannot—it fails on its merits. Plaintiffs rely on Utah Code § 63G-7-902, specifically subsection (3),[4] and Utah Administrative Code R477-2-9[5] as the legal bases for their argument to disqualify Counsel. Neither of these authorities support disqualifying Counsel.

### A.    Plaintiffs misread Utah Code § 63G-7-902

Plaintiffs contend that the State of Utah must withdraw as counsel because Defendants' acts allegedly fall outside the protection of the Governmental Immunity Act of Utah. Plaintiffs are incorrect. In support of their argument, Plaintiffs cite Utah Code § 63G-7-902(3),[6] which describes coverage and representation of state entities and employees under the Governmental Immunity Act of Utah. This provision states:

> (3) The governmental entity may decline to defend, or, subject to any court rule or order, decline to continue to defend, an action against an employee if it determines:
> (a) that the act or omission in question did not occur:
>     (i) during the performance of the employee's duties;
>     (ii) within the scope of the employee's employment; or
>     (iii) under color of authority; or
> (b) that the injury or damage on which the claim was based resulted from conditions set forth in Subsection 63G-7-202(3)(c).

Utah Code § 63G-7-902(3).

Plaintiffs' argument that "Defendants' acts and omissions fall outside the protections provided by Utah's Governmental Immunity Act"[7] based on this subsection fails for two reasons.

---

[4] Motion at ¶ 14.
[5] Motion at ¶ 15.
[6] Motion at ¶ 14.
[7] Motion at ¶ 14.

First, the language of Utah Code § 63G-7-902(3) is permissive. It states: "The governmental entity *may* decline to defend . . . ." *Id.* (emphasis added). This subsection imposes no mandate on the government to decline to defend but instead leaves that discretion to the governmental entity. In other words, this subsection does not prohibit a governmental entity from defending an employee. Representation by Counsel is still proper and Plaintiffs' argument fails. Second, under this subsection, it is the governmental entity's determination whether an employee's action occurred during the enumerated situations. The statute does not permit someone outside of the relationship between the governmental entity and the employee, such as Plaintiffs, to make that determination. Plaintiffs' argument fails again.

Moreover, Plaintiffs fail to account for the AGO's constitutional and statutory duties. The Utah Constitution establishes the AGO's responsibilities. "The Attorney General shall be the legal advisor of the State officers, except as otherwise provided by this Constitution, and shall perform such other duties as provided by law." *See* Utah Const., art. VII, § 16. Those other duties are then set forth, in part, in Utah Code § 67-5-1. Specifically, the AGO shall "defend all causes to which the state or any officer, board, or commission of the state in an official capacity is a party. . . ." Utah Code § 67-5-1(b). In other words, Utah law requires the AGO to represent Defendants in their official capacity in this litigation. Plaintiffs' argument to prevent Counsel's representation therefore fails.

### B.    Plaintiffs' reliance on Utah Administrative Code R477-2-9 is misplaced

The only other authority Plaintiffs identify in support of their position is Utah Administrative Code R477-2-9.[8] This section provides that under the Governmental Immunity

---

[8] Motion at ¶ 15.

Act, in most cases employees will receive defense "unless the case involves fraud[ or] malice . . . ." Utah Admin. Code R477-2-9(1). Plaintiffs' reliance on this section is misplaced. Plaintiffs ignore a fundamental part of Title R477, which is R477-2-1 "Rules Applicability." While Title R477 applies to the executive branch of Utah State Government," certain entities "are not bound by mandatory compliance with Title R477." *Id.* R477-2-1. These entities include: (1) "members of the Legislature and legislative employees"; (2) members of the judiciary and judicial employees"; and (3) "elected members of the executive branch and their Schedule A employees." *Id.*

The State, Legislative, and Judicial Defendants all fall into one of the categories of entities that are not bound by mandatory compliance with Title R477. Legislative Defendants are members of the Legislature. Judicial Defendant is a member of the judiciary. State Defendants are elected members of the executive branch. Utah Administrative Code R477-2-9 does not apply to Defendants and cannot serve as a basis to prevent Counsel's appearances. Plaintiffs' reliance on this section is misplaced and further supports a denial of their Motion to Strike.

## **CONCLUSION**

Plaintiffs' Motion to Strike is procedurally improper and also fails on its merits. The Court should deny the Motion to Strike.

DATED: November 14, 2025

/s/ Anikka Hoidal
ANIKKA HOIDAL
Assistant Utah Attorney General
*Counsel for State, Legislative, and Judicial Defendants*