Case No. 2:25-cv-00909-JCB

FILED US District Court-UT
NOV 07 '25 PM04:07

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

HALVORSEN et al.,

        Plaintiffs

v.

COX et al.,

        Defendants

MOTION FOR LEAVE TO FILE SECOND AMICUS CURIAE BRIEF

Dr. Richard M. Fleming, PhD, MD, JD, respectfully moves for leave to file the attached Amicus Curiae Brief in support of Plaintiff's claims pursuant to the inherent authority of this Court and applicable local rules.

Amicus has previously submitted a brief in related litigation concerning Utah's Elections Amendments Act of 2014 (SB54) and now seeks to supplement the record with additional constitutional analysis and precedent. This brief offers distinct legal arguments not duplicative of prior filings and addresses evolving concerns regarding viewpoint discrimination, associational rights, and the fair enforcement of SB54.

Multiple amicus submissions are permitted where they provide new insights or respond to developments in the case. See *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.) ("A court should welcome amicus briefs that bring relevant matter to its attention.").

Accordingly, Amicus respectfully requests that the Court grant leave to file the attached brief.

Respectfully submitted,

/s/ Richard M. Fleming

Richard M. Fleming, PhD, MD, JD

Pearland, Texas

November 7, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2025, I caused a true and correct copy of the foregoing Motion for Leave to File Amicus Curiae Memorandum, Proposed Order, and Proposed Amicus Memorandum to be served electronically via the Court's CM/ECF system on all counsel of record who are registered to receive electronic filings. For any parties or counsel not registered with CM/ECF, service was completed by U.S. Mail to their last known address, as set forth below:

| | |
|---|---|
| Jason Dupree | Scott Cheney |
| Office of the Utah Attorney General | Office of the Utah Attorney General |
| PO Box 140856 | PO Box 140856 |
| Salt Lake City, Utah 84114-0856 | Salt Lake City, Utah 84114-0856 |
| (385) 977-8940 | (385) 977-4858 |
| jndupree@agutah.gov | scheney@agutah.gov |
| *Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams* | *Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams* |

David Wolf
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 441-5084
dnwolf@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Anikka Hoidal
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 272-3951
ahoidal@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

John R. Richardson
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Johnny.richardson@dentons.com
*Attorney for Brian McKenzie*

R. Blake Hamilton
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Blake.hamilton@detons.com
*Attorney for Brian McKenzie*

Janise K. Macanas
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Janise.macanas@dentons.com
*Attorney for Brian McKenzie*

Robert Axson
7323 Hickory Hill Circle
Cottonwood Heights, Utah 84121

Chris Null
5147 W. Gossamer Way
Riverton, Utah 84096

Kim Coleman
8303 South 5260 West
West Jordan, Utah 84081

/s/ Richard M. Fleming
Richard M. Fleming, PhD, MD, JD
Pearland, Texas
November 7, 2025

Case No. 2:25-cv-00909-JCB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

HALVORSEN et al.,

    Plaintiffs

v.

COX et al.,

    Defendants

BRIEF OF SECOND AMICUS CURIAE

Richard M. Fleming, PhD, MD, JD

In Support of Plaintiffs

TABLE OF CONTENTS

Interest of Amicus Curiae

Summary of Argument

Argument

I. SB54's "Either or Both" Provision Requires Strict Scrutiny

II. State Regulation Must Respect Party Autonomy and Candidate Rights

III. Viewpoint Discrimination and Judicial Estoppel Are Constitutionally Relevant

IV. RICO Allegations Warrant Discovery and Judicial Review

Conclusion

TABLE OF AUTHORITIES

Cases

*Anderson v. Celebrezze*, 460 U.S. 780 (1983)

*Burdick v. Takushi*, 504 U.S. 428 (1992)

*California Democratic Party v. Jones*, 530 U.S. 567 (2000)

*Clingman v. Beaver*, 544 U.S. 581 (2005)

*Lopez Torres v. New York State Bd. of Elections*, 552 U.S. 196 (2008)

*Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128 (3d Cir. 2002)

*New Hampshire v. Maine*, 532 U.S. 742 (2001)

*Rosenberger v. Rector*, 515 U.S. 819 (1995)

*Tashjian v. Republican Party of Connecticut*, 479 U.S. 208 (1986)

*Timmons v. Twin Cities Area New Party*, 520 U.S. 351 (1997)

*Utah Republican Party v. Cox*, 885 F.3d 1219 (10th Cir. 2018)

Statutes

U.S. Const. amend. I

U.S. Const. amend. XIV

U.S. Const. art. I, § 4

18 U.S.C. §§ 1961–1968 (RICO)

18 U.S.C. § 1962(c)

42 U.S.C. § 1983

# BRIEF OF SECOND AMICUS CURIAE DR. RICHARD M. FLEMING IN SUPPORT OF PLAINTIFF'S CLAIMS

## INTEREST OF AMICUS CURIAE

Dr. Richard M. Fleming, PhD, MD, JD, submits this brief as Amicus Curiae in support of Plaintiff's claims. Amicus has a demonstrated interest in the constitutional integrity of Utah's electoral processes and has previously submitted amicus materials in litigation concerning SB54. His interdisciplinary expertise in law, clinical reasoning, and procedural compliance informs this submission, which seeks to clarify the constitutional stakes and support Plaintiff's claims under the First and Fourteenth Amendments.

## SUMMARY OF ARGUMENT

Plaintiff challenges the implementation of Utah's Elections Amendments Act of 2014 (SB54), alleging that its enforcement violates constitutional protections of political association and equal access to the ballot. The Tenth Circuit's decision in *Utah Republican Party v. Cox*, 885 F.3d 1219 (10th Cir. 2018), upheld SB54's framework under the *Anderson-Burdick* balancing test, but emphasized that such electoral regulations must be applied fairly and without viewpoint discrimination. Plaintiff's allegations, if substantiated, describe a misuse of SB54 that imposes severe burdens on associational rights and candidate access, warranting judicial intervention.

# ARGUMENT

I. SB54's "Either or Both" Provision Requires Strict Scrutiny When Used to Suppress Candidate Access

SB54 mandates that Qualified Political Parties (QPPs) allow candidates to qualify for the primary ballot either through party convention or signature gathering. In *Utah Republican Party v. Cox*, the Tenth Circuit upheld this provision, finding the burden on party autonomy to be minimal when fairly applied. However, the court reaffirmed that:

> "If a regulation is found to impose 'severe burdens' on a party's associational rights, it must be narrowly tailored to serve a compelling state interest." — *Clingman v. Beaver*, 544 U.S. 581, 586 (2005)

If SB54 is enforced in a manner that excludes valid candidates or manipulates nomination pathways, the burden becomes severe and unconstitutional under the First and Fourteenth Amendments.

Relevant authority includes:

- *Anderson v. Celebrezze*, 460 U.S. 780 (1983)
- *Burdick v. Takushi*, 504 U.S. 428 (1992)
- *Timmons v. Twin Cities Area New Party*, 520 U.S. 351 (1997)

II. State Regulation Must Respect Party Autonomy and Candidate Rights

While states may regulate the time, place, and manner of elections under U.S. Const. art. I, § 4, such regulation must respect the associational rights of parties and candidates. The Supreme Court has consistently held:

5

- *California Democratic Party v. Jones*, 530 U.S. 567 (2000)
- *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208 (1986)
- *Lopez Torres v. New York State Bd. of Elections*, 552 U.S. 196 (2008)

These cases underscore that state regulation must be neutral and must not interfere with the internal governance or candidate selection of political parties.

III. Viewpoint Discrimination and Judicial Estoppel Are Constitutionally Relevant

Plaintiff alleges that state officials have selectively enforced SB54 to suppress dissenting viewpoints and manipulate candidate access. If proven, such conduct constitutes viewpoint discrimination, triggering strict scrutiny:

> "The government must abstain from regulating speech when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction." — *Rosenberger v. Rector*, 515 U.S. 819, 829 (1995)

Additionally, if the State previously advanced one interpretation of SB54 and now asserts another to disadvantage Plaintiff, judicial estoppel may apply to prevent inconsistent positions that undermine fairness and due process. See *New Hampshire v. Maine*, 532 U.S. 742 (2001).

IV. RICO Allegations Warrant Discovery and Judicial Review

Plaintiff's invocation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968, introduces serious claims of coordinated misconduct. Courts must allow discovery to determine whether predicate acts—

such as fraud, obstruction, or deprivation of rights under color of law—occurred in violation of federal statutes.

Relevant statutory authority includes:

- 18 U.S.C. § 1962(c)
- 42 U.S.C. § 1983

## CONCLUSION

For the foregoing reasons, Amicus respectfully urges this Court to grant Plaintiff's request for injunctive and declaratory relief, or in the alternative, to permit discovery to proceed. The constitutional balance articulated in *Utah Republican Party v. Cox* depends on fair and neutral enforcement. If SB54 is being used to suppress dissent or manipulate candidate access, the burden on associational rights becomes severe and unconstitutional.

Respectfully submitted,

/s/ Richard M. Fleming
Richard M. Fleming, PhD, MD, JD
Pearland, Texas
November 7, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2025, I caused a true and correct copy of the foregoing Motion for Leave to File Amicus Curiae Memorandum, Proposed Order, and Proposed Amicus Memorandum to be served electronically via the

7

Court's CM/ECF system on all counsel of record who are registered to receive electronic filings. For any parties or counsel not registered with CM/ECF, service was completed by U.S. Mail to their last known address, as set forth below:

Jason Dupree
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 977-8940
jndupree@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Scott Cheney
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 977-4858
scheney@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

David Wolf
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 441-5084
dnwolf@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Anikka Hoidal
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 272-3951
ahoidal@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

John R. Richardson
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Johnny.richardson@dentons.com

R. Blake Hamilton
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Blake.hamilton@detons.com

*Attorney for Brian McKenzie*

Janise K. Macanas
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Janise.macanas@dentons.com
*Attorney for Brian McKenzie*

Kim Coleman
8303 South 5260 West
West Jordan, Utah 84081

*Attorney for Brian McKenzie*

Robert Axson
7323 Hickory Hill Circle
Cottonwood Heights, Utah 84121

Chris Null
5147 W. Gossamer Way
Riverton, Utah 84096

/s/ Richard M. Fleming
Richard M. Fleming, PhD, MD, JD
Pearland, Texas
November 7, 2025

9

Case No. 2:25-cv-00909-JCB

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF UTAH, CENTRAL DIVISION

TRACIE HALVORSEN; et. al.,

    Plaintiffs,

        v.

SPENCER COX as an individual and official capacity; et. al,

    Defendants.

## [PROPOSED] ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMICUS CURIAE MEMORANDUM

On consideration of the Motion for Leave to File Amicus Curiae Memorandum filed by Richard M. Fleming, PhD, MD, JD, and good cause appearing, IT IS HEREBY ORDERED:

1. The motion is GRANTED.
2. Richard M. Fleming, PhD, MD, JD, is granted leave to file the amicus curiae memorandum in support of Plaintiffs.
3. The Clerk is directed to file the memorandum attached to the Motion as of the date of this Order.

IT IS SO ORDERED.

DATED this ____ day of _____, 2025.

BY THE COURT:

United States District Judge