FILED
2025 NOV 18 PM 1:14
CLERK
U.S. DISTRICT COURT

Tracie Halvorsen
Petitioner Pro Se
138 E 12300 S
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH

| | |
|---|---|
| TRACIE HALVORSEN, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> SPENCER COX, et. al, <br><br> Defendants | **PLAINTIFFS' REPLY TO [68] DEFENDANTS' OPPOSITION TO [62] PLAINTIFFS' MOTION TO STRIKE APPEARANCE OF COUNSEL [ECF 41, 42, 43, 44, 50, 51] ON BEHALF OF GOVERNOR SPENCER COX, LIEUTENANT GOVERNOR HENDERSON, J. STUART ADAMS, CURTIS BRAMBLE, MATTHEW DURRANT, DANIEL MCCAY, MIKE SCHULTZ** <br><br> Case No.2:25-cv-00909-HCN-JCB <br><br> Judge Howard C. Nielson, Jr. |

COMES NOW, Plaintiffs, Tracie Halvorsen, et. al., proceeding pro se, and hereby submits this Reply to (ECF 68) Defendants Opposition to Plaintiffs' Motion to Strike Appearance of Counsel (ECF 62) on behalf of Governor Spencer Cox, Lieutenant Governor Deidre Henderson, Curtis Bramble, Daniel McCay, Mike Schultz, J. Stuart Adams, and Matthew Durrant.

**I.      Introduction**

1. Defendants' opposition does not meet Plaintiffs' core point: the Utah Attorney General and other state-funded counsel may not use taxpayer resources to defend ultra vires, fraudulent, and malicious conduct that falls outside the scope of Utah's Governmental Immunity Act defense-and-indemnification scheme (Utah Code § 63G-7-902) and Utah Admin. Code R477-2-9. Instead of engaging that statutory question, Defendants largely attack the caption of the motion (calling it an improper "Rule 12(f)" motion) and insist that Plaintiffs have no voice in whether public funds subsidize the defense of intentional wrongdoing.

2. Even if the Court concludes that Federal Rule of Civil Procedure 12(f) is formally limited to "pleadings," the Court still retains broad inherent authority to regulate the conduct of attorneys who appear before it, to control its docket, and to prevent misuse of public resources to shield fraud and malice from judicial accountability. Plaintiffs' motion may also be properly understood as a Rule 7(b) motion invoking that inherent authority and the governing Utah statutory and regulatory framework; striking or disregarding the challenged Notices of Appearance is simply the appropriate means of implementing the requested relief.

II. **The Court's Power Is Not Limited by the Caption "Motion to Strike"**

3. Defendants argue that because Rule 12(f) authorizes striking matter "from a pleading," Plaintiffs' motion is procedurally improper as to a Notice of Appearance and should be denied on that technical basis. That argument elevates form over substance and ignores both Rule 7(b) and the Court's inherent power to regulate the bar and to control its own docket.

4. **Rule 7(b) and inherent authority**. Rule 7(b)(1) requires that a motion "state with particularity the grounds for seeking the order; and state the relief sought," not that the motion cite the "correct" rule number in the caption. Plaintiffs' motion clearly identifies the relief (prohibiting and striking state-funded appearances for certain Defendants) and the grounds (Utah

Code 63G-7-902, Utah Admin. Code R477-2-9, and the detailed factual allegations of fraud, malice, and ultra vires conduct), satisfying Rule 7(b) regardless of how Defendants characterize it.

    5.    **Caption does not control the Court's power**. Federal courts repeatedly treat motions by their substance rather than their label, especially when pro se litigants are involved. Here, the substance is a motion (a) to disqualify or refuse recognition of state-funded counsel for individual-capacity defense of fraudulent/malicious acts and (b) to prevent misuse of public funds, not merely a stylistic "pleading-clean up" motion. The Court may grant appropriate relief under its inherent authority even if it concludes that Rule 12(f) technically applies only to pleadings.

    6.    **Rule 12(f) as a standard by analogy**. Plaintiffs rely on Rule 12(f)'s language—"redundant, immaterial, impertinent, or scandalous matter"—as a useful standard for when it is appropriate to remove improper filings from the docket, while recognizing that Rule 12(f) allows the Court "may strike from a pleading" but it also states the "court may strike any…redundant, immaterial, impertinent, or scandalous matter."  Defendants tax payer funded defense team is scandalous to every Utahn. The Court's inherent power to strike or disregard abusive, misleading, or unauthorized filings is not confined by the word "pleading" in Rule 12(f); rather, Rule 12(f) supplies the analytical vocabulary for exercising that broader power.

    7.    Defendants' objection boils down to a request that the Court deny Plaintiffs' motion not because the relief is improper, but because they would prefer that Plaintiffs re-file the very same request under a different label—"Motion to Disqualify Defendants' Counsel." In other words, having no meaningful response to the substance of Plaintiffs' statutory and factual showing, Defendants ask the Court to treat this as a "wrong form" problem and force pro se

litigants to start over simply so the caption will better match Defendants' preferences. That position is untenable. Federal Rule 12(f) is designed to empower the Court to strike filings that are redundant, immaterial, impertinent, or scandalous, yet Defendants seek to have the Court interpret that rule in a narrow, self-serving manner—mirroring the same selective approach they use to construe Utah's election laws for their own benefit. Federal practice does not elevate captions over substance, and Rule 7(b) requires only that a motion states the grounds for relief and the relief requested, which Plaintiffs have clearly done here. Reducing this dispute to a paperwork technicality—insisting that the same arguments be repackaged in a new motion with a slightly different title—only underscores that Defendants cannot refute the merits of Plaintiffs' request and hope instead to win on a clerical quibble.

8.  Accordingly, even if the Court accepts Defendants' narrow reading of Rule 12(f), the motion should not be denied on that basis, and the Court should consider the merits of whether state-funded counsel may properly appear for these Defendants on these claims.

### III. Plaintiffs Do Have a Legally Cognizable Interest in the Use of State-Funded Counsel

9.  Defendants also suggest Plaintiffs have no standing or no "legally protected interest" in which lawyer defends the officials, because representation decisions are "internal" to the state. That fails for at least three reasons.

10. **Statutory constraints on defense and indemnification**. Utah Code 63G-7-902 and Utah Admin. Code R477-2-9 expressly limit when state resources may be used to defend employees, excluding cases involving fraud, malice, or conduct outside the scope of employment. Plaintiffs' Complaint and the Motion set out detailed allegations and exhibits showing that the Defendants engaged in election-related misconduct, ultra vires acts, and fraudulent schemes that fall within those exclusions. When the governing statutes and

4

regulations say the state "shall…unless" or "may decline" to defend in such circumstances, Plaintiffs are entitled to invoke those limits and to ask the Court to enforce them.

> (1) "In mot cases, under Title 63G, Chapter 7, Governmental Immunity Act, and employee shall receive defense and indemnification **unless** the case involves fraud, malice, or the use of alcohol or drugs by the employee."

Quoting Utah Admin. Code R477-2-9(1) [emphasis on bold].

11. **Integrity of the proceedings**. Federal courts have a direct institutional interest in ensuring that the lawyers who appear before them do so within the bounds of law and ethics and that the use of public funds does not create structural conflicts or incentives that undermine the fairness of the proceeding. Plaintiffs' motion asks the Court to protect the integrity of this case by preventing state-subsidized counsel from simultaneously shielding intentional misconduct and ultra vires acts while defending the State's own institutional interests.

12. **Practical prejudice to Plaintiffs**. Allowing state-funded counsel to defend individual Defendants for fraudulent and malicious conduct changes the balance of resources and can impede Plaintiffs' ability to hold individuals personally accountable, including with respect to discovery, settlement leverage, and the practical realities of litigating against the State's full legal apparatus. That practical prejudice, arising from state-funded defense of conduct the statutes say should not be defended at public expense, is not "abstract;" it affects Plaintiffs' ability to obtain effective relief.

13. Thus, Plaintiffs are not simply "meddling" in internal state decisions; they are seeking judicial enforcement of explicit statutory and regulatory limits on when the State may defend its officials.

    **IV.**    **Plaintiffs' Claims Fall Squarely within the Fraud/Malice Exclusions**

14. Defendants' opposition downplays the Complaint as if it claims only "policy disagreements" or good-faith exercises of official discretion, but Plaintiffs' pleading and exhibits go much further.

15. Plaintiffs claim that Governor Cox and other Defendants orchestrated and implemented a scheme to undermine Utah's convention-based nomination system and to certify candidates through a signature-gathering process in a manner that violated specific provisions of Utah election law and *Utah Republican Party v. Cox*, 2016 UT 17.

16. Plaintiffs claim that the Lieutenant Governor knowingly certified disqualified candidates and issued "counterfeit" ballots in violation of Utah Code 20A-4-501, as part of a deliberate departure from clear statutory commands.

17. Plaintiffs claim that Chief Justice Durrant and other Defendants acted in direct contravention of the Utah Supreme Court's own interpretation of Utah's election statutes, and that legislative leaders ignored their constitutional responsibilities even after formal notice of the election fraud.

18. These are not mere negligence or good-faith errors; they are pleaded as intentional, knowing, and fraudulent acts under color of law, precisely the sort of conduct that takes Defendants outside any entitlement to taxpayer-funded defense under Utah Code 63G-7-902 and Utah Admin. Code R477-2-9. At the motion stage, the Court must accept Plaintiffs' well-pleaded factual allegations as true; Defendants cannot short-circuit the statutory exclusions simply by labeling those allegations "policy disagreements."

V. **Proper Relief: Disqualification / Non-Recognition of State Funded Counsel for Individual-Capacity Defense**

19. Defendants, much as they have done with Utah's election laws, selectively construe Utah Code § 63G-7-902(3) in a way that serves their own interests. They highlight only the phrase "[t]he governmental entity *may* decline to defend" (emphasis on italicized) while asking the Court to ignore the equally operative language that any such decision is "**subject to any court rule or order**," (emphasis on bold) as if the judiciary were expected to rubber-stamp their choice and allow Plaintiffs to continue to suffer harm without meaningful oversight. In doing so, Defendants effectively invite this Court to fail to fulfill its constitutional role as an independent check on the governmental branches—an invitation fundamentally at odds with the separation-of-powers design described by James Madison, who explained in Federalist No. 51 that the structure of government must ensure that no branch acquires an overruling influence over the others, "be the means of keeping each other in the proper places,"[1] and that each serves as a "sentinel over the public rights."[2] Defendants' reading asks the Court to forget that it is precisely the judiciary's duty to ensure that statutory discretion is exercised within legal bounds, and not converted into a shield for the weaponization of government against the people.

20. James Madison explained in Federalist No. 51 that the Constitution's design rests on the "separate and distinct exercise of the different powers of government"[3] so that each branch serves as a check on the others and as a safeguard for the people's liberty. In that framework, the judiciary is not a passive bystander but an active guardian, vested with independent authority to ensure that the political branches do not convert discretionary power into a shield for abuse. When the Court exercises its supervisory and interpretive power here, it is

---

[1] The Federalist No. 51 (Jamies Madison).
[2] *Id.*
[3] *Id.*

doing exactly what Federalist 51 contemplated—providing the "double security"[4] for the rights of the people by ensuring that one branch's application of a statute does not go unchecked and does not become an instrument of governmental weaponization against private citizens.

      21.     Plaintiffs' requested relief is narrow and tailored. Plaintiffs do not ask the Court to bar the Utah Attorney General or state-funded counsel from representing the State of Utah itself on claims properly asserted against the State as an entity. Rather, Plaintiffs request:

    a. That the Court prohibit state-funded counsel from appearing or acting as counsel of record for the individual Defendants, in their official and individual capacity, on claims grounded in fraud, malice, or ultra vires conduct, consistent with Utah Code 63G-7-902 and Utah Admin. Code R477-2-9.

    b. That the Court strike, disregard, or otherwise decline to recognize the Notices of Appearance to the extent they purport to establish taxpayer-funded defense of those official and individual-capacity claims.

      22.     Framed this way, the Court can readily grant relief as a disqualification / non-recognition order under its inherent authority and applicable ethics/indemnification rules, without having to decide that Rule 12(f) applies directly to notices. The "strike" language reflects the ministerial act of removing the scandalous inclusion of state-funded representation for Defendants involved in fraudulent and malice acts, thereby conforming the pleading to the Court's substantive ruling on who may be represented at public expense. That ruling would also be consistent with Utah's own statutory framework under Utah Code § 67-5-1(b) which provides for the Attorney General's Office to defend the State, or any officer who is sued in an official capacity, but must be read together with the Governmental Immunity Act provisions that requires

---

[4] *Id.*

denial of a state-funded defense where the official's conduct involves fraud or malice. When the Executive Department fails to withhold a public defense in circumstances where the statutes mandate that it should be denied, it falls to the judiciary to enforce those statutory limits and to order that state-funded representation be withdrawn.

### VI. Conclusion

23. For the foregoing reasons, Plaintiffs respectfully request that the Court:

   a. Reject Defendants' procedural argument that the motion fails because Rule 12(f) refers to "pleadings," and either conclude that the rule empowers the Court to strike any scandalous matter—including improper appearances of counsel for Defendants other than the State—or, in the alternative, treat the motion as a Rule 7(b) request invoking the Court's inherent authority and relevant Utah defense-and-indemnification statutes and regulations;

   b. Find that, if Plaintiffs' allegations are accepted as true at this stage, the challenged conduct falls within the fraud, malice, and ultra vires exclusions of Utah Code 63G-7-902 and Utah Admin. Code R477-2-9;

   c. Prohibit state-funded counsel from representing the individual Defendants on those claims and strike or disregard the Notices of Appearance to the extent they purport to establish taxpayer-funded defense for such conduct; and

   d. Grant such further relief as the Court deems just and equitable to safeguard public resources and the integrity of these proceedings.

### VII. REPRESENATIONS TO THE COURT (Rule 11)

WE HEREBY CERTIFY that, under Federal Rule of Civil Procedure 11 and applicable local rules, the foregoing PLAINTIFFS' REPLY TO [68] DEFENDANTS' OPPOSITION TO

[62] PLAINTIFFS' MOTION TO STRIKE APPEARANCE OF COUNSEL [ECF 41, 42, 43, 44, 50, 51] ON BEHALF OF GOVERNOR SPENCER COX, LIEUTENANT GOVERNOR HENDERSON, J. STUART ADAMS, CURTIS BRAMBLE, MATTHEW DURRANT, DANIEL MCCAY, MIKE SCHULTZ contains 2,387 words, complies with DUCivR-7-1(a)(4), is presented in good faith, for proper purposes, and based on existing law and factual support, and that to the best of our knowledge, information, and belief, formed after reasonable inquiry, the statements contained herein are true and correct.

Dated: October 18, 2025

/s/ Tracie Halvorsen

TRACIE HALVORSEN
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro Se

/s/ Sophie Anderson

SOPHIE ANDERSON
138 East 12300 South
C275
Draper, Utah 84020
801-953-2841
jessandsophie03@yahoo.com
Plaintiff Pro Se

/s/ NANCY INMAN

NANCY INMAN
138 East 12300 South
C275
Draper, Utah 84020
916-396-4395
Nancyjinman@gmail.com
Plaintiff Pro Se

/s/ STEVEN HUBER

STEVEN HUBER
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro Se

/s/ WAYNE WICKIZER

WAYNE WICKIZER
138 East 12300 South
C275
Draper, Utah 84020

/s/ DANIEL NEWBY

DANIEL NEWBY
138 East 12300 South
C275
Draper, Utah 84020

385-239-8326  
justice@utahwtp.com  
Plaintiff Pro Se

801-949-3360  
danieltrouble@protonmail.com  
Plaintiff Pro Se

## Certificate of Service

We hereby certify that on this 18th day of November, 2025, we electronically filed the PLAINTIFFS' REPLY TO [68] DEFENDANTS' OPPOSITION TO [62] PLAINTIFFS' MOTION TO STRIKE APPEARANCE OF COUNSEL [ECF 41, 42, 43, 44, 50, 51] ON BEHALF OF GOVERNOR SPENCER COX, LIEUTENANT GOVERNOR HENDERSON, J. STUART ADAMS, CURTIS BRAMBLE, MATTHEW DURRANT, DANIEL MCCAY, MIKE SCHULTZ with the Clerk of the Court under the filing and electronic notification procedures outlined under DUCivR 5-1, which will send notification of such filings to all registered participants in this case.

Additionally, we certify that we caused a true and correct copy of the document to be served by mailing it pursuant to Federal Rules of Civil Procedure 5(b)(2)(c) to the following address, intended for all Defendants:

Jason Dupree
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 977-8940
jndupree@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Scott *Cheney*
*Office of the Utah Attorney General*
*PO Box 140856*
*Salt Lake City, Utah 84114-0856*
*(385) 977-4858*
scheney@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

David Wolf
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 441-5084
dnwolf@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Anikka Hoidal
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 272-3951
ahoidal@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Stacy R. Haacke
Office of General Counsel

John R. Richardson
111 S. Main Street, Suite 2400

| | |
|---|---|
| Administrative Office of the Courts<br>PO Box 140241<br>Salt Lake City, Utah 84114-0241<br>(801) 214-5805<br>stacyh@utcourts.gov<br>*Attorney for Chief Justice Matthew Durrant* | Salt Lake City, Utah 84111<br>Johnny.richardson@dentons.com<br>*Attorney for Brian McKenzie* |
| R. Blake Hamilton<br>111 S. Main Street, Suite 2400<br>Salt Lake City, Utah 84111<br>Blake.hamilton@detons.com<br>*Attorney for Brian McKenzie* | Janise K. Macanas<br>111 S. Main Street, Suite 2400<br>Salt Lake City, Utah 84111<br>Janise.macanas@dentons.com<br>*Attorney for Brian McKenzie* |
| Alan R. Houston<br>Office of Legislative Research and General Counsel<br>Utah State Capitol Complex<br>House Building, Suite W210<br>Salt Lake City, Utah 84114-5210<br>ahouston@le.utah.gov<br>*Attorney Bramble, McCay, Durrant, Schultz, and Adams* | Christine R. Gilbert<br>Office of Legislative Research and General Counsel<br>Utah State Capitol Complex<br>House Building, Suite W210<br>Salt Lake City, Utah 84114-5210<br>cgilbert@le.utah.gov<br>*Attorney Bramble, McCay, Durrant, Schultz, and Adams* |
| Victoria S. Ashby<br>Office of Legislative Research and General Counsel<br>Utah State Capitol Complex<br>House Building, Suite W210<br>Salt Lake City, Utah 84114-5210<br>vashby@le.utah.gov<br>*Attorney Bramble, McCay, Durrant, Schultz, and Adams* | Robert Axson<br>7323 Hickory Hill Circle<br>Cottonwood Heights, Utah 84121 |
| Chris Null<br>5147 W. Gossamer Way<br>Riverton, Utah 84096 | Kim Coleman<br>8303 South 5260 West<br>West Jordan, Utah 84081 |

Executed on this 18th day of November 2025.

| | |
|---|---|
| /s/ Tracie Halvorsen<br>TRACIE HALVORSEN<br>138 East 12300 South<br>C275<br>Draper, Utah 84020<br>801-688-3594 | /s/ Sophie Anderson<br>SOPHIE ANDERSON<br>138 East 12300 South<br>C275<br>Draper, Utah 84020<br>801-953-2841 |

traciehalvorsen@outlook.com
Plaintiff Pro Se

/s/ NANCY INMAN
NANCY INMAN
138 East 12300 South
C275
Draper, Utah 84020
916-396-4395
Nancyjinman@gmail.com
Plaintiff Pro Se

/s/ WAYNE WICKIZER
WAYNE WICKIZER
138 East 12300 South
C275
Draper, Utah 84020
385-239-8326
justice@utahwtp.com
Plaintiff Pro Se

jessandsophie03@yahoo.com
Plaintiff Pro Se

/s/ STEVEN HUBER
STEVEN HUBER
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro Se

/s/ DANIEL NEWBY
DANIEL NEWBY
138 East 12300 South
C275
Draper, Utah 84020
801-949-3360
danieltrouble@protonmail.com
Plaintiff Pro Se