ANIKKA HOIDAL (16489)
DAVID N. WOLF (6688)
JASON DUPREE (17509)
SCOTT CHENEY (6198)
Assistant Attorneys General
OFFICE OF THE UTAH ATTORNEY GENERAL
P.O. Box 140874
Salt Lake City, Utah 84114
ahoidal@agutah.gov
dnwolf@agutah.gov
jndupree@agutah.gov
scheney@agutah.gov

*Attorneys for State, Legislative, and Judicial Defendants*

IN THE UNITED STATES DISTRICT COURT IN AND FOR

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TRACIE HALVORSEN, et al.<br><br>        Plaintiffs,<br><br>v.<br><br>SPENCER COX, as an individual and in official capacity; DEIDRE HENDERSON, as an individual and in official capacity, STATE OF UTAH, et al.<br><br>        Defendants. | **LEGISLATIVE DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:25-cv-00909-HCN-JCB<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Jared C. Bennett |

Defendants Curtis Bramble, Daniel McCay, Mike Schultz, and J. Stuart Adams (collectively, "Legislative Defendants"), submit this Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### STATEMENT OF RELIEF SOUGHT AND GROUNDS FOR RELIEF

Plaintiffs' Complaint challenges how Utah's executive branch has enforced and applied Utah's election laws. Specifically, Plaintiffs take issue that Lt. Governor Henderson has allowed Republican candidates to qualify for the party primary by gathering signatures. But this case has nothing to do with individual legislators, who have no role in enforcing enacted election laws. Trying to somehow find a way to sue Legislative Defendants, Plaintiffs' Complaint alleges that Legislative Defendants sponsored legislation, discussed proposed legislation, and did not pass certain bills. In other words, Plaintiffs allege that legislators engaged in core legislative activity. And legislative immunity is an absolute bar to claims based on core legislative activity.

Accordingly, Legislative Defendants move to dismiss Plaintiffs' Complaint. Plaintiffs' Complaint fails to state a claim against Legislative Defendants for two distinct reasons.

- First, under the doctrine of legislative immunity, Legislative Defendants are shielded as a matter of law from Plaintiffs' claims because the only relevant allegations made against Legislative Defendants are that they engaged in core legislative activities.
- Second, this Court cannot grant Plaintiffs' requested relief. Plaintiffs' requested relief against Legislative Defendants falls into three categories. The Court cannot grant any of them.
    - o Plaintiffs request injunctive relief related to the enforcement of statutes. The Legislature does not enforce statutes; the executive does. Because Legislative

1

    Defendants do not, and cannot, enforce the statutes on which Plaintiffs' claims rest, Legislative Defendants are not proper parties to Plaintiffs' claims.

- Plaintiffs request the Court to order the Legislature to pass legislation. The Court has no authority to issue this type of relief, which violates separation of powers.
- Finally, Plaintiffs request the Court to order Defendants to follow the law. The Court cannot order such relief under Rule 65.

For each of these independent reasons, the Complaint must be dismissed with prejudice as to Legislative Defendants.

## BACKGROUND

In 2014, Senator Bramble[1] and Senator McCay[2] of the Utah Legislature sponsored S.B. 54.[3] These legislators discussed the bill during committee hearings and floor debates.[4] S.B. 54 allows the candidate, not the party, to select whether to pursue a party's nomination using the signature-gathering method, the convention method, or both. *Utah Republican Party v. Cox,* 2016 UT 17, ¶ 4.

In 2018, Senator McCay sponsored H.B. 338, which related to the political party nomination process.[5] The Utah Legislature did not pass this bill.[6] In 2021, Senator McCay

---

[1] Curt Bramble was a member of the Utah Senate from January 2001 until December 31, 2024. Because all the allegations against him in Plaintiffs' Complaint took place while he was in office, Legislative Defendants refer to him herein as "Senator Bramble."

[2] Senator McCay was a member of the House of Representatives from January 1, 2013, until December 31, 2018, and has been a member of the Utah Senate since January 1, 2019. To avoid confusion, Legislative Defendants refer to him herein as "Senator McCay," although certain incidents alleged in Plaintiffs' Complaint took place when he was "Representative McCay."

[3] Compl. ¶ 39.

[4] Compl. ¶¶ 41, 43, 44.

[5] Compl. ¶ 63.

[6] Compl. ¶ 63.

sponsored S.B. 205.[7] S.B. 205 proposed to establish a class of political party that chooses a nominee by convention only.[8] Legislators met with the Governor to discuss the bill.[9] The Legislature did not pass S.B. 205.[10]

Plaintiffs filed their Complaint against Legislative Defendants, state executive officials, the Chief Justice of the Utah Supreme Court, and Utah Republican Party officers. Plaintiffs complain that the Lt. Governor certified candidates who qualified for the Utah Republican primary by gathering signatures. Legislative Defendants now move to dismiss the Complaint as applied to them.

## LEGAL STANDARD

Legislative Defendants move to dismiss the Complaint pursuant to Rule 12(b)(1) and 12(b)(6). Rule 12(b)(1) requires a Court to dismiss a complaint for a lack of subject matter jurisdiction. The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

To survive a Rule 12(b)(6) motion for failure to state a claim upon which relief may be granted,

> a plaintiff must plead sufficient factual allegations to state a claim to relief that is plausible on its face. A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. In other words, a plaintiff must establish more than a sheer possibility that a defendant has acted unlawfully. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements are insufficient.

---

[7] Compl. ¶ 65.
[8] Compl. ¶ 65.
[9] Compl. ¶ 67.
[10] Compl. ¶ 69.

*In re Church of Jesus Christ of Latter-Day Saints Tithing Litig.*, No. 2:24-MD-03102-RJS-DAO, 2025 WL 1135726, at *7 (D. Utah Apr. 17, 2025) (cleaned up).

"Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. Courts therefore disregard legal conclusions masquerading as factual allegations." *Velasquez v. Amazon,* No. 2:25CV00674 DAK, 2025 WL 3187411, at *2 (D. Utah Nov. 14, 2025) (cleaned up). Here, Plaintiffs' Complaint frequently mischaracterizes the effect of statutes and case law. These characterizations of the law are legal conclusions and thus are not entitled to any deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017).

## ARGUMENT

1.  <u>Legislative Defendants are absolutely immune from Plaintiffs' claims</u>

Legislative Defendants are entitled to absolute legislative immunity from this suit. "Legislators are immune from deterrents to the uninhibited discharge of their legislative duty . . . ." *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951). Legislative immunity attaches to all actions taken "in the sphere of legitimate legislative activity," *id.* at 376, and "applies to claims for declaratory and injunctive relief, as well as claims for damages," *Hagan v. Quinn*, 838 F.Supp.2d 805, 811 (C.D. Ill. 2012) (citing *Sup. Ct. of Va. v. Consumers Union of the U.S., Inc.*, 446 U.S. 719, 732–33 (1980); *Risser v. Thompson*, 930 F.2d 549, 551 (7th Cir. 1991)). Legislative immunity is absolute. *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998). Legislative immunity is based on the common-sense notion that "the exercise of legislative discretion should not be inhibited by judicial interference." *Id.* at 52. Indeed, "any restriction on a legislator's freedom undermines the 'public good' by interfering with the rights of the people to representation in the democratic process." *Spallone v. United States*, 493 U.S. 265, 279 (1990).

Here, the only allegations against Legislative Defendants that are even tenuously relevant to Plaintiffs' claims are that Legislative Defendants participated in core legislative activities. For example, Plaintiffs allege that

- Senators Bramble and McCay sponsored legislation that the Legislature passed,[11] and commented about proposed legislation in committee meetings and during floor debate.[12]

- Senator McCay sponsored legislation that did *not* pass the Legislature.[13]

- Senator Bramble, Senator McCay, and President Adams allegedly participated in a meeting with stakeholders concerning proposed legislation.[14]

- Speaker Schultz and President Adams failed to initiate or pursue impeachment proceedings.[15]

These are simply allegations of legislators engaging in legislative activity. Engaging in the deliberative process for proposed legislation[16] and exercising discretion concerning the Legislature's impeachment power[17] are squarely within the sphere of legitimate legislative activity and thus protected by legislative immunity. Legislative immunity bars Plaintiffs' claims against Legislative Defendants. Plaintiffs' claims must be dismissed.

---

[11] Compl. ¶¶ 39, 50, 58.
[12] Compl. ¶¶ 41, 43-44. *See also* Compl. ¶¶ 13-14 (alleging that Senators Bramble and McCay have "legislative authority" to enact statutes regarding election procedures and requirements).
[13] Compl. ¶¶ 63, 65-66. *See also* Compl. ¶¶ 13-14.
[14] Compl. ¶ 67. *See also* Compl. ¶¶ 13-14.
[15] *See* Compl. ¶¶ 15-16, 204.
[16] *See Gravel v. United States*, 408 U.S. 606, 625 (1972) (legislative acts are those that are "an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation").
[17] Exercise of the impeachment power is entirely within legislators' discretion. *See* UTAH CONST. art. VI, §§ 17-18.

Plaintiffs' remaining allegations against Legislative Defendants should be disregarded out of hand because they are wholly irrelevant to Plaintiffs' actual concern here – the certification of signature-path candidates. For example, Plaintiffs allege:

- Senator Bramble received campaign donations and utilized signature-gathering as a political candidate;[18]

- Legislative Defendants made social media posts (yet Plaintiffs do *not* allege those posts influenced or caused the Lt. Governor to certify signature-path candidates);[19]

- Senator McCay made an appropriations request related to affordable housing supply;[20]

- President Adams influenced legislation wholly unrelated to Plaintiffs' claims;[21]

- Senator McCay, President Adams, and Speaker Schultz were legislators when the Legislature considered bills related to housing;[22]

- Senator Bramble spent money on travel expenses, and advanced public policies as a legislator by sponsoring legislation.[23]

Many of these allegations – such as making an appropriations request, influencing legislation, and sponsoring legislation – fall within the sphere of legislative activity and legislative immunity thus applies to such allegations. But furthermore, these allegations fail to state a claim for relief against Legislative Defendants because these allegations are completely irrelevant to Plaintiffs' claims. The Complaint itself demonstrates that these allegations are irrelevant to Plaintiffs' claims because such allegations are nowhere to be found when Plaintiffs

---

[18] Compl. ¶ 61.
[19] Compl. ¶¶ 114, 120, 128, 139, 142, 143, 167.
[20] Compl. ¶ 175.
[21] Compl. ¶ 186. This scurrilous allegation is completely immaterial and impertinent to Plaintiffs' claims. To be clear, President Adams vehemently denies this allegation.
[22] Compl. ¶ 187.
[23] Compl. ¶ 188.

finally assert the grounds for their claims.[24]  The *only* allegations against Legislative Defendants found in Plaintiffs' statement of the grounds for their claims are the allegations of legitimate legislative activity discussed previously.

Because the only relevant allegations Plaintiffs level at Legislative Defendants are that the legislators engaged in their legislative duties, absolute legislative immunity applies to all claims against Legislative Defendants.  Plaintiffs' Complaint accordingly fails to state a claim upon which relief can be granted against Legislative Defendants, and it must be dismissed with prejudice.

2. The Court cannot grant Plaintiffs' requested relief

As a second, independent basis for dismissal of Plaintiffs' Complaint, the Court cannot grant any of Plaintiffs' requested relief against Legislative Defendants.  Plaintiffs' claims are not redressable against Legislative Defendants because the Legislature does not enforce the law.  This Court has no authority to order Legislative Defendants to pass legislation.  And unadorned injunctions to "follow the law" are improper under Rule 65.

2.1. Legislative Defendants are not proper defendants to Plaintiffs' claims challenging the application of laws passed by the Legislature.

Plaintiffs' claims are rooted in their concern about the certification of signature-path candidates and how those certifications relate to political party bylaws.  But because Legislative Defendants do not have any role in the enforcement of candidate-certification statutes,

---

[24] *See* Compl. ¶¶ 193-211 (containing no reference to Senator Bramble's receipt of campaign donations or use of signature gathering; Legislative Defendants' social media posts; Senator McCay's appropriation request; President Adams' alleged influence on unrelated legislation; Senator McCay, President Adams, and Speaker Schultz's status as legislators when housing-related bills were considered; or Senator Bramble's travel and policy work).

Legislative Defendants are not proper defendants for these claims. Thus, Plaintiffs' Complaint as alleged against Legislative Defendants fails for this independent reason as well.

Plaintiffs' claims fail on an essential "requirement of standing—redressability." *Bronson v. Swensen*, 500 F.3d 1099, 1111 (10th Cir. 2007). "[W]hen a plaintiff seeks relief against a defendant with no power to enforce a challenged statute," the "redressability prong is not met" and the claim must be dismissed. *Id.* Such is the case here. Legislatures enact the law but do not enforce the law. *See* UTAH CONST. art. VI, § 1 ("The Legislative power of the State shall be vested in . . . a Senate and House of Representatives which shall be designated the Legislature of the State of Utah."). The Utah Legislature "is charged with the declaration of policy, in response to the expressed wishes of citizens shown by the selection of their representatives and senators." *Snow v. Off. of Legis. Res. and Gen. Couns.*, 2007 UT 63, ¶ 12, 167 P.3d 1051, 1054. On the other hand, the "executive branch is charged with implementation of that policy." *Id.*

Here, Plaintiffs do not assert in their Complaint that Legislative Defendants enforce the statutes Plaintiffs believe have been applied incorrectly. Instead, Plaintiffs allege that Legislative Defendants engaged in core legislative activities concerning proposed legislation on related statutory provisions.[25] Because Plaintiffs do not, and cannot, allege that Legislative Defendants have the authority to enforce candidate-certification statutes, "there is no nexus between *th[ese] defendant[s']* past or possible future conduct" and Plaintiffs' claims about the implementation of the subject statutes. *Bronson v. Swensen*, 500 F.3d 1099, 1110 (10th Cir. 2007) (emphasis in original).

A specific analysis of Plaintiffs' requested relief demonstrates that Plaintiffs' claims against Legislative Defendants are not redressable. Plaintiffs seek: 1) declaratory relief unrelated

---

[25] *See* Compl. ¶¶ 39, 47-52, 58, 63, 65-67, 69.

to the Legislature or legislative offices; 2) injunctive relief related to the enforcement of statutes (which cannot apply to Legislative Defendants, as explained above); and 3) the withholding of election records by individuals other than Legislative Defendants.[26] These claims for relief, by their own terms, are inapplicable to Legislative Defendants. Plaintiffs' claims are not redressable as to Legislative Defendants; thus, the claims against Legislative Defendants must be dismissed.

> 2.2. <u>Plaintiffs request relief against Legislative Defendants that this Court cannot grant.</u>

As another reason for dismissal, Plaintiffs' claims against Legislative Defendants fail because separation-of-powers principles prevent the Court from granting Plaintiffs' requested relief against Legislative Defendants. Plaintiffs request the Court to order Legislative Defendants to pass legislation. This Court has no authority to do so.

A "court cannot redress the injury if it does not have authority to provide the requested relief." *Huck v. United States*, No. 2:21-cv-11-TC, 2022 WL 2905663 at *4 (D. Utah July 22, 2022) (collecting cases). Separation-of-powers principles forbid this Court from enjoining legislative activity. *State v. Sopher*, 71 P. 482, 485 (Utah 1903) (courts "may not usurp the functions of the lawmaking power by assuming to interfere with or control the legislative discretion"); *S.F. NAACP v. S.F. Unified Sch. Dist.*, 484 F.Supp. 657, 665 (N.D. Cal. 1979) ("[C]ourts may not order the Legislature or its members to enact or not to enact . . . specific legislation."); *City of Toledo v. State*, 110 N.E.3d 1257, 1259 (Oh. 2018) ("[T]he separation-of-powers doctrine precludes courts from enjoining the General Assembly from exercising its legislative power to enact laws."); *Horry Tel. Coop., Inc. v. Georgetown*, 759 S.E.2d 132, 134 n.5 (S.C. 2014) (similar).

---

[26] Compl. ¶¶ 262-274.

Here, Plaintiffs request relief that the Court cannot grant. Plaintiffs want an injunction to prevent Legislative Defendants from "defeating legislation to restore convention-only nominations."[27] Stated differently, Plaintiffs want this Court to order the Legislature to pass legislation to repeal the signature path for political candidates. This requested relief would obliterate the separation of powers.

Plaintiffs also ask for money damages and injunctive relief against the Legislative Defendants because of Legislative Defendants' "legislative inaction."[28] Plaintiffs further want this Court to enjoin Legislative Defendants from "defeating legislation to restore convention-only nominations."[29] Such relief is not cognizable under the well-established legal doctrines outlined above. This Court cannot grant relief to punish Legislative Defendants for not passing legislation or to order Legislative Defendants to enact specific legislation. Plaintiffs seek relief that violates the separation of powers. Because Plaintiffs are seeking relief that this Court cannot grant, the Complaint must be dismissed.

    2.3.    <u>Plaintiffs request relief that is too vague to comply with Rule 65.</u>

Finally, the Court should dismiss the Complaint because Plaintiffs' requested relief does not comply with Federal Rule of Civil Procedure 65. Plaintiffs essentially seek an injunction requiring all Defendants to follow Utah's election laws and enjoining Defendants "from further actions under color of state law that violate Plaintiffs' rights."[30] "[I]njunctions simply requiring the defendant to obey the law are too vague" to comply with Rule 65. <u>Keyes v. Sch. Dist. No. 1, Denver, Colo.</u>, 895 F.2d 659, 668 (10th Cir. 1990); *see also* <u>Shook v. Bd. of Cnty. Comm'rs of</u>

---

[27] Compl. ¶ 284.
[28] Compl. ¶ 289.
[29] Compl. ¶ 291.
[30] Compl. ¶¶ 282-288.

10

*Cnty. of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008) (same).  Plaintiffs seek injunctive relief that is the precisely the type of follow-the-law injunction that fails under Rule 65.  The Court should dismiss the Complaint as to Legislative Defendants on this basis as well.

## CONCLUSION

For the reasons stated above, the Court should dismiss Plaintiffs' Complaint against Legislative Defendants with prejudice.

DATED: November 25, 2025.

                                        OFFICE OF THE UTAH ATTORNEY GENERAL

                                        */s/ Jason Dupree*
                                        JASON DUPREE
                                        Assistant Utah Attorney General
                                        *Counsel for State, Judicial, and Legislative Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2025, the foregoing, *Legislative Defendants' Motion to Dismiss,* was filed using the Court's electronic filing system, which gave notice to the following:

Tracie Halvorsen
138 E 12300 S, C275
DRAPER, UT 84020
Email: traciehalvorsen@outlook.com
*Plaintiff Pro Se*

Nancy Inman
138 E 12300 S, C275
DRAPER, UT 84020
(916)396-4395
Email: nancyjinman@gmail.com
*Plaintiff Pro Se*

Steven Huber
138 E 12300 S, C275
DRAPER, UT 84020
(801)688-3594
Email: traciehalvorsen@outlook.com
*Plaintiff Pro Se*

Wayne Wickizer
138 E 12300 S, C275
DRAPER, U 84020
(385)239-8326
Email: justice@utahwtp.com
*Plaintiff Pro Se*

Daniel Newby
138 E 12300 S, C275
DRAPER, UT 84020
(801)949-3360
Email: danieltrouble@protonmail.com
*Plaintiff Pro Se*

Daniel Newby
138 E 12300 S, C275
DRAPER, UT 84020
(801)949-3360
Email: danieltrouble@protonmail.com
*Plaintiff Pro Se*

*/s/ Asia Reid*
ASIA REID
Paralegal