# EXHIBIT 1

The ONLY CURRENT AUTHORIZED EDITION of the CLASSIC WORK on PARLIAMENTARY PROCEDURE

# ROBERT'S RULES OF ORDER

*NEWLY REVISED*



## 12TH EDITION

Henry M. Robert III,
Daniel H. Honemann, Thomas J. Balch,
Daniel E. Seabold, *and* Shmuel Gerber

# ROBERT'S RULES OF ORDER NEWLY REVISED

## 12TH EDITION



**GENERAL HENRY M. ROBERT**
*U.S. Army*

*A New and Enlarged Edition by*
SARAH CORBIN ROBERT
HENRY M. ROBERT III
WILLIAM J. EVANS
DANIEL H. HONEMANN
THOMAS J. BALCH
DANIEL E. SEABOLD
SHMUEL GERBER



PUBLICAFFAIRS
New York

Copyright © 2020 by the Robert's Rules Association
Copyright © 1970, 1981, 1990, 2000, 2011, by Henry M. Robert III, Trustee for the Robert's Rules Association
Copyright © 1943, 1951 by Isabel H. Robert
Copyright © 1876, 1893, 1904, 1915, 1918, 1921 by Henry M. Robert
Cover design by Pete Garceau
Cover copyright © 2020 Hachette Book Group, Inc.

Hachette Book Group supports the right to free expression and the value of copyright. The purpose of copyright is to encourage writers and artists to produce the creative works that enrich our culture.

The scanning, uploading, and distribution of this copyrighted work without permission is a theft of the author's intellectual property. If you would like permission to use material from the book (other than for review purposes), please contact: Barbara Redgrave Holloway, Authors' Agent, Robert's Rules Association, 6630 St. James Court, Downers Grove, IL 60516 (bholloway14@comcast.net). Thank you for your support of the authors' rights.

PublicAffairs
Hachette Book Group
1290 Avenue of the Americas, New York, NY 10104
www.publicaffairsbooks.com

@Public_Affairs

Twelfth Edition Hardcover, Paperback, and Deluxe Editions: September 2020

Published by PublicAffairs, an imprint of Perseus Books, LLC, a subsidiary of Hachette Book Group, Inc. The PublicAffairs name and logo is a trademark of the Hachette Book Group.

PublicAffairs books may be purchased in bulk for business, educational, or promotional use. For more information, please contact your local bookseller or the Hachette Book Group's Special Markets department at special.markets@hbgusa.com.

# CHAPTER
# XX

# DISCIPLINARY PROCEDURES

## §61. DISCIPLINE OF MEMBERS AND GUESTS

61:1   In most societies it is understood that members are required to be of honorable character and reputation, and certain types of associations may have particular codes of ethics to enforce. Although ordinary societies seldom have occasion to discipline members, an organization or assembly has the ultimate right to make and enforce its own rules, and to require that its members refrain from conduct injurious to the organization or its purposes. No one should be allowed to remain a member if his retention will do this kind of harm.

61:2   Punishments that a society can impose generally fall under the headings of censure,[1] fine (if authorized in the bylaws), suspension, or expulsion. The extreme penalty that an organization or society can impose on a member is expulsion.

61:3   If there is an article on discipline in the bylaws (56:57), it may specify a number of offenses outside meetings for which these penalties can be imposed on a member of the organization. Frequently, such an article provides for their imposition on any member found guilty of conduct described, for example, as "tending to injure the good name of the organization, disturb its well-being, or hamper it in its work." In any society, behavior of this nature is a serious offense properly subject to disciplinary action, whether the bylaws make mention of it or not.

61:4   Formal disciplinary procedures should generally be regarded as a

## Dealing with Offenses in a Meeting

61:6 **Principles Governing Discipline at Meetings.** A society has the right to determine who may be present at its meetings and to control its hall while meetings are in progress; but all members have the right to attend except in cases where the bylaws provide for the automatic suspension of members who fall in arrears in payment of their dues, or where the society has, by vote and as a penalty imposed for a specific offense, forbidden attendance.

61:7     Nonmembers, on the other hand—or a particular nonmember or group of nonmembers—can be excluded at any time from part or all of a meeting of a society, or from all of its meetings. Such exclusion can be effected by a ruling of the chair in cases of disorder, or by the adoption of a rule on the subject, or by an appropriate motion as the need arises—a motion of the latter nature being a question of privilege (see 9:25; 9:28–29; and 19).

61:8     All persons present at a meeting have an obligation to obey the legitimate orders of the presiding officer.[2] Members, however, can appeal from the decision of the chair (24), move to suspend the rules (25), or move a reconsideration (37)—depending on the circumstances of the chair's ruling. A member can make such an appeal or motion whether the order involved applies to him or not.

61:9     In dealing with any case of disorder in a meeting, the presiding officer should always maintain a calm, deliberate tone—although he may become increasingly firm if a situation demands it. Under no circumstances should the chair attempt to drown out a disorderly member—either by his own voice or the gavel—or permit himself to be drawn into a verbal duel. If unavoidable, however, proper disciplinary proceedings to cope with immediate necessity can be conducted while a disorderly member continues to speak.

61:10 **Breaches of Order by Members in a Meeting.** If a member commits only a slight breach of order—such as addressing another member instead of the chair in debate, or, in a single instance, failing to confine his remarks to the merits of the pending question—the chair simply raps lightly, points out the fault, and advises the member to avoid it. The member can then continue speaking if he

61:19 **Protection from Annoyance by Nonmembers in a Meeting; Removal of an Offender from the Hall.** Any nonmembers allowed in the hall during a meeting, as guests of the organization, have no rights with reference to the proceedings (61:6–8). An assembly has the right to protect itself from annoyance by nonmembers, and its full authority in this regard—as distinguished from cases involving disorderly members—can be exercised by the chair acting alone. The chair has the power to require nonmembers to leave the hall, or to order their removal, at any time during the meeting; and the nonmembers have no right of appeal from such an order of the presiding officer. However, such an order may be appealed by a member. That appeal is undebatable (see 24:3(5)(a)). At a mass meeting (53), any person who attempts to disrupt the proceedings in a manner obviously hostile to the announced purpose of the meeting can be treated as a nonmember under the provisions of this paragraph.

61:20     If a person—whether a member of the assembly or not—refuses to obey the order of proper authority to leave the hall during a meeting, the chair should take necessary measures to see that the order is enforced, but should be guided by a judicious appraisal of the situation. The chair can appoint a committee to escort the offender to the door, or the sergeant-at-arms—if there is one—can be asked to do this. If those who are assigned that task are unable to persuade the offender to leave, it is usually preferable that he be removed by police—who may, however, be reluctant to intervene unless representatives of the organization are prepared to press charges.

61:21     The sergeant-at-arms or the members of the appointed committee themselves may attempt to remove the offender from the hall, using the minimum force necessary. Such a step should generally be taken only as a last resort, since there may be adverse legal consequences; and a person who would refuse to leave upon legitimate request may be the type most likely to bring suit, even if with little justification. In cases where possibly serious annoyance by hostile persons is anticipated—in some mass meetings, for example—it

unless representatives of the organization are prepared to press charges.

61:21    The sergeant-at-arms or the members of the appointed committee themselves may attempt to remove the offender from the hall, using the minimum force necessary. Such a step should generally be taken only as a last resort, since there may be adverse legal consequences; and a person who would refuse to leave upon legitimate request may be the type most likely to bring suit, even if with little justification. In cases where possibly serious annoyance by hostile persons is anticipated—in some mass meetings, for example—it may be advisable to arrange in advance for the presence of police or guards from a security service agency.

## Offenses Elsewhere Than in a Meeting; Trials

61:22    If improper conduct by a member of a society occurs elsewhere than at a meeting, the members generally have no first-hand knowledge of the case. Therefore, if disciplinary action is to be taken, charges must be preferred and a formal trial held before the assembly of the society, or before a committee—standing or special—which is then required to report its findings and recommendations to the assembly for action. In addition, even when improper conduct occurs at a meeting, in order for disciplinary action to be taken *other than promptly after the breach occurs*, charges must be preferred and a formal trial held. However, the only way in which a member may be disciplined for words spoken in debate is through the procedure described in 61:10–18, which may be employed only promptly after the breach occurs. In some societies (depending on particular provisions of the bylaws, as explained in 62), the same steps must also be employed if an officer of the society is to be removed from office. The procedures governing all such cases are described in detail in **63**.

## §62. REMOVAL FROM OFFICE AND OTHER REMEDIES FOR DERELICTION OF DUTY IN OFFICE OR MISCONDUCT