ANIKKA HOIDAL (16489)
DAVID N. WOLF (6688)
JASON DUPREE (17509)
SCOTT CHENEY (6198)
Assistant Attorneys General
OFFICE OF THE UTAH ATTORNEY GENERAL
P.O. Box 140874
Salt Lake City, Utah 84114
ahoidal@agutah.gov
dnwolf@agutah.gov
jndupree@agutah.gov
scheney@agutah.gov

*Attorneys for State, Legislative, and Judicial Defendants*

IN THE UNITED STATES DISTRICT COURT IN AND FOR

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TRACIE HALVORSEN, an individual; NANCY INMAN, an individual; STEVEN HUBER, an individual; WAYNE WICKIZER, an individual; and DANIEL NEWBY, an individual.<br><br>     Plaintiffs,<br><br>v.<br><br>SPENCER COX, as an individual and in official capacity; DEIDRE HENDERSON, as an individual and in official capacity, STATE OF UTAH, et al.<br><br>     Defendants. | **STATE, LEGISLATIVE, AND JUDICIAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION UNDER RULE 65**<br><br>Case No. 2:25-cv-00909-HCN-JCB<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Jared C. Bennett |

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................... 1

BACKGROUND ........................................................................................................... 1

LEGAL STANDARD ................................................................................................... 2

ARGUMENT ................................................................................................................ 3

1.    Plaintiffs do not meet their burden to demonstrate a substantial likelihood of success on the
merits of their claims ................................................................................................... 3

2.    Plaintiffs do not show any irreparable harm ........................................................ 7

3.    The balance of harms and public interest do not favor Plaintiffs ......................... 10

CONCLUSION ............................................................................................................. 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Party of Texas v. White,*
415 U.S. 767 (1974) ................................................................................................ 6

*Belnap v. Iasis Healthcare Corp.,*
2015 WL 471677 (D. Utah Feb. 4, 2015) .......................................................... 11

*Blendtec Inc. v. Blendjet Inc.,*
2025 WL 2661555 (D. Utah Sept. 17, 2025) ....................................................... 7

*California Democratic Party v. Jones,*
530 U.S. 567 (2000) ................................................................................................ 6

*Clingman v. Beaver,*
544 U.S. 581 (2005) ................................................................................................ 6

*Fish v. Kobach,*
840 F.3d 710 (10th Cir. 2016) .............................................................................. 7

*Hicks v. Jones,*
332 Fed. App'x. 505 (10th Cir. 2009) ............................................................... 11

*Hicks v. Sirmons,*
2008 WL 4533988 (E.D . Okla. Oct. 3, 2008) ................................................... 11

*Jenness v. Fortson,*
403 U.S. 431 (1971) ................................................................................................ 6

*Lone Star Promotions, LLC v. Abbey Lane Quilts, LLC,*
2018 WL 5808802 (D. Utah Nov. 6, 2018) ......................................................... 8

*nature's Life, Inc. v. Renew Life Formulas, Inc.,*
2006 WL 62829 (D. Utah Jan. 11, 2006) ............................................................. 8

*New York State Bd. of Elections v. Lopez Torres,*
552 U.S. 196 (2008) ................................................................................................ 6

*O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft,*
389 F.3d 973 (10th Cir. Nov. 12, 2004) .............................................................. 3

*Panorama Consulting Solutions, LLC v. Armitage*,
2017 WL 11547493 (D. Colo. June 9, 2017) ................................................................ 12

*Rocky Mountain Gun Owners v. Polis*,
121 F.4th 96 (10th Cir. 2024) ....................................................................................... 2

*Tashjian v. Republican Party of Conn.*,
479 U.S. 208 (1986) ...................................................................................................... 5

*Tavares v. Macomber*,
2019 WL 6696142 (D. R.I. Dec. 9, 2019) .................................................................. 10

*Utah Republican Party v. Cox*,
892 F.3d 1066 (10th Cir. 2018) ............................................................................ Passim

*Winter v. Nat. Res. Def. Council, Inc.*,
555 U.S. 7 (2008) .......................................................................................................... 2

Statutes

S.B. 54 ...................................................................................................................... 4, 10

Utah Code § 20A-9-101(13)(c) ...................................................................................... 1

Utah Code § 20A-9-407 .............................................................................................. 10

iv

Defendants Spencer Cox, Deidre Henderson, the State of Utah, Curtis Bramble, Daniel McCay, Mike Schultz, J. Stuart Adams, and Matthew Durrant (collectively, "State, Legislative, and Judicial Defendants" or "Defendants") oppose Plaintiffs' Motion for Preliminary Injunction Under Rule 65 ("Motion").

## INTRODUCTION

Plaintiffs' Motion is baffling: it seeks relief that requires public officials to disobey settled law to indulge Plaintiffs' beliefs about what the law should be. It is evident that Plaintiffs are trying all angles to make their opinions on the 2024 election known. Plaintiffs supported Phil Lyman for governor. He did not win. Plaintiffs then went to the courts, relying on a dissent as if it is the law. It is not.

This Motion is another example of Plaintiffs' refusal to accept the lawful results from the 2024 election. This time it comes in the form of a request for relief reserved for extraordinary circumstances. Here, Plaintiffs ask this Court to preliminarily enjoin the Lt. Governor, during the pendency of this lawsuit, from certifying candidates who qualified by signature-gathering. But Utah law requires the Lt. Governor to do so, and the Tenth Circuit held this is consistent with the very essence of the Constitution. Following decade-old law that has been ruled constitutional cannot be the basis for granting extraordinary relief. Plaintiffs' Motion should be denied.

## BACKGROUND

Plaintiffs filed this Motion at the same time as their Complaint.[1] The Complaint centers around Plaintiffs' belief that Utah Code § 20A-9-101(13)(c), "the Either or Both Provision,"

---

[1] ECF Nos. 1, 7.

allows the Utah Republican Party ("URP") to prohibit its candidates from seeking nomination to the ballot through the signature-gathering process. The Either or Both Provision was challenged nearly a decade ago, with this Court certifying a question of interpretation of the Either or Both Provision to the Utah Supreme Court. *Utah Republican Party v. Cox*, 2016 UT 17, ¶ 1, 373 P.3d 1286. The Utah Supreme Court ruled that it was the party member, not the party itself, that could choose the signature-gathering process or convention (or both). *Id.* at ¶ 4. The Tenth Circuit then affirmed this Court and held that the Either or Both Provision was constitutional. *Utah Republican Party v. Cox*, 892 F.3d 1066, 1094–96 (10th Cir. 2018). Despite this well-settled law, Plaintiffs have proceeded with this lawsuit, including this Motion.

As explained in the already-briefed motions to dismiss,[2] Plaintiffs are unlikely to succeed on the merits of their claims. And Plaintiffs fail to show irreparable harm or that the balance of harms and public interest favor an injunction. Thus, this Motion must be denied.

## LEGAL STANDARD

In seeking a preliminary injunction under Federal Rule of Civil Procedure 65(a), a movant bears the heavy burden of establishing four elements: "(1) a substantial likelihood that they will ultimately succeed on the merits of their suit; (2) that they are likely to suffer irreparable harm in the absence of preliminary relief; (3) this threatened harm outweighs the harm a preliminary injunction may pose to the opposing party; and (4) if issued, the injunction will not adversely affect the public interest." *Rocky Mountain Gun Owners v. Polis*, 121 F.4th 96, 112 (10th Cir. 2024) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). The first two factors—likelihood of success and irreparable harm—are the most important

---

[2] ECF Nos. 83, 84, 85, 87, 88.

factors in the preliminary-injunction analysis. *Id.* The third and fourth factors—balance of harms and effect on the public interest—merge when the government is the opposing party. *Id.* Preliminary injunctions that alter the status quo are considered "disfavored" and require a movant to satisfy an even heavier burden to establish the preliminary injunction factors. *See O Centro Espirita Beneficente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. Nov. 12, 2004).

## ARGUMENT

1. <u>Plaintiffs do not meet their burden to demonstrate a substantial likelihood of success on the merits of their claims</u>

Plaintiffs cannot demonstrate a substantial likelihood of success on their claims because their claims have no merit. Plaintiffs' Motion therefore should be denied. Plaintiffs contend that they are likely to succeed on their claims under 42 U.S.C. §§ 1983, 1985, 1986, and the RICO statute.[3] The State, Legislative, and Judicial Defendants have each filed a motion to dismiss the Complaint in its entirety.[4] Defendants incorporate those arguments by reference. For the same reasons Plaintiffs' Complaint is subject to dismissal, Plaintiffs have not and cannot meet their burden to show that they are substantially likely to prevail on their claims.

Plaintiffs' Motion confirms that Plaintiffs are knowingly raising claims wholly without merit. Plaintiffs' claims are based on the theory that the Lt. Governor cannot lawfully certify candidates who qualified for the Republican primary through signature-gathering. Plaintiffs allege that the Either or Both Provision allows the URP to prohibit its candidates from using the signature-gathering method to get on the primary ballot. Plaintiffs' claims here advance the

---

[3] Pls.' Mot. at 3-6.
[4] ECF Nos. 83, 84, 85.

3

same theory that was previously rejected. *See Utah Republican Party*, 2016 UT 17, ¶ 4; *Utah Republican Party*, 892 F.3d at 1094–95. Almost a decade ago, the Utah Supreme Court rejected Plaintiffs' interpretation, and ruled that the Either or Both Provision allows the candidate member, not the party, to select which (or both) of those paths to reach the primary. *Utah Republican Party v. Cox*, 2016 UT 17, ¶ 4. And the Tenth Circuit upheld Utah's law as constitutional. *Utah Republican Party v. Cox*, 892 F.3d 1066. Plaintiffs' claims have been squarely rejected by binding precedent. Accordingly, they are not likely to succeed on their claims.

To try to support their argument that the State Defendants' actions were unconstitutional, Plaintiffs tell this Court that Judge Tymkovich's dissenting opinion in *Utah Republican Party v. Cox* "applies."[5] Plaintiffs, however, are aware of the Tenth Circuit's binding ruling in *Utah Republican Party* that the State Defendants' application of the Either or Both Provision is constitutional. One of Plaintiffs' exhibits to their Complaint discusses, in depth, the *Utah Republican Party* litigation.[6] That exhibit acknowledges this Court certified the question of interpretation of the Either or Both Provision to the Utah Supreme Court, and that "the Utah Supreme Court ruled that party members have the right to choose their nomination method, not the party."[7] The exhibit further concedes that the Tenth Circuit ruled that S.B. 54 is constitutional.[8] As more evidence that Plaintiffs are aware of the binding decision in *Utah Republican Party*, Plaintiffs' Complaint cites one of this Court's rulings in *Utah Republican*

---

[5] Pls.' Mot. at 3.
[6] Compl. Ex. 61, ECF No. 5-6, at 27-29.
[7] *Id.* at 28.
[8] *Id.* at 28-29.

*Party*.[9]  It defies logic how Plaintiffs can be aware of the dissent in *Utah Republican Party* without knowing the majority and, thus, controlling opinion in that case.  Plaintiffs know that their claims directly contradict settled and binding precedent.

Even though Plaintiffs know that the Utah Supreme Court and the Tenth Circuit have definitively decided the legal issues in this case, Plaintiffs ask this Court to "apply" the dissenting analysis in *Utah Republican Party*.  This is not a creative legal theory founded on proper legal principles.  This is an indisputably meritless legal theory.  Plaintiffs ask this Court for immediate injunctive relief based on a rejected theory and a dissenting opinion, which Plaintiffs know contradicts binding precedent.  Plaintiffs' Motion is absurd.

Plaintiffs' other arguments are also wholly without merit.  Plaintiffs argue that under *Tashjian v. Republican Party of Conn.*, 479 U.S. 208 (1986), the URP has the right to choose whether nominees must be selected exclusively through the convention process.[10]  *Tashjian* did not touch on anything close to that issue.  The Supreme Court in *Tashjian* struck down a state law that allowed only party members to vote in that party's primary.  The law prohibited independent voters from voting in the Republican primary despite the Republican Party's wish to include them.  479 U.S. at 210-11, 213-25.  The Supreme Court's ruling was limited to the situation of a political party's desire to invite independent voters to participate in its primary.  *Id.* at 224 n.13.  *Tashjian* offers no support for Plaintiffs' Motion.

Directly on point here, the Supreme Court has stated that a political party's right "to choose a candidate-selection process" is not without limit.  *New York State Bd. of Elections v.*

---

[9] Compl. ¶¶ 50, 53.
[10] Pls.' Mot. at 3.

*Lopez Torres*, 552 U.S. 196, 202 (2008).  That right is "circumscribed, however, when the State gives the party a role in the election process," such as by "giving certain parties the right to have their candidates appear with party endorsement on the general-election ballot." *Id.* at 203.  And that is what Utah "has done here." *Id.*  Because Utah has given the party a role in the election process, the State "acquires a legitimate governmental interest in ensuring the fairness of the party's nominating process, enabling it to prescribe what that process must be." *Id.*

Further on point, the Supreme Court has stated multiple times "that a State may require parties to use the primary format for selecting their nominees, in order to assure that intraparty competition is resolved in a democratic fashion." *California Democratic Party v. Jones*, 530 U.S. 567, 572 (2000) (quoting *Am. Party of Texas v. White*, 415 U.S. 767, 781 (1974)).  *See also Lopez Torres*, 552 U.S. at 203 (quoting *White*, 415 U.S. at 781).  Accordingly, the Supreme Court has repeatedly upheld state laws imposing a primary-election requirement even when a party disagreed with the State-imposed rules. *Clingman v. Beaver*, 544 U.S. 581, 584-87, 591-98 (2005); *Jenness v. Fortson*, 403 U.S. 431, 433 (1971); *White*, 415 U.S. at 772-81.

There is no debate as to the merit of Plaintiffs' claims.  The Supreme Court and Tenth Circuit have "settled" the issue that States are permitted to "require[e] party-candidate selection through processes more favorable to insurgents, such as primaries." *Utah Republican Party*, 892 F.3d at 1079 (quoting *Lopez Torres*, 552 U.S. at 205).  And it is further well-established that a State has the "ability to regulate the *scope* of a party primary." *Id.* at 1080.  And, as set forth above, candidates can choose to use Utah's signature gathering process to access the ballot for the Republican party primary election.  Because Plaintiffs' claims are legally untenable, Plaintiffs are unlikely to succeed on the merits of their claims, and the Court should deny

6

Plaintiffs' Motion.

2.  <u>Plaintiffs do not show any irreparable harm</u>

As another reason to deny Plaintiffs' Motion, Plaintiffs fail to show irreparable harm. Plaintiffs fail to meet their burden on this prong for two reasons.

First, Plaintiffs inexcusably delayed in bringing this lawsuit. "Delay in seeking preliminary relief also cuts against finding irreparable injury generally." *Blendtec Inc. v. Blendjet Inc.*, No. 2:25-CV-00096-RJS-DPB, 2025 WL 2661555, at \*10 (D. Utah Sept. 17, 2025) (citing *Fish v. Kobach*, 840 F.3d 710, 753 (10th Cir. 2016)).  As discussed above, Plaintiffs' claims are based on the Lt. Governor certifying candidates that qualified for the primary through signature-gathering.  This has been happening for nearly a decade in Utah, yet Plaintiffs felt no urgency to bring their lawsuit.  The first conduct by the State Defendants that Plaintiffs complain of occurred in November 2015, when then-Lt. Governor Cox explained the State's interpretation of the Either or Both Provision.[11]  Plaintiffs allege that the State Defendants' supposedly unlawful conduct began in 2015 and continued in every election since.[12] Yet Plaintiffs didn't rush to the courthouse to bring these claims regarding elections held in 2016, 2018, 2020, or 2022.  Plaintiffs have no explanation for sleeping on their alleged rights during this long period of time.

Plaintiffs further delayed regarding the most recent election.  One of the central allegations in Plaintiffs' Complaint is that on May 1, 2024, Lt. Governor Henderson certified Cox to the Republican primary ballot for governor.[13]  Plaintiffs allege that this act violated their

---

[11] Compl. ¶ 55.
[12] Compl. ¶ 70.
[13] Compl. ¶ 98.

rights.  Yet Plaintiffs filed their Complaint and Motion in October 2025.  At best, Plaintiffs waited 17 months from their alleged injury to move for a preliminary injunction.  This Court has repeatedly denied motions for preliminary injunction that were brought after similar delays.  *See, e.g., nature's Life, Inc. v. Renew Life Formulas, Inc.*, No. 2:05 CV 162, 2006 WL 62829, at *7 (D. Utah Jan. 11, 2006) (finding plaintiff failed to establish irreparable harm based on a nine month delay in bringing its motion for preliminary injunction); *Lone Star Promotions, LLC v. Abbey Lane Quilts, LLC*, No. 1:18CV73DAK, 2018 WL 5808802, at *6 (D. Utah Nov. 6, 2018) (finding no irreparable harm when dispute existed for 18 months prior to filing of motion for preliminary injunction).  Plaintiffs cannot show any irreparable harm in light of this inexcusable delay.

Second, Plaintiffs' conclusory assertions of irreparable harm fail to meet Plaintiffs' burden.  Plaintiffs allege that "continued interference with URP internal affairs" is irreparable harm.[14]  This vague assertion possibly refers to the State Defendants' application of the Either or Both Provision.  This assertion fails to establish irreparable harm because, as a matter of law, "SB54 does not regulate the party's internal process."  *Utah Republican Party*, 892 F.3d at 1080.

Plaintiffs further allege, as purported irreparable harm, that the State Defendants have "nullified" the URP convention results and have violated Plaintiffs' First Amendment rights by purportedly denying Plaintiffs' ability to participate in their chosen nomination process.[15]  Again, this contention is precluded by Tenth Circuit law directly on point.  The State Defendants' application of the Either or Both Provision does not violate Plaintiffs' First

---

[14] Pls.' Mot. at 7.
[15] Pls.' Mot. at 7.

Amendment rights.  *Utah Republican Party*, 892 F.3d at 1085.

Moreover, Plaintiffs are free to participate in the convention process and cast their delegate vote for the nominee of their choice.  The State Defendants have never impeded Plaintiffs' ability to do so.  After the convention, Plaintiffs were still free to endorse the candidate of their choice and "to communicate to the rest of their party which of the candidates on the primary ballot" they endorse.  892 F.3d at 1082.  Phil Lyman was on the Republican primary ballot in 2024.  Plaintiffs were free to campaign and advertise for him.  Plaintiffs were free to vote for Lyman, as well.  Plaintiffs were never prevented from doing so.  Lyman merely had to face other qualifying candidates in a primary.  The State Defendants "ensure[d] that all the party members have some voice in deciding who their party's representative will be in the general election."  *Id.* at 1080.  Plaintiffs fail to establish irreparable harm.

Plaintiffs' remaining allegations of irreparable harm can quickly be dismissed.  Plaintiffs allege that Defendants "may" destroy or alter relevant records.[16]  The State, Legislative, and Judicial Defendants incorporate by reference the argument in Defendants Coleman, Axson, and Null's Opposition to Plaintiffs' Motion for Preliminary Injunction Under Rule 65. That argument explains that this allegation is purely speculative and thus insufficient to meet the threshold requirement for irreparable harm—showing that the harm is likely.  Harm that "may" occur falls short of being "likely" to occur.[17]

Finally, Plaintiffs allege that they are harmed by the "continued erosion of Utah's republican form of government."[18]  This vague assertion has no support in the law or the facts.

---

[16] Pls.' Mot. at 7.
[17] Defs.' Axson, Coleman, and Null Opp. To Pls.' Mot., ECF No. 93, at 11.
[18] Pls.' Mot. at 7.

Plaintiffs offer no explanation of how the State Defendants' proper application of S.B. 54 has eroded representative governance. S.B. 54 allows the opportunity for increased voter participation in primaries, "ensur[ing] that all the party members have some voice in deciding who their party's representative will be in the general election." 892 F.3d at 1080. Plaintiffs fail to show irreparable harm, and their Motion should be denied.

3. The balance of harms and public interest do not favor Plaintiffs

Plaintiffs fail to show how the merged factors of balance of harms and the public interest are in their favor.

First, Plaintiffs claim that the balance of harms is in their favor because the only harm Defendants face is being required to "preserve[] the status quo" and "adhere to statutory and constitutional obligations."[19] But "[e]njoining Defendants from certifying candidates who bypass the state delegate-driven process under Utah Code 20A-9-407"[20] will not preserve the status quo. Just the opposite. It would require Defendants to make a dramatic departure from their statutory and constitutional obligations. In contrast, denying Plaintiffs' Motion and allowing Defendants to continue to apply the law, would not result in any harm to Plaintiffs, let alone "significant harm" to their "constitutional rights and the subversion of Utah's electoral process."[21] See *Tavares v. Macomber*, 2019 WL 6696142, *2 (D. R.I. Dec. 9, 2019) ("Similarly, the request for an interim order restoring good-time credit not only profoundly alters the status quo but also runs contrary to well-settled law that the loss of Rhode Island good time-time credit does not amount to a constitutional deprivation."). The balance of harms favors Defendants, not

---

[19] Pls.' Mot. ¶ 11.
[20] Pls.' Mot. ¶ 11.
[21] Pls.' Mot. ¶ 11.

Plaintiffs, in this case.

Plaintiffs also say that "preserving evidence, disqualifying the Utah Attorney General's Office," and "prohibiting the use of public and party funds for Defendants' legal fees" would preserve the status quo and protect their constitutional rights.[22]  But this relief should not even be considered because it is outside the scope of their Complaint.  "A preliminary injunction is appropriate to grant intermediate relief of the same character as that which may be granted finally." *Belnap v. Iasis Healthcare Corp.*, No. 2:14-CV-00086, 2015 WL 471677, at *4 (D. Utah Feb. 4, 2015) (quoting *Hicks v. Jones*, 332 Fed. App'x. 505, 508 (10th Cir. 2009)).  "When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction." *Id.* (quoting *Hicks v. Sirmons,* No. CIV 07–238, 2008 WL 4533988, *1 (E.D . Okla. Oct. 3, 2008)).  Because these requests for relief are outside the scope of the Complaint, the Court cannot enter a preliminary injunction as to these requests and so they should not be considered when balancing the harms.

Plaintiffs next argue that "prohibiting intimidation and harassment" and "restricting interference with URP internal affairs" weigh in their favor when balancing the harms.[23]  Again, the Court should not consider these requests in balancing the harms because they are inapplicable as to Defendants.  The Complaint does not allege Defendants engaged in any intimidation or harassment or that they interfered with URP's internal affairs to the extent that the alleged conduct refers to the URP affairs at a party meeting that Halvorsen attended.  To the extent Plaintiffs mean something broader than that, any general restriction on URP affairs cannot be a

---

[22] Pls.' Mot. ¶ 11.
[23] Pls.' Mot. ¶ 11.

harm weighing in Plaintiffs' favor because Defendants' proper application of Utah law does not result in interference with URP internal affairs under these circumstances.[24]

There is not even a need for the Court to balance the harms here. Plaintiffs are not harmed at all. But an injunction would harm Defendants, and the people they serve, by asking them to disregard settled law.

Second, an injunction also would not be in the public interest for the same reasons detailed in balancing the harms.[25] It would not, as Plaintiffs claim, "uphold[] the integrity of Utah's electoral process" nor "protect[] the constitutional rights of its citizens."[26] As detailed in Section 1 above, the incorporated memoranda, and other memoranda, what Plaintiffs are asking for directly contradicts settled law. To ask for an injunction requiring public officials to violate that law is baffling. Following the settled law—or maintaining the status quo—is in the public interest. *See Panorama Consulting Solutions, LLC v. Armitage*, 2017 WL 11547493 (D. Colo. June 9, 2017) ("[I]t is in the public interest for laws to be obeyed . . . .").

An injunction requiring Defendants to act contrary to settled law harms Defendants, not Plaintiffs, and is not in the public interest. Plaintiffs cannot demonstrate otherwise, and certainly cannot show they are harmed at the heightened standard required for an injunction changing the status quo. Accordingly, the Court should deny the Motion.

---

[24] *See* Point 1 (describing the likelihood of success on the merits of the settled law).
[25] Plaintiffs identify most of the same relief that would be in the public interest but include "[p]reventing fraudulent certification." Pls.' Mot. ¶ 12. Because the certifications are not fraudulent, *see* Point 1, preventing them cannot be in the public interest.
[26] Pls.' Mot. ¶ 12.

**CONCLUSION**

For the reasons stated above, the Court should deny Plaintiffs' Motion for Preliminary

Injunction Under Rule 65.


DATED: December 12, 2025.


OFFICE OF THE UTAH ATTORNEY GENERAL


*/s/ Anikka Hoidal*
ANIKKA HOIDAL
JASON DUPREE
Assistant Utah Attorney General
*Counsel for State, Judicial, and Legislative Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2025, the foregoing *Opposition to Plaintiffs' Motion for Preliminary Injunction,* was filed using the Court's electronic filing system, which gave notice to the following:

Tracie Halvorsen
138 E 12300 S, C275
DRAPER, UT 84020
Email: traciehalvorsen@outlook.com
*Plaintiff Pro Se*

Nancy Inman
138 E 12300 S, C275
DRAPER, UT 84020
(916)396-4395
Email: nancyjinman@gmail.com
*Plaintiff Pro Se*

Steven Huber
138 E 12300 S, C275
DRAPER, UT 84020
(801)688-3594
Email: traciehalvorsen@outlook.com
*Plaintiff Pro Se*

Wayne Wickizer
138 E 12300 S, C275
DRAPER, U 84020
(385)239-8326
Email: justice@utahwtp.com
*Plaintiff Pro Se*

Daniel Newby
138 E 12300 S, C275
DRAPER, UT 84020
(801)949-3360
Email: danieltrouble@protonmail.com
*Plaintiff Pro Se*

Daniel Newby
138 E 12300 S, C275
DRAPER, UT 84020
(801)949-3360
Email:
danieltrouble@protonmail.com
*Plaintiff Pro Se*

*/s/ Asia Reid*
ASIA REID
Paralegal

14