FILED
2025 DEC 22 AM 10:05
CLERK
U.S. DISTRICT COURT

Tracie Halvorsen
Petitioner Pro Se
138 E 12300 S
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH

| | |
|---|---|
| TRACIE HALVORSEN, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> SPENCER COX, et. al, <br><br> Defendants | **PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927** <br><br> **[ORAL ARGUMENT REQUESTED]** <br><br> Case No. 2:25-cv-00909-HCN-JCB <br><br> Judge Howard C. Nielson, Jr. |

### I.     Introduction

**Note:** This Motion is publicly posted at utahcorruption.com and other community sites to ensure transparency and public awareness.

1.      Plaintiffs move this Court pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 for an Order imposing sanctions upon all Defendants—State (Cox, Henderson, State of Utah), Legislative (Bramble, McCay, Schultz, Adams), Judicial (Durrant), Party Officials (Axson, Coleman, Null), and County Clerk (McKenzie)—and their counsel.

2.      Sanctions are warranted because Defendants have engaged in a coordinated strategy of unreasonable and vexatious multiplication of proceedings by filing five separate Motions to Dismiss [ECF 83, 84, 85, 87, 88], all while advancing legally frivolous arguments

contradicted by their own admissions and binding precedent. Furthermore, Party Official Defendants have coupled these procedural tactics with explicit and implicit threats of attorney's fees under 42 U.S.C. § 1988, a "scare tactic" designed to chill Plaintiffs' constitutional claims and silence political dissent.

3. Specifically, Defendants contend that the State has broad authority to dictate how a political party selects its nominees, a position that directly contradicts decades of Supreme Court precedent, including *Eu v. San Francisco County Democratic Central Committee*, 489 U.S. 214 (1989), *California Democratic Party v. Jones*, 530 U.S. 567 (2000), *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208 (1986), and *Utah Republican Party v. Herbert*, 144 F. Supp. 3d 1263 (10th Cir. 2015). By ignoring this controlling authority and simultaneously threatening Plaintiffs with catastrophic attorney's fees under 42 U.S.C. § 1988, Defendants are weaponizing fee-shifting statutes to intimidate Plaintiffs and prospective intervenors from vindicating their constitutional rights.

4. This conduct violates Rule 11's requirement that legal contentions be "warranted by existing law or a good faith argument for an extension, modification, or reversal of existing law," and constitutes the "unreasonable and vexatious" multiplication of proceedings under § 1927.

## II.   Factual and Procedural Background

5. **The Underlying Complaint**: Plaintiffs filed this action to challenge state's application of statutes that unconstitutionally interfere with a political party's internal right to select its own nominees. This claim is grounded in the First and Fourteenth Amendments' guarantee of freedom of association.

6.  **The Frivolous Motion to Dismiss**: On November 25 and 26, 2025, Defendants filed a Motion to Dismiss [ECF 83, 84, 85, 87, and 88], effectively arguing that the State's power to regulate elections is absolute. This ignores binding authority holding that a political party's method of selecting its standard-bearer is a core protected associational right.

7.  This forced Pro Se Plaintiffs to draft and file five separate, lengthy replies in a compressed timeframe during a critical election window.

8.  This tactic serves no legitimate legal purpose other than to increase the cost and burden of litigation and intimidate Plaintiffs and any other potential Plaintiffs, constituting "vexatious" conduct under 28 U.S.C. § 1927.

9.  **The Weaponization of Fees**: In connection with their Motion (ECF 87), Party Official Defendants argue: "The Court Should Award Attorneys Fees To The Moving Defendants" (p. 23). They characterize Plaintiffs' reliance on established constitutional rights as "indisputably meritless" and "intentionally vexatious," solely to invoke the punitive fee-shifting provisions of § 1988.

10. This argument ignores controlling precedent (*Utah Republican Party v. Herbert*, *Tashjian, Jones, Eu*) that supports Plaintiffs' claims.

11. It is deployed to intimidate Plaintiffs and potential intervenors with the threat of financial ruin, a classic abuse of the 42 U.S.C. § 1988 statute which is intended to protect civil rights plaintiffs, not silence them.

### III.   Legal Standards

A.  **Federal Rule of Civil Procedure 11(b)**

12. Rule 11(b) requires that any signed pleading, motion, or other paper be:

   a. presented for a proper purpose (not to harass, cause unnecessary delay, or needlessly increase the cost of litigation); and

   b. supported by factual assertions that are "either well-grounded in fact or … warranted by existing law or a good faith argument for an extension, modification, or reversal of existing law."

13. Sanctions are appropriate when a party files a motion that has "no chance of success" under existing law and ignores controlling authority. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401 (1990).

### B.  28 U.S.C. § 1927

14. Section 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" may be sanctioned. *Braley v. Campbell,* 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc). The statute applies an objective standard and does not require subjective bad faith; rather, any conduct that "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court" is sanctionable. *Id.* Sanctions under § 1927 are appropriate when an attorney files multiple frivolous motions, misstates controlling law, or needlessly expands the cost and burden of litigation. *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202-03 (10th Cir. 2008). The award should be made "only in instances evidencing serious and standard disregard for the orderly process of justice." *White v. American Airlines, Inc.*, 915 F.2d 1414, 1427 (10th Cir. 1990) (citation omitted).

15. The Tenth Circuit has emphatically rejected subjective good faith as a defense to objectively unreasonable conduct. "Although subjective good faith on the part of a non-attorney party appellant may in some instances excuse otherwise unreasonable conduct, we are entitled to demand that an attorney exhibit some judgment. To excuse objectively unreasonable conduct by

an attorney would be to state that one who acts with an empty head and a pure heart is not responsible for the consequences." *Braley*, 832 F.2d at 1512 (quoting *McCandless v. Great Atlantic & Pac. Tea Co.*, 697 F.2d 198, 200 (7th Cir. 1983)). Here, Defendants' counsel cannot claim they were unaware of controlling Supreme Court and Tenth Circuit precedent directly on point. The conduct at issue—filing five overlapping motions while ignoring *Eu, Tashjian, Jones*, and *Herbert*—is objectively sanctionable regardless of counsel's subjective belief in the merits of their arguments.

### IV.     Argument

**A. Defendants' Motion to Dismiss Ignores Controlling Supreme Court Precedent**

16.     Defendants' premise—that the State can override a party's choice of nominee selection—is objectively frivolous. The Supreme Court has repeatedly affirmed that the selection of a nominee is the "crucial juncture" at which a party exercises its associational rights, and that state interference triggers strict scrutiny.

17.     **Internal Party Governance is Protected**: In *Eu v. San Francisco County Democratic Central Committee*, 489 U.S. 214 (1989), the Supreme Court struck down state laws prohibiting party endorsements and regulating internal party structure. The Court held that "a State cannot justify regulating a party's internal affairs without showing that such regulation is necessary to ensure an election that is orderly and fair." Defendants' Motion fails to address *Eu v. San Francisco County Democratic Central Committee* or explain how their position survives this standard.

18.     **Right to Define Membership and Selection**: In *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208 (1986), the Court held that a state could not prevent a party from allowing independents to vote in its primary. The Court emphasized that "the freedom to join

together in furtherance of common political beliefs necessarily presupposes the freedom to identify the people who constitute the association."

19.     **Prohibition on Forced Association**: In *California Democratic Party v. Jones*, 530 U.S. 567 (2000), the Court invalidated a blanket primary system because it forced parties to have their nominees determined by non-members. The Court unequivocally stated: "Proposition 198 forces political parties to associate with—to have their nominees, and hence their positions, determined by—those who, at best, have refused to affiliate with the party."

20.     Defendants completely fail to address the controlling precedent of *Utah Republican Party v. Herbert* 144 F. Supp. 3d 1263 (D. Utah 2015). In that litigation, the court struck down the State's attempt to force the party to open its primary to unaffiliated voters.

21.     This Court explicitly held in *Utah Republican Party v. Herbert* that the State could not unconstitutionally burden the party's right of association by forcing it to associate with non-members in its nominee selection process. This ruling stands for a bedrock constitutional principle: **State regulation of nominee selection has limits, and those limits are crossed when the State forces a political party to associate with candidates it has disqualified from its own selection process**.

22.     The State's current application of the signature-gathering process violates this principle. By forcing URP to accept signature-path candidates as official party nominees—candidates who were explicitly rejected by the party's delegates at the state convention—the State is doing precisely what Herbert forbade: forcing the party to associate with candidates it did not choose. Whether the unwanted participant is an "unaffiliated voter" (as in Herbert) or a "signature-path candidate disqualified by convention" (as here), the constitutional injury is

identical: the party has lost control of its own nominee selection, and the State has commandeered that power.

23. Defendants' failure to acknowledge this functional equivalence—and their insistence instead that the State has absolute power to impose signature gathering regardless of party rules—renders their Motion to Dismiss legally frivolous. They are asking this Court to erase the holding of *Herbert* by claiming it applies only to one statutory mechanism (unaffiliated voters) but not to another (forced signature gathering) that produces the identical harm. No competent attorney, having read *Herbert*, could advance this position in good faith.

24. By filing a Motion to Dismiss that contradicts these seminal cases without a non-frivolous argument for modifying or reversing them, Defendants have violated Rule 11(b)(2).

**B. Defendants Misrepresented URP v. Cox (10th Cir. 2018)**

25. ***Cox* Upheld the Statute Because It Allowed Choice—Not Force**. Defendants argue that *Utah Republican Party v. Cox* (10th Cir. 2018) forecloses Plaintiffs' claims. This is legally frivolous. Any competent attorney reading *Cox* understands why this Court and the Tenth Circuit upheld the statute: because it allowed optional choice. A candidate could select the convention method, the signature method, or both—**but only from the methods the party itself permitted**. The statute did not force any method upon the party. It allowed the party to decide which nomination paths were available to its members.

26. **The State's 2024 Application Is the Opposite: It Forced Signature Gathering on an Unwilling Party.** What the State is now doing in 2024 is fundamentally different. It is forcing the signature-gathering process upon URP as the exclusive path for certain candidates (like Defendant Cox and Defendant Henderson), overriding the party's convention-only rules and displacing candidates the party's delegates had nominated. The party did not choose this. The

State imposed it. This forced application is precisely what makes the State's conduct unconstitutional—it violates the party's First Amendment right to control its own nominee selection.

27. ***Cox* Is a Facial Challenge; Plaintiffs Raise an As-Applied Challenge**. It is basic constitutional law that a statute upheld as facially valid can still be applied unconstitutionally. Cox addressed the statute's facial validity—whether the option to use signature gathering could constitutionally exist. Plaintiffs challenge the State's enforcement of that statute in 2024 in a way that violates party autonomy. By arguing that Cox bars this as-applied challenge regarding 2024 enforcement facts that did not exist when Cox was decided, Defendants advanced a legal contention unsupported by law. Their misrepresentation is either gross incompetence or deliberate dishonesty—either way, it warrants sanctions under Rule 11.

**C. Defendants Have Weaponized 42 U.S.C. § 1988 to Chill Protected Speech**

28. **The "Legitimacy" of Plaintiffs' Case**: As shown above, Plaintiffs' claims are supported by "so much case law" (*Eu, Tashjian, Jones, Herbert*) that characterizing them as "frivolous" is itself a bad-faith litigation tactic.

29. **Improper Purpose**: When Congress enacted the Civil Rights Attorney's Fees Awards Act in 1976, it did so with a single, overriding purpose: **to ensure that ordinary citizens—not just the wealthy—can afford to vindicate their constitutional rights against powerful institutions**. The Senate Report is explicit:

> "In many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer. If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court."

S. Rep. No. 94-1011, at 2 (1976), reprinted in 1976 U.S.C.C.A.N. 5908, 5910.

30. Instead of using § 1988 to encourage access to courts, the Party Official Defendants are weaponizing it exactly as they have weaponized every other tool at their disposal: **as an instrument of suppression against anyone who dares question their regime**.

31. This is not a new tactic for them. Throughout this case, the Party Officials have demonstrated a consistent pattern of using institutional power to silence dissent. When Plaintiff Halvorsen circulated a Notice of Intent to challenge their conduct, Defendant Axson did not engage the legal arguments; he shut down debate and assured party members the leadership was "in full compliance" with the law. (Compl. ¶¶ 152, Exhibit 66.) When Plaintiff Halvorsen attempted to address the State Central Committee, Party Official Defendants coordinated with law enforcement to have her physically removed. (Compl. ¶ 153.) The message was always the same: **dissent will not be tolerated; the machinery of party power will be deployed against you**.

32. Now, facing federal litigation they cannot suppress through party hierarchy or police action, the Party Officials have deployed the next available weapon: **the threat of crushing attorney's fees**. Their Motion might have been written to say…*Exercise your constitutional right to petition for redress, and we will destroy you financially*. This is a direct continuation of their enterprise role: the suppression of internal dissent through intimidation and threats.

33. This threat creates precisely the chilling effect Congress sought to eliminate. Congress enacted § 1988 with the explicit understanding that ordinary citizens—lacking the financial resources of large institutions—would be deterred from suing if they faced the prospect of financial ruin. Yet that is exactly what the Party Official Defendants are doing: erecting a cost barrier so prohibitive that only the wealthy (or large organizations) can afford to challenge them.

34. By weaponizing § 1988 to silence Plaintiffs, the Party Officials are continuing their core function in the RICO enterprise: the use of institutional power to suppress political dissent through intimidation. Plaintiffs have been contacted by over 4,000 individuals—and the number is increasing daily—who claim to have been harmed by the Party Officials' unconstitutional override of the convention process. Yet the Party Official Defendants want this Court to weaponize against Plaintiffs to ensure that most of these 4,000+ victims will never join this lawsuit or support Plaintiffs' efforts. By weaponizing § 1988, the Party Official Defendants are deliberately chilling the participation of thousands of other victims—effectively silencing the very constituency Congress created § 1988 to protect: ordinary citizens with constitutional grievances but no financial resources to pursue them.

### V. CONCLUSION AND PRAYER FOR RELIEF

35. The filing of five legally unwarranted Motions to Dismiss, coupled with an explicit threat of bankrupting attorney's fees against pro se civil rights plaintiffs, constitutes an abuse of the judicial process. Defendants have multiplied these proceedings vexatiously under 28 U.S.C. § 1927 and violated Rule 11 by advancing legal contentions that ignore binding precedent from this very Court (*Herbert*) and the Supreme Court (*Eu, Tashjian, Jones*).

36. Most egregiously, the Party Official Defendants have weaponized § 1988—a statute designed to protect indigent civil rights plaintiffs—as a tool of intimidation to silence 4,000+ potential victims and shield their unconstitutional conduct from judicial review.

**WHEREFORE, Plaintiffs request that this Court:**

37. **FIND** that the Party Official Defendants' request for attorney's fees in [ECF 87] was filed for an improper purpose (harassment and intimidation) in violation of Rule 11(b)(1).

38. **STRIKE** the request for attorney's fees and the allegations of "frivolousness" from the Party Official Defendants' Motion to Dismiss [ECF 87].

39. **SANCTION** all Defendants' counsel pursuant to 28 U.S.C. § 1927 for the unreasonable and vexatious multiplication of proceedings caused by filing five separate Motions to Dismiss on overlapping grounds, and ORDER Defendants to pay Plaintiffs' reasonable costs and expenses incurred in responding to these five separate filings.

40. **ORDER** the Party Official Defendants to retract their threat of fees and file a notice with the Court acknowledging that Plaintiffs' claims are not frivolous under the standard of 42 U.S.C. § 1988, to mitigate the chilling effect their threat has had on the 4,000+ potential intervenors and witnesses.

41. **DENY** the Motions to Dismiss [ECF 83, 84, 85, 87, 88] as legally unwarranted under Rule 11(b)(2) because they fail to address controlling precedent and rely on a knowing misrepresentation of the distinction between facial (*Cox*) and as-applied challenges.

42. **GRANT** such other and further relief as the Court deems just and proper to deter future misconduct.

43. **SET A HEARING** as soon as possible on this Motion to allow Plaintiffs to present evidence of the chilling effect caused by Defendants' threats and to allow Defendants' counsel to show cause why they should not be sanctioned.

### VI.     REPRESENTATIONS TO THE COURT (Rule 11)

44. WE HEREBY CERTIFY that, under Federal Rule of Civil Procedure 11 and applicable local rules, the foregoing PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927 contains 2,922 words, complies with DUCivR7-1(a)(4), is presented in good faith, for proper purposes, and based on existing law and factual

support, and that to the best of our knowledge, information, and belief, formed after reasonable inquiry, the statements contained herein are true and correct.

Dated: December 22, 2025

/s/ Tracie Halvorsen

TRACIE HALVORSEN
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro Se

/s/ NANCY INMAN

NANCY INMAN
138 East 12300 South
C275
Draper, Utah 84020
916-396-4395
Nancyjinman@gmail.com
Plaintiff Pro Se

/s/ STEVEN HUBER

STEVEN HUBER
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro Se

/s/ DANIEL NEWBY

DANIEL NEWBY
138 East 12300 South
C275
Draper, Utah 84020
801-949-3360
danieltrouble@protonmail.com
Plaintiff Pro Se

/s/ WAYNE WICKIZER

WAYNE WICKIZER
138 East 12300 South
C275
Draper, Utah 84020
385-239-8326
justice@utahwtp.com
Plaintiff Pro Se

**Certificate of Service**

We hereby certify that on this 22nd day of December, 2025, we electronically filed the PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927 with the Clerk of the Court under the filing and electronic notification procedures outlined under DUCivR 5-1, which will send notification of such filings to all registered participants in this case.

Jason Dupree
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 977-8940
jndupree@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Scott *Cheney*
*Office of the Utah Attorney General*
*PO Box 140856*
*Salt Lake City, Utah 84114-0856*
*(385) 977-4858*
scheney@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

David Wolf
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 441-5084
dnwolf@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Anikka Hoidal
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 272-3951
ahoidal@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Stacy R. Haacke
Office of General Counsel
Administrative Office of the Courts
PO Box 140241
Salt Lake City, Utah 84114-0241
(801) 214-5805
stacyh@utcourts.gov
*Attorney for Chief Justice Matthew Durrant*

John R. Richardson
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Johnny.richardson@dentons.com
*Attorney for Brian McKenzie*

R. Blake Hamilton
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Blake.hamilton@detons.com
*Attorney for Brian McKenzie*

Janise K. Macanas
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Janise.macanas@dentons.com
*Attorney for Brian McKenzie*

| | |
|---|---|
| Alan R. Houston<br>Office of Legislative Research and General Counsel<br>Utah State Capitol Complex<br>House Building, Suite W210<br>Salt Lake City, Utah 84114-5210<br>ahouston@le.utah.gov<br>*Attorney Bramble, McCay, Durrant, Schultz, and Adams* | Christine R. Gilbert<br>Office of Legislative Research and General Counsel<br>Utah State Capitol Complex<br>House Building, Suite W210<br>Salt Lake City, Utah 84114-5210<br>cgilbert@le.utah.gov<br>*Attorney Bramble, McCay, Durrant, Schultz, and Adams* |
| Victoria S. Ashby<br>Office of Legislative Research and General Counsel<br>Utah State Capitol Complex<br>House Building, Suite W210<br>Salt Lake City, Utah 84114-5210<br>vashby@le.utah.gov<br>*Attorney Bramble, McCay, Durrant, Schultz, and Adams* | D. Loren Washburn<br>2750 Rasmussen Rd., Suite H-107<br>Park city, Utah 84098<br>loren@pbp.law<br>*Attorney for Axson, Coleman, and Null.* |
| Cliff Parkinson<br>2750 Rasmussen Rd.<br>Suite H-107<br>Park City,. Utah 84098<br>cliff@pbp.law<br>*Attorney for Axson, Coleman, and Null* | |

Executed on this 22nd day of December 2025.

| | |
|---|---|
| /s/ Tracie Halvorsen<br>TRACIE HALVORSEN<br>138 East 12300 South<br>C275<br>Draper, Utah 84020<br>801-688-3594<br>traciehalvorsen@outlook.com<br>Plaintiff Pro Se | /s/ NANCY INMAN<br>NANCY INMAN<br>138 East 12300 South<br>C275<br>Draper, Utah 84020<br>916-396-4395<br>Nancyjinman@gmail.com<br>Plaintiff Pro Se |
| /s/ STEVEN HUBER<br>STEVEN HUBER<br>138 East 12300 South<br>C275<br>Draper, Utah 84020<br>801-688-3594<br>traciehalvorsen@outlook.com | /s/ DANIEL NEWBY<br>DANIEL NEWBY<br>138 East 12300 South<br>C275<br>Draper, Utah 84020<br>801-949-3360<br>danieltrouble@protonmail.com |

Plaintiff Pro Se                                                   Plaintiff Pro Se

/s/ WAYNE WICKIZER
WAYNE WICKIZER
138 East 12300 South C275
Draper, Utah 84020
385-239-8326
justice@utahwtp.com
Plaintiff Pro Se