D. LOREN WASHBURN (10993)
BRENNAN MOSS (10267)
CLIFF PARKINSON (13327)
PARKINSON BENSON POTTER
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
Loren@pbp.law
Brennan@pbp.law
Cliff@pbp.law

Attorneys for Kim Coleman, Robert Axson, and Chris Null

IN THE UNITED STATES DISTRICT COURT IN AND FOR
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TRACEY HALVORSEN, an individual; SOPHIE ANDERSON, an individual; NANCY INMAN, an individual; STEVEN HUBER, an individual; WAYNE WICKIZER, an individual; and DANIEL NEWBY, an individual.<br><br>Plaintiffs,<br><br>v.<br><br>SPENCER COX, as an individual and in official capacity; DEIDRE HENDERSON, as an individual and in official capacity, STATE OF UTAH, et al.<br>                                   Defendants. | **DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND 28 § U.S.C. 1927 (DKT. NO. 100).**<br><br>Case No. 2:25-cv-00909-HCN-JCB<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Jared C. Bennett |

Come now Defendants Chris Null, Robert Axson and Kim Coleman (the "**Moving Defendants**") and move the Court to strike Plaintiffs' "Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927" (hereinafter, the "Motion") (Dkt. No. 100).

Plaintiffs' Motion for Sanctions is procedurally improper. "Rule 11(c)(2) requires a party seeking Rule 11 sanctions to serve its motion on the opposing party twenty-one days *before*

filing it with the court." *Gardner v. Long*, Case No. 2:18-cv-00509, 2020 WL 1325338, at *3 (D. Utah March 20, 2020) (emphasis added).[1] Rather than serve Moving Defendants with the motion prior to filing it with the Court, the Plaintiffs simply filed their motion with no notice of the upcoming Motion or the alleged Rule 11 violations articulated therein. This is a fatal procedural flaw on the part of Plaintiffs' and their Motion should be stricken as a result.

This Court has recognized the 21-day notice requirement serves an important purpose to "provide[] the opposing party a "safe harbor' period during which the opposing party is given the opportunity to cure any sanctionable behavior" if such exists. *Id.* Indeed, the safe harbor requirement has been deemed so important by the courts that the Tenth Circuit has held that "it is an abuse of discretion to grant Rule 11 sanctions if the [movant] did not comply with the safe-harbor provision." *Mellott v. MSN Communications, Inc.* 492 Fed. App'x 887, 888 (10th Cir. 2012) (citing *Roth v. Green*, 466 F.3d 1179, 1187 (10th Cir. 2006).

Plaintiffs here have "not … complied with Rule 11's safe harbor requirements." *Gardner*, 2020 WL 1325338, at *3. "Instead, [they] appear to have filed [their] Motion for Sanctions without" providing proper notice. The failure to comply with the 21-day safe-harbor period is exacerbated in light of the briefing requirements under the local rules. DUCivR 7-1(4)(d) requires responses to motions filed under Rule 11 to be filed within 14 days of service of the Motion. Consequently, if the Motion is not stricken, Moving Defendants' time to address or respond to any alleged Rule 11 violations is constricted from five weeks to two. This is unallowable both under case law and principles of fairness.

In light of the foregoing case law and local rules, the Court should strike Plaintiffs'

---

[1] *See* Fed. R. Civ. P. 11(c)(2) which states "The motion must be served under rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service….").

Motion.

Dated: January 3, 2026

                              **PARKINSON BENSON POTTER**

                              *Clifford B. Parkinson*_____
                              D. Loren Washburn
                              Brennan H. Moss
                              Clifford B. Parkinson
                              *Attorneys for Kim Coleman, Rob Axson, and Chris Null*

## CERTIFICATE OF SERVICE

I, Clifford B. Parkinson, caused the foregoing **DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927 (DKT. NO. 100)** to be filed via the Court's CM/ECF system which served all counsel of record on this 3rd day of 2026.

*Clifford B. Parkinson*
Clifford B. Parkinson