# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **TRACIE HALVORSEN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**SPENCER COX as an individual and official capacity, et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:25-cv-00909-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

## INTRODUCTION[1]

Plaintiffs Tracie Halvorsen, Nancy Inman, Steven Huber, Wayne Wickizer, and Daniel Newby (collectively, "Plaintiffs")[2] move to strike the notices of appearance of counsel for: (1) Defendants Utah Governor Spencer Cox, Utah Lieutenant Governor Deidre Henderson, and the State of Utah (collectively, "State Defendants"); (2) Defendants Utah State Senator Curtis Bramble, Utah State Senator Daniel McCay, Utah State House Representative Mike Schultz, and Utah State Senator J. Stuart Adams (collectively, "Legislative Defendants"); and (3) Defendant Utah Supreme Court Chief Justice Matthew Durrant ("Chief Justice Durrant") (collectively, "Counsel").[3] Plaintiffs contend that the court should strike Counsel's notices of appearance

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 21.

[2] Sophie Anderson was named as a plaintiff in the complaint, ECF No. 1, but was later voluntarily dismissed. ECF No. 80.

[3] ECF No. 62.

because the actions of the State Defendants, the Legislative Defendants, and Chief Justice Durrant alleged in Plaintiffs complaint fall outside the protections of the Governmental Immunity Act of Utah, and, therefore, they are not entitled to state-funded representation by the Utah Attorney General in this case. For the reasons explained below, the court denies the motion.

## ANALYSIS

The court denies Plaintiffs' motion because the authority they cite does not support the proposition that the State Defendants, the Legislative Defendants, and Chief Justice Durrant are not entitled to representation by the Utah Attorney General. Plaintiffs rely upon a provision of the Governmental Immunity Act of Utah—Utah Code Ann. § 63G-7-902(3)(a)—which governs when a Utah governmental entity must defend an action against one of its employees. In relevant part, that statutory provision provides:

> The governmental entity may decline to defend, or, subject to any court rule or order, decline to continue to defend, an action against an employee if it determines:
>
>> (a) that the act or omission in question did not occur:
>>
>>> (i) during the performance of the employee's duties;
>>>
>>> (ii) within the scope of the employee's employment; or
>>>
>>> (iii) under color of authority . . . .[4]

Plaintiffs also rely upon Utah Admin. Code R477-2-9, which provides that "[i]n most cases, under [the] Governmental Immunity Act, an employee shall receive defense and indemnification unless the case involves fraud, malice, or the use of alcohol or drugs by the employee."[5]

---

[4] Utah Code Ann. § 63G-7-902(3)(a)(i)-(iii).
[5] Utah Admin. Code R477-2-9(1).

Plaintiffs' reliance on those provisions does not support their argument. The language of Utah Code Ann. § 63G-7-902(3)(a) is purely permissive because it states that "[t]he governmental entity *may* decline to defend" the employee "*if it determines* that act or omission in question did not occur" within the three specified categories.[6] Thus, that provision does not mandate that a governmental entity cannot defend its employee. Further, that provision leaves to the governmental entity the determination of whether the employee's act or omission occurred within the three specified categories, none of which applies here. Accordingly, Plaintiffs' reliance upon Utah Code Ann. § 63G-7-902(3)(a) is misplaced.[7]

Plaintiffs' reliance on Utah Admin. Code R477-2-9 is likewise misplaced. Utah Admin. Code R477-2-1 provides, "Title R477 applies to the executive branch of Utah State Government," but certain other entities "are not bound by mandatory compliance with Title R477." Those entities include: (1) "members of the Legislature and legislative employees"; (2) "members of the judiciary and judicial employees"; and (3) "elected members of the executive branch and their Schedule A employees."[8] Because the State Defendants, the Legislative Defendants, and Chief Justice Durrant all fall into one of those categories, Utah Admin. Code R477-2-9 does not apply to them. Accordingly, none of the authorities cited by

---

[6] Utah Code Ann. § 63G-7-902(3) (emphasis added).

[7] Plaintiffs also fail to acknowledge Counsel's constitutional and statutory duties. The Utah Constitution provides that "[t]he Attorney General shall be the legal adviser of the State officers, except as otherwise provided by this Constitution, and shall perform such other duties as provided by law." Utah Const. art. VII, § 16. Additionally, Utah Code Ann. § 67-5-1(b) provides that "the attorney general shall . . . defend all causes to which the state or any officer, board, or commission of the state in an official capacity is a party." Accordingly, Counsel is *required* to represent the State Defendants, the Legislative Defendants, and Chief Justice Durrant in their official capacities in this case.

[8] Utah Admin. Code R477-2-1(1), (2), (6).

Plaintiffs support their motion to strike Counsel's notices of appearance, and, therefore, the court denies the motion.

## ORDER

For the reasons stated above, Plaintiffs' motion to strike the notices of appearance of Counsel[9] is DENIED.

IT IS SO ORDERED.

DATED this 12th day of January 2026.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[9] ECF No. 62.