THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **TRACIE HALVORSEN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**SPENCER COX as an individual and official capacity, et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:25-cv-00909-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

### INTRODUCTION[1]

Plaintiffs Tracie Halvorsen, Nancy Inman, Steven Huber ("Mr. Huber"), Wayne Wickizer, and Daniel Newby (collectively, "Plaintiffs")[2] have filed: (1) a motion to rescind the referral to the undersigned, remand this case to an Article III judge, and expedite resolution of their motion for preliminary injunction;[3] and (2) a motion to expedite decision and hearing on their motion for preliminary injunction.[4] With respect to the first motion, District Judge Howard C. Nielson, Jr. has denied Plaintiffs' request rescind the referral to the undersigned,[5] which leaves only Plaintiffs' requests to disqualify the undersigned and to expedite resolution of their motion for

---

[1] This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 21.

[2] Sophie Anderson was named as a plaintiff in the complaint, ECF No. 1, but was later voluntarily dismissed. ECF No. 80.

[3] ECF No. 92.

[4] ECF No. 106.

[5] ECF No. 95.

preliminary injunction. For the reasons explained below, Plaintiffs' request to disqualify the undersigned is denied, and their requests to expedite consideration of their motion for preliminary injunction are denied as moot.

## ANALYSIS

### I. Plaintiffs' Request to Disqualify the Undersigned Is Denied.

Plaintiffs' request to disqualify the undersigned is denied because Plaintiffs fail to show any basis for disqualification. Although not cited by Plaintiffs, their request to disqualify is governed by 28 U.S.C. § 455(a). Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[6] Under section 455(a), "[t]he test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[7] In considering that test, the undersigned is mindful that "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."[8] Additionally, "adverse rulings cannot in themselves form the appropriate grounds for

---

[6] The court notes that in addition to the ground for disqualification set forth in section 455(a), there are additional grounds for disqualification under section 455(b). Because Plaintiffs' motion does not implicate any of the grounds listed in section 455(b), the court will not address them.

[7] *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (per curiam); *see also In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004) ("Section 455 contains an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality.").

[8] *Hinman*, 831 F.2d at 939; *see also United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) ("Judges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and [section 455(a)] must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." (citation modified)).

disqualification,"⁹ and section 455(a) "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."¹⁰ "Section 455 does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record."¹¹ Under section 455(a), "factual allegations do not have to be taken as true. Nor is the judge limited to those facts presented by the challenging party."¹² "Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are not sufficient grounds for disqualification under section 455(a).¹³

    Plaintiffs' arguments in support of disqualification of the undersigned can be grouped into three categories: (A) Plaintiffs' contention that disqualification is required because the undersigned has entered orders granting Defendants extensions of time and permitting certain Defendants to file separate motions to dismiss; (B) Plaintiffs' assertion that there is a conspiracy involving magistrate judges, federal officers, and state officers that has resulted in an "obstruction of justice"; and (C) Plaintiffs argument that Mr. Huber's separate case in this court—which is challenging the authority of magistrate judges and the assignment of cases to magistrate judges in this court—creates a conflict for the undersigned that requires disqualification. Each argument is addressed in turn below.

---

⁹ *Wells*, 873 F.3d at 1252 (citation modified).

¹⁰ *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

¹¹ *In re McCarthey*, 368 F.3d at 1269-70.

¹² *Hinman*, 831 F.2d at 939 (citation modified).

¹³ *Cooley*, 1 F.3d at 993; *see also Hinman*, 831 F.2d at 939 ("A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation.").

A. <u>The Undersigned's Prior Orders Provide No Basis for Disqualification</u>.

The undersigned's decisions to grant extensions of time to Defendants and permit certain Defendants to file separate motions to dismiss are insufficient to require disqualification. Plaintiffs' specific arguments on this point are:

- The undersigned has "grant[ed] serial extensions to Defendants, resetting response deadlines, and pushing the matter down the procedural calendar," and "[e]ach extension is not a neutral procedural accommodation; it is a tactical choice—an obstruction of justice."[14]

- The undersigned "has granted [D]efendants extensions to respond to the [c]omplaint and to Plaintiffs' motion[] for preliminary injunction . . . and has granted [D]efendants leave to file separate motions to dismiss, thereby . . . evidencing a clear partiality against pro se litigants seeking relief from the weaponization of government and the violation of their constitutional freedoms."[15]

Those arguments fail to demonstrate that disqualification of the undersigned is required. Plaintiffs clearly disagree with the undersigned's orders, as evidenced in their motion and their objections to several of those orders.[16] However, "adverse rulings cannot in themselves form the appropriate grounds for disqualification."[17] Further, Judge Nielson has considered Plaintiffs'

---

[14] ECF No. 92 at 2.

[15] *Id*. at 8.

[16] ECF No. 81; ECF No. 89.

[17] *Wells*, 873 F.3d at 1252 (citation modified).

objections and overruled them.[18] Accordingly, this court's prior orders provide no basis for disqualification of the undersigned.

      B.  <u>Plaintiffs' Argument Concerning the Existence of a Conspiracy Fails to Provide a Basis for Disqualification</u>.

Plaintiffs' contention that a conspiracy exists involving magistrate judges, federal officers, and state officers does not provide a basis for disqualification of the undersigned. Specifically on this point, Plaintiffs argue:

- "[F]ederal judicial officers and magistrate judges have used delay tactics, deadline manipulation, and procedural weaponization to shield government actors from accountability and to render relief meaningless. The same strategy is unfolding here, now against pro se litigants seeking to vindicate constitutional election rights."[19]
- "Plaintiffs assert claims under 18 U.S.C. § 1964 arising from violations of their constitutional freedoms, and the same pattern of obstruction of justice appears to be continuing through coordinated conduct between the magistrate judge apparatus and officials of the Utah state government."[20]

Those incorrect, speculative, and unsupported arguments do not require disqualification of the undersigned. Indeed, "speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are insufficient grounds for disqualification under section 455(a).[21]

---

[18] ECF No. 91.

[19] ECF No. 92 at 3.

[20] *Id*. at 9.

[21] *Cooley*, 1 F.3d at 993.

Plaintiffs' irrationally anxious allegations about the existence of a conspiracy involving magistrate judges, federal officers, and state officers fall squarely within those categories. Therefore, they fail to demonstrate that disqualification of the undersigned is required.

    C. <u>Plaintiff Steven Huber's Separate Case in This Court Does Not Require Disqualification</u>.

Mr. Huber's separate case challenging the authority of magistrate judges and the assignment of cases to magistrate judges in this court fails to provide a basis for disqualification of the undersigned. Plaintiffs' arguments on this issue are:

- In the separate case, "[Mr.] Huber is simultaneously challenging the constitutionality and propriety of the magistrate judge assignment regime."[22]

- If the undersigned rules on matters in this case, it "directly affect[s] the interests of [Mr. Huber,] who is actively litigating the legitimacy of [the undersigned]'s own judicial authority and the assignment system that placed him on this case."[23]

- The undersigned's assignment to this case "creates a structural conflict in which the judge assigned to the case has a direct, personal interest in the outcome—namely, the preservation and validation of the judicial authority on which his own adjudicatory role depends."[24]

---

[22] ECF No. 92 at 13.

[23] *Id*.

[24] *Id*.

- "No impartial factfinder could be expected to fairly and neutrally adjudicate claims brought by a plaintiff who is simultaneously challenging the legitimacy of the judge's own authority. The appearance of impropriety is unavoidable, and the potential for actual bias is severe."[25]

- "Even setting aside the element of personal conflict, [the undersigned] should be disqualified based on the appearance of impropriety."[26]

- "The appearance that [the undersigned] might harbor bias against Plaintiffs—or conversely, might be incentivized to rule against Plaintiffs' constitutional arguments in order to protect the magistrate judge system on which his own authority depends—undermines the legitimacy of any proceedings before him."[27]

- "Any ruling by [the undersigned] on the merits could affect Plaintiff [Steven] Huber's separate challenge to magistrate judge authority."[28]

Mr. Huber's separate case provides no basis for disqualification. Importantly, Plaintiffs provide no authority for the proposition that simply challenging a judge's authority somehow creates a conflict that requires disqualification. If Plaintiffs' position were tenable, any party could require disqualification of a judge simply by asserting that the judge lacked authority to decide the party's case. Although Plaintiffs may sincerely believe that the undersigned lacks

---

[25] *Id.*

[26] *Id.* at 14.

[27] *Id.*

[28] *Id.*

authority in this case, "beliefs, conclusions, . . . opinion, and similar non-factual matters" are not a basis for disqualification under section 455(a).[29] Further, section 455(a) "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."[30] Finally, with respect to Plaintiffs' assertions that the undersigned is not capable of being impartial, they are nothing more than "unsubstantiated suggestion[s] of personal bias or prejudice[, which are] insufficient to mandate recusal under section 455(a)."[31] Accordingly, Mr. Huber's separate case is not a sufficient ground for requiring disqualification of the undersigned.

## II. Plaintiffs' Requests to Expedite Consideration of Their Motion for Preliminary Injunction Are Denied as Moot.

In a Report and Recommendation issued contemporaneously with this order, the undersigned has recommended that Plaintiffs' motion for preliminary injunction be denied.[32] Accordingly, Plaintiffs' requests to expedite consideration of that motion are denied as moot.

## ORDER

For the reasons stated above, the court HEREBY ORDERS:

1. Plaintiffs' motion to disqualify the undersigned[33] is DENIED.

2. Plaintiffs' motion to expedite resolution of their motion for preliminary injunction[34] is DENIED AS MOOT.

---

[29] *Cooley*, 1 F.3d at 993.

[30] *Id.*

[31] *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1027 (10th Cir. 1988).

[32] ECF No. 120.

[33] ECF No. 92.

[34] *Id.*

3. Plaintiffs' motion to expedite decision and hearing on their motion for preliminary injunction[35] is DENED AS MOOT.

IT IS SO ORDERED.

DATED this 12th day of January 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[35] ECF No. 106.