D. LOREN WASHBURN (10993)
BRENNAN MOSS (10267)
CLIFF PARKINSON (13327)
PARKINSON BENSON POTTER
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
Loren@pbp.law
Brennan@pbp.law
Cliff@pbp.law

Attorneys for Kim Coleman, Robert Axson, and Chris Null

IN THE UNITED STATES DISTRICT COURT IN AND FOR
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TRACEY HALVORSEN, an individual; SOPHIE ANDERSON, an individual; NANCY INMAN, an individual; STEVEN HUBER, an individual; WAYNE WICKIZER, an individual; and DANIEL NEWBY, an individual.<br><br>Plaintiffs,<br><br>v.<br><br>SPENCER COX, as an individual and in official capacity; DEIDRE HENDERSON, as an individual and in official capacity, STATE OF UTAH, et al.<br>Defendants. | **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND 28 § 1927 (DKT. NO. 100).**<br><br>Case No. 2:25-cv-00909-HCN-JCB<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Jared C. Bennett |

Come now Defendants Chris Null, Robert Axson and Kim Coleman (the "**Moving Defendants**") pursuant to Rule 11 of the Federal Rules of Civil Procedure and file this Reply in support of their Motion to Strike (Dkt. No. 110) ("Motion to Strike") Plaintiffs' motions styled "Motion for Sanctions Pursuant to Fed. Civ. P. 11 and 28 U.S.C. § 1927" (hereinafter, the "Sanctions Motion") (Dkt. No. 100).

Plaintiffs filed a "Response in Opposition to [110] Defendants' Motion to Strike [100] Plaintiffs' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927." ("Opposition"). The Opposition's arguments all lack merit.

First, Plaintiffs argue that because they join together their Rule 11 motion with a motion under 28 U.S.C. § 1927, they do not have to provide the 21-day notice required by Rule 11. (Opposition at 5-7). This curious argument directly contradicts the Rule. Rule 11 explains, "A motion for sanctions ***must be made separately from any other motion*** and must describe the specific conduct that allegedly violates Rule 11(b)." Rule 11(c)(2) (emphasis added). In other words, when "Plaintiffs moved under 28 U.S.C. § 1927—which has no safe harbor requirement—and used Rule 11(c)(1) to notify the Court of parallel Rule 11(b) violations," as they describe it (Opposition at 4 ¶ 5), they violated Rule 11 in two ways: by improperly joining a motion for sanctions under Rule 11 with "any other motion;" and, by failing to comply with the pre-filing service requirements found in Rule 11(c)(2). Plaintiffs attempt to create a separate Rule 11 motion under Rule 11(c)(1) that is somehow exempt from the procedural requirements of Rule 11(c)(2), while perhaps expedient and creative, ignores the plain language of Rule 11.

As explained in the Motion to Strike "Rule 11(c)(2) requires a party seeking Rule 11 sanctions to serve its motion on the opposing party twenty-on days *before* filing with the court." *Gardner v. Long,* Case No. 2:18-cv-00509, 2020 WL 1325338, at *3 (D. Utah March 20, 2020). Plaintiffs failed to give this safe harbor notice, rendering their Rule 11 Motion improper. The analysis of Defendants' Motion to Strike should end there and the Sanctions Motion should be stricken insofar as it requests Rule 11 sanction.

When Plaintiffs are not attempting to persuade the Court to ignore the procedural

requirements of Rule 11, they spend the balance of their Opposition pushing their counter-factual theory of the case. They argue, for example, that "Defendants' Motion to Dismiss should never have been filed because it is not warranted by existing law." (Opposition at p. 7 ¶ 14). Undermining Plaintiffs assertion that the Defendants' Motion to Dismiss lacks merit, Judge Bennett issued his Report and Recommendation which recommended granting Defendants' Motion to Dismiss. (ECF No. 120). To be fair, Plaintiffs filed their Opposition prior to Judge Bennett filing his Report and Recommendation, but the fact that Plaintiffs claimed the Defendants' Motion to Dismiss warranted sanctions when the Magistrate recommended granting the Motion suggests that Plaintiffs simply do not understand the law, either substance or procedure.

In light of the foregoing, the Court should strike Plaintiffs' Rule 11 Motion insofar as it seeks Rule 11 sanctions.

Dated: January 20, 2026

**PARKINSON BENSON POTTER**

*/s/ D. Loren Washburn*_____
D. Loren Washburn
Brennan H. Moss
Clifford B. Parkinson
*Attorneys for Kim Coleman, Rob Axson, and Chris Null*

## CERTIFICATE OF SERVICE

I, Clifford B. Parkinson, caused the foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND 28 § 1927 (DKT. NO. 100)** to be filed via the Court's CM/ECF system which served all counsel of record on this 20th day of January 2026.

*/s/ Clifford B. Parkinson*____
Clifford B. Parkinson