THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **TRACIE HALVORSEN, et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **SPENCER COX as an individual and official capacity, et al.,** <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:25-cv-00909-HCN-JCB <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Jared C. Bennett |

## INTRODUCTION[1]

Plaintiffs Tracie Halvorsen, Nancy Inman, Steven Huber, Wayne Wickizer, and Daniel Newby (collectively, "Plaintiffs")[2] move to join the United States of America ("United States") as a plaintiff in this case under Fed. R. Civ. P. 19(a)(1).[3] For the reasons explained below, the court denies Plaintiffs' motion.

## ANALYSIS

Plaintiffs fail to show that joinder of the United States as a plaintiff is required under Rule 19(a)(1), which provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 21.

[2] Sophie Anderson was named as a plaintiff in the complaint, ECF No. 1, but was later voluntarily dismissed. ECF No. 80.

[3] ECF No. 48.

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[4]

Because Plaintiffs are the moving party, they have the burden of establishing that joinder of the United States as a plaintiff is required under Rule 19(a)(1).[5]

The court denies Plaintiffs' motion for joinder because they fail to demonstrate that: (I) the court cannot grant complete relief among the existing parties as required by Rule 19(a)(1)(A); or (II) the United States claims an interest in this case as required by Rule 19(a)(1)(B). Each issue is addressed in turn.

### I. Plaintiffs Fail to Show That the Court Cannot Grant Complete Relief Among the Existing Parties as Required by Rule 19(a)(1)(A).

Plaintiffs fail to establish this court's inability to grant complete relief among the existing parties. Plaintiffs contend throughout their motion that complete relief cannot be granted unless the United States is joined as a plaintiff. However, Plaintiffs fail to show that the specific relief requested in their complaint—damages and declaratory relief—cannot be granted without joinder of the United States. Further, the court has recommended that the named Defendants' motions to

---

[4] Fed. R. Civ. P. 19(a)(1)(A), (B)(i)-(ii).
[5] *Davis v. United States*, 192 F.3d 951, 958 (10th Cir. 1999).

dismiss be granted and that this case be dismissed with prejudice.[6] Thus, it logically follows that the court has determined that complete relief can be granted among the existing parties. For those reasons, the court denies Plaintiffs' motion to join the United States as a plaintiff under Rule 19(a)(1)(A).

## II. Plaintiffs Have Not Demonstrated That the United States Claims an Interest in This Case as Required by Rule 19(a)(1)(B).

Plaintiffs have not shown that the United States claims an interest in this case as required by Rule 19(a)(1)(B). Joinder is not required under Rule 19(a)(1)(B) if the moving party merely asserts that "the absent party has some potential interest relating to the subject of the action."[7] "Instead, a necessary party under Rule 19(a)(1)(B) must *claim* an interest relating to the subject of the action."[8] "[T]he absent party . . . must be the one claiming the interest."[9] Although Plaintiffs contend that "[t]he United States possesses a direct legal and constitutional interest" in this case,[10] Plaintiffs fail to assert that the United States claims such an interest. Therefore, the court denies Plaintiffs' motion to join the United States as a plaintiff under Rule 19(a)(1)(B).[11]

---

[6] ECF No. 120.

[7] *Greer v. Moon*, No. 2:24-CV-00421-DBB-JCB, 2024 WL 4241350, at *3 (D. Utah Sept. 19, 2024).

[8] *Id.* (emphasis in original).

[9] *Id.*

[10] ECF No. 48 at 2.

[11] Even if Plaintiffs had demonstrated that the United States claims in interest in this case as required by Rule 19(a)(1)(B), they fail to present any meaningful argument that either one of the requirements of Rule 19(a)(1)(B)(i)-(ii) is satisfied. For that additional reason, Plaintiffs' motion to join the United States as a plaintiff fails.

## ORDER

For the reasons stated above, Plaintiffs' motion to join the United States as a plaintiff under Rule 19(a)(1)[12] is DENIED.

IT IS SO ORDERED.

DATED this 23rd day of January 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[12] ECF No. 48.