# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **TRACIE HALVORSEN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**SPENCER COX as an individual and official capacity, et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:25-cv-00909-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

**INTRODUCTION**[1]

Plaintiffs Tracie Halvorsen, Nancy Inman, Steven Huber, Wayne Wickizer, and Daniel Newby (collectively, "Plaintiffs")[2] move for sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 against counsel for: (1) Defendants Utah Governor Spencer Cox, Utah Lieutenant Governor Deidre Henderson, and the State of Utah (collectively, "State Defendants"); (2) Defendants Utah State Senator Curtis Bramble, Utah State Senator Daniel McCay, Utah State Senator J. Stuart Adams, and Utah State House Representative Mike Schultz (collectively, "Legislative Defendants"); (3) Defendant Utah Supreme Court Chief Justice Matthew Durrant ("Chief Justice Durrant"); (4) Defendants Robert Axson, Kim Coleman, and Chris Null, who all are or were associated in some capacity with the Utah Republican Party (collectively, "URP

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 21.

[2] Sophie Anderson was named as a plaintiff in the complaint, ECF No. 1, but was later voluntarily dismissed. ECF No. 80.

Defendants"); and (5) Defendant Brian McKenzie (hereinafter, all Defendants (1)-(5), collectively, "Defendants").³ The URP Defendants move to strike Plaintiffs' motion.⁴ For the reasons explained below, the court denies Plaintiffs' motion for sanctions and denies as moot the URP Defendants' motion to strike.

## ANALYSIS

The court denies Plaintiffs' motion for sanctions for three reasons. First, the court cannot impose Rule 11 sanctions against Defendants' counsel because Plaintiffs did not serve their motion for Rule 11 sanctions on Defendants prior to filing it, as required by Rule 11(c)(2). Second, even if Plaintiffs had properly served their motion for Rule 11 sanctions on Defendants prior to filing it, Plaintiffs fail to show that Defendants' counsel violated Rule 11(b). Third, Plaintiffs fail to demonstrate that Defendants' counsel violated section 1927. Based on the denial of Plaintiffs' motion, the court denies as moot the URP Defendants' motion to strike. Each issue is addressed in turn below.

I. **The Court Cannot Impose Rule 11 Sanctions Against Defendants' Counsel Because Plaintiffs Did Not Serve Their Rule 11 Motion on Defendants Prior to Filing It.**

Because Plaintiffs failed to serve their motion for Rule 11 sanctions on Defendants prior to filing it, the court cannot impose Rule 11 sanctions against Defendants' counsel. A Rule 11 motion for sanctions "must be served . . . , but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately

---

³ ECF No. 100.

⁴ ECF No. 110.

corrected within 21 days after service or within another time the court sets."[5] The Advisory Committee Notes to the 1993 amendment to Rule 11 further provide:

> The motion for sanctions is not . . . to be filed until at least 21 days (or such other period as the court may set) after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.[6]

The United States Court of Appeals for the Tenth Circuit requires strict adherence to the safe-harbor provision of Rule 11(c)(2).[7]

Plaintiffs do not dispute that they failed to serve their Rule 11 motion on Defendants prior to filing it. Instead, Plaintiffs contend that Rule 11(c)(2)'s safe-harbor provision does not apply to their motion for two meritless reasons.

First, Plaintiffs assert that they were not required to comply with the safe-harbor provision because their motion also relied on section 1927 as a basis for sanctions. That argument fails. Although true that section 1927 does not contain a safe-harbor provision, Plaintiffs cite no authority for the proposition that their simultaneous reliance on section 1927

---

[5] Fed. R. Civ. P. 11(c)(2).

[6] Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.

[7] *Mellott v. MSN Commc'ns, Inc.*, 492 F. App'x 887, 888 (10th Cir. 2012) ("This court has held that it is an abuse of discretion to grant Rule 11 sanctions if the defendant did not comply with the safe-harbor provision."); *Roth v. Green*, 466 F.3d 1179, 1191-93 (10th Cir. 2006) (concluding that the district court abused its discretion in granting a Rule 11 motion for sanctions when the motion was filed without complying with the safe-harbor provision).

3

somehow obviated the need to comply with Rule 11(c)(2)'s safe-harbor provision for their Rule 11 motion. Further, Plaintiffs ignore Rule 11(c)(2), which provides that a Rule 11 "motion for sanctions must be made separately from any other motion." Thus, Plaintiffs improperly combined a request for sanctions under Rule 11 and section 1927 in the same motion.

Second, Plaintiffs contend that that they "invoked Rule 11(c)(1)," which, according to Plaintiffs, means that they were not required to comply with Rule 11(c)(2).[8] However, Plaintiffs cite no authority for that position, which is not surprising because their tortured reading of Rule 11 is simply wrong. Rule 11(c)(1) provides:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

As evidenced by the plain language of that provision, it governs what the *court* is permitted to do when a Rule 11(b) violation is established; it says nothing about a *party's* motion for sanctions. Rule 11(c)(2), on the other hand, specifically applies to motions for sanctions. Indeed, that provision is entitled, "Motion for Sanctions." Further, it provides that the safe-harbor provision therein applies to all Rule 11 motions.

In sum, Plaintiffs provide no support for their argument that Rule 11(c)(2)'s safe-harbor provision does not apply to their Rule 11 motion. Therefore, Plaintiffs' admitted failure to comply with Rule 11(c)(2) requires the court to deny that motion.

---

[8] ECF No. 119 at 4-5.

II. **Even if Plaintiffs Had Properly Served Their Rule 11 Motion on Defendants Prior to Filing It, Plaintiffs Fail to Show That Defendants' Counsel Violated Rule 11(b).**

Even if Plaintiffs had complied with Rule 11(c)(2)'s safe-harbor provision, their Rule 11 motion fails on its merits because they fail to demonstrate that Defendants' counsel violated Rule 11(b). Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[9]

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts."[10]

---

[9] Fed. R. Civ. P. 11(b)(1)-(4).

[10] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

The Tenth Circuit has instructed district courts that "[t]he award of Rule 11 sanctions involves two steps. The district court first must find that a pleading violates Rule 11. The second step is for the district court to impose an appropriate sanction."[11] Under the first step, the court employs a standard of objective reasonableness, which is "'intended to eliminate any "empty-head pure-heart" justification for patently frivolous arguments.'"[12] Rule 11 "require[s] litigants to 'stop-and-think' before initially making legal or factual contentions."[13] For the second step, a Rule 11 sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."[14]

Plaintiffs contend that Defendants' counsel committed Rule 11(b) violations by ignoring and misrepresenting legal precedent in Defendants' motions to dismiss. Plaintiffs further assert that the URP Defendants' counsel violated Rule 11(b) by requesting an award of attorney fees under 42 U.S.C. § 1988 in the URP Defendants' motion to dismiss. Neither argument is persuasive.

First, the court has considered the arguments in Defendants' motions to dismiss and concluded that they are meritorious. Indeed, the court has recommended that Defendants' motions to dismiss be granted and that this case be dismissed with prejudice.[15] Thus, it logically follows that the court does not view the arguments in Defendants' motions to dismiss as violative of Rule 11(b).

---

[11] *Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019) (citation modified).

[12] *Id.* at 1320 (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment).

[13] Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.

[14] Fed. R. Civ. P. 11(c)(4).

[15] ECF No. 120.

Second, Plaintiffs' conclusory arguments about the URP Defendants' counsel "weaponizing" section 1988[16] fail to show a Rule 11(b) violation. Although Plaintiffs obviously disagree with the URP Defendants' counsel's strategic choice to request an award of attorney fees under section 1988—which specifically authorizes such awards—Plaintiffs fail to show that the request violated any provision of Rule 11(b). Because Plaintiffs have failed to show that Defendants' counsel violated Rule 11(b), Plaintiffs' motion for sanctions under that rule fails on its merits.[17]

---

[16] ECF No. 100 at 9.

[17] In their combined opposition to Plaintiffs' motion for sanctions, the State Defendants, the Legislative Defendants, and Chief Justice Durrant request an award of reasonable expenses, including attorney fees, incurred in connection with Plaintiffs' motion. ECF No. 114 at 10-11. Rule 11 allows for a such an award to a party who prevails against a motion for sanctions. Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. ("[T]he filing of a motion for sanctions is itself subject to the requirements of [Rule 11] and can lead to sanctions. . . . [T]he court may award to the person who prevails on a motion under Rule 11—whether the movant or the target of the motion—reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion."). Although the court has concerns with Plaintiffs' positions and arguments in this case to date, the court declines to exercise its discretion to impose sanctions against them under Rule 11 in this instance out of an abundance of caution for their pro se status. *Duran v. Carris*, 238 F.3d 1268, 1272 (10th Cir. 2001) (stating that when deciding whether to impose Rule 11 sanctions on a pro se party, the court must "construe matters differently for the litigant, as [the court] give[s] pro se litigants liberal treatment, precisely because they do not have lawyers"); *Vidal v. AHC of Aurora, LLC*, No. 1:17-CV-00746-SKC, 2018 WL 10947922, at *2 (D. Colo. Nov. 19, 2018) (declining to award Rule 11 sanctions against the plaintiff based, in part, on the plaintiff's pro se status, despite the plaintiff's claims being "without merit"); *Banks v. Opat*, No. 5:15-CV-03093-HLT-KGS, 2018 WL 11678279, at *2 (D. Kan. Nov. 16, 2018) ("Considering Plaintiff's pro se status—and although the arguments raised by Plaintiff in his motion to strike lack merit and may be deemed frivolous—the Court declines to exercise its discretion to award [Rule 11] sanctions against Plaintiff here."); *Spreitzer v. Woodall*, No. 1:12-CV-00206-ABJ, 2014 WL 12625789, at *1 (D. Wyo. Mar. 3, 2014) ("Courts customarily give pro se litigants the benefit of the doubt when it comes to [Rule 11] sanctions." (citation modified)); *Alexander v. Everson*, No. 05-1129-JTM, 2005 WL 2035041, at *4 (D. Kan. Aug. 23, 2005) (declining to impose Rule 11 sanctions against the plaintiff based, in part, on the plaintiff's pro se status, even when the "plaintiff's claims might well be deemed frivolous"); *see also* Fed.

### III. Plaintiffs Fail to Demonstrate That Defendants' Counsel Violated Section 1927.

Plaintiffs have not shown that Defendants' counsel violated section 1927, which permits the court to impose sanctions against counsel who "multipl[y] the proceedings in any case unreasonably and vexatiously."[18] More specifically, section 1927 sanctions may be imposed against counsel who, among other things: (1) "intentionally act without a plausible basis"; (2) engage in "conduct that, viewed objectively, manifests either intentional or reckless disregard of [counsel]'s duties to the court"; (3) act "recklessly or with indifference to the law"; (4) engage in conduct that is "bent on misleading the court"; and (5) "act[] in the teeth of what [counsel] know[] to be the law."[19]

Plaintiffs base their motion for sanctions under section 1927 on the same arguments they used to support their Rule 11 motion. Accordingly, for the same reasons the court relied upon above to conclude that Plaintiffs' Rule 11 motion fails on its merits, the court concludes that Plaintiffs' motion for sanctions under section 1927 likewise fails.

### IV. The Court Denies as Moot the URP Defendants' Motion to Strike.

Because the court has denied Plaintiffs' motion for sanctions, the court need not address the URP Defendants' motion to strike Plaintiffs' motion. Accordingly, the URP Defendants' motion to strike is denied as moot.

---

R. Civ. P. 11 advisory committee's note to 1983 amendment (providing that "the court has sufficient discretion to take account of the special circumstances that often arise in pro se situations" when deciding whether to impose Rule 11 sanctions (citation modified)).

[18] 28 U.S.C. § 1927; *see also Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1205 (10th Cir. 2008) (providing that section 1927 was designed "to compensate victims of abusive litigation practices").

[19] *Braley v. Campbell*, 832 F.2d 1504, 1511-13 (10th Cir. 1987) (citation modified omitted); *see also Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998).

8

Case 2:25-cv-00909-HCN-JCB   Document 128   Filed 01/23/26   PageID.4535   Page 9 of 9

**ORDER**

For the reasons stated above, the court HEREBY ORDERS:

1. Plaintiffs' motion for sanctions[20] is DENIED.

2. The URP Defendants' motion to strike Plaintiffs' motion for sanctions[21] is DENIED AS MOOT.

IT IS SO ORDERED.

DATED this 23rd day of January 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[20] ECF No. 100.

[21] ECF No. 110.

9