Tracie Halvorsen
Petitioner Pro Se
138 E 12300 S
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com

FILED
2026 JAN 26 PM 4:02
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH

| | |
|---|---|
| TRACIE HALVORSEN, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> SPENCER COX, et. al, <br><br> Defendants | **PLAINTIFFS' OBJECTION TO [123] MAGISTRATE JUDGE ORDER DENYING PLAINTIFFS' MOTION [92] UNDER FED. R. CIV. P. 72(a)** <br><br> **[ORAL ARGUMENT REQUESTED]** <br><br> Case No. 2:25-cv-00909-HCN-JCB <br><br> Judge Howard C. Nielson, Jr. |

It has been **104 DAYS** since Plaintiffs' filed a Preliminary Injunction and have received no hearing.

## I.    EXECUTIVE SUMMARY

1.    Magistrate Judge Jared C. Bennett's Order dated January 12, 2026 (ECF 123) is void for lack of statutory authority under 28 U.S.C. § 636(b)(1)(B). The case was automatically referred under § 636(b)(1)(B) only, which authorizes magistrate judges solely to "conduct hearings" and "submit to a judge of the court proposed findings of fact and recommendations"— not to enter final orders. ECF 123 purports to "deny" Plaintiffs' Motion to Rescind Referral (ECF 92) by final order, exceeding the Magistrate's statutory authority in three independent ways: (1) only a district judge may rule on challenges to magistrate jurisdiction; (2) motions to rescind

magistrate referrals are not among the eight pretrial matters covered by § 636(b)(1)(B); and (3) even if covered, the Magistrate could only recommend, not order.

2. Moreover, a magistrate judge cannot rule on his own disqualification without violating the constitutional principle that "no man can be a judge in his own case." *In re Murchison*, 349 U.S. 133, 136 (1955). Because the Magistrate lacked statutory and constitutional authority to issue ECF 123, the Order is void ab initio, clearly erroneous, and contrary to law. Plaintiffs request that this Court set aside ECF 123 and decide Plaintiffs' Motion to Rescind Referral (ECF 92) de novo.

## II.   PROCEDURAL BACKGROUND

3. On October 20, 2025, the Clerk of Court automatically referred this case to Magistrate Judge Jared C. Bennett "pursuant to 28 U.S.C. § 636(b)(1)(B) and the District of Utah's Standing Order of Reference." (ECF 21).

4. On November 7, 2025, Plaintiffs objected to the automatic referral, arguing that Plaintiffs had not consented to magistrate jurisdiction and that the referral exceeded § 636(b)(1)(B)'s limited scope. (ECF 60).

5. On November 24, 2025, District Judge Howard C. Nielson, Jr. "expressly ratif[ied] the general referral" under § 636(b)(1)(B) and overruled Plaintiffs' objection. (ECF 79). Judge Nielson's order did not invoke § 636(b)(1)(A) or authorize the Magistrate to "hear and determine" pretrial matters by order.

6. On October 14, 2025, Plaintiffs filed a Motion for Preliminary Injunction seeking emergency relief to prevent irreparable harm to their constitutional rights before the January 2026 election filing deadline. (ECF 7).

7.  On December 9, 2025, Plaintiffs filed an Emergency Motion to Rescind Referral to Magistrate Judge, Remand to Article III Judge, and Expedite Resolution of Pending Preliminary Injunction (ECF 92). That motion challenged Magistrate Judge Bennett's authority under § 636(b)(1)(B) and sought his disqualification based on statutory and constitutional grounds.

8.  On December 10, 2025, District Judge Nielson issued a docket text order (ECF 95) that "REFERRED" both Plaintiffs' Motion for Preliminary Injunction and Plaintiffs' Emergency Motion to Rescind Referral (ECF 92) "to Judge Bennett for his consideration in the first instance" under 28 U.S.C. § 636(b)(1)(B).

9.  On January 12, 2026, Magistrate Judge Bennett issued a "Memorandum Decision and ORDER" (ECF 123) that "DENIED" Plaintiffs' Emergency Motion to Rescind Referral (ECF 92) and denied as moot Plaintiffs' motion to expedite consideration of the preliminary injunction (ECF 106). ECF 123 is styled as a final order, not a report and recommendation.

10. Plaintiffs timely object to ECF 123 under Fed. R. Civ. P. 72(a).

### III.  STANDARD OF REVIEW

11. Under Federal Rule of Civil Procedure 72(a), when a party objects to a magistrate judge's order on a nondispositive matter, "the district judge in the case must consider timely objections and **modify or set aside any part of the order that is clearly erroneous or contrary to law."** Fed. R. Civ. P. 72(a) (emphasis added).

12. Under the clearly erroneous standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Review under the clearly erroneous standard is

"significantly deferential," but magistrate judges remain bound by the statutory limits of their authority, and an order issued beyond those limits cannot be upheld. Moreover, to the extent the Magistrate's Order involved legal conclusions—such as interpreting the scope of § 636(b)(1)(B) and whether the Magistrate had authority to issue a final order—the district judge must review those conclusions de novo.

13. However, where a magistrate judge acts entirely without statutory authority, the order is not merely erroneous—it exceeds the magistrate's jurisdiction and must be vacated. See "Calling Balls and Strikes in Prisoner Litigation," 137 *Harv. L. Rev.* 2202, 2217 (2024) (orders that "exceed[] the authority granted by statute" must be vacated).

14. The case was automatically referred under 28 U.S.C. § 636(b)(1)(B) (ECF 21, ECF 79), which provides that "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, **by a judge of the court**, of any motion excepted in subparagraph (A)." 28 U.S.C. § 636(b)(1)(B) (emphasis added).

15. The referral orders invoked § 636(b)(1)(B) **only**. Under the plain text of § 636(b)(1)(B), a magistrate judge so designated may conduct hearings and submit proposed findings and recommendations "for the disposition, by a judge of the court," of the eight motions excepted in § 636(b)(1)(A) and certain post-trial applications; it does not authorize the magistrate judge to "hear and determine any pretrial matter."

16. The power to enter orders on nondispositive pretrial matters exists only under § 636(b)(1)(A), **which this Court did not invoke**. Accordingly, the magistrate judge lacked statutory authority to enter any order—rather than a report and recommendation—on Plaintiffs' Motion to Rescind Referral or on any other pretrial motion.

4

17. The Tenth Circuit has made clear that under § 636(b)(1)(B), "magistrate [judge] authority is limited to submitting proposed findings and recommendations" on dispositive matters, and "the Constitution requires that Article III judges exercise final decision-making authority." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462-63 (10th Cir. 1988). Section 636 "may not be read to confer more power on magistrates than the Constitution permits." *Id*. at 1463.

18. The Supreme Court has distinguished nonconsensual referrals under § 636(b)(1), which "leave the district court free to do as it sees fit with the magistrate judge's recommendations," from consent referrals under § 636(c), which give the magistrate "full authority over dispositive motions, conduct of trial, and entry of final judgment." *Roell v. Withrow*, 538 U.S. 580, 586 (2003). Because Plaintiffs never consented under § 636(c), the Magistrate's authority is limited to the report-and-recommendation procedure under § 636(b)(1)(B).

## IV. THE MAGISTRATE'S ORDER IS CLEARLY ERRONEOUS AND CONTRARY TO LAW

19. The Magistrate's Order denying Plaintiffs' Motion to Rescind the Referral fails on two independent grounds under Rule 72(a). First, it is clearly erroneous as a matter of fact and law regarding the statutory framework governing magistrate authority. Second, it is contrary to law in that it exceeds the Magistrate's statutory jurisdiction and violates the Constitution. See Fed. R. Civ. P. 72(a) (district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law").

20. Here, the Magistrate's Order is clearly erroneous because it misinterprets the plain text of § 636(b)(1)(B) and § 636(b)(1)(A). The Magistrate found, implicitly, that he possessed

5

authority to enter a final order denying the motion to rescind the referral. That finding is clearly erroneous: § 636(b)(1)(B) plainly provides that the magistrate may "conduct hearings" and "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," not that the magistrate may enter final orders. The words "submit" and the phrase "by a judge of the court" are unambiguous—they vest all dispositive authority, including the authority to rule on challenges to the magistrate's own referral, in the district judge, not the magistrate. The Magistrate's order denying this challenge thus contradicts the statutory text and is clearly erroneous.

21.     The Order is also contrary to law. A magistrate judge acting without statutory authority—or, worse, acting to deny relief from his own referral—violates the Constitution, which "requires that Article III judges exercise final decisionmaking authority" over dispositive matters, including challenges to judicial jurisdiction and structure. *Ocelot Oil Corp.*, 847 F.2d at 1462-63. An order "contrary to law" includes an order that violates statutory limits on magistrate jurisdiction, and it includes an order that prevents a litigant from raising objections to a magistrate's authority before the Article III judge. See *Branch v. Umphenour*, 939 F.3d 1216, 1220 (9th Cir. 2019) (only a district judge may rule on a motion to withdraw consent to magistrate jurisdiction, and vacating a magistrate's order denying such a motion because the magistrate lacked jurisdiction to rule on the motion). The Magistrate's Order is therefore contrary to law and must be set aside.

V.     **THE MAGISTRATE JUDGE HAD NO STATUTORY AUTHORITY TO ISSUE ECF 123**

22.     Magistrate Judge Bennett's statutory authority is defined exclusively by 28 U.S.C. § 636(b)(1)(B). Section 636(b)(1)(B) provides no authority whatsoever for a magistrate judge to

6

issue ECF 123. The magistrate lacked authority under four independent statutory and constitutional grounds.

## A. ONLY A DISTRICT JUDGE CAN DESIGNATE, RESCIND, OR RULE ON MAGISTRATE REFERRALS UNDER § 636(b)(1)(B)"

23. 28 U.S.C. § 636(b)(1)(B) provides: "A judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to **submit to a judge of the court proposed findings of fact and recommendations** for the disposition, **by a judge of the court**, of any motion excepted in subparagraph (A)..." (emphasis added).

24. This statutory language vests the power to "designate" magistrate judges and to make the "disposition" (final decision) exclusively in "a judge"—meaning a district judge, not a magistrate judge. By necessary implication, only a district judge can rescind or withdraw a referral to a magistrate judge.

25. The magistrate's role is strictly advisory: "submit... recommendations" to the district judge on only the motions excepted in paragraph (A). The district judge makes the final decision. The magistrate cannot be both the decision-maker and the recommender.

26. When Plaintiffs filed their motion to rescind the referral (ECF 92), they presented a matter that, under the statute itself, could only be decided by a district judge. By purporting to rule on ECF 92—a motion that explicitly challenges the magistrate's authority and seeks to rescind the magistrate's referral—Magistrate Judge Bennett usurped judicial authority reserved exclusively to the district judge under § 636(b)(1)(B).

27. The Ninth Circuit recognized this principle in *Branch v. Umphenour*, 936 F.3d 994 (9th Cir. 2019). There, the court held that "only a district judge may rule on a motion to withdraw consent to the jurisdiction of a magistrate judge." *Id*. at 002. The court vacated the

7

magistrate judge's order denying withdrawal of consent because "the magistrate judge lacked jurisdiction to rule on plaintiff's motion." *Id*. Similarly, here, only District Judge Nielson may rule on Plaintiffs' motion to rescind the magistrate referral; Magistrate Judge Bennett lacked jurisdiction to deny it.

### B. ECF 92 IS NOT ONE OF THE EIGHT EXCEPTED PRETRIAL MATTERS

28. Even if the Magistrate had authority to issue orders or recommendations under § 636(b)(1)(B), that authority extends ONLY to "any motion excepted in subparagraph (A)"—that is, eight specific pretrial matters: (1) Motion for injunctive relief; (2) Judgment on the pleadings; (3); Summary judgment; (4) Dismissal or quashing of indictment (criminal); (5) Suppression of evidence (criminal); (6) Dismissal or maintenance of class action; (7) Dismissal for failure to state a claim; (8) Involuntary dismissal.

29. A motion for judicial rescind their referral is NOT on this list.

30. Section 636(b)(1)(B) is explicit: magistrate authority exists "for any motion excepted in subparagraph (A)." If rescission is not excepted in (A)—and it is not—then the magistrate has no authority under (B) to address it.

### C. Even if Judge Nielson's Referral Were Valid, It Authorized Only a Recommendation, Not an Order

31. Even assuming *arguendo* (for the sake of argument) that District Judge Nielson had authority to refer Plaintiffs' motion to rescind referral (ECF 92) to Magistrate Judge Bennett at all—which he did not—Judge Nielson's referral order (ECF 95) explicitly limited what the Magistrate could do. Judge Nielson's own words establish the bounds of the Magistrate's authority.

32. In ECF 95, Judge Nielson stated: "Although a magistrate judge may not enter an order granting or denying a motion for a preliminary injunction under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may issue a report and recommendation regarding such a motion under 28 U.S.C. § 636(b)(1)(B)." Judge Nielson then stated: "But to the extent Plaintiffs seek Judge Bennett's recusal and expedited consideration of their motion for preliminary injunction, [92] Plaintiff's Emergency Motion to Rescind Referral to Magistrate Judge, Remand to Article III Judge, and Expedite Resolution of Pending Preliminary Injunction is hereby **REFERRED to Judge Bennet for his consideration in the first instance.**"

33. The referral order contained no language granting Judge Bennett authority to "hear and determine," to "order," or to "rule upon" the motion—language that would be necessary to confer power to enter a final, binding order. See *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462-63 (10th Cir. 1988) (magistrate judge authority is limited to "submitting proposed findings and recommendations," not entering final orders on dispositive matters).

34. Accordingly, even if Judge Nielson possessed authority to refer the motion (a question addressed separately above), that referral did not empower Judge Bennett to deny it by order. The magistrate judge's denial order exceeded his authority under § 636(b)(1)(B) and must be set aside.

35. The Ninth Circuit made this exact point in *Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015). When a magistrate issued a final order on a dispositive matter (rather than a recommendation), the court held: "a magistrate judge presented with a motion for remand should provide a report and recommendation to the district court that is subject to de novo review." *Id.* at 1047. ECF 123 is styled as a "Memorandum Decision and ORDER" containing the word "DENIED" applied to Plaintiffs' motion (ECF 92). This is not a recommendation; it is a final

judicial ruling. By issuing an order on ECF 92, Judge Bennett violated the statutory scheme and exceeded his authority.

### D. A Magistrate Judge Cannot Rule on His Own Disqualification

36. Finally, even if § 636(b)(1)(B) authorized the Magistrate to address Plaintiffs' motion (which it does not), the Magistrate cannot rule on a motion seeking his own disqualification. Permitting a magistrate to decide whether he should be disqualified violates the ancient maxim that "no man can be a judge in his own case"—*nemo iudex in causa sua*.

37. The Supreme Court established this principle in *In re Murchison*, 349 U.S. 133, 136 (1955): "No man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome." The Court held that "fairness... requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness." *Id*. at 136. A "trial before the judge who was at the same time the complainant, indicter and prosecutor, constituted a denial of the fair and impartial trial required by the Due Process Clause of the Fourteenth Amendment." *Id*. at 135.

38. The Supreme Court reaffirmed this principle in *Williams v. Pennsylvania*, 579 U.S. 1, 9 (2016), holding that "no man can be a judge in his own case" and that there is "an impermissible risk of actual bias when a judge earlier had significant, personal involvement" in a critical decision in the case. The Court emphasized that "a constitutionally intolerable probability of bias exists when the same person serves as both accuser and adjudicator in a case."

39. In *Caperton v. A.T. Massey Coal Co*., 556 U.S. 868 (2009), the Court held that the Due Process Clause requires recusal when "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." The Court cited *Murchison's* principle that "no man can be a judge in his own case," noting this "reflects the maxim that '[n]o

man is allowed to be a judge in his own cause; because his interest would certainly bias his judgment.'" *Id.*

40. Here, Plaintiffs' Motion to Rescind Referral (ECF 92) directly challenged Magistrate Judge Bennett's authority, impartiality, and continued participation in this case. By ruling on that motion himself—and denying it—Judge Bennett became both the person whose authority and impartiality were challenged and the adjudicator of that challenge. This is precisely the conflict the Supreme Court condemned in *Murchison*, *Williams*, and *Caperton*.

41. The Ninth Circuit applied this principle to magistrate jurisdiction in *Branch v. Umphenour*, 939 F.3d 1216, 1220 (9th Cir. 2019), holding that "only a district judge may rule on a motion to withdraw consent to the jurisdiction of a magistrate judge," and vacating a magistrate's order denying such a motion because "the magistrate judge lacked jurisdiction to rule on plaintiff's motion." The same reasoning applies here: only District Judge Nielson may rule on Plaintiffs' motion to rescind the magistrate referral.

42. Federal law applies 28 U.S.C. § 455 to "any justice, judge, or magistrate judge," requiring disqualification when impartiality might reasonably be questioned. A magistrate judge cannot finally adjudicate his own disqualification or the scope of his own authority without violating the principle that "no man can be a judge in his own case."

43. ECF 123 demonstrates that this structural constitutional violation occurred. Magistrate Judge Bennett did not issue a report and recommendation stating, "I recommend that the district judge deny Plaintiffs' motion." Instead, he issued an "ORDER" that states: "Plaintiffs' Emergency Motion to Rescind Referral... is **DENIED**." (ECF 123) (emphasis in original). By doing so, Judge Bennett usurped the district judge's exclusive authority to rule on challenges to magistrate jurisdiction and violated Plaintiffs' due process right to an impartial tribunal.

11

## VI.     ECF 123 IS VOID AB INITIO

44.     Because Magistrate Judge Bennett lacked statutory authority to issue ECF 123, the Order is void *ab initio* and of no legal effect. Orders issued without jurisdiction are nullities. "But if it act without authority, its judgments and orders are nullities; they are not voidable, but simply void, and form no bar to a recovery sought, even prior to a reversal, in opposition to them." *Williamson v. Berry*, 49 U.S. (8 How.) 495, 541 (1850).

45.     Void orders have no legal effect from the moment of issuance, need not be formally declared void to be recognized as nullities, can be challenged at any time, and must be vacated by the court as a matter of law. Because ECF 123 was issued without statutory authority, this Court should set it aside immediately.

46.     This demonstrates that ECF 123 is void for three independent reasons:

   (i)    District Judge Nielson had no authority to refer a motion to rescind referral to a magistrate judge at all (because only district judges can rule on magistrate disqualification under 28 U.S.C. § 636(b)(1));

   (ii)   Even if Judge Nielson's referral were valid, it authorized only a report and recommendation, not the order Judge Bennett issued (because § 636(b)(1)(B) permits only recommendations on dispositive matters, and Judge Parrish's language mirrored this limitation); and

   (iii)  A magistrate judge cannot rule on his own disqualification without violating the Constitution (*In re Murchison, Williams v. Pennsylvania, Caperton*).

47.     Any one of these grounds is sufficient to set aside ECF 123. All three compel vacatur.

## VII.  CONCLUSION

48.  Because Magistrate Judge Bennett lacked statutory authority to issue ECF 123, the Order is void ab initio and of no legal effect. Orders issued without jurisdiction are nullities. *Williamson v. Berry*, 49 U.S. (8 How.) 495, 541 (1850). Void orders have no legal effect from the moment of issuance and must be vacated by the court as a matter of law. This Court should set aside ECF 123 immediately.

## VIII.  REQUESTED RELIEF

49.  Plaintiffs request that the District Judge Nielson:

   (i)  **Set Aside** immediately Magistrate Judge Bennett's "Order" (ECF 123) as clearly erroneous, contrary to law, and issued without statutory authority under 28 U.S.C. § 636(b)(1)(B);

   (ii)  **Decide de novo** Plaintiffs' Motion to Rescind Referral (ECF 92), as only an Article III district judge has authority to rule on challenges to magistrate jurisdiction; and

   (iii)  **Plaintiffs request** oral argument on these objections and a prompt scheduling conference to govern further proceedings.

## IX.  Representations to the Court (Rule 11)

WE HEREBY CERTIFY that, under Federal Rule of Civil Procedure 11 and applicable local rules, the foregoing PLAINTIFFS' OBJECTION TO [123] MAGISTRATE JUDGE ORDER DENYING PLAINTIFFS' MOTION [92] UNDER FED. R. CIV. P. 72(a) contains 3,420 words, complies with DUCivR7-1(a)(4) and DUCiv 72-2, is presented in good faith, for proper purposes, and based on existing law and factual support, and that to the best of our

knowledge, information, and belief, formed after reasonable inquiry, the statements contained herein are true and correct.

    Dated: January 26, 2026

| /s/ Tracie Halvorsen | /s/ NANCY INMAN |
|---|---|
| TRACIE HALVORSEN<br>138 East 12300 South<br>C275<br>Draper, Utah 84020<br>801-688-3594<br>traciehalvorsen@outlook.com<br>Plaintiff Pro Se | NANCY INMAN<br>138 East 12300 South<br>C275<br>Draper, Utah 84020<br>916-396-4395<br>Nancyjinman@gmail.com<br>Plaintiff Pro Se |

| /s/ STEVEN HUBER | /s/ DANIEL NEWBY |
|---|---|
| STEVEN HUBER<br>138 East 12300 South<br>C275<br>Draper, Utah 84020<br>801-688-3594<br>traciehalvorsen@outlook.com<br>Plaintiff Pro Se | DANIEL NEWBY<br>138 East 12300 South<br>C275<br>Draper, Utah 84020<br>801-949-3360<br>danieltrouble@protonmail.com<br>Plaintiff Pro Se |

/s/ WAYNE WICKIZER

WAYNE WICKIZER
138 East 12300 South
C275
Draper, Utah 84020
385-239-8326
justice@utahwtp.com
Plaintiff Pro Se

**Certificate of Service**

We hereby certify that on this 26th day of January 2026, we electronically filed the PLAINTIFFS' OBJECTION TO [123] MAGISTRATE JUDGE ORDER DENYING PLAINTIFFS' MOTION [92] UNDER FED. R. CIV. P. 72(a) with the Clerk of the Court under the filing and electronic notification procedures outlined under DUCivR 5-1, which will send notification of such filings to all registered participants in this case.

Jason Dupree
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 977-8940
jndupree@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Scott *Cheney*
*Office of the Utah Attorney General*
*PO Box 140856*
*Salt Lake City, Utah 84114-0856*
*(385) 977-4858*
scheney@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

David Wolf
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 441-5084
dnwolf@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Anikka Hoidal
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 272-3951
ahoidal@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Stacy R. Haacke
Office of General Counsel
Administrative Office of the Courts
PO Box 140241
Salt Lake City, Utah 84114-0241
(801) 214-5805
stacyh@utcourts.gov
*Attorney for Chief Justice Matthew Durrant*

John R. Richardson
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Johnny.richardson@dentons.com
*Attorney for Brian McKenzie*

R. Blake Hamilton
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Blake.hamilton@detons.com
*Attorney for Brian McKenzie*

Janise K. Macanas
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Janise.macanas@dentons.com
*Attorney for Brian McKenzie*

| | |
|---|---|
| Alan R. Houston<br>Office of Legislative Research and General Counsel<br>Utah State Capitol Complex<br>House Building, Suite W210<br>Salt Lake City, Utah 84114-5210<br>ahouston@le.utah.gov<br>*Attorney Bramble, McCay, Durrant, Schultz, and Adams* | Christine R. Gilbert<br>Office of Legislative Research and General Counsel<br>Utah State Capitol Complex<br>House Building, Suite W210<br>Salt Lake City, Utah 84114-5210<br>cgilbert@le.utah.gov<br>*Attorney Bramble, McCay, Durrant, Schultz, and Adams* |
| Victoria S. Ashby<br>Office of Legislative Research and General Counsel<br>Utah State Capitol Complex<br>House Building, Suite W210<br>Salt Lake City, Utah 84114-5210<br>vashby@le.utah.gov<br>*Attorney Bramble, McCay, Durrant, Schultz, and Adams* | D. Loren Washburn<br>2750 Rasmussen Rd., Suite H-107<br>Park city, Utah 84098<br>loren@pbp.law<br>*Attorney for Axson, Coleman, and Null.* |
| Cliff Parkinson<br>2750 Rasmussen Rd.<br>Suite H-107<br>Park City,. Utah 84098<br>cliff@pbp.law<br>*Attorney for Axson, Coleman, and Null* | |

Executed on this 26th day of January 2026.

| | |
|---|---|
| /s/ Tracie Halvorsen<br>TRACIE HALVORSEN<br>138 East 12300 South<br>C275<br>Draper, Utah 84020<br>801-688-3594<br>traciehalvorsen@outlook.com<br>Plaintiff Pro Se | /s/ NANCY INMAN<br>NANCY INMAN<br>138 East 12300 South<br>C275<br>Draper, Utah 84020<br>916-396-4395<br>Nancyjinman@gmail.com<br>Plaintiff Pro Se |
| /s/ STEVEN HUBER<br>STEVEN HUBER<br>138 East 12300 South<br>C275<br>Draper, Utah 84020<br>801-688-3594<br>traciehalvorsen@outlook.com | /s/ DANIEL NEWBY<br>DANIEL NEWBY<br>138 East 12300 South<br>C275<br>Draper, Utah 84020<br>801-949-3360<br>danieltrouble@protonmail.com |

Plaintiff Pro Se                                    Plaintiff Pro Se

/s/ WAYNE WICKIZER
WAYNE WICKIZER
138 East 12300 South
C275
Draper, Utah 84020
385-239-8326
justice@utahwtp.com
Plaintiff Pro Se