D. LOREN WASHBURN (10993)
BRENNAN MOSS (10267)
CLIFF PARKINSON (13327)
PARKINSON BENSON POTTER
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
Loren@pbp.law
Brennan@pbp.law
Cliff@pbp.law

*Attorneys for Kim Coleman, Robert Axson, and Chris Null*

IN THE UNITED STATES DISTRICT COURT IN AND FOR
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TRACIE HALVORSEN, an individual; SOPHIE ANDERSON, an individual; NANCY INMAN, an individual; STEVEN HUBER, an individual; WAYNE WICKIZER, an individual; and DANIEL NEWBY, an individual.<br><br>Plaintiffs,<br><br>v.<br><br>SPENCER COX, as an individual and in official capacity; DEIDRE HENDERSON, as an individual and in official capacity, STATE OF UTAH, et al.<br>Defendants. | **DEFENDANTS RESPONSE TO PLAINTIFFS' OBJECTION TO THE REPORT AND RECOMMENDATION**<br><br>Case No. 2:25-cv-00909-HCN-JCB<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Jared C. Bennett |

Come now Defendants Chris Null, Robert Axson and Kim Coleman (the "**Moving Defendants**") through undersigned counsel and file their response to Plaintiffs' Objection to the Report and Recommendation (ECF 124) (the "Objection").

## SUMMARY

In their Objection to the Report and Recommendation (the "R&R") Plaintiffs did not object to the portions of the R&R making factual and legal determinations about Defendants Robert Axson, Kim Coleman, and Chirs Null (the "URP Defendants"). Based on those findings, which Plaintiffs did not object to, the Magistrate's recommendation to dismiss all claims against the URP Defendants should be upheld without the need of de novo review.

## PROCEDURAL HISTORY

The Court referred to the Magistrate Judge motions to dismiss filed by the various Defendants[1], including the Motion to Dismiss filed by the URP Defendants,[2] as well as the Plaintiffs' Motion for Preliminary Injunction.[3] Plaintiffs objected to the referral to the magistrate judge,[4] indeed objected twice,[5] but the Court denied the objections.[6] After full briefing by all parties, Magistrate Judge Bennett issued his Report and Recommendation on January 12, 2026. In the R&R Judge Bennett recommended dismissing Plaintiffs' Complaint against all Defendants and denying Plaintiffs' Motion for Preliminary Injunction.[7]

Plaintiffs timely filed their Objection on January 16, 2026. Plaintiffs made numerous specific factual and procedural objections – regarding the R&R's application of Tenth Circuit precedent, legislative immunity, and the Guarantee Clause – all of which lack merit, but none of

---

[1] ECF No. 83, ECF No. 84; ECF No. 85; ECF No. 88.
[2] ECF No. 87.
[3] ECF No. 7; see also ECF 28 (referring Motion for Preliminary Injunction to Magistrate Judge Jared C. Bennett).
[4] ECF No. 60
[5] ECF No. 92
[6] ECF No. 79, 95.
[7] ECF No. 120 at 48.

which need to be considered to dispose of the claims against the URP Defendants. Plaintiffs did not object to any of the proposed factual findings or legal conclusions related to the URP Defendants, and based on Judge Bennett's findings the claims against the URP Defendants cannot be sustained.

## APPLICABLE LAW

Rule 72 of the Federal Rules of Civil Procedure provides that after a Magistrate makes a "recommended disposition" of referred by the District Court, any party "may serve and file specific written objections to the proposed findings and recommendations."[8] Judge Bennett's R&R informed Plaintiffs, who are *pro se*, both of the time to file objections, which they complied with, and the consequence of failing to object: "Failure to object may constitute waiver of objections upon subsequent review."[9]

The law requires this Court to "make a de novo determination *of those portions of the report or specified proposed findings or recommendations to which objection is made*."[10] At the time they filed their Objection, Plaintiffs were aware that de novo review only applies to portions of the R&R that they objected to.[11] Because "the filing of objections ... enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," only objections that are "sufficiently specific to focus the district court's attention" on the central disputes will be considered.[12] Any factual or legal issues not specifically

---

[8] Fed. R. Civ. P. 72(b)(2).
[9] ECF No. 120 at 48.
[10] 28 U.S.C. § 636(b)(1)(C)(emphasis added).
[11] ECF No. 124 at 3 ("the district judge must review the record de novo *as to objected portions*." (emphasis added).
[12] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059-60 (10th Cir. 1996).

objected to are subject to a "firm waiver rule" and will not be considered upon review by the district court or on appeal.[13]

## ARGUMENT

*I. Plaintiffs Did Not Object to the Portions of the R&R Dismissing Their Claims Against the URP Defendants And Therefore Have Waived Any Objections to Those Orders.*

In the R&R Judge Bennett made specific factual and legal findings related to Plaintiffs' claims against the URP Defendants. Among other things Judge Bennett found:

- "Although Ms. Halvorsen had a First Amendment right to send the Notice of Intent, she did not have a federally protected right to have her views in the Notice of Intent heard or met with approval," and thus, "Plaintiffs fail to state a section 1983 claim against the URP Defendants based upon Mr. Axson's response to the Notice of Intent." [14]

- "[A] private body like a political party has neither a constitutional obligation to open its meetings to the public nor an obligation to allow Ms. Halvorsen to speak at its meetings" and thus, "Because Ms. Halvorsen did not have a federally protected right to attend or speak at the Committee Meeting, Plaintiffs' section 1983 claim based on the URP Defendants' alleged attempts

---

[13] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996); *see also Hunter v. HCA*, 812 F. App'x 774, 776 (10th Cir. 2020) (unpublished); the Tenth Circuit has a limited exception to its firm waiver rule for pro se litigants, like the Plaintiffs here, but only if they are not informed of the time to make objections and the consequences of failing to object. Here Judge Bennett informed them both of the time to object and that failure to object may waive objections on subsequent review.
[14] ECF No. 120 at 35.

    to exclude her from the Committee Meeting should be dismissed with prejudice."[15]

- "Plaintiffs' cited authority fails to show that Ms. Halvorsen had a right to attend the Committee Meeting. For that alternative reason, Plaintiffs' section 1983 claim based on the URP Defendants' alleged attempts to exclude Ms. Halvorsen from the Committee Meeting should be dismissed with prejudice."[16]

- "All of Plaintiffs' allegations concerning the URP Defendants describe events that transpired at the Committee Meeting, which was a private meeting. Thus, the URP Defendants' actions are not 'fairly attributable to the State.' For that additional reason, Plaintiffs' section 1983 claim based on the URP Defendants' alleged attempts to exclude Ms. Halvorsen from the Committee Meeting should be dismissed with prejudice."[17]

- "Because Plaintiffs' complaint makes clear that the aim of the alleged fraudulent scheme was not to obtain money or property, Plaintiffs fail to establish that requirement of the predicate acts of mail fraud and wire fraud. For that reason, and the other reasons identified above, Plaintiffs' fail to state RICO claims against the URP Defendants."[18]

In their Objection, Plaintiffs do not object to any of these factual or legal conclusions or to

---

[15] ECF No. 120 at 36.
[16] ECF No. 120 at 39.
[17] ECF No. 120 at 39.
[18] ECF No. 120 at 42.

anything else related to the URP Defendants. Further, Plaintiffs do not object to Judge Bennett's proposed disposition of the claims against the URP Defendants. Therefore, in light of the findings and conclusions in the R&R that Plaintiffs did not object to, all Plaintiffs' claims against the URP Defendants must be dismissed.

Even if Plaintiffs had not waived their objections to the portions of the R&R dismissing claims against the URP Defendants by failing to make any objections to those portions, the Court should still dismiss all Plainitffs' claims for the reasons explained in greater detail in the URP Defendants' Motion to Dismiss[19], Reply in Support of Motion to Dismiss[20], and Opposition to Plaintiffs' Motion for Preliminary Injunction[21], and the R&R, principally that Plaintiffs either do not understand or deliberately misrepresent the Tenth Circuit's holding in *Utah Republican Party v. Cox*, 892 F.3d 1066 (10th Cir. 2018), which is binding precedent, directly on point, and dispositive of all Plaintiffs' theories about the Either or Both provision, which underpins all their claims.

---

[19] ECF No. 87.
[20] ECF No. 108.
[21] ECF No. 93.

## CONCLUSION

Because Plaintiffs did not object to the specific factual and legal findings in the R&R disposing of Plaintiffs' claims against the URP Defendants, the claims against the URP Defendants should be dismissed without the need of de novo review by the Court. Plaintiffs have waived their right to further review of those portions of the R&R here or on appeal.

DATED: January 27, 2026

/s/ D. Loren Washburn
D. LOREN WASHBURN
BRENNAN MOSS
CLIFF PARKINSON
Attorneys for URP Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2026, the foregoing, RESPONSE TO PLAINTIFFS' OBJECTION TO THE REPORT AND RECOMMENDATION, was filed using the Court's electronic filing system, which gave notice to all counsel of record and to the pro se plaintiffs.

/s/ *Clifford B. Parkinson*
Clifford B. Parkinson
Counsel for URP Defendants