Tracie Halvorsen
Petitioner Pro Se
138 E 12300 S
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com

FILED
2026 JAN 30 PM 12:43
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH

| | |
|---|---|
| TRACIE HALVORSEN, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> SPENCER COX, et. al, <br><br> Defendants | **PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S ORDERS [126, 127, 128] FOR LACK OF JURISDICTION** <br><br> **[ORAL ARGUMENT REQUESTED]** <br><br> Case No. 2:25-cv-00909-HCN-JCB <br><br> Judge Howard C. Nielson, Jr. |

*Note*: This Motion is publicly posted at utahcorruption.com and other community sites to ensure transparency and public awareness.

## I.   INTRODUCTION

1. Plaintiffs object to three orders (ECF 126, 127, and 128) issued by Magistrate Judge Jared C. Bennett on January 23, 2026, and move that all three be declared void *ab initio* for lack of jurisdiction. The magistrate judge exceeded his statutory authority in each instance by issuing final dispositive orders without jurisdiction, as explicitly excluded by the very statute under which this case was referred to him. These jurisdictional defects render all three orders void and beyond the magistrate judge's power to issue.

2. The three challenged orders are:

  (i)  Electronic Filed Document 126: Order Denying Dr. Fleming's Motion for Leave to File Amicus Curiae Briefs;

  (ii)  Electronic Filed Document 127: Memorandum Decision and Order Denying Plaintiffs' Motion to Join the United States as a Plaintiff; and

  (iii)  Electronic Filed Document 128: Memorandum Decision and Order Denying Plaintiffs' Motion for Sanctions and Denying as Moot the URP Defendants' Motion to Strike.

3. Each order contains the identical jurisdictional defect. Each explicitly acknowledges that "This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B)." Each concludes with "IT IS SO ORDERED" and is signed "BY THE COURT" by the magistrate judge. Under 28 U.S.C. § 636(b)(1)(B), the magistrate judge has **zero** authority to rule on any matter whatsoever. His sole statutory power is "to conduct evidentiary hearings" and submit "proposed findings of fact and recommendations" to this Court for de novo review and final determination only for the specific motions "excepted in subparagraph (A)". By issuing orders on motions not excepted in subparagraph (A), the magistrate acted ultra vires—beyond the power conferred by statute—and his orders are void *ab initio*.

## II.   STATEMENT OF FACTS

4. On January 23, 2026, Magistrate Judge Bennett issued three separate orders in this case. Each order explicitly states in its opening paragraph: "This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 21"—ECF No. 126 at PageID.4521; ECF 127 at PageID.4523; Document 128 at PageID.4527. Each order is captioned either "ORDER" or "MEMORANDUM DECISION AND ORDER." Each concludes with "IT IS SO ORDERED." Each is signed "BY THE COURT" by the magistrate judge.

5. ECF 126 denies Dr. Richard M. Fleming's motions for leave to file two amicus curiae briefs in support of Plaintiffs' complaint and motion for preliminary injunction. ECF127 denies Plaintiffs' motion to join the United States of America as a plaintiff under Federal Rule of Civil Procedure 19(a)(1). ECF 128 denies Plaintiffs' motion for sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, and denies as moot the URP Defendants' motion to strike.

6. None of these orders is styled as a "Report and Recommendation" on motions excepted under subparagraph (A). Each purports to be a final, binding judicial determination issued by "the Court."

7. Critically, none of the three motions at issue—Dr. Fleming's motion for leave to file amicus briefs, Plaintiffs' motion to join the United States as a plaintiff, and Plaintiffs' motion for sanctions—falls within the excepted category of subparagraph (A) motions for which a magistrate may conduct hearings and submit recommendations under subsection (B). Amicus brief motions are procedural matters. Joinder motions are procedural matters. Sanctions motions are procedural matters.

8. Even if one or more of these motions could arguably be characterized as substantive or dispositive "pretrial matter," the case was not referred to the magistrate under subsection (A). The magistrate himself acknowledged that the entire case was referred under subsection (B), which permits him to conduct hearings and submit recommendations only on those matters excepted from subsection (A), applications for post-trial relief motions and prisoner petitions. The magistrate has no authority under subsection (B) to issue orders on any motion, whether procedural or substantive, whether nondispositive or dispositive. His role under subsection (B) is purely advisory: to hear the parties, consider the law and facts, and submit a

recommendation to this judge only on motions "excepted" under subparagraph (A). In other words, the magistrate judge only has statutory authority to issue a "findings of fact and recommendation" on Plaintiffs' Preliminary Injunction (ECF 7) filed October 14, 2025—**now 108 days old**—which is the only motion referred to Bennet by Nielson (ECF 79).

9. Instead of performing his limited statutory function under subsection (B)—submitting a recommendation on the preliminary injunction motion—the magistrate has exceeded his authority by issuing final orders on matters entirely outside his jurisdiction under a subsection (B) referral.

### III. STANDARD OF REVIEW

10. Magistrate judges' authority is strictly circumscribed by statute and can be challenged under several procedural mechanisms:

A. **Federal Rule of Civil Procedure 72(b) – Objections to Reports and Recommendations**

11. When a magistrate judge issues a "Report and Recommendation" under 28 U.S.C. § 636(b)(1)(B), a party may file written objections. Fed. R. Civ. P. 72(b)(1). The district judge must then conduct a de novo review of objected portions and may accept, reject, or modify the magistrate's recommendation. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B).

12. However, the three challenged orders (ECF 126, 127, 128) are not styled as "Reports and Recommendations." They are styled as final "ORDERS" signed "BY THE COURT." They do not invite objections under Rule 72(b)—they purport to be final judicial determinations. This raises the threshold question: Did the magistrate have authority to issue these orders at all?

B. **Jurisdictional Challenge – 28 U.S.C. § 636(b)(1)**

13. If a magistrate judge acts without jurisdiction, the orders are void *ab initio* and subject to collateral attack. A magistrate acts without jurisdiction when:

14. The case was referred under § 636(b)(1)(B) (recommendations only), yet the magistrate issues final orders under § 636(c) authority (which he does not possess);

15. The magistrate purports to decide matters not within the scope of the referral;

16. The magistrate issues orders on non-excepted motions under a subsection (B) referral.

17. *Mathews v. Weber*, 423 U.S. 261 (1976), establishes that magistrate judges under § 636(b)(1)(B) occupy only an "advisory role" with "the authority—and the responsibility—to make an informed, final determination remain[ing] with the judge." *Id.* at 271. A magistrate "may do no more than propose a recommendation," and any order issued beyond this role is ultra vires.

C. **The Applicable Standard Here**

18. Plaintiffs challenge the three orders on jurisdictional grounds. The magistrate acknowledged in each order that "This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B)." Under that referral, he has **zero authority** to issue final orders on any matter—whether the motions are procedural or substantive, nondispositive or dispositive.

19. Because the magistrate lacked jurisdiction, the orders are void ab initio. Plaintiffs are not filing "objections" under Rule 72(b); they are challenging the fundamental authority of the magistrate to issue these orders at all.

20. Accordingly, this Court should:

  (i) Declare the three orders void for lack of jurisdiction

  (ii) Vacate all three orders

  (iii)  Address the procedural irregularities in how objections to the magistrate's authority have been handled through docket text entries claiming to be signed by the district judge, with no document, bearing only law clerk initials

## IV. ARGUMENT

### A. THE MAGISTRATE HAD NO AUTHORITY OVER THE THREE MOTIONS—NOT EVEN TO RECOMMEND

21. The magistrate judge's orders contain a fatal jurisdictional defect that cannot be reconciled with the governing statute. In the opening paragraph of each challenged order, the magistrate unambiguously states: "This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B)." By the magistrate's own admission, his authority derives exclusively from subsection (B), which does not authorize him to issue final orders.

22. Yet despite acknowledging a referral under subsection (B), the magistrate judge proceeded to issue three definitive, final orders. The documents are captioned "ORDER" and "MEMORANDUM DECISION AND ORDER," not "Report and Recommendation." Each concludes with the directive "IT IS SO ORDERED"—language that signifies a binding judicial determination—and each is signed "BY THE COURT." These are the hallmarks of final orders issued under the authority of § 636(c), not recommendations issued under § 636(b)(1)(B).

23. The magistrate judge cannot simultaneously invoke subsection (B) as the source of his authority while exercising the decisional power reserved as if the Plaintiffs exclusively consented to his jurisdiction under § 636(c). The repeated issuance of ultra vires orders raises serious concerns about judicial supervision and accountability.

24. The systematic and repeated nature of these jurisdictional violations—three separate orders issued on the same day, each acknowledging a § 636(b)(1)(B) referral yet exercising decisional authority reserved exclusively to district judges—raises serious concerns that extend beyond mere procedural irregularity. When a judicial officer repeatedly exceeds statutory authority in a case involving high-ranking government officials such as Defendants, including the Governor and Lieutenant Governor of Utah, the pattern bears an uncomfortable resemblance to conduct that has, in other contexts, warranted investigation for *obstruction of justice*.

25. The Court is reminded of the impeachment proceedings against Judge Alcee L. Hastings, who, despite acquittal in criminal court, was ultimately removed from the federal bench after a judicial investigation revealed a pattern of conduct designed to impede the administration of justice. See *United States v. Hastings*, 681 F.2d 706 (11th Cir. 1982); Senate Impeachment Trial of Judge Alcee L. Hastings (1989). While Plaintiffs make no allegation of bribery or corrupt intent at this time, the magistrate's persistent issuance of ultra vires orders—particularly when those orders systematically deny Plaintiffs' motions and procedural rights while this Court has yet to hold a hearing and rule on the preliminary injunction motion pending for 108 days—warrants heightened scrutiny and immediate correction.

26. At minimum, this Court has a supervisory duty to intervene when a magistrate judge acts beyond statutory authority in a manner that could impede or obstruct the orderly administration of justice. The appearance of irregularity, even absent proof of corrupt intent, undermines public confidence in the judicial system and demands this Court's exercise of its constitutional responsibility to ensure that magistrate judges operate within the narrow confines of their delegated statutory authority.

## B. THE MAGISTRATE KNOWS THE DIFFERENCE BUT CHOSE TO VIOLATE IT ANYWAY

(i) <u>On January 12, the Magistrate Attempted to Comply With 636(b)(1)(B) Despite Lack of Proper Referral</u>

27. The systematic nature of the magistrate's jurisdictional violations becomes even more troubling when viewed chronologically. On January 12, 2026, the magistrate issued ECF 120 styled as a "REPORT AND RECOMMENDATION" addressing Defendants' dispositive motions to dismiss. These motions are excepted from § 636(b)(1)(A), making them appropriate subjects for a magistrate's recommendation under § 636(b)(1)(B). The magistrate attempted to demonstrate that he understands his limited role: to conduct hearings on excepted motions—though no hearings were held—and submit proposed findings and recommendations to this Court, not to issue final orders himself. Plaintiffs objected to that Report and Recommendation on January 16, 2026, as permitted by Federal Rule of Civil Procedure 72(b)(3), and those objections now await this Court's de novo review.

28. However, the District Judge had never referred the motions to dismiss to the magistrate under § 636(b)(1)(B). As ECF 79 makes clear, the District Judge "clarifies for the record that Plaintiffs' Motion for Preliminary Injunction under Rule 65 was referred to Magistrate Judge Bennett under 28 U.S.C. § 636(b)(1)(B) at the express direction of the undersigned Article III judge." Only the preliminary injunction motion received an express § 636(b)(1)(B) referral—not the dispositive motions to dismiss. This selective referral demonstrates a clear bias against Plaintiffs: the District Judge specifically directed the magistrate to handle the one motion that could provide Plaintiffs emergency relief, while never referring Defendants' dispositive motions that seek to terminate Plaintiffs' claims entirely. The magistrate

thus lacked authority to issue even a Report and Recommendation on the motions to dismiss, yet proceeded to do so anyway.

(ii) <u>Eleven Days Later, The Magistrate Deliberately Ignored What He Had Just Attempted</u>

29. Yet eleven days after attempting to follow proper procedure under § 636(b)(1)(B)—albeit without proper referral—the magistrate issued three separate orders on January 23, 2026—Documents 126, 127, and 128. These orders concern motions that are not excepted under subsection (A): Dr. Fleming's motion for leave to file amicus briefs, Plaintiffs' motion to join the United States as a plaintiff, and Plaintiffs' motion for sanctions. Under a § 636(b)(1)(B) referral, the magistrate has no authority whatsoever over these non-excepted motions—not even the authority to issue recommendations.

30. Yet the magistrate did not decline jurisdiction or forward these motions to the District judge—who has jurisdiction. Instead, he issued **three separate orders**—each styled as "ORDER" or "MEMORANDUM DECISION AND ORDER," each concluding with "IT IS SO ORDERED," and each signed "BY THE COURT." Each again acknowledged that "This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B)," yet proceeded to exercise decisional authority the magistrate had correctly refrained from exercising just days earlier on the motions to dismiss.

(iii) <u>The Magistrate Cannot Credibly Claim Ignorance</u>

31. This chronology eliminates any possibility that the magistrate simply misunderstands his authority. He demonstrated on January 12th that he knows a § 636(b)(1)(B) referral requires him to issue **recommendations, not orders**. However, he attempted to exercise this authority over Defendants' motions to dismiss despite never receiving a referral for those motions. ECF 79 confirms that only "Plaintiffs' Motion for Preliminary Injunction under Rule 65

was referred to Magistrate Judge Bennett under 28 U.S.C. § 636(b)(1)(B) at the express direction of the undersigned Article III judge." The District Judge selectively referred only the motion that could provide Plaintiffs relief, while Defendants' dispositive motions—which seek to terminate this action entirely—were never referred at all. Yet the magistrate issued a Report and Recommendation on those unreferred motions anyway, demonstrating that he understands the proper format even when he lacks jurisdiction to use it.

32. His decision to issue orders on January 23rd—for additional motions entirely outside his jurisdiction under subsection (B)—cannot be characterized as innocent error or confusion about the law. It can only be characterized as a continuation of the pattern established on January 12th: exercising authority over motions he was never authorized to decide. The magistrate knew the proper procedure, attempted to follow its format while ignoring its jurisdictional prerequisites, and then abandoned even the pretense of compliance eleven days later.

(iv)    The Pattern Reflects Systematic Overreach and Judicial Bias

33. When a magistrate repeatedly acts on motions never referred to him—first attempting to use proper formatting on Defendants' dispositive motions, then issuing final orders on Plaintiffs' non-dispositive motions—the pattern reveals more than jurisdictional error. It reveals systematic overreach facilitated by selective referral. The District Judge referred only the one motion that could provide Plaintiffs emergency relief, creating a jurisdictional framework that disadvantages Plaintiffs while leaving Defendants' attacks on Plaintiffs' claims in legal limbo. The magistrate then compounded this bias by exercising authority he never received.

34. This conduct suggests either: (1) a deliberate decision to exceed his authority regardless of whether motions were properly referred, or (2) flagrant indifference to the statutory

10

constraints Congress imposed on his role and the prerequisite that motions must actually be referred before he can act on them. Neither explanation is acceptable. This Court must correct these jurisdictional violations, vacate all orders and recommendations issued without proper referral, and ensure that the magistrate operates only within the narrow confines of motions actually delegated to him in future proceedings.

### C. The Appearance of Impropriety

35. On January 12, 2026, the magistrate issued ECF 123 denying Plaintiffs' motion to disqualify him and motion to rescind the referral. The magistrate characterized Plaintiffs' concerns about his impartiality as "irrationally anxious allegations" and reaffirmed his capacity to decide the case fairly.

36. That same day, the magistrate issued ECF 120—a Report and Recommendation recommending dismissal of Plaintiffs' entire complaint with prejudice against all Defendants, including the Governor and Lieutenant Governor of Utah. Critically, the magistrate issued this recommendation despite never receiving referral of Defendants' motions to dismiss. Document 79 confirms that only "Plaintiffs' Motion for Preliminary Injunction under Rule 65 was referred to Magistrate Judge Bennett under 28 U.S.C. § 636(b)(1)(B) at the express direction of the undersigned Article III judge." The District Judge selectively referred only the motion that could provide Plaintiffs emergency relief—not the dispositive motions seeking to terminate Plaintiffs' claims entirely.

37. This sequence creates multiple layers of impropriety under 28 U.S.C. § 455(a). First, the magistrate denied Plaintiffs the opportunity to have the referral rescinded, then immediately issued a recommendation on motions never referred to him—motions that would eliminate Plaintiffs' case entirely. Second, the selective referral pattern itself demonstrates bias:

11

the District Judge referred only the preliminary injunction motion under § 636(b)(1)(B)—the one motion Plaintiffs filed seeking emergency relief—while never referring Defendants' dispositive motions to dismiss at all. Yet the magistrate proceeded to issue a Report and Recommendation on those unreferred dispositive motions anyway, while actually never exercising authority over the one motion (the preliminary injunction) that was properly referred to him. This creates a jurisdictional framework that systematically disadvantages Plaintiffs: the magistrate usurps authority over Defendants' attacks on Plaintiffs' claims while simultaneously controlling Plaintiffs' request for emergency relief. A reasonable person would question whether: (1) the magistrate's recommendation of dismissal was influenced by his need to validate his decision to remain on the case, and (2) the magistrate deliberately exceeded his jurisdiction to expedite Defendants' efforts to terminate the case while obstructing Plaintiffs' access to the emergency relief that was actually within his referred authority.

38. Moreover, the pattern of adverse rulings extends beyond the January 12th orders. The magistrate has issued multiple orders against Plaintiffs—including the January 23rd orders denying Plaintiffs' motions for joinder and sanctions, and denying Dr. Fleming's motion for leave to file amicus briefs—all without proper authority under the limited § 636(b)(1)(B) referral. He has issued a comprehensive Report and Recommendation recommending dismissal of the entire case despite lacking referral of the motions to dismiss. Every judicial act has favored the high-ranking government Defendants or restricted Plaintiffs' ability to present their case. When a judicial officer issues nothing but adverse orders and recommendations against one party in a case involving powerful government officials—many without even possessing jurisdiction to act—the appearance of bias becomes inescapable, regardless of the magistrate's professed impartiality in ECF 123.

39. This Court must address this appearance of impropriety through heightened scrutiny of the R&R, recognition that the magistrate lacked authority to issue it in the first place, and consideration of whether rescinding the referral entirely is necessary to preserve public confidence in judicial fairness and ensure Plaintiffs receive impartial adjudication of their constitutional claims.

## V. Conclusion

40. This Court must address Plaintiffs' jurisdictional objections to the magistrate's ultra vires conduct under 28 U.S.C. § 636(b)(1)(B). The magistrate issued a Report and Recommendation on Defendants' motions to dismiss despite lacking any referral of those motions under § 636(b)(1)(B). He then issued three final orders on January 23, 2026 (Documents 126, 127, and 128) on additional non-excepted motions that were similarly never referred. These acts exceed the statutory authority Congress granted to magistrate judges and render the resulting orders void ab initio for lack of subject matter jurisdiction. Unlike objections under Federal Rule of Civil Procedure 72(b) challenging the magistrate's legal conclusions, these objections challenge the magistrate's foundational authority to act at all—a threshold jurisdictional issue that this Court must resolve before reaching any substantive analysis.

41. Beyond the jurisdictional violations themselves, this pattern raises serious concerns about the appearance of impropriety under 28 U.S.C. § 455(a). The magistrate denied Plaintiffs' motion to disqualify him and rescind the referral on January 12, 2026, then immediately issued a Report and Recommendation recommending dismissal of Plaintiffs' entire complaint with prejudice on motions he lacked authority to address. The selective referral of only the preliminary injunction motion—while the magistrate proceeded to act on unreferred dispositive motions—creates a framework that systematically disadvantages Plaintiffs. When a

judicial officer denies a party's recusal request and then issues nothing but adverse rulings against that party on motions lacking proper referral, the appearance of bias becomes substantial and warrants heightened judicial scrutiny.

42. The integrity of the federal judicial system depends on strict adherence to statutory limits on judicial authority and transparent judicial decision-making. Section 636(b)(1)(B) represents a precise congressional allocation of power: magistrate judges may exercise authority over excepted matters only through express referral. When magistrates exceed these bounds—particularly after demonstrating knowledge of proper procedure—the resulting orders undermine public confidence in the fairness and legality of judicial proceedings. This Court has both the authority and the obligation to enforce these statutory limitations and ensure that judicial authority is exercised only by those officers properly authorized by Congress.

## VI. REQUESTED RELIEF

43. Plaintiffs request that the District Judge Nielson:

  (i) **VACATE as void ab inito** the following three orders issued by Magistrate Judge Bennett on January 23, 2026, for lack of jurisdiction:

   a. **Document 126**: Order Denying Dr. Fleming's Motion for Leave to File Amicus Curiae Briefs

   b. **Document 127**: Memorandum Decision and Order Denying Plaintiffs' Motion to Join the United States as a Plaintiff

   c. **Document 128**: Memorandum Decision and Order Denying Plaintiffs' Motion for Sanctions

  (ii) **ORDER AN EVIDENTIARY HEARING** before the District Judge on Plaintiffs' jurisdictional objections, with opportunity for oral argument by

14

      all parties on whether the magistrate possessed statutory authority to act on motions never expressly referred under § 636(b)(1)(B).

(iii)   **ISSUE A FORMAL WRITTEN ORDER** addressing Plaintiffs' jurisdictional objections under 28 U.S.C. § 636(b)(1)(B), with the Court's findings and legal conclusions set forth by the District Judge, thereby permitting Plaintiffs to seek interlocutory appeal if necessary.

(iv)   **RESCIND THE REFERRAL** to Magistrate Judge Bennett under 28 U.S.C. § 636(b)(1)(B) in its entirety, given the pattern of ultra vires conduct, the appearance of impropriety, and the need to preserve public confidence in the impartiality of these proceedings involving Utah's highest-ranking executive officials.

(v)   **GRANT ANY OTHER RELIEF** this Court deems just and proper

## VII.  Representations to the Court (Rule 11)

WE HEREBY CERTIFY that, under Federal Rule of Civil Procedure 11 and applicable local rules, the foregoing PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S ORDERS [126, 127, 128] FOR LACK OF JURISDICTION contains 3,693 words, complies with DUCivR7-1(a)(4) and DUCiv 72-2, is presented in good faith, for proper purposes, and based on existing law and factual support, and that to the best of our knowledge, information, and belief, formed after reasonable inquiry, the statements contained herein are true and correct.

Dated: January 30, 2026

/s/ Tracie Halvorsen                      /s/ NANCY INMAN

TRACIE HALVORSEN              NANCY INMAN
138 East 12300 South                 138 East 12300 South
C275                                                 C275
Draper, Utah 84020                  Draper, Utah 84020

| | |
|---|---|
| 801-688-3594<br>traciehalvorsen@outlook.com<br>Plaintiff Pro Se | 916-396-4395<br>Nancyjinman@gmail.com<br>Plaintiff Pro Se |

/s/ STEVEN HUBER

STEVEN HUBER
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro Se

/s/ DANIEL NEWBY

DANIEL NEWBY
138 East 12300 South
C275
Draper, Utah 84020
801-949-3360
danieltrouble@protonmail.com
Plaintiff Pro Se

/s/ WAYNE WICKIZER

WAYNE WICKIZER
138 East 12300 South
C275
Draper, Utah 84020
385-239-8326
justice@utahwtp.com
Plaintiff Pro Se

## Certificate of Service

We hereby certify that on this 30th day of January 2026, we electronically filed the PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S ORDERS [126, 127, 128] FOR LACK OF JURISDICTION with the Clerk of the Court under the filing and electronic notification procedures outlined under DUCivR 5-1, which will send notification of such filings to all registered participants in this case.

Jason Dupree
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 977-8940
jndupree@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Scott *Cheney*
*Office of the Utah Attorney General*
*PO Box 140856*
*Salt Lake City, Utah 84114-0856*
*(385) 977-4858*
scheney@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

David Wolf
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 441-5084
dnwolf@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Anikka Hoidal
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 272-3951
ahoidal@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Stacy R. Haacke
Office of General Counsel
Administrative Office of the Courts
PO Box 140241
Salt Lake City, Utah 84114-0241
(801) 214-5805
stacyh@utcourts.gov
*Attorney for Chief Justice Matthew Durrant*

John R. Richardson
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Johnny.richardson@dentons.com
*Attorney for Brian McKenzie*

R. Blake Hamilton
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Blake.hamilton@detons.com
*Attorney for Brian McKenzie*

Janise K. Macanas
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Janise.macanas@dentons.com
*Attorney for Brian McKenzie*

Alan R. Houston
Office of Legislative Research and General Counsel
Utah State Capitol Complex
House Building, Suite W210
Salt Lake City, Utah 84114-5210
ahouston@le.utah.gov
*Attorney Bramble, McCay, Durrant, Schultz, and Adams*

Christine R. Gilbert
Office of Legislative Research and General Counsel
Utah State Capitol Complex
House Building, Suite W210
Salt Lake City, Utah 84114-5210
cgilbert@le.utah.gov
*Attorney Bramble, McCay, Durrant, Schultz, and Adams*

Victoria S. Ashby
Office of Legislative Research and General Counsel
Utah State Capitol Complex
House Building, Suite W210
Salt Lake City, Utah 84114-5210
vashby@le.utah.gov
*Attorney Bramble, McCay, Durrant, Schultz, and Adams*

D. Loren Washburn
2750 Rasmussen Rd., Suite H-107
Park city, Utah 84098
loren@pbp.law
*Attorney for Axson, Coleman, and Null.*

Cliff Parkinson
2750 Rasmussen Rd.
Suite H-107
Park City,. Utah 84098
cliff@pbp.law
*Attorney for Axson, Coleman, and Null*

Executed on this 30th day of January 2026.

/s/ Tracie Halvorsen
TRACIE HALVORSEN
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro Se

/s/ NANCY INMAN
NANCY INMAN
138 East 12300 South
C275
Draper, Utah 84020
916-396-4395
Nancyjinman@gmail.com
Plaintiff Pro Se

/s/ STEVEN HUBER
STEVEN HUBER
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com

/s/ DANIEL NEWBY
DANIEL NEWBY
138 East 12300 South
C275
Draper, Utah 84020
801-949-3360
danieltrouble@protonmail.com

Plaintiff Pro Se                                    Plaintiff Pro Se

/s/ WAYNE WICKIZER
WAYNE WICKIZER
138 East 12300 South
C275
Draper, Utah 84020
385-239-8326
justice@utahwtp.com
Plaintiff Pro Se