# EXHIBIT 1

← **Post** ⋯

@TracieHalvorsen

📣 HB 260 (2026) – Unauthorized Practice of Law

le.utah.gov/~2026/bills/st...

Because they can't beat our RICO case they think they can write laws that will criminalize me and anyone who wants to challenge them.

📣 Not today Satan! Not today! 📣

⚔️ I delivered a Notice of Intent to Pursue Legal Action to the bill sponsors Anthony Loubet and Brady Brammer. ⚔️

🤡 You see, not only does this violate OUR Constitutional Rights, but both sponsors are attorneys! As legislators you CANNOT write private or special laws for yourselves. 🤡

🇺🇸 Utah Constitution Article VI § 26. This bill entrenches on unconstitutional economic monopoly. 🇺🇸

⚔️ It has passed the House and I plan to file a lawsuit as soon as it passes the Senate. Because I have given them fair warning that their conduct is unconstitutional, they LOSE ALL IMMUNITY. ⚔️

Post your reply

⚔️ It has passed the House and I plan to file a lawsuit as soon as it passes the Senate. Because I have given them fair warning that their conduct is unconstitutional, they LOSE ALL IMMUNITY. ⚔️

You can read the full text of the Notice of Intent through the following link.

drive.google.com/file/d/1aehIY4...

If you want to tell the Utah government that they can go get kick rocks - you can still join our RICO lawsuit at utahcorruption.com! Anyone can join!

*The following video has a delay, but just let it play through it.*



JUAN O SAVIN- Like a Snowball rolling downhill - NINO 2 13 2026

JUAN O SAVIN PR...

## NOTICE OF INTENT TO PURSUE LEGAL ACTION

| TO: | Anthony E. Loubet<br>4956 W. 6200 S., # 434<br>Kearns, UT 84118<br>801-657-0466<br>aloubet@le.utah.gov | From: | Tracie Halvorsen<br>138 E 12300 S, C275<br>Draper, Utah 84020<br>801-688-3594<br>Tracie.halvorsen@gmail.com |
|---|---|---|---|
| | Brady Brammer<br>1955 W. Grove Parkway<br>Suite 200<br>Pleasant Grove, Utah 84062<br>bbrammer@le.utah.gov | | |
| | Utah Attorney General's Office<br>350 North State Street,<br>Suite 230<br>PO Box 142320<br>Salt Lake City, Utah 84114-2320<br>notices@agutah.gov | | |
| CC: | United States Department of Justice<br>Attn: Civil Rights Division<br>950 Pennsylvania Ave., NW<br>Washington. DC 20530<br>DOJ.Correspondence@usdoj.gov | | The White House<br>Office of Legal Counsel<br>950 Pennsylvania Avenue NW,<br>Washington, DC 20530-0001 |
| | Federal Trade Commission (FTC)<br>600 Pennsylvania Ave., NW<br>Washington DC 20580<br>Antitrust@ftc.gov | | |

### I. PURPOSE OF NOTICE

This Notice of Intent serves to formally notify you, as the chief sponsor of HB 260 (1st Substitute) filed in the Utah General Legislative Session of 2026, titled "Unauthorized Practice of Law Amendments," that the **bill is unconstitutional** and that, if enacted, it will be challenged immediately in federal court for declaratory and injunctive relief, as well as damages under 42 U.S.C. § 1983.

By this Notice you are placed on actual notice that HB 260 violates clearly established constitutional rights, defeating any claim to qualified immunity for advancing or enforcing it.

## II.  SUMMARY OF CONSTITUTIONAL VIOLATIONS

HB 260 is unconstitutional on multiple, independent grounds:

1. First Amendment – content-based speech restriction. This statute targets a specific type of speech (e.g., legal advice). The bill does not criminalize all help, all conversations, or all services. It criminalizes "the practice of law," which is defined entirely by what the person says or writes about someone's legal rights, duties, or procedures. The same person, in the same setting, is punished or not punished based on the content of their words. That is the classic definition of a content-based regulation of speech.

2. First Amendment – speaker-based restriction. The statute also discriminates based on "who" is speaking. A licensed attorney may give individualized legal advice—"file this motion," "assert this defense," "sign here and submit by Friday"—without consequence, while a non-lawyer who says the exact same words can be prosecuted for the unauthorized practice of law. In other words, the legality of the speech turns not only on its content (legal advice) but on the identity and licensing status of the speaker, granting one favored class (lawyers) exclusive permission to engage in that speech while criminalizing it for everyone else.

3. First Amendment – right to petition and access the courts. The bill also burdens the constitutional right to petition the government and to access the courts by preventing people—especially low-income Utahns—from obtaining assistance with forms and legal documents that they cannot realistically prepare alone. For many citizens, meaningful access to the courts depends on affordable help understanding and using the legal system; criminalizing that assistance turns a formal right to go to court into an empty promise for anyone who cannot pay a lawyer.

4. Fourteenth Amendment (Due Process) – vagueness and right to pursue a lawful occupation. By defining "practice of law" only through an external court rule and then attaching criminal penalties to it, the statute fails to give ordinary people clear notice of what conduct is a crime and invites arbitrary, selective enforcement. A non-lawyer cannot realistically tell when helpful guidance crosses an invisible line into "unauthorized practice," yet can suddenly face a misdemeanor or felony for crossing it. At the same time, the bill broadly criminalizes honest, competent non-lawyer work that many people rely on, blocking both my right to make a living using skills I actually have and my right to hire someone I trust and believe is competent to help with my own legal matter.

5. Fourteenth Amendment (Equal Protection) – economic monopoly and access to justice. HB 260 creates a state-enforced economic monopoly for licensed attorneys by giving them an exclusive statutory right to provide individualized legal guidance while criminalizing the same help when it comes from competent non-lawyers. This is naked economic protectionism: instead of using neutral consumer-protection rules that apply to everyone, the bill shields one profession from competition and strips low- and middle-income Utahns of affordable options for help, deepening the access-to-justice crisis.

6. Separation of Powers – usurpation and unlawful delegation. The Utah Constitution gives the Utah Supreme Court, not the Legislature, the exclusive authority "by rule [to] govern the practice of law," including who may practice and under what conditions. Utah Const. art. VIII, § 4. By writing criminal penalties around the judicial definition of "practice of law," HB 260 both intrudes into the Court's reserved regulatory sphere and simultaneously hands core law-making power back to the judiciary, allowing judges to expand or narrow criminal liability at any time simply by changing a court rule. That combination—legislators criminalizing within a field constitutionally assigned to the Court, while defining the crime only by reference to a rule the Court can freely amend—violates the separation-of-powers framework of Article V, Section 1 and basic nondelegation principles, which require that elected lawmakers, not unelected judges, define criminal offenses.

7. Utah Constitution – private and special law for lawyers (Art. VI, § 26). Article VI, Section 26 of the Utah Constitution provides that "[n]o private or special law shall be enacted where a general law can be applicable." HB 260 operates as a private and special law because, in effect, it grants lawyers a unique statutory privilege and criminal shield in a field where a generally applicable consumer-protection framework could easily be used instead. Rather than regulate fraud, deception, or incompetence by any provider, it targets a single occupation and privileges one class—licensed attorneys—where a general law is plainly available, violating Article VI, Section 26's ban on private or special laws and further entrenching an unconstitutional economic monopoly.

### III.     NOTICE OF PERSONAL LIABILITY AND INTENT TO SUE

You should understand that immunity is not a blanket shield for knowingly advancing unconstitutional, self-serving legislation. Federal law draws sharp lines: legislators may have absolute immunity for core legislative acts like debating and voting, but officials who enforce or implement an unconstitutional law do not share that protection and can be sued personally under 42 U.S.C. § 1983. Once you have been specifically notified that HB 260 violates clearly

3

established federal and Utah constitutional provisions, any effort to enforce it or to participate in its application will be treated as a knowing violation, not a good-faith mistake.

The Supreme Court has made clear that government officials are liable under 42 U.S.C. § 1983 when, acting under color of state law, they violate clearly established federal rights. Qualified immunity is denied where officials have "fair warning" that their conduct is unconstitutional, even if no prior case involves identical facts. As the Supreme Court explained in *Hope v. Pelzer*, 536 U.S. 730 (2002), officials need not have an identical prior case to be on notice that their conduct is unconstitutional; it is enough that existing precedent makes the unlawfulness obvious. Because HB 260 conflicts with established First Amendment, due process, equal-protection, and separation-of-powers principles, any continued effort to advance or enforce it will be treated as a deliberate choice in the face of that warning, not an innocent mistake. That is precisely the situation in which Hope says immunity does not apply.

Moreover, when state officials enforce unconstitutional laws, they are subject to suit in their individual capacities for damages and in their official capacities for prospective relief. Under *Ex parte Young*, officials enforcing unconstitutional statutes may be sued personally for damages and officially for injunctive relief. By proceeding with HB 260 after receiving this Notice, you and any enforcing officials knowingly expose yourselves to: (1) personal liability for damages and fees in federal court under § 1983 and § 1988; and (2) prospective injunctive and declaratory relief under *Ex parte Young* to bar enforcement of the statute.

Finally, Utah-specific separation-of-powers law makes your position even less defensible. Article VIII, Section 4 of the Utah Constitution gives the Utah Supreme Court exclusive authority to "govern the practice of law," and the Court has enforced that prerogative in cases like *Utah State Bar v. Summerhayes & Hayden*, 905 P.d 867 (Utah 1995). Coupled with Articles I, VI, and VIII, which secure due process, equal protection/uniform operation, and proper allocation of powers, these provisions make HB 260's intrusion into the Court's domain and its creation of a lawyer-only monopoly plainly suspect under Utah law as well.

### IV.     DEMAND

In light of the constitutional defects and your actual notice of them, I demand that you:

1. Immediately withdraw HB 260 from further consideration in the Utah Legislature.

2. Publicly acknowledge that HB 260 raises serious and unresolved constitutional problems, including First Amendment, due process, equal protection, separation-of-powers, and Utah-Constitution "special law" concerns.

3. Cease and desist from sponsoring, promoting, or voting for HB 260 or any substantially similar bill that: (a) criminalizes non-lawyer legal advice and assistance, (b) creates or maintains a state-enforced monopoly for lawyers, or (c)

4

        intrudes on the Utah Supreme Court's exclusive authority to regulate the practice of law.

4.     Provide written assurance, within ten (10) days of receipt of this demand, that you will not pursue or support future legislation that restricts Utahns' ability to seek help from competent non-lawyers with their own legal matters, or that creates private or special laws favoring the legal profession over other occupations.

Absent your full and timely compliance with this demand, I will proceed on the understanding that you have knowingly chosen to disregard clearly established federal and state constitutional rights, and I will act accordingly to initiate the federal and state proceedings described in this Notice against you and any officials who attempt to enforce HB 260.

## V. CONCLUSION AND CERTIFICATION

This Notice of Intent provides you with actual, specific notice that HB 260 violates clearly established constitutional rights under the First Amendment, the Due Process Clause, the Equal Protection Clause, and separation of powers principles. You can no longer claim lack of knowledge or good-faith belief that the legislation is constitutional.

Your qualified immunity is hereby defeated. Should you proceed with HB 260 after receiving this notice, you will face personal liability under 42 U.S.C. § 1983 for knowingly violating clearly established constitutional rights under color of state law.

You have been provided fair warning. Proceeding with HB 260 constitutes willful deprivation of constitutional rights that will subject you to personal liability without immunity protection.

This notice is provided in good faith to allow you to correct course and fulfill your oath to support and defend the Constitution of the United States and the Constitution of Utah.