FILED
2026 MAR 13 PM 3:21
CLERK
U.S. DISTRICT COURT

Tracie Halvorsen
Petitioner Pro Se
138 E 12300 S
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com

---

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH

| | |
|---|---|
| TRACIE HALVORSEN, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> SPENCER COX, et. al, <br><br> Defendants | **PLAINTIFFS' MOTION TO STAY DEFENDANTS' MOTION FOR ATTORNEY FEES PENDING APPEAL** <br><br> **[ORAL ARGUMENT REQUESTED]** <br><br> Case No. 2:25-cv-00909-HCN-JCB <br><br> Judge Howard C. Nielson, Jr. |

*Note*: This Motion is publicly posted at utahcorruption.com and other community sites to ensure transparency and public awareness.

### I.  INTRODUCTION

1. From the beginning of this case, Plaintiffs have challenged the legality and fairness of Utah's primary-election regime as implemented in the 2024 Utah Republican primary, including the nullification of the URP's delegate-driven convention results, the certification of candidates who bypassed that process, and an alleged long-running scheme that distorted party self-governance and voter choice. Plaintiffs pursued those claims through a detailed Complaint, a motion for preliminary injunction, and extensive briefing.

2.     **Every substantive ruling issued in this case has gone against Plaintiffs**. The Court has denied preliminary relief, dismissed Plaintiffs' claims, and entered judgment dismissing this case in its entirety, all to the benefit of state officials and entities. Defendants now seek to shift their attorneys' fees onto the very party members and voters who attempted—using the only tools available to them—to test the legality of the system that governs their elections. If the Court proceeds immediately to adjudicate and potentially grant a fee award while Plaintiffs' appeal is pending, it will not only deepen the impression that the playing field has been one-sided; it will also risk foreclosing meaningful appellate review by placing crushing financial pressure on individual, pro se litigants who raised issues that even federal appellate judges have recognized as serious and unsettled.

3.     Plaintiffs recognize that this Court and Magistrate Judge Bennett serve the public as federal judicial officers, and that **Judge Bennett also serves the public as an adjunct professor at the University of Utah**. Those dual public roles underscore the importance of both actual impartiality and the appearance of impartiality when ordinary citizens bring constitutional claims against high-ranking state officials and state institutions. In a case where all merits rulings to date have favored the State, **granting a temporary stay of fee proceedings is a modest but important step that will demonstrate to the parties and to the public that the Court is sensitive to concerns** about fairness when the government litigates against its own citizens, and that it is willing to allow independent appellate review before deciding whether those citizens should bear Defendants' attorneys' fees.

4.     Plaintiffs do not ask this Court to change its mind on the merits. They ask only that the Court pause on the collateral question of fees until the Tenth Circuit—and, potentially, the Supreme Court—have had an opportunity to say whether Plaintiffs were wrong as a matter of

law. A stay is the minimum step necessary to avoid compounding the appearance of unfairness and to preserve confidence that this Court is willing to let independent appellate judges decide whether Plaintiffs' case merits the extraordinary sanction of fee-shifting.

## II. BACKGROUND

5. Plaintiffs are URP delegates, URP members, unaffiliated voters, and a non-voting citizen who brought this action challenging the legality of Defendants' conduct from 2016 through the 2024 Utah Republican primary.

6. In their Complaint and Motion for Preliminary Injunction, Plaintiffs stated, among other things, that:

- At the April 27, 2024 URP convention, URP delegates awarded Phil Lyman 67.54% of the delegate vote for governor and Trent Staggs 69.74% for U.S. Senate, as well as strong results for other candidates in contested races, under the party's delegate-driven convention rules.

- Defendants nonetheless certified competing candidates who had qualified solely by gathering signatures, in direct conflict with URP bylaws and with state provisions that protect the party's internal processes.

- This conduct nullified the 2024 URP convention results and altered the "substantive type of candidates" who could realistically reach the general election ballot, burdening Plaintiffs' First Amendment associational rights, Fourteenth Amendment rights, and Utah's republican form of government, and giving rise to RICO claims.

7. This Court denied Plaintiffs' requested preliminary injunction, later dismissed Plaintiffs' claims, and entered final judgment to dismiss the case.

8. Plaintiffs have filed a timely Notice of Appeal from the final judgment.

9. Defendants have now moved for attorneys' fees, seeking to convert this dismissal into a financial sanction against Plaintiffs, even as the Tenth Circuit is asked to determine whether Plaintiffs' claims were at least reasonable, substantial, and brought in good faith in a difficult and evolving area of constitutional law.

10. Under these circumstances, proceeding immediately to a fee determination would reinforce the impression that the Court has given Defendants every possible advantage, including the last word on whether Plaintiffs should be punished for bringing their case at all.

### III. LEGAL STANDARD FOR A STAY PENDING APPEAL (AS TO FEES)

11. In deciding whether to stay proceedings pending appeal—including collateral fee proceedings—courts generally consider four familiar factors:

   a. Whether the movant has made a strong showing of a likelihood of success on the merits, or at least that the appeal presents serious, substantial questions.

   b. Whether the movant will suffer irreparable harm absent a stay.

   c. Whether issuance of a stay will substantially injure the other parties.

   d. Where the public interest lies.

12. A stay is appropriate where these factors, taken together, favor preserving the status quo until appellate review is complete.

### IV. ARGUMENT

**A. Plaintiffs' Appeal Presents Serious, Substantial Questions Going to the Merits**

13. Plaintiffs acknowledge that this Court rejected their claims. But the question at this stage is not whether the Court thinks it was right; it is whether Plaintiffs' appeal is so weak

that the Court should rush to penalize them with fees before independent appellate review occurs.

14. This case arises at the intersection of state control over party primaries, party associational rights, and election integrity. The Tenth Circuit has already split sharply over these issues. In *Utah Republican Party v. Cox*, the panel majority upheld Utah's SB54 regime, but then-Chief Judge Tymkovich authored a detailed dissent explaining that the law "purposely tr[ies] to change the substantive type of candidates the Party nominates, all the while masquerading as mere procedural reform," and warning that such a regime can severely burden party associational rights by transforming who the party can choose and how it defines itself. In a later concurrence in related litigation, he wrote separately to emphasize that these issues "deserve the Supreme Court's attention," that the Supreme Court's prior dicta has "outlived its reliability," and that "substantial associational burdens, even distortions, caused by forcibly expanding a party's nomination process" warrant a "closer look."

15. Plaintiffs' case is that "closer look" applied to the 2024 Utah Republican primary. Plaintiffs do not rely on speculative fears; they have proffered evidence that URP convention winners with overwhelming delegate support were overridden by a state-engineered alternate path, in direct conflict with state election law and party bylaws, and that state officials used threats regarding party status and ballot access to pressure the party's internal rules. Those facts bring to life the very concerns Chief Judge Tymkovich identified.

16. Reasonable jurists have already disagreed about how the Constitution applies to Utah's primary system. Plaintiffs' appeal asks whether, on a fuller factual record and in light of the real-world distortions in 2024, the law should be reconsidered or at least applied differently. That is the opposite of a frivolous or bad-faith appeal. It is exactly the kind of substantial,

difficult, and unsettled constitutional question that should be decided first by the Tenth Circuit, not by turning Plaintiffs into an example through a fee award.

17. If the Court proceeds with fees now, it will signal that, despite this serious and acknowledged disagreement in the law, it views Plaintiffs' effort to seek appellate review not as a legitimate exercise of their rights, but as something deserving punishment. A stay is necessary to avoid that message.

### B. Plaintiffs Will Suffer Irreparable Harm Without a Stay

18. The harm here is not limited to money. Plaintiffs are individual party members and voters proceeding without counsel. For them, the prospect of a substantial fee award is not a routine cost of doing business; it is an existential threat that can chill their ability to pursue their appeal, deter them from vindicating their rights, and send a message to others that challenging powerful state officials and party insiders is financially dangerous.

19. If fees are awarded now, Plaintiffs will have to divert their limited time and resources from the appeal to defending against a fee motion. The risk of an immediate, large judgment will place intense pressure on them to abandon or scale back their appeal, regardless of its merits. That chilling effect on the exercise of appellate rights and on future public-interest election litigation is an irreparable injury. No later reversal can fully unwind the stress, deterrent effect, and reputational harm of being branded as litigants whose case was so baseless that they must pay the other side's fees.

20. Moreover, viewed against the backdrop of this Court's previous rulings—all in Defendants' favor—granting fees now would confirm the perception that Plaintiffs never had a fair chance. It would appear that every discretionary call, including whether to punish or protect pro se voters who raised structural election-law claims, has gone the same direction. A stay is a

modest way to counter that perception by demonstrating that, at least on the question of fees, the Court is willing to wait and see whether the Tenth Circuit agrees that Plaintiffs' lawsuit was truly sanctionable.

### C. A Temporary Stay Will Not Meaningfully Prejudice Defendants

21. Defendants face no meaningful harm from a short-term stay of fee proceedings. If Defendants ultimately prevail on appeal and remain entitled to fees, they will be free to renew their motion at that time.

22. By contrast, if the Court proceeds now and awards fees, and Plaintiffs later prevail in whole or in part on appeal, the parties and the Court will have unnecessarily spent time and resources litigating a fee question premised on a judgment that no longer stands. That is the essence of wasted judicial effort.

23. The balancing is straightforward: a brief delay in fee adjudication poses minimal risk to Defendants, while proceeding now risks compounding the appearance of unfairness and inflicting irreversible harm on individual, pro se litigants.

### D. The Public Interest Strongly Favors a Stay

24. This case concerns more than the fortunes of two sets of parties. It involves the structure of Utah's primary elections, the meaning of party associational rights, and allegations of a multi-year scheme by high-level officials that altered who could become a nominee and how voters' voices were aggregated. When ordinary citizens step forward to challenge such systems—especially in a legal environment where federal judges openly disagree about the governing constitutional rules—the public has a strong interest in seeing their claims fully reviewed on appeal before they are punished with fee awards.

25.     The public also has a vital interest in the appearance as well as the reality of judicial neutrality when the State is a party. Magistrate Judge Bennett is a federal judicial officer and, as Plaintiffs' materials show, has also served as an adjunct professor employed by a state institution. Nothing about those roles disqualifies him, but they make it especially important that members of the public can see that, in a case where all substantive rulings have favored state officials, the Court is willing to exercise its discretion in a way that does not appear to "pile on" against individual citizens who brought a serious, good-faith challenge. A short stay of fee proceedings until the Tenth Circuit has spoken is a measured way to reinforce that appearance of even-handed justice.

26.     If courts too quickly shift fees in high-profile election cases, future voters, delegates, and grassroots activists will think twice before bringing similar challenges, even where they have colorable claims. By simply staying fee proceedings until the appellate court has addressed the substantial questions in this case, the Court can avoid sending the message that seeking claims for civil rights violations against the State means being punished, and instead demonstrate that it is committed to preserving space for good-faith constitutional litigation over how elections are run. On balance, the public interest in both the integrity of elections and the perceived fairness of the judiciary strongly favors granting a stay.

### V.     CONCLUSION

27.     In sum, Plaintiffs' appeal presents serious and substantial constitutional questions; Plaintiffs will suffer irreparable harm if fee proceedings go forward now; a short stay will not materially prejudice Defendants; and the public interest in both the integrity of Utah's elections and the appearance of even-handed justice strongly favors waiting for appellate review. Plaintiffs recognize that Magistrate Judge Bennett regularly instructs jurors that they must decide cases

"only after an impartial consideration of the evidence" and that they must act "without sympathy, bias, or prejudice as to any party," reflecting his own commitment to neutrality and to the community's "trust in a system that relies on the decisions of lay people." Granting a modest stay of fee proceedings here—where every substantive ruling to date has favored state defendants, and where ordinary citizens have brought a good-faith challenge to the State's primary-election system—would be fully consistent with that commitment. It would show both the parties and the public that, particularly when the State is a litigant, this Court is willing to err on the side of fairness and to allow independent appellate review before deciding whether those citizens should bear Defendants' attorneys' fees.

28. For all of these reasons, Plaintiffs request that the Court:

   a. Stay all proceedings on Defendants' Motion for Attorneys' Fees and any related cost applications until final resolution of Plaintiffs' appeal, including any remand;

   b. Defer any ruling on whether Plaintiffs' claims were "frivolous," "unreasonable," or brought in bad faith until after appellate review; and

   c. Grant such other and further relief as the Court deems just and proper.

## VI.   REPRESENATIONS TO THE COURT (Rule 11)

29. WE HEREBY CERTIFY that, under Federal Rule of Civil Procedure 11 and applicable local rules, the foregoing PLAINTIFFS' MOTION TO STAY DEFENDANTS' MOTION FOR ATTORNEY FEES PENDING APPEAL contains 2,282 words, complies with DUCivR7-1(a)(4), is presented in good faith, for proper purposes, and based on existing law and factual support, and that to the best of our knowledge, information, and belief, formed after reasonable inquiry, the statements contained herein are true and correct.

Dated: March 13, 2026

/s/ Tracie Halvorsen

TRACIE HALVORSEN
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro Se

/s/ NANCY INMAN

NANCY INMAN
138 East 12300 South
C275
Draper, Utah 84020
916-396-4395
Nancyjinman@gmail.com
Plaintiff Pro Se

/s/ STEVEN HUBER

STEVEN HUBER
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro Se

/s/ DANIEL NEWBY

DANIEL NEWBY
138 East 12300 South
C275
Draper, Utah 84020
801-949-3360
danieltrouble@protonmail.com
Plaintiff Pro Se

/s/ WAYNE WICKIZER

WAYNE WICKIZER
138 East 12300 South
C275
Draper, Utah 84020
385-239-8326
justice@utahwtp.com
Plaintiff Pro Se

## Certificate of Service

We hereby certify that on this 13th day of March 2026, we electronically filed the PLAINTIFFS' MOTION TO STAY DEFENDANTS' MOTION FOR ATTORNEY FEES PENDING APPEAL with the Clerk of the Court under the filing and electronic notification procedures outlined under DUCivR 5-1, which will send notification of such filings to all registered participants in this case.

Jason Dupree
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 977-8940
jndupree@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Scott *Cheney*
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 977-4858
scheney@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

David Wolf
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 441-5084
dnwolf@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Anikka Hoidal
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 272-3951
ahoidal@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Stacy R. Haacke
Office of General Counsel
Administrative Office of the Courts
PO Box 140241
Salt Lake City, Utah 84114-0241
(801) 214-5805
stacyh@utcourts.gov
*Attorney for Chief Justice Matthew Durrant*

John R. Richardson
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Johnny.richardson@dentons.com
*Attorney for Brian McKenzie*

R. Blake Hamilton
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Blake.hamilton@detons.com
*Attorney for Brian McKenzie*

Janise K. Macanas
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Janise.macanas@dentons.com
*Attorney for Brian McKenzie*

Alan R. Houston
Office of Legislative Research and General Counsel
Utah State Capitol Complex
House Building, Suite W210
Salt Lake City, Utah 84114-5210
ahouston@le.utah.gov
*Attorney Bramble, McCay, Durrant, Schultz, and Adams*

Victoria S. Ashby
Office of Legislative Research and General Counsel
Utah State Capitol Complex
House Building, Suite W210
Salt Lake City, Utah 84114-5210
vashby@le.utah.gov
*Attorney Bramble, McCay, Durrant, Schultz, and Adams*

Cliff Parkinson
2750 Rasmussen Rd.
Suite H-107
Park City,. Utah 84098
cliff@pbp.law
*Attorney for Axson, Coleman, and Null*

Christine R. Gilbert
Office of Legislative Research and General Counsel
Utah State Capitol Complex
House Building, Suite W210
Salt Lake City, Utah 84114-5210
cgilbert@le.utah.gov
*Attorney Bramble, McCay, Durrant, Schultz, and Adams*

D. Loren Washburn
2750 Rasmussen Rd., Suite H-107
Park city, Utah 84098
loren@pbp.law
*Attorney for Axson, Coleman, and Null.*

Executed on this 13th day of March 2026.

/s/ Tracie Halvorsen
TRACIE HALVORSEN
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro Se

/s/ STEVEN HUBER
STEVEN HUBER
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com

/s/ NANCY INMAN
NANCY INMAN
138 East 12300 South
C275
Draper, Utah 84020
916-396-4395
Nancyjinman@gmail.com
Plaintiff Pro Se

/s/ DANIEL NEWBY
DANIEL NEWBY
138 East 12300 South
C275
Draper, Utah 84020
801-949-3360
danieltrouble@protonmail.com

| | |
|---|---|
| Plaintiff Pro Se | Plaintiff Pro Se |

/s/ WAYNE WICKIZER
WAYNE WICKIZER
138 East 12300 South C275
Draper, Utah 84020
385-239-8326
justice@utahwtp.com
Plaintiff Pro Se