FILED
2026 MAR 13
CLERK
U.S. DISTRICT COURT

Tracie Halvorsen
Petitioner Pro Se
138 E 12300 S
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH

| | |
|---|---|
| TRACIE HALVORSEN, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> SPENCER COX, et. al, <br><br> Defendants | **PLAINTIFFS' RULE 72(a) OBJECTION AND MOTION TO VACATE MAGISTRATE ORDERS ENTERED AFTER DISMISSAL [144 AND 145]** <br><br> **[ORAL ARGUMENT REQUESTED]** <br><br> Case No. 2:25-cv-00909-HCN-JCB <br><br> Judge Howard C. Nielson, Jr. |

*Note*: This Motion is publicly posted at utahcorruption.com and other community sites to ensure transparency and public awareness.

### I.  Introduction

1. Plaintiffs submit this Objection to: (1) the Magistrate Judge's "Order Granting State Defendants' Extension til March 13, 2026" (ECF No. 144), which grants State defendants additional time to file a motion for attorney's fees, and (2) the "Order Granting Leave to File an Overlength Motion for Party Defendants" (ECF No. 145), which authorizes an overlength motion for attorney's fees.

2. Both Orders are void or, at minimum, clearly erroneous and contrary to law because the motions were never referred to the Magistrate Judge by an Article III judge under 28

U.S.C. § 636 and Fed. R. Civ. P. 72; instead, they were initially referred only by the clerk's office, with a later "notice" purporting to retroactively attribute authorization by Judge Nielson. Plaintiffs therefore object and request that the District Judge vacate ECF Nos. 144 and 145, or alternatively construe this filing as an appeal and conduct de novo review of the challenged Orders.

## II. Procedural Background Relevant to This Objection

3. On February 25, 2026, Deputy Clerk Deborah Eyer, entered ECF No. 143 docket text "MOTIONS REFERRED – [139] First MOTION for Extension of Time to File Motion for Attorneys' Fees, [142] MOTION for Leave to File Excess Pages. Motions referred to Jared C. Bennett."

4. On February 27, 2026, the Magistrate Judge Jared Bennett entered ECF No. 144 granting an extension of time for the "State Defendants," the "Legislative Defendants," and Chief Justice Durrant to file motions for attorney's fees, extending their deadline to March 13, 2026.

5. That same day, the Magistrate Judge entered ECF No. 145 granting URP Defendants leave to file an overlength motion for attorney's fees, up to 20 pages.

6. At the time ECF Nos. 144 and 145 were entered, the docket did not contain any written order by District Judge Nielson referring the underlying attorney-fee-related motions (ECF Nos. 139 and 142) to the Magistrate Judge under 28 U.S.C. § 636 and Fed. R. Civ. P. 72.

7. Only later, on March 4, 2026, did the Deputy Clerk, Deborah Eyer, enter Docket Text Order 147, which states: "DOCKET TEXT ORDER Referring First MOTION for Extension of Time to File Motion for Attorneys' Fees, MOTION for Leave to File Excess Pages to Magistrate Judge Jared C. Bennett re Motions Referred. No attached document. (Motions are

2

no longer pending, Order is to confirm the referral of the motions to Judge Bennett). Signed by Judge Howard C. Nielson, Jr., on 3/4/2026. (dle)."

8. The same day, the Deborah Eyer entered Docket Text 148, "NOTICE FROM THE COURT re Motions Referred, Docket Text Order Referring Motions. District Judge Howard C. Nielson, Jr. expressly authorized the referral of the motions referenced in docket entries and to Magistrate Judge Jared C. Bennett prior to the entry of the aforementioned docket entries. (dle)."

9. Thus, the Magistrate Judge acted on the fee-related motions and entered Orders 144 and 145 before any written order of reference by the Article III judge appeared on the docket, and the later docket text entries explicitly state they are "to confirm" a referral after "motions are no longer pending." This sequence reflects that the docket was adjusted only after the Magistrate Judge had already ruled, rather than a contemporaneous Article III order of reference preceding those rulings.

### III.     Legal Standards

10. Under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), a district judge may refer certain nondispositive matters to a magistrate judge for determination. The statute requires that the referral be made "by a judge" of the district court; the clerk of court has no independent statutory authority to designate a magistrate judge to hear or determine motions. See 28 U.S.C. § 636(b)(1)(A)–(B).

11. Orders entered by a magistrate judge on matters not properly referred by an Article III judge are in excess of the magistrate judge's jurisdiction and are void or, at minimum, contrary to law. See, e.g., *United States v. Johnston*, 258 F.3d 361, 364–66 (5th Cir. 2001) (vacating magistrate ruling where there was no valid referral by district judge); *Colorado Bldg.*

3

*& Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 811–12 (10th Cir. 1989) (magistrate authority must derive from § 636 and a valid order of reference).

12. Under Rule 72(a), a party may object to a magistrate judge's order on a nondispositive matter; the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."

### IV.   Argument

**A. There Is No Valid Article III Order Referring These Motions to the Magistrate Judge**

13. The challenged Orders (ECF 144 and 145) concern requests to extend and enlarge briefing on attorney's fees. Yet the docket reflects no written order by Judge Nielson formally referring these specific motions—or attorney-fee issues generally—to the Magistrate Judge under § 636(b)(1). Plaintiffs are aware only of a CM/ECF docket text entry initiated by the clerk, followed by a later "Notice from the Court" stating that Judge Nielson "expressly authorized" the referral.

14. A clerk's internal entry cannot substitute for the statutorily required act of reference by "a judge" of the court. 28 U.S.C. § 636(b)(1). The statute does not permit the clerk to create magistrate jurisdiction by administrative action, nor does it allow a post hoc "notice" to retroactively validate an ultra vires referral.

**B. A Post Hoc "Notice" Cannot Retroactively Confer Jurisdiction**

15. Even assuming Judge Nielson orally or informally authorized the clerk to refer the motions, the absence of a signed order of reference on the docket at the time the Magistrate Judge acted creates a jurisdictional defect. The magistrate judge's authority is "wholly

dependent" on a valid referral by the district judge; without it, the magistrate judge lacks power to enter binding orders. See *Johnston*, 258 F.3d at 364–66.

16. A later "Notice from the Court" stating that the district judge "expressly authorized" the referral is not a substitute for a formal order of reference that identifies what matters are referred, the statutory basis, and any limits on authority. Allowing clerks' entries and retrospective notices to suffice would effectively delegate § 636 referral power to administrative staff, contrary to the statute and Article III.

17. Nor can Judge Nielson's later Docket Text Order 147 and the March 4, 2026 "NOTICE FROM THE COURT" retroactively confer jurisdiction that did not exist when the Magistrate Judge entered Orders 144 and 145. Section 636(b)(1) requires that a "judge may designate a magistrate judge to hear and determine" a pretrial matter, and that designation must occur at the time of reference, before the magistrate exercises adjudicatory power. See 28 U.S.C. § 636(b)(1)(A)–(B). Courts have recognized that a magistrate judge's authority is derivative and cannot be supplied post hoc; orders entered without a valid referral exceed the magistrate's jurisdiction and must be vacated. See, e.g., *United States v. Johnston*, 258 F.3d 361, 364–66 (5th Cir. 2001) (vacating magistrate judge's judgment where statutory and Article III limits on magistrate authority were not satisfied). Here, because the only contemporaneous "referral" was a clerk's CM/ECF entry, and the judicial "confirmation" came only after the motions were "no longer pending," the Court cannot cure that jurisdictional defect by retroactive authorization. Moreover, due process requires that parties be able to discern from the public docket which judicial officer has been authorized to rule on their motions, rather than rely on undocumented, off-the-record authorizations that are only later described in docket text.

C. **Because the Magistrate Judge Lacked Authority, Orders 144 and 145 Are Void or Contrary to Law**

18. Because there is no valid, written Article III order of reference for the attorney-fee-related motions, the Magistrate Judge lacked authority to grant extensions or overlength requests on those motions. Orders entered without jurisdiction are void or, at minimum, "contrary to law" under Rule 72(a).

19. Even if the Court were to treat the referral as procedurally proper, the Orders still must be set aside because they rest on an invalid procedural foundation that deprives Plaintiffs of their right to have fee-shifting issues and related briefing parameters controlled by the district judge, absent an unequivocal, properly docketed referral.

D. **Prejudice to Plaintiffs**

20. The Orders at issue materially prejudice Plaintiffs by:

21. Extending the time and expanding the length for potentially sizeable attorney's-fee motions directed against them, increasing litigation burden and exposure.

22. Doing so through an irregular referral process that bypassed the safeguards Congress imposed in § 636 for delegating judicial power to magistrate judges.

23. At a minimum, before any enlargement of time or length is granted on fee motions that could impose substantial monetary liability on Plaintiffs, the Court should ensure that an Article III judge has clearly and formally determined whether, and on what terms, such motions will be entertained.

V. **Relief Requested**

24. For the reasons above, Plaintiffs request that Judge Nielson:

25. Sustain this Objection under Fed. R. Civ. P. 72(a).

26. Vacate the Magistrate Judge's Orders at ECF Nos. 144 and 145 as entered without proper Article III referral and therefore void or contrary to law.

27. Alternatively, construe this filing as an appeal of the Magistrate Judge's nondispositive orders, conduct de novo review, and deny the underlying motions for extension of time and for leave to file an overlength motion for attorney's fees.

28. Enter a clear, written order clarifying whether any attorney-fee-related motions will be referred to the Magistrate Judge, and if so, the statutory basis and scope of that referral.

29. Grant any other and further relief the Court deems just and proper.

### VI. REPRESENATIONS TO THE COURT (Rule 11)

30. WE HEREBY CERTIFY that, under Federal Rule of Civil Procedure 11 and applicable local rules, the foregoing PLAINTIFFS' RULE 72(a) OBJECTION AND MOTION TO VACATE MAGISTRATE ORDERS ENTERED AFTER DISMISSAL [144 AND 145] contains 1,608 words, complies with DUCivR7-1(a)(4), is presented in good faith, for proper purposes, and based on existing law and factual support, and that to the best of our knowledge, information, and belief, formed after reasonable inquiry, the statements contained herein are true and correct.

Dated: March 13, 2026

/s/ Tracie Halvorsen                         /s/ NANCY INMAN

TRACIE HALVORSEN                      NANCY INMAN
138 East 12300 South                       138 East 12300 South
C275                                                  C275
Draper, Utah 84020                           Draper, Utah 84020
801-688-3594                                    916-396-4395
traciehalvorsen@outlook.com          Nancyjinman@gmail.com
Plaintiff Pro Se                                   Plaintiff Pro Se

/s/ STEVEN HUBER

STEVEN HUBER
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro Se

/s/ WAYNE WICKIZER

WAYNE WICKIZER
138 East 12300 South
C275
Draper, Utah 84020
385-239-8326
justice@utahwtp.com
Plaintiff Pro Se

/s/ DANIEL NEWBY

DANIEL NEWBY
138 East 12300 South
C275
Draper, Utah 84020
801-949-3360
danieltrouble@protonmail.com
Plaintiff Pro Se

## Certificate of Service

We hereby certify that on this 13th day of March 2026, we electronically filed the PLAINTIFFS' RULE 72(a) OBJECTION AND MOTION TO VACATE MAGISTRATE ORDERS ENTERED AFTER DISMISSAL [144 AND 145] with the Clerk of the Court under the filing and electronic notification procedures outlined under DUCivR 5-1, which will send notification of such filings to all registered participants in this case.

Jason Dupree
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 977-8940
jndupree@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Scott *Cheney*
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 977-4858
scheney@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

David Wolf
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 441-5084
dnwolf@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Anikka Hoidal
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 272-3951
ahoidal@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Stacy R. Haacke
Office of General Counsel
Administrative Office of the Courts
PO Box 140241
Salt Lake City, Utah 84114-0241
(801) 214-5805
stacyh@utcourts.gov
*Attorney for Chief Justice Matthew Durrant*

John R. Richardson
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Johnny.richardson@dentons.com
*Attorney for Brian McKenzie*

R. Blake Hamilton
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Blake.hamilton@detons.com
*Attorney for Brian McKenzie*

Janise K. Macanas
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Janise.macanas@dentons.com
*Attorney for Brian McKenzie*

9

Alan R. Houston
Office of Legislative Research and General Counsel
Utah State Capitol Complex
House Building, Suite W210
Salt Lake City, Utah 84114-5210
ahouston@le.utah.gov
*Attorney Bramble, McCay, Durrant, Schultz, and Adams*

Victoria S. Ashby
Office of Legislative Research and General Counsel
Utah State Capitol Complex
House Building, Suite W210
Salt Lake City, Utah 84114-5210
vashby@le.utah.gov
*Attorney Bramble, McCay, Durrant, Schultz, and Adams*

Cliff Parkinson
2750 Rasmussen Rd.
Suite H-107
Park City,. Utah 84098
cliff@pbp.law
*Attorney for Axson, Coleman, and Null*

Christine R. Gilbert
Office of Legislative Research and General Counsel
Utah State Capitol Complex
House Building, Suite W210
Salt Lake City, Utah 84114-5210
cgilbert@le.utah.gov
*Attorney Bramble, McCay, Durrant, Schultz, and Adams*

D. Loren Washburn
2750 Rasmussen Rd., Suite H-107
Park city, Utah 84098
loren@pbp.law
*Attorney for Axson, Coleman, and Null.*

Executed on this 13th day of March 2026.

/s/ Tracie Halvorsen
TRACIE HALVORSEN
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro Se

/s/ STEVEN HUBER
STEVEN HUBER
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com

/s/ NANCY INMAN
NANCY INMAN
138 East 12300 South
C275
Draper, Utah 84020
916-396-4395
Nancyjinman@gmail.com
Plaintiff Pro Se

/s/ DANIEL NEWBY
DANIEL NEWBY
138 East 12300 South
C275
Draper, Utah 84020
801-949-3360
danieltrouble@protonmail.com

Plaintiff Pro Se                                        Plaintiff Pro Se

/s/ WAYNE WICKIZER
WAYNE WICKIZER
138 East 12300 South C275
Draper, Utah 84020
385-239-8326
justice@utahwtp.com
Plaintiff Pro Se