Derek Brown
Utah Attorney General

Anikka Hoidal (16489)
David N. Wolf (6688)
Jason Dupree (17509)
Assistant Attorneys General
P.O. Box 140874
Salt Lake City, Utah 84114
ahoidal@agutah.gov
dnwolf@agutah.gov
jndupree@agutah.gov

*Attorneys for State, Legislative, and Judicial Defendants*

IN THE UNITED STATES DISTRICT COURT IN AND FOR

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TRACIE HALVORSEN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>SPENCER COX, as an individual and in official capacity; DEIDRE HENDERSON, as an individual and in official capacity, STATE OF UTAH, et al.<br><br>Defendants. | **STATE AND LEGISLATIVE DEFENDANTS' OPPOSITION TO PLAINTIFFS HALVORSEN'S AND HUBER'S MOTION TO SUPPLEMENT THE RECORD**<br><br>Case No. 2:25-cv-00909-HCN-JCB<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Jared C. Bennett |

Defendants Spencer Cox, Deidre Henderson, the State of Utah, Curtis Bramble, Daniel McCay, Mike Schultz, and J. Stuart Adams, (collectively, "State and Legislative Defendants") submit their Opposition to Plaintiffs Halvorsen's and Huber's Motion to Supplement the Record.

## GROUNDS FOR DENYING MOTION

The briefing as to State and Legislative Defendants' request for attorney fees against Plaintiffs Halvorsen and Huber ("Halvorsen Plaintiffs") has closed.  That motion is pending before the Court and ripe for decision.

The Halvorsen Plaintiffs now seek to supplement the record with publicly available materials from 2016.  Specifically, the Halvorsen Plaintiffs move to introduce the State's brief to the Utah Supreme Court in *Utah Republican Party v. Cox*, and the Utah Supreme Court's opinion from that case.  This is not new evidence that was unavailable when the Halvorsen Plaintiffs filed their Opposition to the State and Legislative Defendants' Motion for Attorney Fees.  These are publicly available materials from 2016.  The Halvorsen Plaintiffs could have included these materials in their Opposition, but chose not to.  The Court should therefore deny the Motion to Supplement.

Moreover, the Halvorsen Plaintiffs improperly attempt to use their Motion to Supplement to raise new arguments, for the first time, in opposition to the Motion for Attorney Fees.  The Local Rules allow the Halvorsen Plaintiffs to file one response to State and Legislative Defendants' Motion.  The Halvorsen Plaintiffs don't get a second-chance opposition.  The Halvorsen Plaintiffs' new arguments in opposition to attorney fees are waived, untimely, and not properly before the Court.

The arguments contained in the motion to supplement are not well founded.  But, because the Halvorsen Plaintiffs' Motion to Supplement is improper and should be denied on that basis,

1

State and Legislative Defendants do not respond to the merits of the Halvorsen Plaintiffs'

arguments in their motion.  If the Court would like State and Legislative Defendants to submit a

brief addressing the substance of Plaintiffs' underlying arguments, State and Legislative will do

so upon the Court's request.

## BACKGROUND

After the Court entered final judgment, State and Legislative Defendants moved for

attorney fees.[1]  State and Legislative Defendants contended that Plaintiffs' claims were

meritless.[2]  State and Legislative Defendants further argued that Plaintiffs brought their lawsuit

to harass and embarrass Defendants.[3]  In support, Defendants noted that Halvorsen celebrated on

X that Defendants would incur costs defending this lawsuit.[4]  Defendants also pointed to another

one of Halvorsen's X post, which showed that the purpose of this lawsuit was personal

retribution against Defendant Senator McCay.[5]

On March 27, 2026, the Halvorsen Plaintiffs filed their full-length, researched

opposition.[6]  In their opposition, the Halvorsen Plaintiffs argued that their claims were not

meritless because of Judge Tymkovich's dissent in *Utah Republican Party v. Cox*,[7] and claimed

they were denied a fair judicial process.[8]  The Halvorsen Plaintiffs did not address Halvorsen's X

posts.  On April 9, 2026, State and Legislative Defendants filed their Reply to the Halvorsen

Plaintiffs' Opposition, closing the briefing on State and Legislative Defendants' Motion as to the

---

[1] ECF No. 152.
[2] *Id.* at 3-7.
[3] *Id.* at 7.
[4] *Id.* at 8.
[5] *Id.* at 9.
[6] ECF No. 168.
[7] *Id.* at 6.
[8] *Id.* at 3, 8-10.

Halvorsen Plaintiffs.[9]  Almost two months later, the Halvorsen Plaintiffs have now filed a Motion

to Supplement the Record.[10]

## ARGUMENT

1.    <u>Plaintiffs' Motion to Supplement should be denied because Plaintiffs seek to introduce
materials that were available when they filed their opposition to motion for attorney fees</u>

In adjudicating "a motion to supplement the record," courts "normally do not consider

material submitted after briefing unless it was previously unavailable."  *Landreth v. United

States*, 797 F. App'x 521, 524 (Fed. Cir. 2020).  *See also Garrison v. Oracle Corp.*, 159 F. Supp.

3d 1044, 1062 (N.D. Cal. 2016) (declining to supplement the record when proffered documents

were produced to plaintiffs a month before plaintiffs filed their opposition brief).  Furthermore, a

motion to supplement is improper if it "seek[s] to add new arguments" that "were readily

available" during original briefing.  *Cantu v. Guerra*, No. SA-20-CV-0746-JKP, 2023 WL

5217852, at *8 (W.D. Tex. Aug. 11, 2023).

Here, Plaintiffs seek to supplement with the record with: 1) Lt. Governor Cox's brief to

the Utah Supreme Court in *Utah Republican Party v. Cox*; and 2) the Utah Supreme Court's per

curiam opinion in *Utah Republican Party v. Cox*, 2016 UT 17.  These materials were available to

Plaintiffs when they filed their opposition to Defendants' motion for attorney fees.  Both Lt.

Governor Cox's brief and the *URP* opinion were from 2016.  And the materials were publicly

available.  Plaintiffs concede that "[b]oth proposed exhibits are public court filings."[11]  Because

the Halvorsen Plaintiffs seek to supplement the record with previously available materials, the

Court should deny the Motion to Supplement.

---

[9] ECF No. 172.
[10] Pls.' Mot., ECF No. 182.
[11] Pls.' Mot. at 9.

The Halvorsen Plaintiffs also use their Motion to Supplement to make new arguments about why their claims aren't frivolous.[12]  Those arguments were available when the Halvorsen Plaintiffs filed their opposition to motion for attorney fees, and the Halvorsen Plaintiffs give no reason why they couldn't have made those arguments then.  The Halvorsen Plaintiffs cannot use their Motion to Supplement to bring those previously available arguments.  The Motion to Supplement is improper.  The Court should deny the Halvorsen Plaintiffs' Motion.

2.    <u>The Halvorsen Plaintiffs attempt to use their Motion to Supplement to file a second opposition to the motion for attorney fees</u>

The Halvorsen Plaintiffs go well beyond asking the Court to supplement the record, and instead use their Motion to Supplement to argue various reasons why the Court should not grant attorney fees.  These arguments are improperly raised.  The Halvorsen Plaintiffs had a chance to raise their arguments in their opposition to motion for attorney fees that they previously filed.  The Halvorsen Plaintiffs cannot use their Motion to Supplement as a subterfuge to file a second opposition to motion for attorney fees.

Rule 7-1(a) of the Local Rules of Civil Practice, entitled "Motion, Response, and Reply," provides the briefing procedures for this Court.[13]  When a party files a motion, Local Rule 7-1(a)(4)(D) permits *a response* and a reply.  "Unless ordered otherwise, the court will not consider additional memoranda."[14]  Therefore, the Local Rules allow for the non-movant to file a single opposition, and second oppositions are not permitted.  The Halvorsen Plaintiffs already filed their opposition to State and Legislative Defendants' motion for attorney fees, on March 27,

---

[12] *See, e.g.,* Pls.' Mot. at 1 ("These exhibits establish that the claims in this lawsuit were not frivolous.").
[13] DUCivR 7-1(a), available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202025.pdf.
[14] DUCivR 7-1(a)(9).

4

2026.[15]  State and Legislative Defendants filed their reply on April 9, 2026.[16]  Briefing for the motion for attorney fees as to the Halvorsen Plaintiffs has closed.  Plaintiffs are not allowed to submit additional memoranda to oppose the motion for attorney fees.  "This is true even though" the Halvorsen Plaintiffs are "proceeding pro se in this case, as [they] still must comply with all relevant procedural rules."  *Simmler v. Reyes*, No. 219CV01009RJSJCB, 2021 WL 535501, at *1 (D. Utah Feb. 12, 2021).

Moreover, the Halvorsen Plaintiffs have waived any arguments they did not bring in their opposition to motion for attorney fees.  *See Coffey v. Healthtrust, Inc.*, 955 F.2d 1388, 1393 (10th Cir. 1992) (finding plaintiffs waived arguments where plaintiff did not challenge or rebut defendants' arguments in response to defendants' motion); *Peretto v. Erickson*, No. 1:23-CV-00025-DBB-DBP, 2026 WL 1180046, at *16 (D. Utah Apr. 30, 2026) (where plaintiff "failed to address" an argument in opposition to defendant's motion, "Plaintiff has conceded this argument").

The Halvorsen Plaintiffs now, for the first time, attempt to explain Halvorsen's X posts and argue that the posts do not demonstrate that Plaintiffs brought this lawsuit in bad faith.[17]  These arguments are waived and untimely.  State and Legislative Defendants specifically identified Halvorsen's X posts in their Motion for Attorney Fees.[18]  The Halvorsen Plaintiffs chose not to address the X posts in their original opposition.  The Halvorsen Plaintiffs cannot now raise these arguments for the first time in a post-briefing Motion to Supplement.

---

[15] ECF No. 168.
[16] ECF No. 172.
[17] Pls.' Mot. at 8-9.
[18] ECF No. 152 at 8-9.

Similarly, the Halvorsen Plaintiffs now argue for the first time that "the fee motions" and 42 U.S.C. § 1988 are unconstitutional.[19]  The Halvorsen Plaintiffs' argument that "the fee motions" are unconstitutional is an explicit concession that they are using their Motion to Supplement as an attack on State and Defendants' motion for attorney fees.  That's what an opposition brief is for.  The Halvorsen Plaintiffs could have raised this argument in their opposition, but chose not to.  This argument is untimely, waived, and not properly before the Court.

Finally, the Halvorsen Plaintiffs point to the Wickizer Plaintiffs' declarations to argue why the motion for attorney fees should not be granted.  The Wickizer Plaintiffs have submitted their own opposition to State and Legislative Defendants' motion for attorney fees, and State and Legislative Defendants have replied to that opposition.  That briefing is also closed.  The Halvorsen Plaintiffs are not permitted to submit their own opposition, then later submit another brief to make further arguments based on the Wickizer Plaintiffs' opposition.  "The paper exchanges between parties must have an end point and cannot be permitted to become self perpetuating."  *E.E.O.C. v. Int'l Paper Co.*, No. CIV. A. 91-2017-L, 1992 WL 370850, at *10 (D. Kan. Oct. 28, 1992).  As explained above, the Local Rules allow the Halvorsen Plaintiffs to file one opposition.  "Such rules are not only fair and reasonable, but they assist the court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word."  *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1341 (D. Kan. 1997).  The Halvorsen Plaintiffs' arguments are improper and should not be considered by the Court.

---

[19] Pls.' Mot. at 10

6

**CONCLUSION**

For the reasons stated above, the Court should deny the Halvorsen Plaintiffs' Motion to Supplement the Record.  If the Court allows the Halverson Plaintiffs to file an additional memorandum in opposition to the pending Motion for Attorney's Fees, under the guise of supplementing the record, State and Legislative Defendants respectfully request the opportunity to respond to the substance of the arguments contained therein.

DATED: June 1, 2026

Derek Brown
Utah Attorney General

*/s/ Jason Dupree*
Jason Dupree
Assistant Utah Attorney General
Counsel for State, Legislative, and Judicial Defendants