Jeffrey B. Teichert (Utah Bar No. 7000)
FREEMAN LOVELL, PLLC
9980 South 300 West, Suite 200
Sandy, Utah 84070
Office: (385) 355-4826
Email: jeff.teichert@freemanlovell.com
*Attorney for Plaintiffs Wickizer, Newby and Inman*

---

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **TRACIE HALVORSEN, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SPENCER COX as an individual and official capacity, et al.,**<br><br>**Defendants.** | **MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO UTAH REPUBLICAN PARTY DEFENDANTS' MOTION TO STRIKE**<br><br><br>Case No.: 2:25-cv-909-HCN<br><br>Judge: Howard C. Neilson |

Plaintiffs Nancy Inman, Wayne Wickizer, and Daniel Newby ("Silent Plaintiffs"), by and through counsel of record, move this Court for an order granting leave to file a Sur-Reply in Opposition to Utah Republican Party Defendants' ("URP Defendants") Motion to Strike.

## INTRODUCTION

Under District of Utah Local Rule DUCivR 7-1(a)(4), standard motion briefing is generally limited to a motion, response, and reply. However, this Court retains broad inherent discretion to permit a sur-reply where a moving party introduces new arguments or legal theories for the first time in its reply brief, leaving the non-moving party with no procedural mechanism to respond.

On June 4, 2026, the URP Defendants filed their Reply in Support of the Motion to Strike. Inside that brief, Defendants introduced an entirely new, highly technical "procedural waiver" argument regarding the Silent Plaintiffs' underlying right to counsel and their ability to challenge a prior administrative text entry. Because the URP Defendants used their Reply to raise these novel procedural arguments—and simultaneously expanded their attack on the objective merits of the Silent Plaintiffs' pending fee dispute—a targeted Sur-Reply is strictly necessary to prevent manifest injustice and to provide the Court with a complete legal record.

## ARGUMENT

A sur-reply is warranted when a party's reply brief introduces fresh material or shifting legal frameworks that the opposing party has not yet had a fair opportunity to address. Here, the URP Defendants' Reply introduces new matters on both procedural and substantive fronts that require brief clarification:

**1. Defendants' Novel Procedural Waiver Claims:** In their Reply, the URP Defendants argue for the first time that because the Silent Plaintiffs did not style a portion of their initial papers as a formal "Motion to Vacate," this Court is permanently paralyzed and entirely foreclosed from reviewing its March 31 administrative text entry. This argument elevates rigid typographical labels over substance and relies on a restrictive legal fiction. The Silent Plaintiffs require leave to submit a targeted Sur-Reply explaining that under Federal Rule of Civil Procedure 54(b) and binding Supreme Court precedent, this Court maintains exclusive, inherent, *sua sponte* authority to revise any routine interlocutory docket entry before final judgment is entered. The Silent Plaintiffs have a right to show that their detailed history was explicitly provided to supply the Court with the factual foundation necessary to trigger those *sua sponte* revision powers.

**2. Broadening the Substantive Attacks on Counsel:** The URP Defendants used their Reply to aggressively expand their arguments regarding the merits of the underlying fee dispute under 42 U.S.C. § 1988 and Rule 11. Specifically, Defendants assert that the Silent Plaintiffs' core constitutional arguments are "indisputably meritless" despite being solidly anchored by Chief Judge Tymkovich's robust, published dissent in *Utah Republican Party v. Cox*, 892 F.3d 1066

(10th Cir. 2018). Because Defendants explicitly claim in their Reply that a lawsuit inspired by a published Tenth Circuit dissent is inherently frivolous as a matter of law, the Silent Plaintiffs must be allowed to address this extreme proposition with controlling federal authority.

Furthermore, the Silent Plaintiffs must respond to the URP Defendants' mischaracterization of *Fox v. Vice*, 563 U.S. 826 (2011), to demonstrate that because the operative facts of this case share an inseparable, singular common core, the URP Defendants' "but-for" litigation expenses are mathematically zero.

Allowing the proposed Sur-Reply will not disrupt judicial economy or prejudice the Defendants. To the contrary, it directly resolves the core question presented: whether unrepresented litigants, forced solely by an unacted-upon extension motion and an imminent deadline to sign an unwanted *pro se* opposition, are permanently foreclosed from subsequently retaining counsel and presenting their own brief on the merits.

## CONCLUSION

For the reasons set forth above, the Silent Plaintiffs respectfully request that this Court grant their Motion for Leave to File a Sur-Reply. The proposed Sur-Reply is attached hereto as Exhibit A.

DATED this 15th day of June, 2026.

FREEMAN LOVELL, PLLC

Jeffrey B. Teichert
*Attorney for Plaintiffs Wickizer, Newby and Inman*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June, 2026, I caused a true and correct copy of the foregoing **MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO UTAH REPUBLICAN PARTY DEFENDANTS' MOTION TO STRIKE** to be served upon all counsel of record via the Court's CM/ECF system, which will send notification of such filing to the following:

Jason Dupree
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 977-8940
jndupree@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Scott *Cheney*
*Office of the Utah Attorney General*
*PO Box 140856*
*Salt Lake City, Utah 84114-0856*
*(385) 977-4858*
scheney@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

David Wolf
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 441-5084
dnwolf@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Anikka Hoidal
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 272-3951
ahoidal@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Stacy R. Haacke
Office of General Counsel
Administrative Office of the Courts
PO Box 140241
Salt Lake City, Utah 84114-0241
(801) 214-5805
stacyh@utcourts.gov
*Attorney for Chief Justice Matthew Durrant*

John R. Richardson
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Johnny.richardson@dentons.com
*Attorney for Brian McKenzie*

R. Blake Hamilton
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Blake.hamilton@dentons.com
*Attorney for Brian McKenzie*

Janise K. Macanas
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Janise.macanas@dentons.com
*Attorney for Brian McKenzie*

Alan R. Houston

Christine R. Gilbert

4

Office of Legislative Research and General Counsel
Utah State Capitol Complex
House Building, Suite W210
Salt Lake City, Utah 84114-5210
ahouston@le.utah.gov
*Attorney Bramble, McCay, Durrant, Schultz, and Adams*

Victoria S. Ashby
Office of Legislative Research and General Counsel
Utah State Capitol Complex
House Building, Suite W210
Salt Lake City, Utah 84114-5210
vashby@le.utah.gov
*Attorney Bramble, McCay, Durrant, Schultz, and Adams*

Office of Legislative Research and General Counsel
Utah State Capitol Complex
House Building, Suite W210
Salt Lake City, Utah 84114-5210
cgilbert@le.utah.gov
*Attorney Bramble, McCay, Durrant, Schultz, and Adams*

D. Loren Washburn
2750 Rasmussen Rd., Suite H-107
Park City, Utah 84098
loren@pbp.law
*Attorney for Axson, Coleman, and Null.*

I further certify that the following parties were sent this document via email:

/s/ Tracie Halvorsen
TRACIE HALVORSEN
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff *Pro Se*

/s/ STEVEN HUBER
STEVEN HUBER
138 East 12300 South, C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff *Pro Se*

FREEMAN LOVELL, PLLC

Jeffrey B. Teichert
*Attorney for Plaintiffs Wickizer, Newby and Inman*

5

Jeffrey B. Teichert (Utah Bar No. 7000)
FREEMAN LOVELL, PLLC
9980 South 300 West, Suite 200
Sandy, Utah 84070
Office: (385) 355-4826
Email: jeff.teichert@freemanlovell.com
*Attorney for Plaintiffs Wickizer, Newby and Inman*

---

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **TRACIE HALVORSEN, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SPENCER COX as an individual and official capacity, et al.,**<br><br>**Defendants.** | **SUR-REPLY IN OPPOSITION TO UTAH REPUBLICAN PARTY DEFENDANTS' MOTION TO STRIKE**<br><br>Case No.: 2:25-cv-909-HCN<br><br>Judge: Howard C. Neilson |

The issue is whether unrepresented litigants are barred from later retaining counsel and filing their own timely brief, after an unacted-upon motion for extension forced them to sign an unwanted *pro se* opposition to meet an imminent deadline.

## INTRODUCTION

### Update Regarding Timeliness Objections

On May 28, 2026, Counsel for Silent Plaintiffs and Counsel for URP Defendants conferred by email and agreed to a stipulated retroactive extension of time to file Silent Plaintiffs' Memorandum on May 15, 2026—the date it was actually filed. This Sur-Reply will, therefore, not discuss URP Defendants' argument that Silent Plaintiffs' Opposition was untimely filed because it is now moot.

## PROCEDURAL BACKGROUND

By the time this case was dismissed, Silent Plaintiffs had become increasingly doubtful about following Plaintiff Tracy Halverson's lead in this case. (Opposition of Plaintiffs Wickizer Newby and Inman to URP Defendants' Motion to Strike Response of Plaintiffs Wickizer, Newby, and Inman to Utah Republican Party Defendants' Motion for Attorney Fees and Sanctions ("Opp.") at 2). Their Motion directly states this.

As the record establishes, the URP Defendants' underlying Motion for Attorney Fees was filed on March 2, 2026, making responses due on Monday, March 16, 2026. Evidence of Silent Plaintiffs' intent is that they filed their own Motion to Extend Time on March 16, to give them time to find an attorney and file their own Opposition. (Opp. at 2.) However, because the Motion to Extend Time was submitted after-hours via email to the Clerk and chambers, a systemic administrative lag prevented them from being formally entered onto the electronic ECF docket until Tuesday, March 17, 2026.

Utah Republican Party Defendants ("URP Defendants") acknowledged that, while unrepresented, Silent Plaintiffs attempted to file their Motion for an Extension by email because they did not know how to file court documents through the ECF system. (Motion to Strike ("MTS") at 2. N.1). Thus, their motion was not even docketed until March 17. Fearful that the docketing lag and the Court not acting on their motion might lead to an immediate default, Silent Plaintiffs felt they no choice except to join Ms. Halverson's *pro se* brief to avoid having no objection on the record at all. (Opp. at 2.)

Silent Plaintiffs have never withdrawn their Motion for Extension of time. However, likely unaware of the circumstances, in a March 31 minute order, the Court declared the motion moot because Traci Halverson's Opposition had already been filed with their names attached to it (ECF 170)—though they did so under duress and very much wanted to file their own Opposition through their own counsel. They ultimately did so through counsel on May 15, 2026. (ECF 179).

**ARGUMENT**

### I. Under Rule 54(b) and Binding Precedent, This Court Retains Inherent Power to Deem the Administrative Mootness Entry Revised *Sua Sponte*

The foundational premise of Defendants' Motion to Strike and subsequent Reply Brief rests upon a restrictive legal fiction. Defendants argue that this Court entered an administrative docket entry on March 31, 2026, noting that Silent Plaintiffs' *pro se* extension motions were "moot" and, thus, the Court is now completely paralyzed from reviewing that finding unless Silent Plaintiffs filed a separate, formal Motion to Vacate or Motion for Reconsideration.

The March 31 docket entry was a routine, administrative interlocutory order, not a final judgment. Under Federal Rule of Civil Procedure 54(b), any order or decision that does not adjudicate all claims "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "[D]istrict courts generally remain free to reconsider their earlier interlocutory orders." *Rimbert v. Eli Lilly & Co.,* 647 F.3d 1247, 1251 (10th Cir. 2011) (quoting *Been v. O.K. Indus.,* 495 F.3d 1217, 1225 (10th Cir.2007); *see Elephant Butte Irrigation Dist. v. U.S. Dep't of Interior,* 538 F.3d 1299, 1306 (10th Cir.2008) ("every order short of a final decree is subject to reopening at the discretion of the district judge") (citation to Rule 54(b) omitted).

A district court's power to modify an interlocutory order is not a passive mechanism that can only be awakened by a formal, docketed motion from a party. Rather, it is an inherent authority belonging exclusively to the Court. The Supreme Court explained that "[t]he inherent powers district courts possess 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases,'" includes "inherent powers possessed by district courts, *e.g.,* a district court's inherent power to modify or rescind its orders before final judgment in a civil case[.]" *Dietz v. Bouldin*, 579 U.S. 40, 40-41 (2016). The Supreme Court further stated that, "every order short of a final decree is subject to reopening at the discretion of the district judge." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12. Where an "order did not terminate the action" it

3

"was therefore subject to revision" by the Judge "*sua sponte* or otherwise." *United States v. Young*, 657 F.2d 246, 247 (10th Cir. 1980).

The Silent Plaintiffs did not "omit" a procedural step in their initial Opposition (ECF 192). Instead, they recognized that filing a separate, formal Motion to Vacate the administrative mootness order would be redundant. The sole purpose of the detailed historical recitation and corresponding legal arguments set forth in the Silent Plaintiffs' Opposition was to provide this Court with the factual record necessary to trigger its *sua sponte* revision powers under Rule 54(b).

URP Defendants want to stick the Silent Plaintiffs with an Opposition written by a non-lawyer because they signed on to it under duress. This Court thus has every reason to deny the MTS and no just reason not to. "Litigation is the search for truth; it is not a game of 'gotcha.'" *You Li v. Lewis*, No. 1:20-CV-00012-TS-JCB, 2020 WL 3217268, at \*2 (D. Utah June 15, 2020). This is the evidentiary foundation for an equitable correction of the record. The historical record demonstrates that enforcing the administrative entry would sanction a manifest injustice. This Court has broad discretion to correct the record *sua sponte*. Allowing Silent Plaintiffs to file their own Opposition through counsel of their choice is consistent with Justice Gorsuch's statement that "[o]ur justice system has a strong preference for resolving cases on their merits whenever possible[.]" *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1319 (10th Cir. 2011).

## II.     The Silent Plaintiffs Did Not Waive their Right to Their Own Counsel or File their own Opposition

URP Defendants assert that Silent Plaintiffs "waived" any challenge to the March 31 administrative mootness entry. But signing on to another *pro se* brief was not a volitional act. Defendants also argue that because the Silent Plaintiffs did not style a portion of their brief as a formal "Motion to Vacate," the Court's administrative docket entry remains completely unreviewable. This argument elevates rigid typographical labels over the clear, substantive argument of the Opposition to Motion to Strike. As set forth in Silent Plaintiff's Opposition, (ECF 192) Pages 2-3, Silent Plaintiffs did not change their strategy nor sign on to Tracy Halverson's Opposition as a volitional act.

On page 2 of the Opposition, the Silent Plaintiffs explicitly detailed the structural trap that the administrative lag in acting on their Motion to Extend forced upon them, noting that the moving defendants are attempting to "charge [them] with knowledge of filing on the ECF system" during a period when they were unrepresented and attempting to break away from the primary *pro se* plaintiff. (Opp. at 2.) The Opposition directly shows the impossible choice they faced, explaining why Silent Plaintiffs were forced into joining Tracie Halvorsen's Opposition or risk not opposing the fee motion at all. (Opp. at 2.) They felt caught in an administrative bottleneck that left them with an untenable procedural Hobson's choice: sign a deficient *pro se* document or face an immediate default judgment.

Weeks later, on March 31, 2026, the Court addressed the pending extension motions, entering a routine administrative text order noting that because an opposition brief containing the Silent Plaintiffs' signatures had hit the docket, the motions for an extension were technically "moot." Defendants now attempt to weaponize this emergency act of default-avoidance into a permanent waiver of the right to counsel.

Silent Plaintiffs notified the Court that they successfully retained counsel, disavowed the ancillary claims of the primary *pro se* plaintiff, and dismissed their appeal to narrow the scope of this litigation. Forcing unrepresented lay litigants to remain permanently bound to a *pro se* brief signed under extreme duress completely subverted the right to be represented by counsel of choice.

The URP Defendants use their Reply Brief to advance the sweeping, novel proposition that a lawsuit inspired by a dissenting opinion is inherently frivolous as a matter of law, boldly claiming that the Silent Plaintiffs cannot cite a single case to the contrary. Defendants are wrong. Under 42 U.S.C. § 1988, a defendant is only entitled to attorney's fees if the plaintiff's core claims are completely groundless, vexatious, or based on an "indisputably meritless legal theory."

## II.      A Serious Legal Theory Out Forth by the Chief Judge is Not Frivolous

A legal theory cannot be deemed groundless or void of merit when it is solidly anchored by a comprehensive, published First Amendment framework articulated by the Chief Judge of this Circuit. In *Utah Republican Party v. Cox*, Chief Judge Tymkovich explicitly wrote in dissent that

forcing a political party to alter its internal bylaws or face ballot exclusion imposes a "serious restriction of its First Amendment freedoms" and "may even be coercive." 892 F.3d 1066, 1107 (10th Cir. 2018) (Tymkovich, C.J., dissenting).

While a panel majority ultimately ruled against that position, an unrepresented citizen's reliance on the published legal conclusions of the Chief Judge of the Tenth Circuit is the very definition of a colorable, non-frivolous claim. Litigants cannot be severely sanctioned with a global $131,000 fee penalty simply for advocating for a constitutional position validated by a senior member of the federal judiciary.

Furthermore, the URP Defendants' newly raised arguments regarding the fee allocation framework of *Fox v. Vice*, 563 U.S. 826 (2011), completely foreclose their global demand. Because the core constitutional arguments (supported by the Circuit dissent) share an inseparable, identical "common core of facts" with the ancillary claims, the URP Defendants would have faced the exact same litigation burden regardless of any ancillary labels. Under a proper *Fox* analysis, the URP Defendants' "but-for" fees are mathematically zero.

The historical facts recited in the initial Opposition were explicitly placed before the Court to demonstrate that the March 31 entry was an administrative mirage. The extension motions were not "moot" because the *pro se* filing was never a true reflection of the Silent Plaintiffs' positions or intent. Because this Court possesses the power under Rule 54(b) to ignore or reverse an administrative technicality and look to the manifest substance of the case, the Court should exercise its *sua sponte* authority, deny the Motion to Strike, and evaluate the pending fee dispute on the basis of the professionally counseled Opposition already before the Court.

## CONCLUSION

Because the underlying mootness order was interlocutory, this Court has unchecked discretion to recognize the duress of the midnight deadline, honor the express request for equitable relief detailed on pages 2 and 3 of the Opposition, reject Defendants' Motion to Strike, and exercise its inherent authority to correct the record *sua sponte*. Plaintiffs respectfully request that the Court

6

deny Defendants' Motion to Strike and evaluate the pending Fee Motion on the basis of the fully counseled Opposition already before the Court.

DATED June 15, 2026.

FREEMAN LOVELL, PLLC

Jeffrey B. Teichert
*Attorney for Plaintiffs Wickizer, Newby and Inman*

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June, 2026, I caused a true and correct copy of the foregoing **SUR-REPLY IN OPPOSITION TO UTAH REPUBLICAN PARTY DEFENDANTS' MOTION TO STRIKE** to be served upon all counsel of record via the Court's CM/ECF system, which will send notification of such filing to the following:

Jason Dupree
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 977-8940
jndupree@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Scott *Cheney*
*Office of the Utah Attorney General*
*PO Box 140856*
*Salt Lake City, Utah 84114-0856*
*(385) 977-4858*
scheney@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

David Wolf
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 441-5084
dnwolf@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Anikka Hoidal
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 272-3951
ahoidal@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Stacy R. Haacke
Office of General Counsel
Administrative Office of the Courts
PO Box 140241
Salt Lake City, Utah 84114-0241
(801) 214-5805
stacyh@utcourts.gov
*Attorney for Chief Justice Matthew Durrant*

John R. Richardson
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Johnny.richardson@dentons.com
*Attorney for Brian McKenzie*

R. Blake Hamilton
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Blake.hamilton@dentons.com
*Attorney for Brian McKenzie*

Janise K. Macanas
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Janise.macanas@dentons.com
*Attorney for Brian McKenzie*

Alan R. Houston
Office of Legislative Research and General
Counsel
Utah State Capitol Complex
House Building, Suite W210
Salt Lake City, Utah 84114-5210
ahouston@le.utah.gov
*Attorney Bramble, McCay, Durrant, Schultz, and Adams*

Victoria S. Ashby
Office of Legislative Research and General
Counsel
Utah State Capitol Complex
House Building, Suite W210
Salt Lake City, Utah 84114-5210
vashby@le.utah.gov
*Attorney Bramble, McCay, Durrant, Schultz, and Adams*

Christine R. Gilbert
Office of Legislative Research and General
Counsel
Utah State Capitol Complex
House Building, Suite W210
Salt Lake City, Utah 84114-5210
cgilbert@le.utah.gov
*Attorney Bramble, McCay, Durrant, Schultz, and Adams*

D. Loren Washburn
2750 Rasmussen Rd., Suite H-107
Park City, Utah 84098
loren@pbp.law
*Attorney for Axson, Coleman, and Null.*

I further certify that the following parties were sent this document via email:

/s/ Tracie Halvorsen
TRACIE HALVORSEN
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro Se

/s/ STEVEN HUBER
STEVEN HUBER
138 East 12300 South, C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro Se

FREEMAN LOVELL, PLLC

Jeffrey B. Teichert
*Attorney for Plaintiffs Wickizer, Newby and Inman*

9