Jeffrey B. Teichert (Utah Bar No. 7000)
TEICHERT LAW OFFICE, PLLC
1123 N. Fairfield Rd., Ste 92
Layton, Utah 84041
(801) 448-6750
jeff.teichert@teichertlaw.com
*Attorney for Silent Plaintiffs*

**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| **TRACIE HALVORSEN, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SPENCER COX as an individual and official capacity, et al.,**<br><br>**Defendants.** | **CORRECTED MOTION FOR LEAVE TO FILE SUR-REPLY TO STATE DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES**<br><br>Case No.: 2:25-cv-909-HCN<br><br>Judge: Howard C. Neilsen |

Plaintiffs Nancy Inman, Wayne Wickizer, and Daniel Newby ("Silent Plaintiffs"), by and through counsel of record, move this Court for an order granting leave to file a Sur-Reply in Opposition to Utah State Defendants' Motion for Attorney Fees.

## INTRODUCTION

Under District of Utah Local Rule DUCivR 7-1(a)(4), standard motion briefing is generally limited to a motion, response, and reply. However, this Court retains broad inherent discretion to permit a sur-reply where a moving party introduces new arguments or legal theories for the first time in its reply brief, leaving the non-moving party with no procedural mechanism to respond.

On June 4, 2026, the State Defendants filed their Reply in Support of the Motion for Attorney Fees. (ECF 191.) Within that brief, Defendants introduced entirely new arguments regarding some of the Silent Plaintiffs' involvement in other lawsuits. Because State Defendants used their Reply to raise these novel procedural arguments—and simultaneously expanded their attack on the objective merits of the Silent Plaintiffs' pending fee dispute—a targeted Sur-Reply is strictly necessary to prevent manifest injustice and provide the Court with a complete legal record.

## ARGUMENT

A sur-reply is warranted when a party's reply brief introduces fresh material or shifting legal frameworks that the opposing party has not yet had a fair opportunity to address. Here, State Defendants' Reply introduces new matters on that require brief clarification:

**1. Defendants' Novel Assertions:** In their Reply, State Defendants argue for the first time that Silent Plaintiffs have been involved in lawsuits before implying, without citation of legal authority, that the Court should impute the knowledge and skill of an attorney to these Pro Se Plaintiffs. This argument ignores the fact that, in four prior cases cited by State Defendants, one silent Plaintiff was represented by counsel and relied on his attorney. The argument further suggests that the ability to understand Silent Plaintiffs' simple state lawsuits is equivalent to figuring out the federal case here. It should also be noted that Nancy Inman was not a plaintiff in any of the other actions.

**2.** Plaintiffs' argument ignores case authority establishing that establishing sufficient grounds for a fee award against a civil rights plaintiff is exceedingly burdensome and rarely granted, even when the Plaintiff was represented by counsel. Furthermore, there is no case authority suggesting that being a pro se plaintiff in prior cases should lead to an inference that the expertise of a licensed attorney should be imputed to the plaintiff.

**3.** State Defendants in this case further argued in their Reply Memorandum that Plaintiffs' financial status should not be used to deny attorney fees. The Proposed Sur-Reply cites legal authority stating that a litigant's ability to pay a fee award is an important

consideration in making such an award and explains why Silent Plaintiffs will experience financial ruin if a fee award is granted in this case.

**4.** The Proposed Sur-Reply is only three pages long and will not be burdensome for the Court to consider.

## CONCLUSION

For the reasons set forth above, the Silent Plaintiffs respectfully request that this Court grant their Motion for Leave to File a Sur-Reply. The proposed Sur-Reply is attached hereto as Exhibit A.

DATED this 10th day of August 2026.

TEICHERT LAW OFFICE, PLLC

Jeffrey B. Teichert
*Attorney for Plaintiffs Wickizer, Newby and Inman*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August 2026, I caused a true and correct copy of the foregoing **CORRECTED MOTION TO FILE SUR-REPLY TO STATE DEFENDANT'S REPLY MEMORANDUM** to be served upon all counsel of record via the Court's CM/ECF system, which will send notification of such filing to the following:

Jason Dupree
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 977-8940
jndupree@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Scott *Cheney*
*Office of the Utah Attorney General*
*PO Box 140856*
*Salt Lake City, Utah 84114-0856*
*(385) 977-4858*
scheney@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

David Wolf
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 441-5084
dnwolf@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Anikka Hoidal
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 272-3951
ahoidal@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Stacy R. Haacke
Office of General Counsel
Administrative Office of the Courts
PO Box 140241
Salt Lake City, Utah 84114-0241
(801) 214-5805
stacyh@utcourts.gov
*Attorney for Chief Justice Matthew Durrant*

John R. Richardson
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Johnny.richardson@dentons.com
*Attorney for Brian McKenzie*

R. Blake Hamilton
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Blake.hamilton@dentons.com
*Attorney for Brian McKenzie*

Janise K. Macanas
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Janise.macanas@dentons.com
*Attorney for Brian McKenzie*

Alan R. Houston
Office of Legislative Research and General Counsel
Utah State Capitol Complex
House Building, Suite W210
Salt Lake City, Utah 84114-5210
ahouston@le.utah.gov
*Attorney Bramble, McCay, Durrant, Schultz, and Adams*

Christine R. Gilbert
Office of Legislative Research and General Counsel
Utah State Capitol Complex
House Building, Suite W210
Salt Lake City, Utah 84114-5210
cgilbert@le.utah.gov
*Attorney Bramble, McCay, Durrant, Schultz, and Adams*

Victoria S. Ashby
Office of Legislative Research and General Counsel
Utah State Capitol Complex
House Building, Suite W210
Salt Lake City, Utah 84114-5210
vashby@le.utah.gov
*Attorney Bramble, McCay, Durrant, Schultz, and Adams*

D. Loren Washburn
2750 Rasmussen Rd., Suite H-107
Park City, Utah 84098
loren@pbp.law
*Attorney for Axson, Coleman, and Null.*

I further certify that the following parties were sent this document via email:

/s/ Tracie Halvorsen
TRACIE HALVORSEN
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff *Pro Se*

/s/ STEVEN HUBER
STEVEN HUBER
138 East 12300 South, C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff *Pro Se*

FREEMAN LOVELL, PLLC



Jeffrey B. Teichert