# Exhibit A

Jeffrey B. Teichert (Utah Bar No. 7000)
TEICHERT LAW OFFICE, PLLC
1123 N. Fairfield Rd., Ste 92
Layton, Utah 84041
(801) 448-6750
jeff.teichert@teichertlaw.com
*Attorney for Silent Plaintiffs*

**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| **TRACIE HALVORSEN, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SPENCER COX as an individual and official capacity, et al.,**<br><br>**Defendants.** | [PROPOSED] **SUR-REPLY TO STATE DEFENDANT'S REPLY MEMORANDUM**<br><br>Case No.: 2:25-cv-909-HCN<br><br>Judge: Howard C. Neilsen |

Plaintiffs Daniel Newby, Wayne Wickizer, and Nancy Inman ("Silent Plaintiffs") hereby respond to new arguments not raised before State Defendants' Reply Memorandum. Notwithstanding the "general principle that each party should bear the costs of its own legal representation," courts have inherent power to award fees when the opposing party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO*, Inc., 501 U.S. 32, 45–46 (1991).

**1. Silent Plaintiffs Have Not Actively Participated in this Litigation**

State Defendants argue that Silent Plaintiffs must have been aware of the details here because they have been Plaintiffs in other cases. However, in four of those cases, Daniel Newby was represented by counsel and did not proceed Pro Se. The other cases were much simpler than here.

- Maxfield v. Cox, No. 4:19-cv-00106-DN — Attorney Brent Manning and Trevor J. Lee, Counsel of Record.
- Maxfield v. Herbert, No. 4:20-cv-00057-DN — Attorney Michael Teter, Counsel of record, Margaret B. Vu.
- Maxfield v. Cox, No. 4:21-cv-00031-DN — Attorney Michael Teter, Counsel of Record.
- Maxfield v. Cox, No. 4:21-cv-00051-DN — Attorney Joel Ban, Counsel of Record.

Although Silent Plaintiffs signed on to documents produced by Tracy Halverson, there is no evidence they studied them, gave advice about them, planned strategy, or helped to research or otherwise produce them, nor played an active role in the litigation. (Declaration of Daniel Newby, ECF 179-1, ¶¶ 6-13; Declaration of Nancy Inman, ECF 179-3 ¶¶ 7-10; Declaration of Wayne Wickizer, ECF 179-2 ¶¶ 6-11.)

It is telling that State Defendants cite no legal authority for the proposition that experience as a Plaintiff reverses the presumption that a Pro Se Plaintiff should not be subject to an award of attorney fees in all but the most extreme cases. In fact, "Attorney fees are not available against a pro se litigant unless the action is 'meritless in the sense that it is groundless or without foundation." *Olsen v. Aebersold,* 149 F. App'x 750, 753 (10th Cir. 2005) (citing H*ughes v. Rowe,* 449 U.S. 5, 14-15 (1980).) The fact that two of the Silent Plaintiffs have been plaintiffs in other cases does not alter these threshold rules.

The Tenth Circuit has held that a *plaintiff* should not be assessed attorney fees unless the case is "based on an indisputably meritless legal theory[.]" *Thorpe v. Ancell,* 367 F. App'x 914, 919 (10th Cir. 2010) (unpublished). The Tenth Circuit has also held that, "Rarely will a case be sufficiently frivolous to justify imposing attorneys' fees on the *plaintiff.*" *Id.* (emphasis added.) In *Thorpe*, Plaintiffs were represented by counsel and still benefited from a strong presumption against awarding attorney fees to the Defendant.

This principle is especially important when applied in the civil rights context. The Sixth Circuit explained, "An award of attorney's fees against a losing *plaintiff* in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Jones v. Continental Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986) (emphasis added). This is so because,

"'*private attorneys general*' should not be deterred from bringing good faith actions to vindicate the fundamental rights here involved by the prospect of having to pay their opponent's counsel fees should they lose." *Tarter v. Raybuck*, 742 F.2d 977 (6th Cir. 1984) (emphasis added). Put another way by the United States Supreme Court, "Congress has opted to rely heavily on private enforcement to implement public policy and to allow counsel fees so as to encourage private litigation." *Alyeska Pipeline Service Company v. Wilderness Society 8212 1977*, 421 U.S. 240, 263 (1975). The burden a Defendant must satisfy to obtain a fee award is extremely heavy. The controlling United States Supreme Court case regarding that presumption held that, "a *plaintiff* should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co v. Equal Employment Opportunity Commission*, 434 U.S. 412, 422 (1978) (emphasis added). Nothing about Silent Plaintiff's past litigation changes these rules or suggests that the professional knowledge and skills of an attorney should be imputed to them.

**2. Silent Plaintiffs' financial status is a solid separate basis to reduce or deny attorney fees**

State Defendants claim that the Courts should not reduce or deny attorney fees based on a party's inability to pay. (State and Legislative Defendants' Reply to Wickizer Plaintiffs' Opposition to Motion for Attorney Fees Pursuant to 42 U.S.C. § 1988 at 11.) Even in a totally frivolous case—which this is *not*—any award should be "dependent upon the plaintiff's ability to pay, to fulfill the deterrent purpose of" the statute "without subjecting the plaintiff to financial ruin." *Charves v. Western Union Telegraph Co.*, 711 F.2d 462 (1st Cir. 1983) (applied in the context of § 706(k), 42 U.S.C. § 2000e-5(k) (1976)).

Mr. Wickizer is 89 years old, a retired green beret, and a 100 percent disabled veteran of the United States Armed Forces, named on the Ionization Radiation Registry (IRR) for having been exposed to upper atmosphere Soviet nuclear fallout over North Asia. He is diagnosed with advanced Stage-4 kidney disease and had two recent heart attacks: in August 2025 and

September 2025. (Wickizer Dec. ¶ 2; ECF 191-2 at 2). He lives on a limited and fixed income and does not have the financial resources to satisfy a judgment of attorney fees. *Id.*

Ms. Inman is 69 years old, disabled, lives on disability payments and lacks the financial means to pay a judgment for attorney fees and in fact believes that such a judgment could "destroy" her "financial future." (Inman Dec. ¶¶ 6, 8-9.) Daniel Newby is a veteran of the armed forces, struggles with significant health issues, lives on a limited income, and lacks the financial resources to satisfy a judgment for attorney fees and testified that being forced to would destroy his financial future. (Newby ¶¶ 4, 10; ECF 157.) Ms. Inman has also stated to this court that she has been diagnosed with End Stage Renal Disease (ESRD), a terminal diagnosis, and is a kidney-transplant recipient. (ECF 157 ¶ 2.) These plaintiffs all have serious health problems, all are on fixed and very limited incomes, and all would be financially destroyed by a judgment in this case. (Newby ¶¶ 1-2, ECF 157.)

**CONCLUSION**

In sum, State Defendants have failed to demonstrate bad faith, active litigation misconduct, or that this action met the exacting threshold of being frivolous, unreasonable, or groundless under *Christiansburg*. To impose crushing attorney's fees upon these Silent Plaintiffs—an 89-year-old disabled veteran with advanced Stage-4 kidney disease, a 69-year-old disabled woman on a fixed income with a terminal renal diagnosis, and a medically vulnerable veteran—would not only ignore their minimal, non-advisory participation in the proceedings, but would directly violate the bedrock equitable principles governing civil rights fee-shifting. Because an award of fees would result in financial ruin and deeply chill future private enforcement of fundamental civil and constitutional rights, the Court should decline to exercise its inherent or statutory authority to shift fees, and the State Defendants' motion must be denied.

DATED this 10th day of August 2026.

FREEMAN LOVELL, PLLC

________________________________

Jeffrey B. Teichert
*Attorney for Plaintiffs Wickizer, Newby and Inman*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August 2026, I caused a true and correct copy of the foregoing [PROPOSED] **SUR-REPLY TO STATE DEFENDANT'S REPLY MEMORANDUM** to be served upon all counsel of record via the Court's CM/ECF system, which will send notification of such filing to the following:

Jason Dupree
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 977-8940
jndupree@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Scott *Cheney*
*Office of the Utah Attorney General*
*PO Box 140856*
*Salt Lake City, Utah 84114-0856*
*(385) 977-4858*
scheney@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

David Wolf
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 441-5084
dnwolf@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Anikka Hoidal
Office of the Utah Attorney General
PO Box 140856
Salt Lake City, Utah 84114-0856
(385) 272-3951
ahoidal@agutah.gov
*Attorney for the State of Utah, Cox, Henderson, Bramble, McCay, Durrant, Schultz, and Adams*

Stacy R. Haacke
Office of General Counsel
Administrative Office of the Courts
PO Box 140241
Salt Lake City, Utah 84114-0241
(801) 214-5805
stacyh@utcourts.gov
*Attorney for Chief Justice Matthew Durrant*

John R. Richardson
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Johnny.richardson@dentons.com
*Attorney for Brian McKenzie*

R. Blake Hamilton
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Blake.hamilton@dentons.com
*Attorney for Brian McKenzie*

Janise K. Macanas
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Janise.macanas@dentons.com
*Attorney for Brian McKenzie*

Alan R. Houston
Office of Legislative Research and General

Christine R. Gilbert
Office of Legislative Research and General

Counsel
Utah State Capitol Complex
House Building, Suite W210
Salt Lake City, Utah 84114-5210
ahouston@le.utah.gov
*Attorney Bramble, McCay, Durrant, Schultz, and Adams*

Victoria S. Ashby
Office of Legislative Research and General Counsel
Utah State Capitol Complex
House Building, Suite W210
Salt Lake City, Utah 84114-5210
vashby@le.utah.gov
*Attorney Bramble, McCay, Durrant, Schultz, and Adams*

Counsel
Utah State Capitol Complex
House Building, Suite W210
Salt Lake City, Utah 84114-5210
cgilbert@le.utah.gov
*Attorney Bramble, McCay, Durrant, Schultz, and Adams*

D. Loren Washburn
2750 Rasmussen Rd., Suite H-107
Park City, Utah 84098
loren@pbp.law
*Attorney for Axson, Coleman, and Null.*

I further certify that the following parties were sent this document via email:

/s/ Tracie Halvorsen
TRACIE HALVORSEN
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff *Pro Se*

/s/ STEVEN HUBER
STEVEN HUBER
138 East 12300 South, C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff *Pro Se*

FREEMAN LOVELL, PLLC

Jeffrey B. Teichert