Derek Brown
Utah Attorney General

Anikka Hoidal (16489)
David N. Wolf (6688)
Jason Dupree (17509)
Scott Cheney (6198)
Assistant Attorneys General
Office of the Utah Attorney General
P.O. Box 140874
Salt Lake City, Utah 84114
ahoidal@agutah.gov
dnwolf@agutah.gov
jndupree@agutah.gov
scheney@agutah.gov

Attorneys for State, Legislative, and Judicial Defendants

IN THE UNITED STATES DISTRICT COURT IN AND FOR

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TRACIE HALVORSEN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>SPENCER COX, as an individual and in official capacity; DEIDRE HENDERSON, as an individual and in official capacity, STATE OF UTAH, et al.<br><br>Defendants. | **DEFENDANTS' OPPOSITION TO WICKIZER PLAINTIFFS' CORRECTED MOTION FOR LEAVE TO FILE SUR-REPLY TO STATE DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES**<br><br>Case No. 2:25-cv-00909-HCN-JCB<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Jared C. Bennett |

Defendants Spencer Cox, Deidre Henderson, the State of Utah, Curtis Bramble, Daniel McCay, Mike Schultz, and J. Stuart Adams, (collectively, "State and Legislative Defendants") oppose Plaintiffs' Corrected Motion for Leave to File Sur-Reply to State Defendants' Reply Memorandum in Support of Motion for Attorney Fees ("Sur-Reply Motion").

## INTRODUCTION

Briefing on the State and Legislative Defendants' Motion for Attorney Fees Pursuant to 42 U.S.C. § 1988[1] ("Attorney Fee Motion") ended long ago. Plaintiffs Nancy Inman, Daniel Newby, and Wayne Wickizer (the "Wickizer Plaintiffs") now seek leave to file a sur-reply responding to the State and Legislative Defendants' Reply to the Wickizer Plaintiffs Opposition to Motion for Attorney Fees Pursuant to 42 U.S.C. § 1988[2] ("Reply"). The Reply was filed on May 29, 2026.[3] That's over two months ago. Leave to file a sur-reply is already an extraordinary request. And this extraordinary request has come far too late.

Not only is the request delayed, but there is no merit to it. The Wickizer Plaintiffs wrongly assert that the Reply brings in new material. It doesn't. And the Wickizer Plaintiffs' Proposed Sur-Reply to State Defendants' Reply Memorandum ("Proposed Sur-Reply") appears to be their attempt to revisit and supplement arguments made in their Opposition to the State and Legislative Defendants' Motion for Attorney Fees[4] ("Opposition") so they can have the last

---

[1] State and Legislative Defendants' Motion for Attorney Fees Pursuant to 42 U.S.C. § 1988, ECF No. 152.

[2] State and Legislative Defendants' Reply to Wickizer Plaintiffs Opposition to Motion for Attorney Fees Pursuant to 42 U.S.C. § 1988, ECF No. 191.

[3] In their Sur-Reply Motion, the Wickizer Plaintiffs incorrectly state that the Reply was filed on June 4, 2026. Sur-Reply Motion at 2. The docket and date and time stamp at the top of ECF No. 191 indicate it was filed on May 29, 2026.

[4] Opposition of Plaintiffs Wickizer Newby and Inman to Utah State and Legislative Defendants' Motion for Attorney Fees and Sanctions, ECF No. 180.

word. That's not what sur-replies are for. This is an example of why the State and Legislative Defendants are seeking attorney fees in this case in the first place. Throughout this case, the State and Legislative Defendants have been forced to respond to baseless motions. This one, again, is demonstrative of Plaintiffs' burdensome litigation tactics. There is no reason for the Wickizer Plaintiffs to delay this long in seeking leave to file a sur-reply, nor is there good cause to grant that leave. The Court should deny the Sur-Reply Motion.

**ARGUMENT**

Rule 7-1(a) of the Local Rules of Civil Practice provides for a motion, a response, and a reply[5] "Unless ordered otherwise, the court will not consider additional memoranda."[6] There is a "general rule against sur-replies," which "assists" courts "in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word." *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 659 (D. Kan. 1999) (cleaned up); *see also* *E.E.O.C. v. Int'l Paper Co.*, No. 91-2017-L, 1992 WL 370850, *10 (D. Kan. Oct. 28, 1992) (explaining that briefing between parties "must have an end point and cannot be permitted to become self perpetuating"). Courts permit sur-replies "only in extraordinary circumstances after showing of good cause." *Cotracom Commodity Trading Co.*, 189 F.R.D. at 659 (internal quotation marks and citation omitted).

A court may find good cause for a sur-reply if a party's reply brief raises a new legal argument or introduces new evidence and the court relies on that "new material" in making its decision. *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). Material is not "new" if it

[5] DUCivR 7-1(a).
[6] *Id.* 7-1(a)(9).

responds to arguments a plaintiff puts at issue in an opposition. *Altamirano v. Chem. Safety & Hazard Investigation Bd.*, 41 F. Supp. 3d 982, 993–94 (D. Colo. 2014); *see also Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1166 n.3 (10th Cir. 2003) (observing a court will review "new issue[s]" in a reply brief "if offered in response to an argument raised"). Courts deny motions for leave to file sur-replies if "any such new [reply] material" "rebuts matters . . . raised in [the] opposition." *Simmler v. Reyes*, No. 2:19-cv-01009, 2021 WL 535501, *1 (D. Utah Feb. 12, 2021).

1. There is No Good Cause to Grant the Sur-Reply Motion

The Court should deny the Sur-Reply Motion because there is no good cause for a sur-reply here. The Wickizer Plaintiffs identify three "novel assertions" in the Sur-Reply Motion.[7] Each "assertion" was in direct response to something the Wickizer Plaintiffs put at issue in their Opposition. Nothing is new material warranting a sur-reply.

1.1 The Wickizer Plaintiffs' Litigation History is Not "New Material"

First, the Wickizer Plaintiffs assert that the State and Legislative Defendants "argue for the first time that [the Wickizer Plaintiffs] have been involved in lawsuits" and suggest "that the Court should impute the knowledge and skill of an attorney to these Pro Se Plaintiffs."[8] And, by extension, that the State and Legislative Defendants suggest that the Wickizer Plaintiffs'

[7] Sur-Reply Motion at 2–3. The Wickizer Plaintiffs' fourth numbered paragraph states that the "Proposed Sur-Reply is only three pages long and will not be burdensome for the Court to consider." *Id.* at 3. But the Wickizer Plaintiffs cite no authority for how that should factor into a court's analysis of whether to permit a sur-reply. Nor does that statement bear on what is in the State and Legislative Defendants' Reply.

[8] Sur-Reply Motion at 2.

involvement in state-court litigation "is equivalent to figuring out the federal case here."[9] There are two errors in the Wickizer Plaintiffs' position.

The first error is that the discussion of the Wickizer Plaintiffs' litigation history is in direct response to their own claim of being "silent plaintiffs" that "did not meaningfully participate" in this litigation.[10] Throughout the Opposition, the Wickizer Plaintiffs attempt to distance themselves from the litigation and point the finger at Plaintiff Halvorsen as the one with litigation experience.[11] In response, the Reply shows that's not the case. It identifies the Wickizer Plaintiffs' experience with litigation as *plaintiffs*.[12] The Reply explains that the Wickizer Plaintiffs "know what it means to be a plaintiff because they have significant experience litigating as plaintiffs."[13] That is directly responsive to their false characterization of "silent plaintiffs" and refutes their assertion that they were just "lend[ing] their names to show their disapproval of the signature method."[14] It is not new material.

That leads to the Wickizer Plaintiffs' second error. The Reply does not use the Wickizer Plaintiffs' litigation history to argue that it imputes the knowledge and skill of an attorney to them. Again, the assertion is that the Wickizer Plaintiffs have experience being *plaintiffs*, not

---

[9] *Id.* The Sur-Reply Motion goes on to say that "[i]t should also be noted that Nancy Inman was not a plaintiff in any of the other actions." *Id.* It's unclear what "other actions" means in this context. She is listed as a petitioner in *Maxfield v. Cox*, 2025 UT 44, 579 P.3d 315.
[10] Opposition at 9.
[11] *See, e.g.*, Opposition at 3 ("Here, Silent Plaintiffs relied on Tracie Halverson's presumed expertise because they were misled into believing she was a qualified paralegal . . . ." (citing the Declaration of Daniel Newby ("Newby Decl.") at ¶ 5; Declaration of Wayne Wickizer ("Wickizer Decl.") ¶¶ 6-7; Declaration of Nancy Inman ("Inman Decl.") at ¶ 7 (attached as exhibits to the Opposition)).
[12] Reply at 1–2.
[13] Reply at 1.
[14] Opposition at 9 (citing Newby Decl. at ¶ 12, Wickizer Decl. at ¶ 11, Inman Decl. at ¶ 10).

attorneys.[15] Nowhere does the Reply state that the Wickizer Plaintiffs have "the knowledge and skill of an attorney."[16] The Wickizer Plaintiffs misread the Reply and have created an argument that simply doesn't exist in the Reply. A nonexistent argument is not new material. The State and Legislative Defendants' response to the "Silent Plaintiffs" label is proper rebuttal and not grounds to allow the Wickizer Plaintiffs to file a sur-reply.

1.2 Both Parties Presented Case Authority on Attorney Fee Awards

Second, the Wickizer Plaintiffs contend that the State and Legislative Defendants "ignore[] case authority establishing that establishing sufficient grounds for a fee award against a civil rights plaintiff is exceedingly burdensome and rarely granted, even when the Plaintiff was represented by counsel."[17] And, they contend that "there is no case authority suggesting that being a pro se plaintiff in prior cases should lead to an inference that the expertise of a licensed attorney should be imputed to the plaintiff."[18] Taking this contention in two parts, beginning with the last sentence. As discussed above, the Reply in no way suggests that being a prior plaintiff, let alone a prior pro se plaintiff, imputes the expertise of an attorney to a plaintiff.[19]

Turning to the point about the State and Legislative Defendants ignoring case authority "establishing sufficient grounds for a fee award against a civil rights plaintiff [being] exceedingly burdensome and rarely granted, even when the Plaintiff was represented by counsel."[20] The State and Legislative Defendants address the attorney fee standard directly in the

[15] Reply at 1–2.
[16] Sur-Reply Motion at 2.
[17] Sur-Reply Motion at 2.
[18] Sur-Reply Motion at 2.
[19] *See supra* Section 1.1.
[20] Sur-Reply Motion at 2.

Attorney Fee Motion: "A successful plaintiff always obtains attorney fees, but a prevailing defendant may recover attorney fees 'only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant.'"[21] That's just one example of how the State and Legislative Defendants set forth the appropriate legal standard.[22] There was no need to reiterate the standard in their Reply. Also, the Wickizer Plaintiffs themselves set forth the legal standard in their Opposition.[23] Interestingly, they heavily reference when it's appropriate for a court to award fees to a *pro se* plaintiff despite their apparent concern about case authority regarding plaintiffs represented by counsel.[24] Any case authority the Wickizer Plaintiffs are looking for has either been presented to the Court, or, the Wickizer Plaintiffs had the opportunity to do so. Everything about this second contention demonstrates that the Reply does not contain new material. Both parties presented case authority regarding the grounds for an attorney-fee award in civil rights cases. The Wickizer Plaintiffs shouldn't have the opportunity to reargue or expand on their argument now.

1.3 The Wickizer Plaintiffs' Financial Status is Not "New Material"

And third, the Wickizer Plaintiffs assert that the State and Legislative Defendants' argument that the Wickizer Plaintiffs' "financial status should not be used to deny attorney fees" is new material.[25] But the Wickizer Plaintiffs themselves put their financial status at issue. In their declarations they filed with their Opposition, each say they live on a fixed income and don't

---

[21] Attorney Fee Motion at 2 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983)).
[22] *See also* Motion at 2 (describing the legal standard for awarding attorney fees under 42 U.S.C. § 1988).
[23] Opposition at 2–3.
[24] *See* Sur-Reply Motion at 2.
[25] Sur-Reply Motion at 2–3.

have the financial means to pay attorney fees.[26] In response, the State and Legislative Defendants explain that "[f]inancial inability to pay is not a basis to eliminate fees entirely, and is not considered when deciding whether to award fees."[27] And, further explain that, once attorney fees are awarded, a non-prevailing plaintiff's financial condition is relevant to the amount of the attorney-fee award.[28] That's important because when a plaintiff is seeking to reduce the amount of an attorney-fee award, it's that plaintiff's burden to "plead and establish" their "financial status" by providing "adequately detailed and comprehensive affidavits or similar 'evidence.'"[29] The declarations the Wickizer Plaintiffs provided don't meet the Wickizer Plaintiffs' pleading burden. That's what the Reply argues.[30] It's not new material. The Wickizer Plaintiffs haven't shown good cause for leave to file a sur-reply because the Reply contains no new material.

2. <u>The Wickizer Plaintiffs Seek to Use the Proposed Sur-Reply to Have the Last Word</u>

The Court should deny the Wickizer Plaintiffs leave to file a sur-reply because the Proposed Sur-Reply is the Wickizer Plaintiffs' attempt at having the last word. And, having the last word is not what sur-replies are for. *See* *Cotracom Commodity Trading Co.*, 189 F.R.D. at 659. The Wickizer Plaintiffs make two arguments in their Proposed Sur-Reply, both of which either re-argue or expand on existing arguments.

2.1 <u>The Wickizer Plaintiffs Have Already Argued about Their Litigation Participation</u>

The Wickizer Plaintiffs' first heading renews their argument that they haven't actively

---

[26] Newby Decl. at ¶ 4, Wickizer Decl. at ¶ 4, Inman Decl. at ¶ 6; *see also* Newby Decl. at ¶¶ 9, 10; Wickizer Decl. ¶¶ 9, 10; Inman Decl. ¶¶ 8, 9 (other financial statements).
[27] Reply at 11–12.
[28] *See* Reply at 11–12.
[29] Reply at 11 (citations omitted).
[30] Reply at 11–12.

participated in the litigation.[31] That's the theme of their Opposition. Throughout the Opposition, the Wickizer Plaintiffs seek to distance themselves from Plaintiff Halvorsen to limit the appearance of their participation in the litigation.[32] This argument has been made.

Moreover, to the extent the Wickizer Plaintiffs are using this section to respond to the litigation history the State and Legislative Defendants used in the Reply, this section doesn't do so. It starts by simply saying that the other cases the Wickizer Plaintiffs were involved in were "much simpler" than this case and then names the attorneys involved in Plaintiff Newby's prior cases.[33] It's unclear what that does for the Wickizer Plaintiffs.

In the following paragraph, the Wickizer Plaintiffs cite their own declarations, which were attached to their Opposition and are already before the Court. They do so to repeat what they've already said about how and why they signed on to the filings in this case.[34] Again, a rehashing of an argument previously made is an improper basis for a sur-reply.

And then, the remainder of this section is an argument about the standard of when it's appropriate to award attorney fees in a civil rights action.[35] The Wickizer Plaintiffs discussed this standard.[36] In fact, the Wickizer Plaintiffs use both *Thorpe v. Ancell*, 367 F. App'x 914 (10th Cir. 2010) (unpublished) and *Christiansburg Garment Co v. Equal Emp. Opportunity Comm'n*,

---

[31] Proposed Sur-Reply at 2–3.
[32] *See, e.g.*, Opposition at 3 ("Here, Silent Plaintiffs relied on Tracie Halverson's presumed expertise because they were misled into believing she was a qualified paralegal and assumed she understood the complex arguments involved."); 9 ("URP Defendants [*sic*] attempt to lump Silent Plaintiffs in with Plaintiffs Huber and Halverson, Silent Plaintiffs entered this litigation at the urging of their friend, Tracie Halverson . . . .").
[33] Proposed Sur-Reply at 2–3.
[34] *See* Opposition at 9; *see generally* Newby Decl.; Wickizer Decl.; Inman Decl.
[35] Proposed Sur-Reply at 3.
[36] *See* Opposition at 2, 4–5.

434 U.S. 412 (1978) in their attorney fee argument in the Opposition.[37] In both the Opposition and the Proposed Sur-Reply, the Wickizer Plaintiffs contend that in civil rights actions, a plaintiff is more rarely awarded attorney fees than a defendant.[38] In the Proposed Sur-Reply, Plaintiffs add more case law.[39] But, that's not what a Sur-Reply is for. Expanding on an argument already made is not grounds for a sur-reply.

2.2 The Wickizer Plaintiffs Already Presented their Financial Status.

The Wickizer Plaintiffs' second point is that their financial status is a separate basis to reduce or deny attorney fees.[40] The Wickizer Plaintiffs cite a First Circuit case for the proposition that the amount of a fee award should depend on a plaintiff's ability to pay and shouldn't subject a plaintiff to "financial ruin."[41] The State and Legislative Defendants' Reply says that "the nonprevailing plaintiff's financial condition and resources are relevant to a court's equitable decision on the amount of attorney's fees to be awarded."[42] The bottom line is that in deciding the amount of an award, a court may consider a non-prevailing plaintiff's financial status. The Reply stated it. There is no need for a sur-reply to reiterate it.

The remainder of the Proposed Sur-Reply is another repeat of the Wickizer Plaintiffs' declarations, which, again, were submitted with their Opposition.[43] In sum, the Proposed Sur-Reply is, at best, a repeat of the Opposition or an attempt to expand on it.

---

[37] *See* Opposition at 2–4.
[38] *See* Opposition at 2–4; Proposed Sur-Reply at 3–4.
[39] Proposed Sur-Reply at 3–4.
[40] Proposed Sur-Reply at 4–5.
[41] Proposed Sur-Reply at 4 (quoting *Charves v. W. Union Tel. Co.*, 711 F.2d 462, 465 (1st Cir. 1983)).
[42] Reply at 11 (quoting *Gibbs v. Clements Food Co.*, 949 F.2d 344, 345 (10th Cir. 1991)).
[43] *See generally* Newby Decl.; Wickizer Decl.; Inman Decl. (basic descriptions of age and health).

3. The Sur-Reply Motion is Untimely and Reflects a Lack of Diligence.

The Wickizer Plaintiffs' untimeliness and lack of diligence in pursuing a sur-reply may not be grounds alone on which the Court could deny the Sur-Reply Motion, but these considerations support denial. As far as timeliness, a district court need only "provide an adequate opportunity, not an indefinite opportunity to respond [to a reply]." *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014) (unpublished).

Over two months have passed since the State and Legislative Defendants filed their Reply. That length of time is more than adequate.[44] It was clear on May 29, 2026, that briefing was complete on the Attorney Fee Motion. And, if it wasn't clear then, it was clear two weeks later when the State and Legislative Defendants filed a request to submit to signal to the Court that the briefing was complete and the multiple motions were ripe for decision. The Sur-Reply Motion gives no reason for the delay and there is nothing in the Proposed Sur-Reply that wasn't available to the Wickizer Plaintiffs months ago. The Wickizer Plaintiffs' lack of diligence in seeking leave to file their Proposed Sur-Reply supports the above stated reasons to deny their Sur-Reply Motion.

**CONCLUSION**

For the reasons stated above, the Court should deny the Wickizer Plaintiffs' Corrected Motion for Leave to File Sur-Reply to State Defendants' Reply Memorandum in Support of Motion for Attorney Fees.

---

[44] In *Cadence Bank, N.A. v. Latting Rd. Partners, LLC*, the court held that 19 days was more than adequate time to seek leave to file a sur-reply where the new evidence consisted of a single three-page declaration. 699 F. Supp. 2d 1041, 1043 (W.D. Tenn. 2010).

Respectfully submitted on August 11, 2026.

/s/ *Anikka Hoidal*
Anikka Hoidal
David N. Wolf
Jason Dupree
Scott Cheney
Assistant Utah Attorneys General

Attorneys for State, Legislative, and Judicial Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2026, the foregoing, *State and Legislative Defendants' Opposition to Wickizer Plaintiffs' Motion for Leave to File Sur-Reply,* was filed using the Court's electronic filing system, which gave notice to the following:

Tracie Halvorsen
138 E 12300 S, C275
DRAPER, UT 84020
Email: traciehalvorsen@outlook.com
*Plaintiff Pro Se*

Steven Huber
138 E 12300 S, C275
DRAPER, UT 84020
(801)688-3594
Email: traciehalvorsen@outlook.com
*Plaintiff Pro Se*

R. Blake Hamilton
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
Blake.hamilton@detons.com
*Attorney for Brian McKenzie*

D. Loren Washburn
2750 Rasmussen Rd.,
Suite H-107
Park city, Utah 84098
loren@pbp.law
*Attorney for Axson, Coleman, and Null.*

Cliff Parkinson
2750 Rasmussen Rd.
Suite H-107
Park City,. Utah 84098
cliff@pbp.law
*Attorney for Axson, Coleman, and Null*

Jeffrey B. Teichert
FREEMON LOVELL, PLLC
9980 South 300 West, Suite 200
Sandy, Utah 84070
jeff.teichert@teichertlaw.com
*Attorneys for Plaintiffs Wickizer, Newby, and Inman*

*/s/ Asia Reid*
ASIA REID
Paralegal